**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| RASHAD WALSTON, on behalf of himself and all others similarly situated, | : | Case No. 1:24-cv-00083 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| NATIONAL RETAIL SOLUTIONS, INC. D/B/A NRS PAY, | : | |
| | : | |
| Defendant. | : | |

_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO**
**PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant National Retail Solutions, Inc. d/b/a NRS Pay ("Defendant" or "NRS") hereby submits its Answer and Affirmative Defenses to Plaintiff Rashad Walston's Class Action Complaint.

**INTRODUCTION**[1]

1.     This action arises out of Defendant National Retail Solutions, Inc.'s ("NRS") prerecorded telemarketing telephone calls to cellular telephone numbers without the prior express written consent of the recipient, in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b).

**ANSWER:**  Defendant admits that Plaintiff purports to bring an action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227(b).  Defendant denies the remaining allegations in paragraph 1 of the Complaint, and specifically denies any wrongdoing.

---

[1] For the Court's convenience, Defendant has incorporated the "headings" that appear in the Complaint, as well as the formatting from those headings.  But Defendant does not necessarily agree with and does not admit the characterizations of such headings unless specifically admitted herein.  Nor does Defendant waive any right to object to those characterizations.

2.      Plaintiff Walston was one such recipient.  Despite never providing his telephone number or having any interaction with NRS, Defendant placed multiple prerecorded telemarketing calls to his cellular telephone number soliciting him to use its point of sale ("POS") system.

**ANSWER:**  Defendant denies the allegations in paragraph 2.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

**ANSWER:**  The allegations in paragraph 3 are not well-pleaded allegations of fact but legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff purports to invoke federal-question jurisdiction through the TCPA claim.  To the extent not expressly admitted, Defendant denies the remaining allegations in paragraph 3.

4.      The Court has personal jurisdiction over Defendant because Defendant conducts significant business in this District and committed tortious acts directed at this District.

**ANSWER:**  The allegations in paragraph 4 are not well-pleaded allegations of fact and are instead legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that the Court has personal jurisdiction over it.

5.      Venue is proper in this District because Defendant conducts significant amounts of business transactions within this District, because some of the wrongful conduct giving rise to this case occurred in and was directed to this District.

**ANSWER:**  The allegations in paragraph 5 are not well-pleaded allegations of fact and constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that venue is proper in this District.

## PARTIES

6.      Plaintiff is, and at all relevant times herein was, a resident of Chicago, Illinois.

**ANSWER:**  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6 and therefore denies them.

7.      Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER:**  The allegations in paragraph 7 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant admits the allegations of paragraph 7.

8.      Plaintiff is, and at all times mentioned herein was, the "called party" with respect to the telephone number at issue herein, 773-###-4088.

**ANSWER:**  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8, which are legal conclusions in any event, and therefore denies them.

9.      Defendant NRS is, and at all times mentioned herein was, a Delaware corporation headquartered at 520 Broad Street, Newark, NJ 07102.

**ANSWER:**  Defendant admits the allegations of paragraph 9.

10.      Defendant NRS is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER:**  The allegations in paragraph 10 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant admits the allegations of paragraph 10.

11.    Defendant NRS is, and at all times mentioned herein was, a division of IDT Corporation.

**ANSWER:**  Defendant admits that IDT Corporation is its ultimate parent company. Defendant denies the remaining allegations of paragraph 11 as stated.

## <u>FACTUAL ALLEGATIONS</u>

12.    Plaintiff's telephone number is 773-###-4088.

**ANSWER:**  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12 and therefore denies them.

13.    Plaintiff's telephone number is and was a cellular telephone number.

**ANSWER:**  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 and therefore denies them.

14.    Plaintiff is the regular user of this telephone number.

**ANSWER:**  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 and therefore denies them.

15.    Plaintiff received prerecorded voicemails from Defendant on at least the following dates:

- March 7, 2022

- May 19, 2022

- August 18, 2022

- March 20, 2023

- July 31, 2023

- October 12, 2023

**ANSWER:** The allegations in paragraph 15 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15 and therefore denies them.

16. All the above calls were prerecorded rather than a live person leaving a voicemail.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16 and therefore denies them.

