UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RASHAD WALSTON,** on behalf of himself and all others similarly situated,<br><br>      **Plaintiff,**<br>v.<br><br>**NATIONAL RETAIL SOLUTIONS, INC. D/B/A NRS PAY,**<br><br>      **Defendant.** | Civil Case No.: 24-cv-83 |

**JOINT INITIAL STATUS REPORT UNDER RULE 26(f)**

The parties have conferred as required by Rule 26(f), and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4). That said, the parties also note that sometimes good cause exists in putative class actions, given the procedural issues and complexities that can arise because of the class certification process.

**I.  Nature of the Case**

  **A. Identify the attorneys of record for each party. Note the lead trial attorney and any local counsel.**

| Plaintiff | Defendant |
|---|---|
| Jeremy M. Glapion (Lead) | Ryan D. Watstein (lead) and Patrick Fitzgerald |

| Jeffrey Grant Brown (Local) | Justin M. Penn (local) |
|---|---|

**B. State the basis for Federal Jurisdiction.**

Federal Question

**C. Provide a short overview of the case in plain English (five sentences or less)**

Plaintiff alleges that Defendant placed prerecorded calls to his cellular telephone, without any form of consent—let alone the heightened consent requirement for prerecorded *telemarketing* calls, as Plaintiff alleges these were—in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b). Defendant denies the allegations.

**D. Describe the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.**

Plaintiff brings a single claim on behalf of himself and a putative class for violations of 47 U.S.C. § 227(b), which prohibits placing prerecorded calls to cellular telephones without the consent of the called party. Defendant denies Plaintiff's allegations and denies that a class could ever be certified in this case.

**E. What are the principal factual issues?**

The principal factual issues include the nature of Plaintiff's telephone; whether Defendant placed calls to Plaintiff's telephone number; whether those calls were successful; whether Defendant's alleged calls (some or all) used an artificial or prerecorded voice; whether Defendant had consent to place such calls; whether and to what extent Plaintiff was injured by the alleged calls; and issues related to putative class size, certifiability, and makeup.

**F. What are the principal legal issues?**

The principal legal issues include whether any consent Defendant claims to have for any calls it made to Plaintiff's telephone number is sufficient under the TCPA, the affirmative defenses Defendant raised in its answer, and the certifiability of the class under Fed. R. Civ. P. 23.

### G. What relief is the plaintiff seeking? Quantify the damages, if any.

Plaintiff is seeking certification of a class of similarly situated persons, and $1500 per call placed to him and each putative Class Member.

### H. Have all of the defendants been served, or waived service of process?

Yes.

## II. Discovery

### A. Proposed discovery schedule:

| Event | Deadline |
|---|---|
| Initial Disclosures | March 29, 2024 |
| Amendment to the pleadings | June 12, 2024 |
| Service of process on any "John Does" | June 12, 2024 |
| Completion of Fact Discovery | December 13, 2024 |
| Disclosure of Expert Report(s) | January 17, 2025 |
| Disclosure of Rebuttal Expert Reports | March 15, 2025 |
| Deposition of Expert Witnesses | March 31, 2025 |
| Class Certification Motions Due | By April 29, 2025 |
| Response to Motion to Certify Class | 30 days after Class Certification Motion filed |
| Reply in Support of Motion to Certify Class | 21 days after Response |

| Dispositive and *Daubert* Motions Due | 120 days after the Court's ruling on class certification, and/or, if a class is certified, after completion of the class notice period. |

**B. How many depositions do the parties expect to take?**

Plaintiff anticipates taking up to 3 depositions, including expert depositions. Defendant anticipates taking up to 10 depositions. Plaintiff disagrees that ten depositions would be appropriate here and does not waive any right to object to or seek relief from an excessive number of depositions, should the need arise.

**C. Do the parties foresee any special issues during discovery?**

Defendant anticipates seeking a confidentiality order regarding certain categories of documents.

**D. Rule 26(f)(2) requires the parties to propose a discovery plan. Rule 26(f)(3) provides that "a discovery plan must state the parties 'views and proposals on six different topics." Have the parties discussed a discovery plan – including all of the topics – as required by Rule 26(f)(3)? If so, do the parties propose anything?**

The parties conferred as required and submit as follows:

Rule 26(f)(3)(A): No proposals at this time.

Rule 26(f)(3)(B): Discovery will be needed on each of the items listed in sections I(D), I(E), and I(F), including the existence, nature, circumstance(s), and purpose(s) of any call Defendant made to Plaintiff, of any consent Defendant believes it had to place those calls, Defendant's defenses noted in its answer, and on class certification issues.

Rule 26(f)(3)(C): ESI should be produced in non-proprietary, searchable formats, with metadata included to the extent possible, with a preference for PDF, text, or Microsoft Office suite accessible documents.

Rule 26(f)(3)(D): No proposals at this time.

Rule 26(f)(3)(E): No proposals at this time.

Rule 26(f)(3)(F): No proposals at this time.

### III. Trial

**A. Have any of the parties demanded a jury trial?**

Yes, Plaintiff.

**B. Estimate the length of trial.**

Plaintiff estimates 5 days. Defendant estimates 2-3 days if no class is certified, but that a trial of this case as certified class action could take more than a month given Defendant's Due Process right to cross examine putative class members at trial.

Plaintiff disagrees that Defendant has a "right to cross examine putative [or actual] class members at trial" in a certified TCPA class action, especially prior to any such class member making a claim for a share in any damages award.

### IV. Settlement, Referrals, and Consent

**A. Have any settlement discussions taken place? If so, what is the status? Has the plaintiff made a written settlement demand? And if so, did the defendant respond in writing?**

No settlement discussions have taken place since Plaintiff retained counsel and initiated this action.

**B. Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?**

Not at this time.

**C. Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge? Do all parties unanimously consent to that procedure?**

Counsel has informed their clients of this possibility, but the Parties do not unanimously consent to this procedure.

V. **Other**

   A. **Is there anything else that the plaintiff wants the Court to know?**

Not at this time.

   B. **Is there anything else that the defendant wants the court to know?**

Not at this time.

Dated: March 18, 2024    s/ Jeremy M. Glapion
                         Jeremy M. Glapion
                         **THE GLAPION LAW FIRM, LLC**
                         1704 Maxwell Drive
                         Wall, New Jersey 07719
                         Tel: 732-455-9737
                         Fax: 732-965-8006
                         jmg@glapionlaw.com
                         (*Pro Hac Vice*)

                         *Counsel for Plaintiff and the Putative Classes*

                         */s/ Ryan D. Watstein*
                         Ryan D. Watstein (pro hac vice)
                         ryan@wtlaw.com
                         Patrick J. Fitzgerald (pro hac vice)
                         pfitzgerald@wtlaw.com
                         **WATSTEIN TEREPKA LLP**
                         1055 Howell Mill Road, 8th Floor
                         Atlanta, Georgia 30318
                         Tel: (404) 782-9821
                         Fax: (404) 537-1650
                         Justin M. Penn, ARDC 6283726
                         jpenn@hinshawlaw.com
                         **HINSHAW & CULBERTSON LLP**
                         151 North Franklin Street, Suite 2500
                         Chicago, Illinois 60606
                         Tel: (312) 704-3000
                         *Counsel for Defendant*