# EXHIBIT 1

DocuSign Envelope ID: ...

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RASHAD WALSTON, on behalf of himself and all others similarly situated, | : : : | Case No. 1:23-cv-00083 |
| Plaintiff, | : : | |
| v. | : : | |
| NATIONAL RETAIL SOLUTIONS, INC. D/B/A NRS PAY, | : : : | |
| Defendant. | : : | |

_____/

### DECLARATION OF ELIE KATZ

I, Elie Katz, in accordance with 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct.

1.     My name is Elie Katz.  I am over the age of 18 and am competent to make this declaration.

2.     I am the President and Chief Executive Officer for National Retail Solutions, Inc. ("NRS"), defendant in the above-referenced matter.

3.     During the ordinary course of my regularly conducted business, I have access to, and personal knowledge of, certain business records generated and maintained by NRS.  The information contained herein is based upon my personal knowledge along with my review of such business records, policies, and/or electronic databases and reports generated and maintained in the ordinary course of NRS's regularly conducted business and made at or near the time of the events described therein.

4.      NRS provides administrative equipment and transaction services to merchants. NRS has marketed its products and services through various means, including for a brief period, via ringless voicemail messages to prospective customers.

5.      NRS received a letter from Plaintiff claiming NRS violated the Telephone Consumer Protection Act ("TCPA") by sending him seven prerecorded voice message calls to his cell phone number ending in 4088 (the "Subject Number"), between March 7, 2022 and October 12, 2023 (the "Subject Number" and "Subject Communications").

6.      Attached, as Exhibit A, is a true and correct copy of the October 19, 2023 correspondence that NRS received from Plaintiff.

7.      After reviewing his claims, NRS added Plaintiff's number to its do not call list.  I then contacted Plaintiff on November 13, 2023, to address his TCPA claims.

8.      During the call, which lasted about seven minutes, I assured Plaintiff that he would not receive additional communications from NRS.  I then offered to resolve his TCPA claims for $800, so long as the settlement would remain confidential.

9.      Plaintiff was fine with keeping the agreement confidential, but said he needed at least $5,000 to resolve his claims.

10.     I informed Plaintiff that I did not have authority to accept his offer on the spot, but that NRS would follow up with him after completing its investigation.  Plaintiff confirmed this was acceptable and noted that he would wait to hear from us.

11.     On November 22, 2023, Plaintiff's counsel, Jeremy Glapion, contacted me by email, advising that he was retained to represent Plaintiff, that he knew NRS "had been discussing [the matter] with him," and that he wanted to "figure out what happened, how to prevent this from occurring in the future, and where we go from here."

DocuSign Envelope ID: ...

12.     Attached, as Exhibit B, is a true and correct copy of the November 22, 2023 correspondence that NRS received from Mr. Glapion.

I declare under penalty of perjury under the laws of the State of New Jersey and the United States of America that the foregoing is true and correct.

Executed this 28th day of May, 2024, in Newark, New Jersey.

Elie Katz
Chief Executive Officer
National Retail Solutions, Inc.

DocuSign Envelope ID: 332B3D9C1-C9E-4C9C-882C-1F6FBEE6FC4F

# EXHIBIT A

October 19, 2023

National Retail Solutions, Inc.
NRS Pay
520 Broad Street
Newark, NJ 07102

Attn: Eli Korn, Chief Operation Officer

Delivered via USPS certified mail

**Re: Violations of the Telephone Consumer Protection Act (TCPA)**

Dear Mr. Eli Korn;

I'm contacting you today regarding communications to my phone that are in violation of the TCPA. Each of these unwelcome and unwanted communications were made using an (automated telephone dialing system, automated message, or both), and were made without my express, prior, written consent, as required by law. The illegal communications came to my phone number, 773-368-4088, as follows:

1. 03/07/2022, 2:34 pm CST, from number, 973-649-9264

2. 05/19/2022, 12:28 pm CST, from number, 973-649-9264

3. 08/08/2022, 3:11 pm CST, from number, 973-649-9264

4. 03/20/2023, 3:57 pm CST, from number, 973-649-9264

5. 05/04/2023, 4:22 pm CST, from number, 973-649-9264

6. 07/31/2023, 11:48 am CST, from number, 973-649-9264

7. 10/12/2023, 3:37 pm CST, from number, 973-649-9264

DocuSign Envelope ID: ...

47 U.S.C. §227(b) stipulates that it shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted because of an existing business relationship.

The TCPA also provides for a private right of action, with each violation entitling me to a $500 penalty, which can be increased to $1,500 per violation, in the event such a violation is deemed to have been willfully or knowingly made. Reasonable court costs for bringing a private right of action against your company are also recoverable in the event of a successful action for those violations.

In the absence of the federally required, express, prior, written consent, or any qualifying, "existing business relationship", you have violated the TCPA as indicated above, thus affording me the right to pursue the statutory penalties described above, as well as the reasonable court costs.

Based on the number of communications detailed above, the statutory penalties to which I would be entitled total $10,500. However, in the interest of helping you avoid the imposition and expense of civil litigation, I would like to afford you an opportunity to settle this matter for the amount of $9,800. In exchange for that amount, I will forgo any civil action, release your company of all claims associated with the illegal communications named herein, and consider the matter closed.

In as much as I'm confident that the facts of this case would not support any manner of tenable defense for your company, I would urge you to carefully consider accepting this generous, good faith offer to settle. Should you decline it, or fail to respond within 5 days from its time-tracked delivery, please know that I reserve the right to pursue civil action as described herein, in state or federal court, and will seek all available injunctive and monetary relief made available to me under applicable state and federal statutes, up to and including a potential class

certification. You should fully expect a lengthy and detailed discovery process to accompany that suit.

