# **EXHIBIT B**

 Jeremy Glapion <jmg@glapionlaw.com>

## Walston v. NRS - Joint Initial Status Report

**Jeremy Glapion** <jmg@glapionlaw.com>  Fri, Apr 5, 2024 at 12:42 AM
To: Patrick Fitzgerald <pfitzgerald@wtlaw.com>
Cc: jeff@jgbrownlaw.com, Ryan Watstein <Ryan@wtlaw.com>
Bcc: "Walston v. NRS" <863b72468+matter1627200739@maildrop.clio.com>

Hi Pat:

I appreciate you reaching out and I apologize for the length of this email. I will preface this by saying in my career, I can count on one hand the number of times I have not agreed to an extension on discovery this early in a case. I am not inclined to agree to one here.

First, while you were not the attorney discussing this with me pre-litigation, I expressed to you my disappointment in how those discussions were handled. In particular, your client's ostensible good faith requests for extensions of time to provide the basic information (now subject to formal discovery requests) only to, at the deadline, attempt to accept a months-old, clearly expired *pro se* settlement demand (rather than produce the documents), I am hesitant to yet again grant additional time at the deadline with respect to these documents.

For context, evidence of my client's consent and his lead information was requested on December 8, 2023; December 13, 2023; December 19, 2023 (all to Menachem Ash and/or Abraham Colman), and then again on January 3, 2024 (to Suzanne Hicks, Alison Ellis, and Abraham Colman at HK).

This information is very basic not just here, but in every TCPA case, and has been asked for informally for months.

Second, as you will recall, you noticed my client's deposition immediately, and it is currently set for April 26. As such, an extension both changes the order of responses and puts me at a disadvantage when it comes to preparing my client for his deposition, as we will not have parity of information.

In the interest of compromise, I would be willing to consider such an extension on the conditions that 1) it is reciprocal, and that none of my client's responses to your requests are due until after *any extension* given to your client on these requests and 2) it is partial.

Specifically, I am *not* willing to extend the deadline to respond to:

- the interrogatories (which essentially ask for call logs, consent information, and lead source);
- RFAs 1-3, 7-8;
- RFPs 1-2, 4-5, 7, 9, 14, 17, 18; and
- any document to be used in or containing information to be used in my client's deposition, that is otherwise responsive to a request not listed previously.

Happy to hop on a call (noting I am out of office and out of pocket from tomorrow afternoon to Wednesday of next week).

Best,
Jeremy


--



**Jeremy M. Glapion**
Partner

jmg@glapionlaw.com | 732.455.9737

Glapion Law Firm | www.glapionlaw.com
1704 Maxwell Drive
Wall, NJ 07719

On Thu, Apr 04, 2024 at 9:50 PM, Patrick Fitzgerald <pfitzgerald@wtlaw.com> wrote:

> Hi Jeremy,
> Would plaintiff agree to a 30-day extension on responding to Plaintiff's discovery requests? We're preparing for COA oral argument and are catching up on this matter and would appreciate the courteously.
> Pat
>
>
> **Patrick J. Fitzgerald (bio)**
> WATSTEIN TEREPKA <sup>LLP</sup>
> P: (404) 400-3382
> pfitzgerald@wtlaw.com
> www.wtlaw.com
>
> ---
>
> **From:** Jeremy Glapion <jmg@glapionlaw.com>
> **Date:** Friday, March 29, 2024 at 6:38 PM
> **To:** Patrick Fitzgerald <pfitzgerald@wtlaw.com>
> **Cc:** jeff@jgbrownlaw.com <jeff@jgbrownlaw.com>, Ryan Watstein <Ryan@wtlaw.com>
> **Subject:** Re: Walston v. NRS - Joint Initial Status Report
>
> [Warning – external]
>
> Thank you. And here are Plaintiff's.
>
> --
>
> **Jeremy M. Glapion**
>
> Partner
>
> jmg@glapionlaw.com | 732.455.9737
>
> Glapion Law Firm | www.glapionlaw.com
>
> 1704 Maxwell Drive
> Wall, NJ 07719
>
> [Quoted text hidden]