# EXHIBIT C


Jeremy Glapion <jmg@glapionlaw.com>

## National Retail Solutions and Rashad Walston
6 messages

---

**Hicks, Suzie (RIC - X76725)** <Suzanne.Hicks@hklaw.com>　　　　　　　　　　　　　Wed, Jan 3, 2024 at 11:22 AM
To: "jmg@glapionlaw.com" <jmg@glapionlaw.com>
Cc: "Ellis, Alison R (RIC - X76707)" <Alison.Ellis@hklaw.com>, "Colman, Abraham J (LAX - X52412)" <Abe.Colman@hklaw.com>

Good afternoon.  On behalf of Alison Ellis, please see attached letter.  Please forward any future communications to Ms. Ellis directly.  Thank you.


**Suzie Hicks** | **Holland & Knight**
Practice Assistant
Holland & Knight LLP
200 S 10th Street, Suite 1000 | Richmond, Virginia 23219
Phone 804.799.6725 | Fax 804.500.5353
suzanne.hicks@hklaw.com | www.hklaw.com

---

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

---

 **2024 0103 Letter to Jeremy M. Glapion.pdf**
224K

---

**Jeremy Glapion** <jmg@glapionlaw.com>　　　　　　　　　　　　　　　　　　　　　Wed, Jan 3, 2024 at 11:29 AM
To: Suzie <Suzanne.Hicks@hklaw.com>
Cc: Alison R <Alison.Ellis@hklaw.com>, Abraham J <Abe.Colman@hklaw.com>

Hi Suzie, Alison, and team:

Thank you for this letter.

To clarify, in the event I did not previously, all settlement offers made or exchanged prior to my involvement in the case (i.e. my client's retention of counsel) are withdrawn. If your client would like to make its own offer, I will relay to the client.

As discussed on the most recent call with Abe, we intend to file a class action in the Northern District of Illinois on January 5 barring resolution or your client providing sufficient documentation refuting our factual understanding (primarily as it relates to my client's lack of consent).

Happy to discuss further, as needed.

Best,
Jeremy

--



**Jeremy M. Glapion**
Partner

jmg@glapionlaw.com | 732.455.9737

Glapion Law Firm | www.glapionlaw.com
1704 Maxwell Drive
Wall, NJ 07719

[Quoted text hidden]

---

**Ellis, Alison R (RIC - X76707)** <Alison.Ellis@hklaw.com>   Wed, Jan 3, 2024 at 1:27 PM
To: Jeremy Glapion <jmg@glapionlaw.com>
Cc: "Colman, Abraham J (LAX - X52412)" <Abe.Colman@hklaw.com>

Without debating whether or not you revoked the offer prior to our acceptance, please communicate to your client that we will pay $9,800 to settle this matter in accordance with the letter I sent this morning.

Thanks,

Alison

**Alison Ellis | Holland & Knight**
Senior Counsel
Holland & Knight LLP
200 S 10th Street, Suite 1000 | Richmond, Virginia 23219
Phone 804.799.6707 | Fax 804.500.5353
alison.ellis@hklaw.com | www.hklaw.com

_____
Add to address book | View professional biography

---

**From:** Jeremy Glapion <jmg@glapionlaw.com>
**Sent:** Wednesday, January 3, 2024 11:30 AM
**To:** Hicks, Suzie (RIC - X76725) <Suzanne.Hicks@hklaw.com>
**Cc:** Ellis, Alison R (RIC - X76707) <Alison.Ellis@hklaw.com>; Colman, Abraham J (LAX - X52412) <Abe.Colman@hklaw.com>
**Subject:** Re: National Retail Solutions and Rashad Walston

*[External email]*

[Quoted text hidden]

---

**Jeremy Glapion** <jmg@glapionlaw.com>   Wed, Jan 3, 2024 at 1:47 PM
To: Alison R <Alison.Ellis@hklaw.com>
Cc: Abraham J <Abe.Colman@hklaw.com>

Alison:

I have been doing this awhile, and this is the first time a potential defendant has tried the "we accepted your client's pro se offer before he revoked it!" approach to avoid a suit, rather than just providing the exculpatory evidence I've been told is forthcoming. I believe this tells me all I need to know to proceed with our suit.

In any event, your letter was not an unequivocal acceptance of any previous demand. It was instead expressly "contingent" on additional terms, and further requested confirmation. For clarity, we reject the amount, decline those terms, and do not confirm.

Further of note, the offer to which you refer—sent on October 19, 2023—expressly required acceptance within five days of delivery. I also believe, though I need to confirm, that your client responded to my client's letter with a significantly lower amount, thereby rejecting the original demand.

In any event, your client's offer is rejected, any demands your client believes to be outstanding and acceptable are, again, unequivocally withdrawn, and we will not be entertaining any further individual settlement offers.

Finally, as a result of your client's approach to this matter, we no longer intend to wait until January 5.

Thank you,

Jeremy


--



**Jeremy M. Glapion**
Partner

jmg@glapionlaw.com | 732.455.9737

Glapion Law Firm | www.glapionlaw.com
1704 Maxwell Drive
Wall, NJ 07719

[Quoted text hidden]

---

**Ellis, Alison R (RIC - X76707)** <Alison.Ellis@hklaw.com>  Wed, Jan 3, 2024 at 2:40 PM
To: Jeremy Glapion <jmg@glapionlaw.com>
Cc: "Colman, Abraham J (LAX - X52412)" <Abe.Colman@hklaw.com>


Again, rather than argue over contract law, our client is making a good faith effort to resolve the dispute without litigation— and to that end even agreed to meet what I understand is your client's most recent demand of $9,800, which your client reiterated by phone after the October letter you reference below.  <u>Please confirm that you have relayed our good faith settlement offer of $9,800 to your client</u>.

[Quoted text hidden]

---

**Jeremy Glapion** <jmg@glapionlaw.com>  Wed, Jan 3, 2024 at 2:56 PM
To: Alison R <Alison.Ellis@hklaw.com>
Cc: Abraham J <Abe.Colman@hklaw.com>

Hi Alison:

I will not get into privileged communications between my client and I. That said, I believe I have adequately responded to your question and offer. My *client* rejects your $9,800 offer. We will not counter nor entertain further individual offers without a material change in law or fact, as my client intends to focus his efforts on representing the forthcoming putative class.

Best,
Jeremy

--



**Jeremy M. Glapion**
Partner

jmg@glapionlaw.com | 732.455.9737

Glapion Law Firm | www.glapionlaw.com
1704 Maxwell Drive
Wall, NJ 07719

[Quoted text hidden]