UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RASHAD WALSTON,** on behalf of himself and all others similarly situated,<br><br>**Plaintiff,**<br>v.<br><br>**NATIONAL RETAIL SOLUTIONS, INC. D/B/A NRS PAY,**<br><br>Defendant. | Civil Case No.: 24-cv-83<br><br>District Judge: Hon. Sunil R. Harjani<br>Magistrate Judge: Jeffrey T. Gilbert<br><br>**Plaintiff's Motion for Leave to File First Amended Complaint** |

Rashad Walston ("Plaintiff") through his undersigned counsel, hereby moves, pursuant to Fed. R. Civ. P. 15(a)(2) for leave to amend the complaint in this matter.

1. Plaintiff filed the instant matter on January 3, 2024. [Dkt. 1.]

2. On March 19, 2024, the Court entered a partial scheduling order and set the deadline for amended pleadings as June 12, 2024. [Dkt. 13.]

3. On June 10, Defendant served written responses to two sets of Plaintiff's requests for production.

4. In those requests, Defendant objected to a request seeking "all DOCUMENTS and/or ESI authorizing any third-party to make DIALED CALLS on YOUR behalf" on the basis, in part, that "Plaintiff's complaint [is] limited to Defendant's alleged direct liability [and] [c]ommunications by anyone other than Defendant are irrelevant to Plaintiff's claims."

5. Defendant did not state whether it was withholding documents based on this objection, as required under the Federal Rules.

6. Plaintiff disagrees with Defendant's characterization of Plaintiff's current complaint, the propriety of withholding documents based on Defendant's legal conclusions, and the propriety of this objection in general as a basis for withholding documents.

7. Nevertheless, to err on the side of caution, Plaintiff seeks to amend his complaint to make clear that Defendant is directly liable *and* would be liable under agency principles for the actions of the vendor it instructed to make the calls at issue.

8. Accordingly, the proposed First Amended Complaint here, attached here in clean and redline forms, primarily adds allegations regarding Defendant's relationship with a third party Defendant used for the calls at issue.

9. Plaintiff's First Amended Complaint also, *inter alia*, reorganizes the allegations in more logical fashion, modifies the tentative class definition based on information Plaintiff has learned through discovery, and corrects some (but unlikely all) typos.

10. A motion for leave to amend filed prior to the expiration of the amendment deadline set forth in the case management order is evaluated under Fed. R. Civ. P. 15(a)(2), which relevantly provides that "a party may amend its pleading only with … the court's leave" and that "[t]he court should freely give leave when justice so requires." *See Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011).

11. For the reasons set forth above, this standard is met, and Plaintiff respectfully asks that the Court permit him to file the First Amended Complaint.

12. On June 12, Plaintiff requested Defendant's consent to file the attached amended complaint or non-opposition to the Motion.

13. Because of the short turnaround time, Defendant's counsel could not provide consent, as its client contact is observing a holiday.

14. Defendant's counsel stated it would "probably not" oppose, but again could not definitively commit without its client's consent.

**Dated:** June 12, 2024    s/ Jeremy M. Glapion_____
Jeremy M. Glapion
 **THE GLAPION LAW FIRM, LLC**
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732.455.9737
Fax: 732.965.8006
jmg@glapionlaw.com