IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RASHAD WALSON<br><br>        Plaintiffs,<br>v.<br><br>NATIONAL RETAIL SOLUTIONS, INC..<br><br>        Defendants. | Case No. 24 cv 83<br><br>Honorable Sunil R. Harjani |

**ORDER**

      Defendant's motion to enforce the settlement [22] is wholly without merit. Defendant claims that on January 3, 2024, by letter, it accepted a settlement offer from Plaintiff to settle this case on a non-class basis for $9,800. However, the specific offer for $9,800, which was made in a letter dated October 19, 2023, was clear that if it was not accepted within 5 days of delivery, Plaintiff would be pursuing litigation. [22-1, p. 6-8]. Thus, any plain reading of the text of the letter demonstrates that the offer, which was received by Defendant on October 23, 2023, would expire by October 28, 2023 if not accepted. Of course, it is undisputed that Defendant did not accept by that date and litigation commenced. This alone warrants denying Defendant's motion because there is no agreement to enforce.

      However, there is more. Defendant claims that the $9,800 January letter purportedly accepted an oral offer from Plaintiff in November 2023, where Plaintiff allegedly said he needed "at least $5,000" to settle the case. This is nonsensical as defendants generally do not generously double the plaintiff's bottom-line to settle a case. Nor does the January 3, 2024 letter say anything about a November offer. Rather, it says "I have authority . . . to accept Mr. Walston's settlement demand of $9,800." It is undisputed that Mr. Walton's only settlement demand in the specific amount of $9,800 was the expired one made in October 2023.

      And there is more. Defendant then purportedly accepted the offer in the January 3, 2024 letter by stating: "I have authority on behalf of National Retail Solutions, Inc. to accept Mr. Walston's settlement demand of $9,800 to fully and finally resolve the parties' disputes. The settlement payment is contingent upon Mr. Walston executing a written agreement containing full releases of his claims, confidentiality provisions, and other customary terms. My client will make the settlement payment of $9,800 within seven (7) days of the parties executing a written settlement agreement. I trust that this satisfies your client's demand and that this settlement will fully and finally resolve the matter. Upon your confirmation, I will circulate a proposed settlement agreement for Mr. Walston's review and endorsement." [22-3, p. 18]. By its plain terms, this alleged acceptance was "contingent" upon an executed written agreement that delineated the

material terms, including the nature of the releases, the scope of the confidentiality provisions and the so-called "customary terms," which frankly remain a mystery to this day. No written agreement was ever executed. The contingency and the undefined terms in the January 3, 2024 are fatal to Defendant's motion. *See e.g. Central Laborer's Pension Fund v. AEH Construction*, 2015 WL 1539003, at *5 (N.D. Ill. Mar. 31, 2015) (no meeting of the minds when agreement was conditioned on a mutually agreeable confidentiality provision, and confidentiality terms were left undefined); *PSG Energy Group v. Krynski*, 2020 WL 2059944, at *6 (S.D. Ind. Apr. 29, 2020) (denying motion to enforce where contingencies were made and not fulfilled in settling the case); *N.B. v. Norwood*, 2015 WL 8488948, at *4 (N.D. Ill. Dec. 11, 2015) (no binding settlement when the parties were still circulating a draft agreement and had open terms that were not yet finalized). Furthermore, a conditional acceptance is effectively a counteroffer, not an acceptance. *USA Satellite & Cable, Inc. v. McNaughton*, 2018 WL 665397 n.3 (N.D. Ill. Jan. 8, 2018); *see also Construction Aggregates v. Hewitt-Robbins*, 404 F.2d 505, 509 (7th Cir. 1968). Beside the express contingency in the letter, Defendant's own letter does not view the settlement as final, with language such as "Upon your confirmation, I will circulate a proposed settlement agreement…"

Finally, there is more. Defendant sent emails along with the January 3, 2024 letter offering the $9,800 to Plaintiff to settle the case. [25-3]. Those emails clearly show a last-ditch attempt at negotiating a deal before the class action complaint was filed that same day. That is admirable, and from the Court's standpoint, desirable. But it was clearly not any formal acceptance of an outstanding demand.

In summary, this is not a case where one side had a change of heart on a settlement. But rather a futile effort to enforce an individual, non-class, expired settlement offer after this class action lawsuit was filed. And done with a purported acceptance letter that, at best, was a conditional acceptance with terms that were left undefined and never completed. There is no acceptance or meeting of the minds. Motion denied.

**SO ORDERED.**

Dated: June 13, 2024

                                                              Sunil R. Harjani
                                                              United States District Judge