# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **RASHAD WALSTON,** on behalf of himself and all others similarly situated,<br><br>**Plaintiff,**<br>v.<br><br>**NATIONAL RETAIL SOLUTIONS, INC. D/B/A NRS PAY,**<br><br>Defendant. | Civil Case No.: 24-cv-83<br><br>District Judge: Hon. Sunil R. Harjani<br>Magistrate Judge: Jeffrey T. Gilbert |

## JOINT STATUS REPORT

Pursuant to docket entry 39, the Parties submit this status report on discovery.

### Progress with written discovery.

a. **Plaintiff**: All five sets of Plaintiff's Requests for Production (57 requests) have come due. On July 12, Defendant began its rolling production with nine pages of documents. On July 23, Defendant continued its rolling production with 19 additional pages of documents. To date, Defendant has produced 59 pages of documents. Of these, 26 pages are from two related email chains, 12 are Defendant's third-party vendor's Terms and Conditions from its website, and 17 are Plaintiff's own documents. Outside the promise of additional documents on July 29, the timing of future production remains unclear, as does an estimated date of completion. Virtually no class data has been produced.

By the end of this month, Plaintiff hopes to file his Motion for Issuance of a Letter Rogatory seeking assistance from Canadian courts in obtaining documents from the third-party vendor Defendant used to make its telephone calls. Defendant has indicated it opposes this Motion, though the Parties continue to discuss whether this opposition can be avoided.

As such, and as it was before, Plaintiff anticipates additional written discovery being necessary, but cannot predict the nature, timing, or volume until Defendant completes (or at least substantially completes) its production.

b. **Defendant**: Plaintiff has served 94 written discovery requests over eleven separate sets of written discovery (six interrogatories, 32 requests for admissions, and 57 requests for production). Plaintiff has likewise demanded that Defendant prepare formal amended responses to those requests to resolve alleged deficiencies (despite having already received email confirmations about Defendant's discovery position). Defendant has spent an inordinate amount of time responding to written discovery requests, conferring with Plaintiff about its responses, and then, to the extent appropriate to avoid burdening the Court with discovery disputes, amending those responses. Accordingly, Defendant rejects Plaintiff's implication that Defendant is delaying discovery or being uncooperative. Defendant has produced a large portion of its individual discovery, which far exceeds Plaintiff's production, and is in the process of conferring working with its client on an ESI search for remaining documents—a burden borne by Defendant alone.

Regarding the letters rogatory, Defendant told Plaintiff it opposed the request, in part. Defendant doesn't oppose Plaintiff beginning this process, but Defendant needs

to preserve its rights to ensure that any production is limited to documents relevant to allegations in the pleadings.

## Depositions

a. **Plaintiff**: The deposition of individual witness Diana Stern has been rescheduled from July 31 to August 19 by mutual agreement of the Parties. Plaintiff does not yet know when he will take Defendant's deposition because of uncertainty surrounding the timing of Defendant's production. While Defendant has correctly noted previously that Plaintiff could notice his deposition and provide some generic list of topics, any date provided therein would be nothing more than a blind guess and the topics would need to be amended frequently as additional documents are produced.

b. **Defendant**: Defendant denies that noticing a set of preliminary topics would be a "blind guess," as Plainitff knows the core topics on which he wants to depose Defendant. If Plaintiff wants to wait for a complete production to notice Defendant's 30(b)(6) deposition, however, that is Plaintiff's prerogative.

## Any other information relevant to case management

a. **Plaintiff**: Plaintiff continues to believe that additional status reports every two to four weeks would be beneficial to monitor and encourage the Parties' progress.

b. **Defendant**: As identified in the last status report (ECF No. 36), Defendant will continue to provide the Court with reasonable status reports as instructed. But a bi-weekly update would be unreasonably burdensome and would discourage the parties from trying to resolve future disputes among themselves, as the parties have done to date and as the Court's standing order directs.

Dated: July 24, 2024            s/ Jeremy M. Glapion

Jeremy M. Glapion
The Glapion Law Firm, LLC
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732-455-9737
Fax: 732-965-8006
jmg@glapionlaw.com
Counsel for Plaintiff and the Putative Class

*/s/ Ryan D. Watstein*

Ryan D. Watstein (pro hac vice)
ryan@wtlaw.com
Patrick J. Fitzgerald (pro hac vice)
pfitzgerald@wtlaw.com
**WATSTEIN TEREPKA LLP**
1055 Howell Mill Road, 8th Floor
Atlanta, Georgia 30318
Tel: (404) 782-9821
Fax: (404) 537-1650
Justin M. Penn, ARDC 6283726
jpenn@hinshawlaw.com
**HINSHAW & CULBERTSON LLP**
151 North Franklin Street, Suite 2500
Chicago, Illinois 60606
Tel: (312) 704-3000
*Counsel for Defendant*