UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RASHAD WALSTON,** on behalf of himself and all others similarly situated,<br><br>**Plaintiff,**<br>v.<br><br>**NATIONAL RETAIL SOLUTIONS, INC. D/B/A NRS PAY,**<br><br>**Defendant.** | Civil Case No.: 24-cv-83<br><br>District Judge: Hon. Sunil R. Harjani<br><br>Magistrate Judge: Jeffrey T. Gilbert<br><br>**Declaration of Jeremy M. Glapion in Support of Plaintiff's Motion to Modify Scheduling Order** |

I, Jeremy M. Glapion, declare as follows:

1. I am attorney for Plaintiff and the putative class in this matter.

2. I make this declaration based on my own personal knowledge in support of Plaintiff's Motion to Modify the Scheduling Order.

3. If called upon to testify, I could and would testify competently to the truth of the matters stated herein.

4. On March 11, 2024, the Parties conducted their Rule 26(f) conference in this matter.

5. Shortly thereafter, on that same date, Plaintiff served his first set of Requests for Production (1-24); first set of Interrogatories (1-3); and first set of Requests for Admission (1-11).

6. Responses to these discovery requests were initially due on April 10, but the Parties agreed to a one-week extension to April 17.

7. On April 17, Defendant provided written responses but did not indicate when documents would be produced or if documents were being withheld based on any of its objections.

8. I immediately requested a meet and confer under Rule 37(a)(1) regarding this and other issues, and the Parties scheduled this call for April 19.

9. Immediately prior to the call, on April 19, Defendant produced 31 pages of documents.

10. On the April 19 call, Defendant's counsel confirmed that these 31 pages were the complete production to Plaintiff's First Set of Requests for Production.

11. Subsequently, I served three more sets of Requests for Production, with two sets due on May 20 and the third due on June 12, as well as other discovery requests.

12. On May 16, in response to a request from Defendant, I agreed to extend the May 20 deadline to June 3.

13. On May 28, Defendant informed me that it would be filing a Motion to Enforce Settlement, which it filed that same day.

14. The Parties jointly agreed to allow Defendant an extra week to respond to the requests originally due May 20, making the deadline June 10.

15. Defendant provided written responses on June 10, but did not indicate when documents would be produced or if documents were being withheld based on its objections, resulting in an additional Rule 37 conference.

1

16. As of June 12, no documents had been produced outside of the 31 pages produced on April 19.

17. On June 25, in response to Rule 37(a)(1) conferences conducted on June 21 and June 25, Defendant indicated it would begin rolling production on or before July 12.

18. Defendant was unable to provide a scope of production or timeline for completion.

19. On July 8, I received a call from Attorney Paul Heeringa of Manatt, Phelps & Phillips.

20. I have worked opposite Attorney Heeringa in previous TCPA cases cases involving other parties and I hold him in high esteem.

21. We spoke for approximately thirty minutes, during which Attorney Heeringa indicated that Defendant had located the source of Plaintiff's telephone number and/or evidence of consent, and would be providing that information.

22. On August 12, I reached out to Attorney Heeringa via email to determine his status on the case, and he responded that he was not on the case after all.

23. Between July 12 (the start of Defendant's rolling production) and July 31 (the discovery status conference with Judge Gilbert), Defendant had produced 68 pages of documents and four audio files.

24. On August 9, Defendant produced 529 additional pages which were heavily redacted.

25. These pages appear to belong to a single document (e.g. a spreadsheet converted to a PDF), and contain, in part, a list of phone numbers.

26. The last four digits of Plaintiff's phone number is listed twice, making it very likely either or both instances are Plaintiff's phone number.

27. Plaintiff's first Request for Production explicitly sought all documents containing Plaintiff's phone number.

28. In addition, Defendant's July 22 answer appears to contradict its discovery responses made prior to the amendment deadline.

29. Specifically, on May 17, in its response to Plaintiff's Request for Admission 22, Defendant admitted that, based on information available to it, "all communications identified in paragraph 15 of docket entry 1 were ringless voicemails sent through the VoiceLogic platform."

30. Specifically, on May 17, in response to Plaintiff's Request for Admission 23, Defendant admitted that "it is not aware of any communications to the subject number prior to October 19, 2023 that were made using something other than the VoiceLogic platform."

31. In addition, on May 28, in response to Plaintiff's Interrogatories No. 4 and 5, Defendant wrote that "it used VoiceLogic's platform in communicating with the subject number."

32. Prior to June 12, Plaintiff served several requests of various types seeking evidence of the source of Plaintiff's number in Defendant's records or evidence of his consent, and, to date, Plaintiff has yet to receive any such documents or information.

33. For example, on April 17, in response to Plaintiff's Interrogatory No. 1, seeking the "source(s), locations, entities, or other avenues from or through which"

3

Defendant obtained Plaintiff's telephone number, Defendant indicated that after a thorough investigation, it had not been able to determine the answer.

34. Similarly, on April 17, in response to several Requests for Admission on consent and written agreements with Plaintiff, Defendant indicated it had found evidence of neither.

35. I declare under penalty of perjury that, to the best of my knowledge and recollection, the foregoing is true and correct.

Executed on this 13th day of August, 2024, at Manasquan, New Jersey.

> */s/ Jeremy M. Glapion*_____
> Jeremy M. Glapion