UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RASHAD WALSTON,** on behalf of himself and all others similarly situated,<br><br>**Plaintiff,**<br><br>v.<br><br>**NATIONAL RETAIL SOLUTIONS, INC. D/B/A NRS PAY,**<br><br>Defendant. | Civil Case No.: 24-cv-83<br><br>District Judge: Hon. Sunil R. Harjani<br>Magistrate Judge: Jeffrey T. Gilbert<br><br>**Plaintiff's Motion for Issuance of Letter Rogatory** |

Plaintiff Rashad Walston ("Plaintiff") filed the instant litigation against Defendant National Retail Solutions. Inc. ("Defendant") alleging that Defendant made prerecorded telemarketing telephone calls to Plaintiff and others similarly situated without their consent. [Dkt. 1.] Through discovery and information obtained to date, it appears that Defendant used a third-party vendor, VoiceLogic, a Canadian company, to place most, if not all, of the prerecorded calls at issue. This additional information is reflected in Plaintiff's First Amended Complaint ("FAC"), filed June 24, 2024. [Dkt. 35.]

Accordingly, Plaintiff hereby requests that the Court issue the attached letter rogatory requesting assistance from the Judicial Authorities of Canada in obtaining relevant documents from VoiceLogic. Ex. A (Letter Rogatory). VoiceLogic will have records relevant to both class certification and the merits of this case—likely even more comprehensive than the records in Defendant's possession. This was confirmed in correspondence with VoiceLogic's CEO, who indicated that "[VoiceLogic] ha[s] call logs

1

for all the campaigns. The call logs indicate the outcome of each call, along with the files used." Ex. B (Email Correspondence with Cesar Correia). Plaintiff attempted to obtain this information from VoiceLogic without resorting to formal process, but VoiceLogic declined. *Id.* Notably, VoiceLogic based this refusal on the fact that it "do[es] not give out client information, just by asking, because its client confidential data that does not belong to us." *Id.* (April 23, 11:43 PM).

In addition, as part of a compromise with Defendant, and given VoiceLogic's representation that much of the data is "client confidential data", the Parties have agreed that responsive documents will be first produced to Defendant for review, and Plaintiff will serve (or will have already served) requests for those same documents from Defendant.

## **DISCUSSION**

A letter rogatory (also known as a letter of request) is "a request by a domestic court to a foreign court to take evidence from a certain witness." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004). "District courts have inherent authority to issue letters rogatory in both civil and criminal cases." *United States v. Jefferson*, 594 F. Supp. 2d 655, 675 (E.D Va. 2009) (citing *U.S. v. Staples*, 256 F.2d 290, 292 (9th Cir. 1958); *see also, e.g. Natural Gas Pipeline Co. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1408 n.26 (5th Cir. 1993); *Restatement (Third) of the Foreign Relations Law of the United States* § 474(2)(b) (1987).

Canadian law allows for compliance with letters rogatory issued by United States courts. Under Section 46(1) of the Canada Evidence Act, R.S.C. 1985, c. C-5, a Canadian court may order a deposition of a Canadian witness and the production of documents

2

from that witness.[1] *Id.* "[I]t is commonplace for [Canadian] courts to enforce pre-trial foreign requests for evidence and discovery" upon receipt of such letters. *Enforcing American Letters of Request: The Fickle Charter Guarantee of Evidentiary Immunity*, 52 Alberta L. Rev. 869, 874 (2015). Letters rogatory are "sufficient evidence in support of the application" to obtain such discovery. *Id.* at § 51(2). Testimony may be given by virtual means. *Id.* at § 46(2).

