# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RASHAD WALSTON,** on behalf of himself and all others similarly situated,<br><br>**Plaintiff,**<br>v.<br><br>**NATIONAL RETAIL SOLUTIONS, INC. D/B/A NRS PAY,**<br><br>Defendant. | Civil Case No.: 24-cv-83<br>District Judge: Hon. Sunil R. Harjani<br>Magistrate Judge: Jeffrey T. Gilbert |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY)**

**To: The Judicial Authorities of Canada**

The United States District Court for the Northern District of Illinois presents its compliments to the judicial authorities of Canada, and requests international judicial assistance to obtain documents, information, and deposition testimony to be used in a civil action brought by Rashad Walston ("Plaintiff") against National Retail Solutions, Inc. d/b/a NRS Pay ("Defendant"). The United States District Court for the Northern District of Illinois (Eastern Division) is a competent court of law and equity which properly has jurisdiction over this proceeding and is authorized to issue letters rogatory pursuant to, *inter alia,* 28 U.S.C. §1781(b)(2) and Rule 28(b) of the Federal Rules of Civil Procedure.

The civil action is a putative class action lawsuit in which Plaintiff claims that Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b), by placing prerecorded telemarketing calls to his and putative class members' cellular

1

telephone numbers without consent of putative class members. Plaintiff has represented to the Court that discovery taken to date has indicated that Defendant used the services of the following Toronto-based entity for at least some of the calls at issue:

Name: Infolink Communications Ltd dba VoiceLogic ("VoiceLogic")
Address: 334 Munster Ave, Toronto, Ontario, Canada, M8Z 3C5
Contact: Cesar Correia (ccorreia@voicelogic.com)

Therefore, in the interests of justice, this Court requests, pursuant to Section 46(1) of the *Evidence Act*, R.S.C., 1985, c. C-5 and Section 60 of the Ontario's Evidence Act, R.S.O. 1990, c. E.23 that the appropriate judicial authority of Canada compel VoiceLogic to give evidence and produce the documents set forth in the accompanying attachment. Plaintiff has represented that these records are important, relevant, and necessary to his case to: (i) prove the alleged violations of the TCPA, (ii) determine the total number of violations for which the Defendant may be liable, (iii) determine issues of agency (iv) certify his proposed class, and (v) lay the foundation for the admission of the records into evidence.

In addition, this Court respectfully requests that the judicial authorities of Canada, pursuant to Section 46(1) of the *Evidence Act*, R.S.C., 1985, c. C-5 and Section 60 of the Ontario's Evidence Act, R.S.O. 1990, c. E.23, order VoiceLogic to produce a suitable corporate representative (who is familiar with the Defendant's call or voicemail campaigns) to appear remotely, before a person empowered under Ontario law to administer oaths and take testimony, to give testimony under oath or affirmation regarding the call or voicemail campaigns Defendant requested that VoiceLogic undertake on its behalf, as well as the topics listed above.

Reimbursement for Costs

To the extent the Court incurs expenses associated with providing assistance in response to this Letter Rogatory, this Court will see that the Superior Court of Justice in the Province of Ontario is reimbursed by the Plaintiff.

Reciprocity

The United States District Court for the Northern District of Illinois assures the judicial authorities of Canada that the courts of the United States are authorized by statute, 28 U.S.C. § 1782, *et. seq.*, to assist foreign tribunals in the execution of similar requests.

|  |  |
|---|---|
| DATE | Jeffrey T. Gilbert<br>UNITED STATES MAGISTRATE JUDGE |

# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RASHAD WALSTON,** on behalf of himself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>**NATIONAL RETAIL SOLUTIONS, INC. D/B/A NRS PAY,**<br><br>Defendant. | Civil Case No.: 24-cv-83<br><br>**Plaintiff's Requests for Documents from Third-Party VoiceLogic** |

PROPOUNDING PARTY: Rashad Walston ("Plaintiff")

RESPONDING PARTIES: Infolink Communications Ltd. d/b/a VoiceLogic

## **DEFINITIONS**

The following terms shall have the following meanings:

1. "CALL LOGS" means, for any DIALED CALL or CAMPAIGN, documents showing the date(s) of any DIALED CALLS, time(s) of any DIALED CALLS, number(s) to which DIALED CALLS were placed, the outcome of each DIALED CALL (e.g. connected, voicemail left, etc), the disposition of each DIALED CALL, the duration of each DIALED CALL, and the file(s) used for each DIALED CALL.

