# EXHIBIT B


Jeremy Glapion <jmg@glapionlaw.com>

## VoiceLogic Customer TCPA Violations
17 messages

---

**Jeremy Glapion** <jmg@glapionlaw.com>  Sat, Apr 20, 2024 at 4:05 PM
To: ccorreia@voicelogic.com

Hi Cesar!

I hope this finds you doing well. First, I want to commend you on your commitment to stopping robocalls (as outlined in your Robocall Mitigation Plan). Honestly, it's refreshing to see companies actually take the TRACED Act seriously.

Second, and the reason for my email, is that I represent an individual and a putative class of people who received unsolicited prerecorded calls from one of your customers, at least some of which were made through your platform.

I'm hoping to obtain data about this particular customers calls/call campaigns/etc. I am happy to prepare a subpoena to that extent, but wanted to discuss first to make sure that's done efficiently and in a way that's acceptable to you.

Thank you for your time and attention to this.

Best,
Jeremy


--



**Jeremy M. Glapion**
Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

---

**Reminder** <reminder@superhuman.com>  Mon, Apr 22, 2024 at 10:00 AM
To: jmg@glapionlaw.com

Reminder returned

Take me to Superhuman

---

**Jeremy Glapion** <jmg@glapionlaw.com>  Tue, Apr 23, 2024 at 10:47 AM
To: ccorreia@voicelogic.com

Hey again Cesar:

Just bumping this since I know I sent it over the weekend. Happy to jump on a call if that's easier.

Hope to speak soon.

Best,
Jeremy

--



**Jeremy M. Glapion**
Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

[Quoted text hidden]

---

ccorreia <ccorreia@voicelogic.com>  Tue, Apr 23, 2024 at 11:43 PM
Reply-To: ccorreia <ccorreia@voicelogic.com>
To: Jeremy Glapion <jmg@glapionlaw.com>

Hello Jeremy

Good evening to you.

Lets keep our communication in writing and not by phone, just for accuracy.

If you have some legal issue , your client will need to file a lawsuit against whom ever he thinks he received something from.

It will need to be served to the particular defendant whom the campaign belongs to..

If you need information about calls, or campaign data, and the authentication of such from our servers, as a court will require, we do not give out client information, just by asking, because its client confidential data that does not belong to us.   For this you will need to send a subpoena. You will need to get "Letters Rogatory", a formal request from a court to a foreign court for some type of judicial assistance.  We are cooperative with foreign courts.

You will need to hire a Canadian Lawyer licensed to practice in this jurisdiction,  to represent your case, and to discover me.  If you don't have one, we can recommend one.

You will be required to pay for my legal bills as well, of which there is a  USA lawyer in Florida, and also  a Canadian legal team consisting of two lawyers that I use to handle these type of matters.

Yes, I have done this before.

If you give me the number in question, I can try and find it, and hold it.  We do not keep client data for ever.

Thank you.

cesar


**From:** Jeremy Glapion
**Sent:** Saturday, April 20, 2024 4:05 PM
**To:** ccorreia@voicelogic.com
**Subject:** VoiceLogic Customer TCPA Violations

Hi Cesar!

I hope this finds you doing well. First, I want to commend you on your commitment to stopping robocalls (as outlined in your Robocall Mitigation Plan). Honestly, it's refreshing to see companies actually take the TRACED Act seriously.

Second, and the reason for my email, is that I represent an individual and a putative class of people who received unsolicited prerecorded calls from one of your customers, at least some of which were made through your platform.

I'm hoping to obtain data about this particular customers calls/call campaigns/etc. I am happy to prepare a subpoena to that extent, but wanted to discuss first to make sure that's done efficiently and in a way that's acceptable to you.

Thank you for your time and attention to this.

Best,
Jeremy

[Quoted text hidden]

---

**Jeremy Glapion** <jmg@glapionlaw.com>  Wed, Apr 24, 2024 at 12:01 AM
To: ccorreia <ccorreia@voicelogic.com>

Hi Cesar:

Thanks for getting back to me. I'm happy to keep this in writing. We have a suit already pending (and into discovery) against the US entity who used your services.

