UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RASHAD WALSTON,** on behalf of himself and all others similarly situated,<br><br>**Plaintiff,**<br><br>v.<br><br>**NATIONAL RETAIL SOLUTIONS, INC. D/B/A NRS PAY,**<br><br>**Defendant.** | Civil Case No.: 24-cv-83<br><br>District Judge: Hon. Sunil R. Harjani<br><br>Magistrate Judge: Jeffrey T. Gilbert<br><br>**Declaration of Jeremy M. Glapion in Support of Plaintiff's Motion to Compel** |

I, Jeremy M. Glapion, declare as follows:

1. I am attorney for Plaintiff and the putative class in this matter.

2. I make this declaration based on my own personal knowledge in support of Plaintiff's Motion to Compel.

3. If called upon to testify, I could and would testify competently to the truth of the matters stated herein.

4. On August 13, the Parties conferred about redactions in Defendant's August 9 production.

5. On the August 13 call, Defendant confirmed that the document contained, among other things, phone numbers associated with the campaigns containing the "key phrases" in the class definition.

6. Defendant also indicated a willingness to explore stipulating that some quantity of numbers on the list were cell phones, in lieu of producing unredacted telephone numbers, but I declined.

7. On August 16, Defendant re-produced the documents, removing all redactions except the redactions on the phone numbers, and indicated it was maintaining the redactions on the phone numbers.

8. Defendant has represented in discovery that it did not distinguish between cellular and non-cellular telephone numbers.

9. Defendant admitted Request for Admission 30, which asked it to "ADMIT that YOU did not distinguish between cellular and non-cellular telephone numbers prior to providing those telephone numbers to VoiceLogic."

10. Throughout discovery, Defendant indicated it would withhold documents on the objection that a request "seeks records related to communications unlike the ones described in Plaintiff's class".

11. Defendant clarified in subsequent Rule 37 conferences this mean records related to communications *not* using the key phrases in Plaintiff's current class definition.

12. Defendant has also objected (although without indicating it was withholding documents) to requests seeking communications to landlines.

13. For example, Defendant made an objection substantively identical to the following on five occasions in its June 10 response to Plaintiff's Third Set of Requests for Production: "Request is likewise objectionable to the extent it seeks documents reflecting

1

communications that were … to non-residential landline numbers, which are irrelevant to Plaintiff's claims."

14. On August 19, I took the deposition of Defendant's VP of Marketing, Diana Stern.

15. While only the rough transcript is available and has not yet been reviewed for accuracy or confidentiality, during Defendant's counsel's cross-examination at the conclusion of the deposition, he suggested—consistent with suggestions made throughout this case—a defense based on whether Plaintiff needs to and can prove whether a specific ringless voicemail was successfully left.

Executed on this 22nd day of August, 2024, at Manasquan, New Jersey.

*/s/ Jeremy M. Glapion*_____
Jeremy M. Glapion