17. Plaintiff knows that these calls were prerecorded due to his familiarity with normal human mannerisms, speaking, and intonations, as well as through comparison of the messages.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 and therefore denies them.

18. For example, the March 20, 2023 and May 4, 2023 voicemails are literally identical—not just in terms of content, but in terms of background and ambient noise, inflections, pauses, etc.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18 and therefore denies them.

19. Specifically, the March 20, 2023 voicemail is 42 seconds long and states:

Hi, this is Alex from NRSPay Credit Card Processing. Accepting credit cards doesn't have to be expensive. NRSPay offers our cost-cutting cash discount program. If you process over $18,000 a month, you pay no monthly fee. With NRSPay Cash Discount, your point-of-sale system calculates dual pricing, so you can offer your customers a discount for paying with cash. The plan includes a free credit card reader with no long-term contract and no early termination fee. Check out NRSPay.com to learn more about our cash discount plan, or you can call me back at this number.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19 and therefore denies them.

20.     The May 4, 2023 voicemail is also 42 seconds long, and identically states:

Hi, this is Alex from NRSPay Credit Card Processing. Accepting credit cards doesn't have to be expensive. NRSPay offers our cost-cutting cash discount program.  If you process over $18,000 a month, you pay no monthly fee.  With NRSPay Cash Discount, your point-of-sale system calculates dual pricing, so you can offer your customers a discount for paying with cash. The plan includes a free credit card reader with no long-term contract and no early termination fee.  Check out NRSPay.com to learn more about our cash discount plan, or you can call me back at this number.

**ANSWER:**   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20 and therefore denies them.

21.     What's more, the waveforms (i.e. the visual representation that shows how loud or quiet the sound is at different moments in the file) of both audio files is identical, as seen in the three figures below:

- March 20 Waveform:



- May 4 Waveform:



- Overlaid Waveforms with March 20 in blue and May 4 in yellow:



**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 and therefore denies them.

22. Upon information and belief, it would be nearly impossible for two audio files to have identical length, content, and waveforms without the audio used to create the files actually being identical—that is, prerecorded.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22 and therefore denies them.

23. Furthermore, the content of these voicemails—some of which differ slightly in language, but not substance, from the two transcribed above—make clear that the calls are telemarketing, which the TCPA defines as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(13).

**ANSWER:** The allegations in paragraph 23 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 23.

24. The TCPA has strict rules regarding prerecorded telemarketing calls to cell phones.

**ANSWER:** The allegations in paragraph 24 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the allegations refer to the TCPA, which speaks for itself. Except as expressly admitted, Defendant denies the allegations in this paragraph.

25. Specifically, section 227(b) of the TCPA prohibits making "any call … using … an artificial or prerecorded voice … to any telephone number assigned to a… cellular telephone service" without the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A)(iii).

**ANSWER:** The allegations in paragraph 25 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the allegations quote 47 U.S.C. § 227(b)(1)(A)(iii), which speaks for itself. Except as expressly admitted, Defendant denies the allegations in this paragraph.

26. Importantly, unlike other sections of the TCPA,[2] as is clear from the plain language and interpreting calls the prohibition on unconsented prerecorded calls applies to calls to any cell phone, no matter how it is used (i.e. even if used by a business). *See, e. e.g. Callier v. Multiplan, Inc.*, 2021 U.S. Dist. LEXIS 256747, *21 (W.D. Tex. Aug. 26, 2021).

**ANSWER:** The allegations in paragraph 26 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the allegations refer to *Callier v. Multiplan, Inc.*, 2021 U.S. Dist. LEXIS 256747, *21 (W.D. Tex. Aug. 26, 2021) and 47 C.F.R. § 64.1200(C), which speak for themselves. Except as expressly admitted, Defendant denies the allegations in this paragraph.

27. When the prerecorded call introduces an advertisement or constitutes telemarketing, like Defendant's calls here, the consent requirement is heightened to "prior express *written* consent."

**ANSWER:** The allegations in paragraph 27 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

---

[2] For example, the do-not-call list provisions of the TCPA expressly only protect "residential telephone subscribers", which could preclude numbers registered to a business rather than an individual. 47 C.F.R. § 64.1200(C).

28.     "Prior express written consent" requires a signed writing that clearly authorizes the seller to deliver to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice. 47 C.F.R. § 64.1200(f)(9).