Additionally, I would insist that you give me every assurance that the offending communications that are the subject of this matter be the very last that I receive. I would also encourage you to take the necessary steps to ensure compliance with state and federal statutes moving forward, not only as a matter of protection from civil liability, but also as a courtesy to the millions of American consumers who are consistently plagued with these types of unwanted, illegal communications.

I look very forward to your response, within 5 days of your receipt of this notice, as directed above. I would ask that all further communication be in writing, if only as a means by which the content of such communication will be memorialized.

Respectfully,

Rashad Walston
PO Box 43322
Chicago, IL 60643

email: rwwalston@hotmail.com

DocuSign Envelope ID: ...



‹ Blocked



**+1 (973) 649-9264**

Newark, NJ

 message   call  video  mail

March 7, 2022

2:34 PM **Missed Call**

Share Contact

Create New Contact

Add to Existing Contact

Add to Emergency Contacts

 Favorites   Recents   Contacts   Keypad   Voicemail



DocuSign Envelope ID: ...

DocuSign Envelope ID: ...



(3)

**cricket** 🛜  1:44 PM

‹ Blocked

# +1 (973) 649-9264

Newark, NJ

| message | call | video | mail |
|---------|------|-------|------|

August 8, 2022

3:11 PM  **Missed Call**

Share Contact

Create New Contact

Add to Existing Contact

Add to Emergency Contacts


Favorites


Recents


Contacts


Keypad


Voicemail

DocuSign Envelope ID: 4326B0D9FE0E9800E84BADC6AEFA7VF



DocuSign Envelope ID: 5326BD9A-EQE-CQ0C883-BN7-E9EFAY4F



⑤

**‹ Blocked**

# +1 (973) 649-9264
## Newark, NJ

message     call

May 4, 2023

4:22 PM **Missed Call**

Share Contact

Create New Contact

Add to Existing Contact

Add to Emergency Contacts

 Favorites    Recents    Contacts    Keypad    Voicemail



DocuSign Envelope ID: 4326B0DC-E0E9-40C3-9CF6-5AA3EBE0F1F8



⑦

< Voicemail

+1 (973) 649-9264

Newark, NJ

message    call    video    mail

Yesterday

3:37 PM  **Missed Call**

Share Contact

Create New Contact

Add to Existing Contact

Add to Emergency Contacts

 Favorites   Recents  Contacts   Keypad   Voicemail

DocuSign Envelope ID: ...



‌cricket 📶  8:26 PM  📶🔒🔋

‹ Voicemail   **Blocked**   Delete All



**+1 (973) 649-9264**
Newark, NJ
March 7, 2022 at 2:34 PM

0:00                                    —0:33



DocuSign Envelope ID:



‹ Voicemail  **Blocked**  Delete All





# +1 (973) 649-9264
Newark, NJ
May 19, 2022 at 12:28 PM



0:00                                    −0:34

▶             



    

DocuSign Envelope ID: ...



‹ **Voicemail**   **Blocked**   Delete All



## +1 (973) 649-9264
Newark, NJ
August 8, 2022 at 3:11 PM

 

0:00                                      −0:35

          



    

DocuSign Envelope ID: ...

cricket  8:29 PM

< Voicemail  **Blocked**  Delete All





**+1 (973) 649-9264**
Newark, NJ
March 20, 2023 at 3:57 PM

 

0:00                                    −0:36

    



    

DocuSign Envelope ID: ...





‹ Voicemail  **Blocked**  Delete All



## +1 (973) 649-9264
Newark, NJ
May 4, 2023 at 4:22 PM

 

0:00                                    −0:41

   



    

DocuSign Envelope ID: ...



Voicemail          Delete All

# Blocked

**+1 (973) 649-9264**
Newark, NJ
July 31, 2023 at 11:48 AM

0:00                              −0:59



DocuSign Envelope ID: ...

 

**cricket** 8:32 PM



Greeting **Voicemail** Edit



**+1 (973) 649-9264**
Newark, NJ
October 12, 2023 at 3:37 PM

 

0:00 −0:59

   



    

DocuSign Envelope ID: 3326D04E-0E90-4FB4-94C7-CA6FEAY4F

# EXHIBIT B

On Wed, Nov 22, 2023 at 5:03PM Elie Katz
<elie.katz@idt.net> wrote:

Jeremy-Thank you very much for calling me. I have
copied my attorney who will follow up. Wishing you a
Happy Thanksgiving.

Best wishes,

Elie


On Wed, Nov 22, 2023 at 10:16AM Jeremy Glapion
<jmg@glapionlaw.com> wrote:

Hi Elie,


I hope this email finds you doing well. Sorry to drop
this on your lap the day before Thanksgiving. I called
and left a voicemail on your 5179 number yesterday.


I was retained to represent Rashad Walston in a
potential TCPA claim against National Retail Solutions
stemming from unsolicited prerecorded telemarketing
calls made to his cell phone. I know you had been
discussing with him, but please direct all future
correspondence on this matter to me.


I would love to discuss further with you to figure out
what happened, how to prevent this from occurring in
the future, and where we go from here.


Should we connect next week after the holiday?


Thank you,

Jeremy

--

**Jeremy M. Glapion**

Partner

jmg@glapionlaw.com | 732.455.9737

Glapion Law Firm | www.glapionlaw.com

1704 Maxwell Drive
Wall, NJ 07719

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.