The decision whether to issue a letter rogatory is within the Court's discretion. *Yellow Pages Photos, Inc. v. Ziplocal LP*, 795 F.3d 1255, 1273 (11th Cir. 2015); *see also United States v. Tuma*, 738 F.3d 681, 688 (5th Cir. 2013). Several circuits have held "that there must be 'good reason' to deny the request for issuance of letters rogatory[.]" *Yellow Pages Photos, Inc.*, 795 F.3d at 1273 (citing *Complaint of Bankers Trust Co.*, 752 F.2d 874, 890 (3d Cir. 1984); *Zassenhaus v. Evening Star Newspaper Co.*, 404 F.2d 1361, 1364 (D.C. Cir. 1968)).

In analyzing a request, some courts have considered the comity factors set forth in *Societe Nationale Industrielle Aerospatiale v. United States Dist. Court for S. Dist. Of Iowa*, 482 U.S. 522, 544 n.28 (1987). These factors are 1) the importance to the litigation of the documents or other information requested; 2) the degree of specificity of the requests; 3) whether the information originated in the United States; 4) the availability of alternative means of securing the information; and 5) the extent to which noncompliance

---

[1] Specifically, section 46(1) allows a Canadian court to order a deposition whenever "any court or tribunal outside Canada, before which any civil … matter is pending [] is desirous of obtaining the testimony in relation to that matter of a party or witness within the jurisdiction of the [Canadian] court." It further allows the Canadian court to order "production of any writing or other documents … relating to the matter in question that are in the possession or power of that … witness[.]" *Id.*

with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located. Courts should also consider the hardship imposed on the witness. *See SEC v. Stanford Int'l Bank, Ltd.*, 776 F. Supp. 2d 323, 330 (N.D. Tex. 2011). Each factor here supports the issuance of the letter rogatory.

## I. The documents and information sought are important and relevant to the litigation.

Plaintiff seeks records and information exploring the relationship between VoiceLogic and Defendant; who VoiceLogic called on Defendant's behalf; when they were called; how they were called (e.g. prerecorded or not; ringless or not); the content or scripts used for those calls; and the disposition of those calls. Ex. A. The letter also requests a deposition to explore related topics and to authenticate documents as needed.[2] *Id.*

These documents are important to the litigation. The importance of the documents to the litigation weighs in favor of disclosure when "there is a substantial likelihood that the documents will prove to be important to the prosecution of the plaintiffs' claims." *Laydon v. Mizuho Bank, Ltd.*, 183 F. Supp. 3d 409, 420 (S.D.N.Y. 2016); *see also Inventus Power v. Shenzhen Ace Battery*, 339 F.R.D. 487, 501 (N.D. Ill. 2021).

---

[2] While Plaintiff cannot unilaterally authorize Defendant to ask questions or participate in Plaintiff's deposition of VoiceLogic, Plaintiff will not oppose Defendant's participation in the deposition on the same terms and conditions as it would otherwise be allowed to participate in a deposition of a third party witness under the Federal and Local Rules. Plaintiff reserves all rights under the Federal and Local Rules to object to aspects of Defendant's participation.

The relationship between VoiceLogic and Defendant is important to agency and vicarious liability issues. The who, what, when, and how of the calls are important to class certification, merits, and damages.

In conferring on this Motion, Defendant indicated its belief that the requests are potentially overbroad or call for irrelevant information. Plaintiff disagreed. However, the Parties agreed that evaluating this argument is challenging without seeing the documents. Further, given the likely evolving nature of this case and class definition, what was "overbroad" or irrelevant now may not end up overbroad or irrelevant later. As such, the Parties compromised: Plaintiff will serve the requests outlined in the letter, but VoiceLogic will produce the documents/information directly to Defendant. Plaintiff will issue discovery requests for all or some of the documents/information VoiceLogic provides to Defendant. Defendant will then respond to Plaintiff's discovery requests under the Federal and Local Rules without waiving any right to object and withhold documents as allowed thereunder. The Parties will then follow the Court's discovery dispute process, as necessary, for any said objections and withheld documents.

## II. The requests are specific.

Plaintiff's proposed requests are specific. They contain extensive definitions limiting their applicability to the outbound calling campaigns VoiceLogic made on Defendant's behalf and to VoiceLogic's relationship with Defendant. Ex. A. The time period is appropriately limited. Even requests for communications are limited to those with certain persons or using Defendant's domain names.