2. "CAMPAIGN" means any circumstance whereby DEFENDANT requested or authorized YOU to place DIALED CALLS.

3. "CONCERNING" or "RELATING TO" means referring to, regarding, describing, evidencing, constituting, discussing, memorializing, summarizing, recording or providing evidence of a subject matter.

4. "DEFENDANT" means National Retail Solutions, Inc. d/b/a NRS Pay, and, for the purpose of this definition only, includes IDT Corporation, as well as any entity or person requesting that YOU use the OUTBOUND NUMBER as part of any CAMPAIGN.

5. "DIALED CALL" means any attempt by YOU, acting on DEFENDANT's behalf, to connect with a person or telephone number via placing a telephone call, specifically including ringless voicemails or other attempts to deliver a message to a telephone number or voicemail system, regardless of whether the attempt intended to cause the telephone number to ring or to reach a live person.

6. The terms "DOCUMENT" or "DOCUMENTS" include, without limitation, any ELECTRONICALLY STORED INFORMATION and/or typewritten, handwritten, graphic, photographic, printed or otherwise recorded matter or recording of symbols in tangible form, however produced or reproduced, of every kind and regardless of where located, which is in your possession, custody, or control; or in the possession, custody or control of any servant or agent of you or of your attorneys. The terms include the following: electronically recorded information such as electronic mail ("email"), html files, databases, data processing cards or tapes, computerized data, computer diskettes, or information otherwise contained on a computer's hard drive, disks or backup tapes; video tapes, audio tapes, view-graphs, or any information maintained on digital, electronic, magnetic or other media; and any other summary, schedule, memorandum, note, statement, letter, telegram, interoffice communication, report, diary, worksheet, list, graph, chart, or index, tape record, partial or complete report of telephone or oral conversation, transcript or minutes, compilation, tabulation, study, analysis, or other such writing or recording. The terms "document" and "documents" include any originals, all file copies, all other copies, no matter how prepared, and all drafts prepared in connection with such documents, whether or not used, as well as the file in which the documents are maintained. A draft or non-identical copy of a document, including a copy or duplicate of a document that has any nonconforming notes, marginal annotations or other markings, and any preliminary

version, draft or revision of the foregoing, is a separate document within the meaning of these terms.

      7. "ELECTRONICALLY STORED INFORMATION" ("ESI") has the same full meaning as construed by Fed. R. Civ. P. 26 and 34 and includes, without limitation, the following:

- Activity listings of electronic mail receipts and/or transmittals;
- Output resulting from the use of any software program, including without limitation word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, AOL Instant Messenger (or similar program) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether such electronic data exist in an active file, deleted file, or file fragment;
- Any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or on any other vehicle for digital data storage and/or transmittal, including without limitation a personal digital assistant, e.g., Palm Pilot, Blackberry, Treo, iPod, or other device; and

      8. Plaintiff requests that ESI be processed and produced in a manner that preserves all metadata and that the parties confer regarding the production of metadata and the form or any electronic production prior to the gathering or processing of ESI. Unless otherwise requested, all such ESI is to be produced in an agreed-upon, computer searchable format.

      9. "IDENTIFY" means the following, depending on whether the request seeks to identify persons or documents:

- o When referring to a person, "identify" means to give, to the extent known, the person's full name, present or last known address and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in full in accordance with this subparagraph, only the name of that person need be listed in response to any subsequent Requests.
- o When referring to documents, "identify" means to give, to the extent known, the: (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the case of material maintained in electronic form, "identify" also means to give the: (i) topic, (ii) creation date, (iii) user, and (iv) bytes.

10. "LEAD" means contact information provided to YOU by DEFENDANT in connection with any CAMPAIGN.

11. "METRICS" means any reports or data YOU provided or intended to provide to DEFENDANT, or otherwise maintained, related to the results and/or evaluation of any CAMPAIGN or DIALED CALLS.

12. "OUTBOUND NUMBER" means 973-649-9264

13. "PERSON" means any individual, partnership, association, corporation, joint venture, governmental or administrative body, or other business or legal entities.