The *outbound* number used is 973-649-9264. All calls using a prerecorded voice the company made or asked VoiceLogic to make on its behalf are relevant to this suit. The class date is January 3, 2020 to the present, but I imagine your records (and/or your relationship with them) do not go back that far.

The company is National Retail Solutions (aka IDT; not sure which they did business with when they worked with your group).

I won't pretend to be an expert on the nuances of Canadian law especially regarding fees and will, as necessary, defer to the lawyers on that (as I often ask my clients to do to me on matters of legal interpretation).

What I would like to do is minimize the expense to you (and to me) of obtaining the information I need for my case. That's why I'm reaching out—in hopes we can come to see sort of agreement on the parameters of production, deposition, etc. To clarify, though, while I would ultimately anticipate needing to authenticate your records should this proceed to trial, in the shorter term, I am only looking for the records themselves.

A few questions, if you don't mind:

1. As you indicated that you do not give out client information because it is "client confidential data that does not belong to us", would you be willing to release the data either 1) to Defendant directly, upon their request, or 2) to me, with Defendant's permission? This would seemingly cut down a significant expense, and we would only need to invoke the Canadian courts for your deposition, should that prove necessary (it often does not).
2. In the short term, can you simply let me know how far back you have records associated with this particular number/account, and put a hold on them? I would ask all records associated and communications associated with it to be held, but let me know if you'd like more specificity.

Once again, thanks for getting back to me. I'm not unsympathetic to the annoyance this causes you, so my hope is that we can find a way to work together on this in the most efficient way possible.

Talk soon,
Jeremy


--



**Jeremy M. Glapion**
Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

On Tue, Apr 23, 2024 at 11:43 PM, ccorreia <ccorreia@voicelogic.com> wrote:
> Hello Jeremy
>
> Good evening to you.
>
> Lets keep our communication in writing and not by phone, just for accuracy.
>
> If you have some legal issue , your client will need to file a lawsuit against whom ever he thinks he received something from.
>
> It will need to be served to the particular defendant whom the campaign belongs to..
>
> If you need information about calls, or campaign data, and the authentication of such from our servers, as a court will require,  we do not give out client information, just by asking, because its client confidential data that does not belong to us.    For this you will need to send a subpoena.  You will need to get "Letters Rogatory", a formal request from a court to a foreign court for some type of judicial assistance.  We are cooperative with foreign courts.
>
> You will need to hire a Canadian Lawyer licensed to practice in this jurisdiction,  to represent your case, and to discover me.  If you don't have one, we can recommend one.
>
> You will be required to pay for my legal bills as well, of which there is a  USA lawyer in Florida, and also  a Canadian legal team consisting of two lawyers that I use to handle these type of matters.
>
> Yes, I have done this before.
>
> If you give me the number in question, I can try and find it, and hold it.  We do not keep client data for ever.
>
> Thank you.
>
> cesar
>
>
>
>
> **From:** Jeremy Glapion
> **Sent:** Saturday, April 20, 2024 4:05 PM
> **To:** ccorreia@voicelogic.com
> **Subject:** VoiceLogic Customer TCPA Violations
>
> Hi Cesar!
>
> I hope this finds you doing well. First, I want to commend you on your commitment to stopping robocalls (as outlined in your Robocall Mitigation Plan). Honestly, it's refreshing to see companies actually take the TRACED Act seriously.

> Second, and the reason for my email, is that I represent an individual and a putative class of people who received unsolicited prerecorded calls from one of your customers, at least some of which were made through your platform.
>
> I'm hoping to obtain data about this particular customers calls/call campaigns/etc. I am happy to prepare a subpoena to that extent, but wanted to discuss first to make sure that's done efficiently and in a way that's acceptable to you.
>
> Thank you for your time and attention to this.
>
> Best,
> Jeremy
>
> [Quoted text hidden]

---

**ccorreia** <ccorreia@voicelogic.com>  Fri, Apr 26, 2024 at 1:36 PM
Reply-To: ccorreia <ccorreia@voicelogic.com>
To: Jeremy Glapion <jmg@glapionlaw.com>

Hi Jeremy..

Thank you for your various suggestions, how to proceed.

We are going to take our legal teams advice, and route this matter via the proper and lawful routine that we have done before, and as I have described.