**ANSWER:**  The allegations in paragraph 28 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that the allegations refer to 47 C.F.R. § 64.1200(f)(9), which speaks for itself. Except as expressly admitted, Defendant denies the allegations in this paragraph.

29.     This written agreement must clearly and conspicuously disclose that the calls would be made using an automatic telephone dialing system or an artificial or prerecorded voice, and that the person is not required to sign the agreement as a condition of purchasing any property, goods, or services. Id. at (f)(9)(i)(A-B).

**ANSWER:**  The allegations in paragraph 29 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that the allegations refer to 47 C.F.R. § 64.1200(f)(9), which speaks for itself. Except as expressly admitted, Defendant denies the allegations in this paragraph.

30.     Plaintiff provided no consent whatsoever here, and certainly not the kind that would rise to the level of prior express written consent.

**ANSWER:**  The allegations in paragraph 30 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30 and therefore denies them.

31.     First, Plaintiff never provided Defendant with his telephone number in the first place.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 and therefore denies them.

32.     Instead, it appears that Defendant scraped his telephone number from a database such as taxrpo.com, which purports to be a list of tax preparers nationwide and lists Plaintiff's telephone number (along with 730,000 others).

**ANSWER:** Defendant denies the allegations in paragraph 32.

33.     This is further made clear by Defendant's pre-litigation inability to provide Plaintiff with the source of Plaintiff's lead despite nearly two months' worth of discussion and requests from Plaintiff.

**ANSWER:** Defendant admits that the parties had certain discissions before Plaintiff filed this suit but denies the inferences Plaintiff draws from those exchanges. The remaining allegations in this paragraph are denied.

34.     While Defendant is under no legal obligation to provide any information pre-litigation, the burden is on the caller to prove consent, so Defendant's failure to do so—despite knowing that such failure would lead to the instant lawsuit—is suggestive of its lack of the requisite consent. *See* 2015 TCPA Declaratory Ruling and Order, 30 FCC Rcd.

**ANSWER:** Defendant admits that the parties had certain discussions before Plaintiff filed this suit but denies the inferences Plaintiff draws from those exchanges. The remaining allegations in this paragraph are denied.

35.     Second, even if Plaintiff had provided his telephone number to Defendant—which he did not—the form through which Defendant solicits such telephone numbers, as shown below, lacks the required disclosures (e.g. that calls might be made using a prerecorded voice):



**ANSWER:** The allegations in paragraph 35 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

36. Accordingly, Defendant's prerecorded telemarketing calls to Plaintiff's cellular telephone number were made without his prior express written consent in violation of § 227(b) of the TCPA.

**ANSWER:** The allegations in paragraph 36 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

37. A violation of § 227(b) carries minimum statutory damages of $500 per call, and up to $1,500 per call if the violations were found to be willful and/or knowing. 47 U.S.C. § 227(b)(3).

**ANSWER:** The allegations in paragraph 37 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiff cites 47 U.S.C. § 227(b)(3), which speaks for itself. Except as expressly admitted, Defendant denies the allegations in this paragraph.

38.     Given Defendant likely scraped hundreds of thousands of telephone numbers from databases and placed unsolicited calls to those numbers, Plaintiff believes that the violations were willful and/or knowing.

**ANSWER:** The allegations in paragraph 37 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

## CLASS ALLEGATIONS

39.     Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of a class defined as:

Since January 5, 2020, all persons to whose cellular telephone number the Defendant initiated, or had initiated on their behalf, a prerecorded call inviting the call recipient to learn more about Defendant's point-of-sale system, when that cellular telephone number was obtained through the same or similar source or mechanism as Plaintiff's cellular telephone number.

**ANSWER:** Defendant admits that Plaintiff purports to bring this action on behalf of himself and a class of persons pursuant to Fed. R. Civ. P. 23, as alleged in paragraph 39, and admits that Plaintiff proposes a class definition as alleged in paragraph 39. Except as expressly admitted, Defendant denies the allegations in this paragraph and denies that a class could ever be certified in this case.

40.     Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families; and any claims for personal injury, wrongful death, and/or emotional distress.

**ANSWER:** Defendant admits that Plaintiff purports to exclude certain individuals and entities from the putative class in paragraph 39. Except as expressly admitted, Defendant denies the allegations in this paragraph and denies that a class could ever be certified in this case.