### III. Some, but not all, of the requested information originated in the United States.

Some of the information originated in the United States. Specifically, information or files (e.g., lists of numbers, voice files, miscellaneous instructions) Defendant uploaded to VoiceLogic's website or provided to VoiceLogic technically originated in the United States. Based on production to date, however, it does not appear that Defendant has comprehensive records of such information or files. For example, Defendant has confirmed that it lacks records before July 31, 2023, but also that it used VoiceLogic's services before that date. Declaration of Jeremy M. Glapion (Glapion Decl., ¶¶ 5-9.) Other information did not originate in the United States. Specifically, the call logs and metrics related to any of Defendant's campaigns run by VoiceLogic were records generated by VoiceLogic, in Canada, upon execution of the campaigns.

Nevertheless, this factor focuses on the physical location of the documents. *See Inventus*, 339 F.R.D. at 502. As such, this factor weighs slightly against production. With that said, VoiceLogic has indicated its willingness to produce the documents, and has noted that at least some of the documents are considered to be Defendant's proprietary documents. Furthermore, as noted below, when there is no reasonable alternative way to obtain this information, it counterbalances the location.

### IV. Plaintiff has no alternative means of securing the requested information.

"[I]f the information cannot be easily obtained through alternative means, this factor is said to counterbalance the previous factor – the location of the documents and

6

information – and weighs in favor of disclosure." *Inventus Power*, 339 F.R.D. at 502 (citations omitted).

Plaintiff knows of no means to obtain the sought information other than by obtaining discovery from VoiceLogic. While Defendant may retain some records that overlap with what Plaintiff seeks from VoiceLogic, it appears that the most (and only) complete set of records is in VoiceLogic's possession. As mentioned before, Defendant has confirmed that it lacks records prior to July 31, 2023, but it appears to have used VoiceLogic's services prior to that date. Glapion Decl., ¶¶ 5-9. In addition, many of the internal records and metrics VoiceLogic created for each campaign, including its call logs and tracking, are exclusively in the possession of VoiceLogic. Plaintiff requested these documents from VoiceLogic without resorting to this process, but VoiceLogic declined. Ex. B (April 26, 1:36 PM).

## V. Noncompliance would undermine important interests of the United States.

The United States has an interest "in fully and fairly adjudicating matters before its courts, and achieving that goal is only possible with complete discovery." *Chevron Corp. v. Donziger*, 296 F.R.D. 168, 206 (S.D.N.Y. 2013). The United States also has an interest in ensuring its laws are enforced. *Id.* On the other hand, Canada has no strong interest to the contrary. The Motion here does not ask the Court to order VoiceLogic to make production, which may implicate issues of judicial sovereignty. Instead, this Motion asks the Court to *request* assistance from Canadian courts, of which the Canadian evidentiary rules expressly permit consideration and which the Canadian court can deny.

### VI. Plaintiff's requests are not overly burdensome.

Finally, the discovery requested is not overly burdensome. VoiceLogic has already confirmed that it has at least some of the most vital records, and appears able to produce them upon appropriate process. Ex. B. Should there be any significant burden, Plaintiff and VoiceLogic can work together to resolve such burden before the Canadian court tasked with considering the letter rogatory.

### CONCLUSION

Plaintiff respectfully requests that the Court issue the requested letter rogatory.

Dated: August 16, 2024          s/ Jeremy M. Glapion

Jeremy M. Glapion
The Glapion Law Firm, LLC
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732-455-9737
Fax: 732-965-8006
jmg@glapionlaw.com

Counsel for Plaintiff and the Putative Class

### CERTIFICATION OF CONFERRAL

Plaintiff has conferred with Defendant's counsel on this Motion, who represented that Defendant does not oppose the relief sought in this Motion.

8