14. "POLICY" means any practice, procedure, directives, routine, rules, courses of conduct or code of conduct, written or unwritten, formal or informal, recorded or unrecorded, which were recognized, adopted, issued or followed by you.

15. "PRERECORDED" or "ARTIFICIAL VOICE" means any voice that was recorded prior to the making of any particular telephone call, or any computer- or software-generated voice, or any message that is not spoken contemporaneous with the message by a live, human operator, or using any voice other than a live, human operator.

16. "PROVIDING" or "PROVIDED" has its ordinary meaning, and also includes uploading to any platform maintained or operated by the recipient/object of the term (e.g. "PROVIDED to VoiceLogic" means uploaded to any platform maintained by VoiceLogic).

17. "SERVICE" means the list of products found under the "Services" drop down menu on voicelogic.com, and any similar products currently or previously offered.

18. "THIRD PARTY" means any entity not owned or controlled by YOU, or any person that does not receive an annual salary from YOU.

19. "TIME PERIOD" means October 26, 2020 through January 2, 2024.

20. "YOU" or "YOUR" means VoiceLogic.

21. The terms "and" as well as "or," whenever they appear herein, shall be construed either disjunctively or conjunctively in order to bring within the scope of the specifications stated in the Requests all responses that might otherwise be deemed outside the scope.

22. "CELLULAR TELEPHONE NUMBER" or "TELEPHONE NUMBER" is 773-368-4088

**PRODUCTION DIRECTLY TO DEFENDANT**

**With the exception of Request No. 9, which should be produced to both Parties, i**t is hereby requested that you produce all responsive documents to Defendant's counsel, Ryan Watstein (ryan@wtlaw.com) and Patrick Fitzgerald (pfitzgerald@wtlaw.com) and *not* to Plaintiff's counsel, unless ordered otherwise, or asked otherwise in writing and agreed to by counsel for both Plaintiff and Defendant.

**DOCUMENTS AND INFORMATION TO BE PROVIDED**

**REQUEST NO. 1**

During the TIME PERIOD, all DOCUMENTS, lists (including, but not limited to, lists of telephone numbers), and/or files (including, but not limited to, audio files) DEFENDANT PROVIDED TO YOU in connection with, or to help facilitate, any DIALED CALLS or any CAMPAIGN.

**REQUEST NO. 2**

During the TIME PERIOD, all CALL LOGS and METRICS..

Please also provide information to interpret each column(s) or notation within the CALL LOGS (e.g. the meaning of various dispositions).

**REQUEST NO. 3**

During the TIME PERIOD, all DOCUMENTS showing the SERVICE used for or associated with any CAMPAIGN(S) or DIALED CALLS.

**REQUEST NO. 4**

During the TIME PERIOD, all DOCUMENTS reflecting communications (including email communications and call recordings) with anyone acting on, or purporting to act on, DEFENDANT'S behalf, including but not limited to Diana Stern and/or anyone using an email address ending in idt.net, nrspay.com, or nrsplus.com.

**REQUEST NO. 5**

During the TIME PERIOD, all DOCUMENTS reflecting the contents of any DIALED CALL, including recordings.

**REQUEST NO. 6**

During the TIME PERIOD, any METRICS for any CAMPAIGN.

Please also provide information to interpret or understand the METRICS (e.g. the meaning of terms or abbreviations).

**REQUEST NO. 7**

All DOCUMENTS and information referenced in Cesar Correia's May 21, 2024 at 12:06 PM eastern email to Plainitff's counsel in which he confirmed "We have call logs for all the campaigns. The call logs indicate the outcome of each call, along with the filed used."

**REQUEST NO. 8**

During the TIME PERIOD, any other DOCUMENTS or communications related to any CAMPAIGNS or DIALED CALLS.

**REQUEST NO. 9**

An index of all DOCUMENTS produced to Defendant in response to this request, or produced to Defendant prior to these requests in connection with this case, sufficient to show file type, page count, and general nature of the document.

Dated: August 16, 2024

*/s/ Jeremy M. Glapion*_____
Jeremy M. Glapion
**THE GLAPION LAW FIRM, LLC**
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732.455.9737
Fax: 732.965.8006
jmg@glapionlaw.com