Let me know if you would like reference to Canadian legal representation, experienced with Letters Rogatory, for your Plaintiff.


Sincerely.

Cesar


**From:** Jeremy Glapion
**Sent:** Wednesday, April 24, 2024 12:01 AM
**To:** ccorreia
**Subject:** Re: VoiceLogic Customer TCPA Violations

Hi Cesar:

Thanks for getting back to me. I'm happy to keep this in writing. We have a suit already pending (and into discovery) against the US entity who used your services.

The *outbound* number used is 973-649-9264. All calls using a prerecorded voice the company made or asked VoiceLogic to make on its behalf are relevant to this suit. The class date is January 3, 2020 to the present, but I imagine your records (and/or your relationship with them) do not go back that far.

The company is National Retail Solutions (aka IDT; not sure which they did business with when they worked with your group).

I won't pretend to be an expert on the nuances of Canadian law especially regarding fees and will, as necessary, defer to the lawyers on that (as I often ask my clients to do to me on matters of legal interpretation).

What I would like to do is minimize the expense to you (and to me) of obtaining the information I need for my case. That's why I'm reaching out—in hopes we can come to see sort of agreement on the parameters of production, deposition, etc. To clarify, though, while I would ultimately anticipate needing to authenticate your records should this proceed to trial, in the shorter term, I am only looking for the records themselves.

A few questions, if you don't mind:

1. As you indicated that you do not give out client information because it is "client confidential data that does not belong to us", would you be willing to release the data either 1) to Defendant directly, upon their request, or 2) to me, with Defendant's permission? This would seemingly cut down a significant expense, and we would only need to invoke the Canadian courts for your deposition, should that prove necessary (it often does not).
2. In the short term, can you simply let me know how far back you have records associated with this particular number/account, and put a hold on them? I would ask all records associated and communications associated with it to be held, but let me know if you'd like more specificity.

Once again, thanks for getting back to me. I'm not unsympathetic to the annoyance this causes you, so my hope is that we can find a way to work together on this in the most efficient way possible.

Talk soon,
Jeremy

[Quoted text hidden]

[Quoted text hidden]

---

**Jeremy Glapion** <jmg@glapionlaw.com>  Fri, Apr 26, 2024 at 3:00 PM
To: ccorreia <ccorreia@voicelogic.com>

Thank you. I would gladly take recommendations (although I've independently identified some as well).

Would you be willing to at least preserve responsive documents in the interim? Thank you!

--



**Jeremy M. Glapion**
Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

On Fri, Apr 26, 2024 at 12:36 PM, ccorreia <ccorreia@voicelogic.com> wrote:
> Hi Jeremy..
>
> Thank you for your various suggestions, how to proceed.
>
> We are going to take our legal teams advice, and route this matter via the proper and lawful routine that we have done before, and as I have described.
>
> Let me know if you would like reference to Canadian legal representation, experienced with Letters Rogatory, for your Plaintiff.
>
> Sincerely.
>
> Cesar
>
>
> **From:** Jeremy Glapion
> **Sent:** Wednesday, April 24, 2024 12:01 AM
> **To:** ccorreia
> **Subject:** Re: VoiceLogic Customer TCPA Violations

Hi Cesar:

Thanks for getting back to me. I'm happy to keep this in writing. We have a suit already pending (and into discovery) against the US entity who used your services.

The *outbound* number used is 973-649-9264. All calls using a prerecorded voice the company made or asked VoiceLogic to make on its behalf are relevant to this suit. The class date is January 3, 2020 to the present, but I imagine your records (and/or your relationship with them) do not go back that far.

The company is National Retail Solutions (aka IDT; not sure which they did business with when they worked with your group).

I won't pretend to be an expert on the nuances of Canadian law especially regarding fees and will, as necessary, defer to the lawyers on that (as I often ask my clients to do to me on matters of legal interpretation).

What I would like to do is minimize the expense to you (and to me) of obtaining the information I need for my case. That's why I'm reaching out—in hopes we can come to see sort of agreement on the parameters of production, deposition, etc. To clarify, though, while I would ultimately anticipate needing to authenticate your records should this proceed to trial, in the shorter term, I am only looking for the records themselves.