**Numerosity and Ascertainability**

41.     The putative members of the Class for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

**ANSWER:** Defendant denies the allegations of paragraph 41 and denies that the putative class can be certified.

42.     The exact number and identities of the persons who fit within the Classes are ascertainable in that Defendant maintain's written and electronically stored data showing:

     a.   The dates and times Defendant placed its calls;

     b.   The telephone numbers to which Defendant placed its calls;

     c.   The purpose and content of its calls.

**ANSWER:** Defendant denies the allegations of paragraph 42 (including all allegations in all subparagraphs of paragraph 42) and denies that the putative class can be certified.

43.     The Class is comprised of tens of thousands of individuals nationwide.

**ANSWER:** Defendant denies the allegations of paragraph 43 and denies that the putative class can be certified.

44.     Plaintiff Walston is a member of the Class because Defendant placed a prerecorded telemarketing call to his cellular telephone number without his prior express written consent.

**ANSWER:** Defendant denies the allegations of paragraph 44 and denies that the putative class can be certified.

**Commonality**

45.     There are common questions of law and fact affecting the rights of the members of the Class, including, inter alia, the following:

     a.   Where Defendant obtained Class Member telephone numbers;

    b.   Whether Defendant placed prerecorded calls;

    c.   Whether Defendant's calls constitute telemarketing;

    d.   Whether Defendant has any evidence of prior express written consent from Class Members;

    e.   Whether Plaintiff and the Class were damaged thereby, and the extent of damages for such violations; and

    f.   Whether Defendant should be enjoined from engaging in such conduct in the future.

**ANSWER:**  Defendant denies the allegations of paragraph 45 (including all allegations in all subparagraphs of paragraph 45) and denies that the putative class can be certified.

## Typicality

46.    Plaintiff's claims are typical of the claims of members of the Class in that they arise from Defendant's uniform conduct and are based on the same legal theories.

**ANSWER:**  Defendant denies the allegations of paragraph 46 and denies that the putative class can be certified.

47.    Plaintiff has no interests antagonistic to, or in conflict with, the Class.

**ANSWER:**  Defendant denies the allegations of paragraph 47 and denies that the putative class can be certified.

48.    On information and belief, Plaintiff avers that Defendant treated him in same manner as it has treated hundreds, if not thousands of individuals.

**ANSWER:**  Defendant denies the allegations of paragraph 47 and denies that the putative class can be certified.

**Adequacy of Representation**

49.     Plaintiff will thoroughly and adequately protect the interests of the Class, as Plaintiff and his retained counsel do not have any conflicts of interest with the proposed Class; Plaintiff's counsel is experienced in class actions of this type and can adequately represent the interests of the class; and Plaintiff and his counsel have adequate financial resources to assure that the interests of the class will not be harmed.

**ANSWER:** Defendant denies the allegations of paragraph 49 and denies that the putative class can be certified.

**Superiority**

50.     Defendant has acted and refused to act on grounds generally applicable to the Class, thereby making injunctive and declaratory relief appropriate for the Class.

**ANSWER:** Defendant denies the allegations of paragraph 50 and denies that the putative class can be certified.

51.     The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications.

**ANSWER:** Defendant denies the allegations of paragraph 51 and denies that the putative class can be certified.

52.     A class action provides a fair and efficient method for adjudication of the controversy.

**ANSWER:** Defendant denies the allegations of paragraph 52 and denies that the putative class can be certified.

53.     Common questions will predominate, and there will be no unusual manageability issues.

**ANSWER:** Defendant denies the allegations of paragraph 53 and denies that the putative class can be certified.

54.     The prosecution of separate actions would risk confronting Defendant with incompatible standards of conduct.

**ANSWER:** Defendant denies the allegations of paragraph 54 and denies that the putative class can be certified.

55.     There does not appear to be any litigation already commenced by or against members of the class involving the same issues.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 55 and therefore denies them and denies that the putative class can be certified.