A few questions, if you don't mind:

1. As you indicated that you do not give out client information because it is "client confidential data that does not belong to us", would you be willing to release the data either 1) to Defendant directly, upon their request, or 2) to me, with Defendant's permission? This would seemingly cut down a significant expense, and we would only need to invoke the Canadian courts for your deposition, should that prove necessary (it often does not).
2. In the short term, can you simply let me know how far back you have records associated with this particular number/account, and put a hold on them? I would ask all records associated and communications associated with it to be held, but let me know if you'd like more specificity.

Once again, thanks for getting back to me. I'm not unsympathetic to the annoyance this causes you, so my hope is that we can find a way to work together on this in the most efficient way possible.

Talk soon,
Jeremy

[Quoted text hidden]
[Quoted text hidden]

---

**ccorreia** <ccorreia@voicelogic.com>  Fri, Apr 26, 2024 at 3:43 PM
Reply-To: ccorreia <ccorreia@voicelogic.com>
To: Jeremy Glapion <jmg@glapionlaw.com>

Yes, we can preserve docs.

Sincerely.

Cesar

**From:** Jeremy Glapion
**Sent:** Friday, April 26, 2024 3:00 PM
**To:** ccorreia
**Subject:** Re: VoiceLogic Customer TCPA Violations

Thank you. I would gladly take recommendations (although I've independently identified some as well).

Would you be willing to at least preserve responsive documents in the interim? Thank you!

[Quoted text hidden]
[Quoted text hidden]

**Jeremy Glapion** <jmg@glapionlaw.com>   Thu, May 16, 2024 at 12:15 PM
To: ccorreia <ccorreia@voicelogic.com>

Hi Cesar:

Just by way of update, I'm trying to narrow things down on this end with Defendant (in terms of what they may already have) before starting the process to obtain documents from you.

Thanks for your patience.

Do you have those recommendations on attorneys?

Best,
Jeremy

--



**Jeremy M. Glapion**
Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737

On Fri, Apr 26, 2024 at 3:43 PM, ccorreia <ccorreia@voicelogic.com> wrote:
> Yes, we can preserve docs.
>
> Sincerely.
>
> Cesar
>
> **From:** Jeremy Glapion
> **Sent:** Friday, April 26, 2024 3:00 PM
> **To:** ccorreia
> **Subject:** Re: VoiceLogic Customer TCPA Violations
>
> Thank you. I would gladly take recommendations (although I've independently identified some as well).
>
> Would you be willing to at least preserve responsive documents in the interim? Thank you!
>
> [Quoted text hidden]
> [Quoted text hidden]

---

**ccorreia** <ccorreia@voicelogic.com>   Thu, May 16, 2024 at 1:44 PM
Reply-To: ccorreia <ccorreia@voicelogic.com>
To: Jeremy Glapion <jmg@glapionlaw.com>

Hi Jeremy.

Yes I do have those attorneys.

Let me contact my legal team, and they will provide me that detail.

Cesar

**From:** Jeremy Glapion
**Sent:** Thursday, May 16, 2024 12:15 PM
**To:** ccorreia
**Subject:** Re: VoiceLogic Customer TCPA Violations

Hi Cesar:

Just by way of update, I'm trying to narrow things down on this end with Defendant (in terms of what they may already have) before starting the process to obtain documents from you.

Thanks for your patience.

Do you have those recommendations on attorneys?

Best,
Jeremy

[Quoted text hidden]

[Quoted text hidden]

---

**ccorreia** <ccorreia@voicelogic.com>　　　　　　　　　　　　　　　　　　　　　　Sat, May 18, 2024 at 3:05 PM
Reply-To: ccorreia <ccorreia@voicelogic.com>
To: Jeremy Glapion <jmg@glapionlaw.com>

Hi Jeremy.

Further to this.

I spoke to my legal team today , (listed below)

Ranjan Das
Partner
Berkow Youd Lev-Farrell Das LLP
(416) 364-4900 ext.221
141 Adelaide Street West, Suite 400
Toronto, Ontario, M5H 3L5
rdas@byldlaw.com


He said that firstly you must obtain the "letters Rogatory" from a court in your state, which will enable cooperation with a Canadian Court.