56.     The forum is appropriate, as discussed above.

**ANSWER:** Defendant denies the allegations of paragraph 56 and denies that the putative class can be certified.

57.     The expense of individual litigation and the limited recovery in individual litigation justify a class action.

**ANSWER:** Defendant denies the allegations of paragraph 57 and denies that the putative class can be certified.

## FIRST CAUSE OF ACTION
## Violations of the TCPA, 47 U.S.C. § 227(b)

58.     Section 227(b) of the TCPA prohibits making "any call … using … an artificial or prerecorded voice … to any telephone number assigned to a… cellular telephone service" without the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A)(iii).

**ANSWER:**  The allegations in paragraph 58 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that the allegations cite 47 U.S.C. § 227, which speaks for itself. Except as expressly admitted, Defendant denies the allegations in this paragraph.

59.     Plaintiff and putative Class Members all received prerecorded calls from Defendant on their cellular telephone numbers, without providing any form of consent.

**ANSWER:**  The allegations in paragraph 59 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

60.     When the prerecorded call introduces an advertisement or constitutes telemarketing, the consent requirement is heightened to "prior express *written* consent."

**ANSWER:**  The allegations in paragraph 60 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

61.     The TCPA defines telemarketing as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(13).

**ANSWER:**  The allegations in paragraph 61 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that the allegations cite 47 C.F.R. § 64.1200, which speaks for itself. Except as expressly admitted, Defendant denies the allegations in this paragraph.

62.     Defendant's calls regarding its POS system qualify as telemarketing.

**ANSWER:** The allegations in paragraph 62 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

63. Therefore, the heightened "prior express written consent" requirement applies to Defendant's calls to Plaintiff and putative Class Members.

**ANSWER:** The allegations in paragraph 63 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

64. "Prior express written consent" requires a signed writing that clearly authorizes the seller to deliver to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice. 47 C.F.R. § 64.1200(f)(9).

**ANSWER:** The allegations in paragraph 64 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the allegations cite 47 C.F.R. § 64.1200, which speaks for itself. Except as expressly admitted, Defendant denies the allegations in this paragraph.

65. This written agreement must clearly and conspicuously disclose that the calls would be made using an automatic telephone dialing system or an artificial or prerecorded voice, and that the person is not required to sign the agreement as a condition of purchasing any property, goods, or services. Id. at (f)(9)(i)(A-B).

**ANSWER:** The allegations in paragraph 65 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the allegations cite 47 C.F.R. § 64.1200, which speaks for itself. Except as expressly admitted, Defendant denies the allegations in this paragraph.

66. As mentioned, Defendant did not obtain any form consent from Plaintiff or putative Class Members.

**ANSWER:** Defendant denies the allegations in paragraph 66.

67. Even if it did, however, the mechanisms through which it solicits such consent are inadequate to qualify as "prior express written consent", as they lack the required disclosures.

**ANSWER:** The allegations in paragraph 67 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

68. Accordingly, Defendant's prerecorded calls to Plaintiff and putative Class Members violate the TCPA.

**ANSWER:** The allegations in paragraph 68 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

69. Plaintiff and putative Class Members are entitled to minimum statutory damages of $500 per violative call, and up to $1,500 per call if the violations are found to be willful and/or knowing. 47 U.S.C. § 227(b)(3).

**ANSWER:** The allegations in paragraph 69 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

70. Each member of the putative Class has Article III standing as unwanted prerecorded calls invaded their privacy and intruded upon their seclusion, which is the exact harm the TCPA was designed to prevent.

**ANSWER:** The allegations in paragraph 70 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

71. Such injury is sufficient for Article III standing in the Seventh Circuit. *See, e.g. Gadelhak v. AT&T Servs.*, 950 F.3d 458, 461-63 (2020) (Barrett, J.); *Koester v. Pelican Inv. Holdings Grp., LLC*, 2023 U.S. Dist. LEXIS 23825, *3 (N.D. Ill. Feb. 10, 2023) (citing *Gadelhak*, which dealt with unwanted text messages, and noting that there is no material difference between unwanted phone calls or voicemails).

**ANSWER:** The allegations in paragraph 71 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiff cites *Gadelhak v. AT&T Servs.*, 950 F.3d 458, 461-63 (2020) (Barrett, J.) and *Koester v. Pelican Inv. Holdings Grp., LLC*, 2023 U.S. Dist. LEXIS 23825, *3 (N.D. Ill. Feb. 10, 2023), which speak for themselves. Except as expressly admitted, Defendant denies the allegations in this paragraph.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Walston, individually and on behalf of the proposed Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff Walston as the representative of the Class, and appointing his counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227(c) and § 501.059(5).