Once you have obtained the letters rogatory, then you send them to me, and then my legal team will begin communication with you, to get this all started.  At which point you can ask them and they will provide you with an alternate law firm  here in Ontario that will represent your interests, here in Toronto.

Your prospective legal team in Ontario, can not assist with letters rogatory.  Its someone you must do first in your state, to get the process started.  You may also be required to include the defendants lawyer in the process.

Sincerely.

Cesar

[Quoted text hidden]

---

**Jeremy Glapion** <jmg@glapionlaw.com>　　　　　　　　　　　　　　　　　　　　　Mon, May 20, 2024 at 10:54 AM

To: ccorreia <ccorreia@voicelogic.com>

Thanks Cesar!

In the interim, are you willing to share at a high level what records you have, and how far back they go? The main things I will request are documents showing 1) the numbers dialed (and date/time info for those attempts) 2) the "result" (e.g. connected/successful or not) and 3) the file(s) used on those calls.

I believe in the *Grant v. Regal* matter this info was encompassed in what was called "Campaign Reports" and "Ringless Reports", but not sure if that was your terminology or theirs.

Thanks for your patience here. I will keep you posted on the process on this end.

Best,
Jeremy

--



**Jeremy M. Glapion**
Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737

[Quoted text hidden]
  [Quoted text hidden]
  [Quoted text hidden]
  [Quoted text hidden]

  [Quoted text hidden]
  [Quoted text hidden]

---

**ccorreia** <ccorreia@voicelogic.com>  Tue, May 21, 2024 at 12:06 PM
Reply-To: ccorreia <ccorreia@voicelogic.com>
To: Jeremy Glapion <jmg@glapionlaw.com>

Hi Jeremy.

We have call logs for all the campaigns.

The call logs indicate the outcome of each call, along with the files used.

Cesar

**From:** Jeremy Glapion
**Sent:** Monday, May 20, 2024 10:54 AM
**To:** ccorreia
**Subject:** Re: VoiceLogic Customer TCPA Violations

Thanks Cesar!

In the interim, are you willing to share at a high level what records you have, and how far back they go? The main things I will request are documents showing 1) the numbers dialed (and date/time info for those attempts) 2) the "result" (e.g.

connected/successful or not) and 3) the file(s) used on those calls.

I believe in the *Grant v. Regal* matter this info was encompassed in what was called "Campaign Reports" and "Ringless Reports", but not sure if that was your terminology or theirs.

Thanks for your patience here. I will keep you posted on the process on this end.

Best,
Jeremy

[Quoted text hidden]

[Quoted text hidden]

---

**Jeremy Glapion** <jmg@glapionlaw.com>  Tue, Jun 4, 2024 at 1:46 PM
To: ccorreia <ccorreia@voicelogic.com>

Hi Cesar:

I intend to begin the letter rogatory process on my end in the next week or two. In the letter, I will be required to include the requests for documents/information sought to be produced. For the sake of efficiency, would you or your legal team be willing to review the anticipated requests before I make them official, so we can deal with any confusion or objections on the front end?

Best,
Jeremy

--



**Jeremy M. Glapion**
Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737

On Tue, May 21, 2024 at 12:06 PM, ccorreia <ccorreia@voicelogic.com> wrote:
> Hi Jeremy.
>
> We have call logs for all the campaigns.
>
> The call logs indicate the outcome of each call, along with the files used.
>
> Cesar
>
>
> **From:** Jeremy Glapion
> **Sent:** Monday, May 20, 2024 10:54 AM
> **To:** ccorreia
> **Subject:** Re: VoiceLogic Customer TCPA Violations
>
> Thanks Cesar!
>
> In the interim, are you willing to share at a high level what records you have, and how far back they go? The main things I will request are documents showing 1) the numbers dialed (and date/time info for those attempts) 2) the "result" (e.g. connected/successful or not) and 3) the file(s) used on those calls.
>
> I believe in the *Grant v. Regal* matter this info was encompassed in what was called "Campaign Reports" and "Ringless Reports", but not sure if that was your terminology or theirs.

Thanks for your patience here. I will keep you posted on the process on this end.