C.     An award of injunctive and other equitable relief as necessary to protect the interests of the Class, including, inter alia, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

D.     An award of statutory damages for violations of 47 U.S.C. § 227(b);

E.     An award of enhanced damages for willfulness;

F.     Such other and further relief that the Court deems just.

**ANSWER:** Defendant denies the allegations set forth in the "WHEREFORE" paragraph immediately following Paragraph 71 of the Complaint, including every allegation in subparagraphs A through F and further denies that Plaintiff is entitled to class certification, appointment as class representative, appointment of her attorneys as class counsel, any damages, any equitable relief, any injunctive relief, any declaratory relief, any fees, any costs, or any relief whatsoever.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**ANSWER:** Plaintiff's jury demand is not an allegation and does not require a response from Defendant. To the extent a response is require, Defendant denies that there are triable issues that can be submitted to a jury.

## GENERAL DENIAL

Defendant denies all allegations set forth in the Complaint that are not specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

Defendant asserts the following defenses to the claims and allegations set forth in the Complaint.  By asserting these defenses, Defendant does not admit that it bears the burden of proof or the burden of persuasion with respect to any particular defense.

### First Affirmative Defense
### (Failure to State a Cause of Action)

The Complaint fails to allege facts sufficient to state a cause of action against Defendant. For example, Plaintiff fails to show that any calls allegedly received were those for which the called party is charged as required by the TCPA.

### Second Affirmative Defense
### (Consent)

Plaintiff is barred from asserting claims in whole or in part to the extent the calls at issue were made with prior express permission or consent.

### Third Affirmative Defense
### (Arbitration, Class Waiver, and Release)

Plaintiff and the putative class members are barred from asserting claims in this forum to the extent their claims are subject to a binding arbitration agreement and an agreement to arbitrate their disputes on an individual (non-class) basis, depriving this Court of jurisdiction over such claims, and rendering venue in this Court improper.  Additionally, Plaintiff is barred from pursuing any claim (and reached accord and satisfaction with respect to such claim) pursuant to an agreement whereby he released liability alleged against Defendant.

### Fourth Affirmative Defense
### (Acquiescence, Estoppel, Waiver, and Unclean Hands)

Plaintiff and the putative class members are barred from asserting their claims, in whole or in part, by the doctrines of acquiescence, estoppel, waiver, and/or unclean hands. For example,

Plaintiff cannot assert claims under the TCPA against Defendant to the extent he or others voluntarily provided telephone numbers.

### Fifth Affirmative Defense
### (Laches)

Plaintiff and the putative class members are barred from asserting their claims in whole or in part by the doctrine of laches.

### Sixth Affirmative Defense
### (Failure to Mitigate Damages)

Plaintiff and the putative class members are barred from asserting their claims in whole or in part by their failure to mitigate their purported damages.

### Seventh Affirmative Defense
### (No Knowing or Willful Misconduct)

Any claim for treble damages is barred because Defendant did not engage in knowing or willful misconduct.

### Eighth Affirmative Defense
### (No Proximate Cause)

Defendant did not proximately cause any damages, injury, or violation alleged in the Complaint. Instead, to the extent any harm occurred, the acts of third parties proximately caused any alleged damages, injuries, or violations at issue.

### Ninth Affirmative Defense
### (No Standing)

Plaintiff and the putative class members lack standing to bring the claims alleged in the Complaint, especially against Defendant, under *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015), because any harm allegedly caused by the calls at issue (which Defendant denies) is not fairly traceable to any violation allegedly committed by Defendant.

### Tenth Affirmative Defense
### (Good Faith)

Any and all claims brought in the Complaint are barred because the caller possessed a good faith belief that it had consent to call the number at issue.

### Eleventh Affirmative Defense
### (No Agency or Vicarious Liability and Proportional Allocation of Fault)

Any damages, injury, violation or wrongdoing alleged in the Complaint was caused by third parties or Plaintiff for which Defendant cannot be held vicariously liable. Further, Defendant did not authorize, ratify, encourage, participate in, aid, abet, or assist in any of the conduct alleged in the Complaint and cannot be held liable for it. Defendant's liability, if any, must be eliminated or reduced by an amount proportionate to the fault attributable to those third parties or Plaintiff.