Best,
Jeremy

[Quoted text hidden]
[Quoted text hidden]

---

**ccorreia** <ccorreia@voicelogic.com>  Tue, Jun 4, 2024 at 3:18 PM
Reply-To: ccorreia <ccorreia@voicelogic.com>
To: Jeremy Glapion <jmg@glapionlaw.com>
Cc: Ranjan Das <rdas@byldlaw.com>, Patrick Fitzgerald <pfitzgerald@wtlaw.com>

Hi Jeremy.

At this time, I will now pass this communiqué on to my legal counsel, Ranjan Das.

I will wait for him to provide the answer to your question.

I will also include the lawyer for the defendant, who may also need to be apprised of this matter.

Sincerely,

Cesar


**From:** Jeremy Glapion
**Sent:** Tuesday, June 4, 2024 1:46 PM
**To:** ccorreia
**Subject:** Re: VoiceLogic Customer TCPA Violations

Hi Cesar:

I intend to begin the letter rogatory process on my end in the next week or two. In the letter, I will be required to include the requests for documents/information sought to be produced. For the sake of efficiency, would you or your legal team be willing to review the anticipated requests before I make them official, so we can deal with any confusion or objections on the front end?

Best,
Jeremy
[Quoted text hidden]
[Quoted text hidden]

---

**Ranjan Das** <rdas@byldlaw.com>  Tue, Jun 4, 2024 at 3:23 PM
To: ccorreia <ccorreia@voicelogic.com>, Jeremy Glapion <jmg@glapionlaw.com>
Cc: Patrick Fitzgerald <pfitzgerald@wtlaw.com>

All,

We represent Voicelogic.

I am unclear as to the process that the US courts will follow to allow the LR process, and I leave it to US counsel to determine the scope of the items required.

Once the Ontario application is initiated, then I will review as I have little knowledge of the US proceeding and how the requested information will be used or is needed.

I presume US counsel for the parties in the litigation will undertake the process to obtain the LR, and our role will be engaged if the LR are issued, or they are not.

I look forward to hearing from US counsel if and when the LR are issued.

Thank you.

Regards,

Ranjan Das

Partner

Berkow Youd Lev-Farrell Das LLP

(416) 364-4900 ext.221
141 Adelaide Street West, Suite 400
Toronto, Ontario, M5H 3L5
rdas@byldlaw.com
http://www.byldlaw.com



This e-mail is confidential and may contain information which is solicitor/client privileged. If this e-mail is not addressed to you, or if it appears that it has been received by you in error, you are hereby notified that retaining, forwarding or copying it is strictly prohibited. In such circumstances, please notify us immediately by telephone call (collect, if long distance) to the number above, and permanently delete this e-mail from your computer. Thank you for your co-operation.

**From:** ccorreia <ccorreia@voicelogic.com>
**Sent:** Tuesday, June 4, 2024 3:18 PM
**To:** Jeremy Glapion <jmg@glapionlaw.com>

**Cc:** Ranjan Das <rdas@byldlaw.com>; Patrick Fitzgerald <pfitzgerald@wtlaw.com>
**Subject:** Re: VoiceLogic Customer TCPA Violations

> CAUTION: External Email

[Quoted text hidden]

---

**Jeremy Glapion** <jmg@glapionlaw.com>  Tue, Jun 4, 2024 at 3:29 PM
To: Ranjan Das <rdas@byldlaw.com>
Cc: ccorreia <ccorreia@voicelogic.com>, Patrick Fitzgerald <pfitzgerald@wtlaw.com>

Thanks, Ranjan. I look forward to working with you.

My hope—and maybe not something we can do, but worth asking—was to make sure what I'm requesting is understood by and within the scope of willingness of your client before asking the US Court to issue those. That seems more efficient than having the requests issued that turn out to be objectionable to your client in ways that could have been fixed in advanced.

I also know from previous LR proceedings involving VoiceLogic that there are certain conditions requested/required, and if provided a list of general conditions required, I can work them in to the front end of things.

My goal is efficiency and to minimize the cost and inconvenience on all.

In any event, I appreciate your time!


--



**Jeremy M. Glapion**
Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737

[Quoted text hidden]
  [Quoted text hidden]
  [Quoted text hidden]
  [Quoted text hidden]


--

[Quoted text hidden]



[Quoted text hidden]