### Twelfth Affirmative Defense
### (Adequate Remedy at Law)

The Complaint fails to state a claim for injunctive relief because Plaintiff has an adequate remedy at law. For example, the TCPA provides for statutory penalties of $500 to $1,500 per call, or monetary compensation for actual damages.

### Thirteenth Affirmative Defense
### (First Amendment)

The TCPA and the regulations and rules promulgated thereunder violate the First Amendment of the United States Constitution, including by imposing content-based restrictions on speech that fail to withstand strict scrutiny. For example, to the extent Plaintiff contends that the TCPA restricts informational assistance, Plaintiff's interpretation of the TCPA violates the First Amendment.

**Fourteenth Affirmative Defense**
**(Due Process)**

The application of the TCPA upon which the Complaint is based, including the imposition of statutory damages on Defendant, would violate the Due Process provisions of the United States Constitution. For example, certain definitions contained in the TCPA render the statute unconstitutionally vague. Additionally, the statutory penalties sought by Plaintiff are excessive, particularly to the extent Plaintiff seeks them on a class-wide basis.

**Fifteenth Affirmative Defense**
**(No "Pre-recorded" or "Artificial" Voice)**

Plaintiff's claim and putative class claims are barred to the extent that a "pre-recorded voice" or "artificial voice," as defined by the TCPA, did not play, or wholly play, on the calls.

**Sixteenth Affirmative Defense**
**(No "Call")**

Defendant did not "make any call" to Plaintiff, as that term is used in the TCPA, 47 U.S.C. § 227 (b)(1)(A).

**Seventeenth Affirmative Defense**
**(No Charge)**

Plaintiff was not "charged for the call" with respect to the calls at issue in this lawsuit, as that term is used in the TCPA.

**Eighteenth Affirmative Defense**
**(Hobbs Act)**

The Hobbs Act cannot be validly or constitutionally applied to preclude Defendant from raising defenses to an action arising under the TCPA or rules or regulations promulgated thereunder.

### Nineteenth Affirmative Defense
### (FCC Exceeding Delegated Authority)

Plaintiff's TCPA claim is barred to the extent it is based on regulations or rulings that exceed the FCC's delegated authority.

### Twentieth Affirmative Defense
### (Class Action Deficiencies)

Plaintiff cannot satisfy the prerequisites set forth in Federal Rule of Civil Procedure 23 and therefore cannot maintain this action as a class action. Further, Defendant gives notice that, in the event that this Court certifies a class, which Defendant denies would be appropriate, Defendant reserves the right to adopt and incorporate by reference each and every applicable defense pleaded (and any others that may be appropriate at that point) to all members of such class.

### Twenty-First Affirmative Defense
### (Substantial Compliance)

Defendant is not liable to Plaintiff (or the putative classes) because it acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and other laws.

### Twenty-Second Affirmative Defense
### (Bona Fide Error)

Any and all claims brought in the Complaint are barred in whole or in part because, to the extent there was any violation of the TCPA and related regulations (which Defendant denies), any such violation was not intentional and resulted from a bona fide error.

### Twenty-Third Affirmative Defense
### (Reservation of Right to Assert Further Defenses)

Defendant has not knowingly or intentionally waived any applicable defenses and gives notice that it intends to rely on such other and further affirmative defenses as may become available

during discovery in this action. Defendant reserves the right to amend its Answer to assert any such defense.

DATED:      March 4, 2023.

                              Respectfully submitted,

                              */s/ Justin M. Penn*

Justin M. Penn, ARDC 6283726
jpenn@hinshawlaw.com
**HINSHAW & CULBERTSON LLP**
151 North Franklin Street, Suite 2500
Chicago, Illinois 60606
Tel:  (312) 704-3000

Ryan D. Watstein (*pro hac vice* forthcoming)
ryan@wtlaw.com
Patrick J. Fitzgerald (*pro hac vice* forthcoming)
pfitzgerald@wtlaw.com
**WATSTEIN TEREPKA LLP**
1055 Howell Mill Road, 8th Floor
Atlanta, Georgia 30318
Tel: (404) 782-9821
Fax: (404) 537-1650

*Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 4, 2024, I caused to be electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Justin M. Penn*