UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RASHAD WALSTON,** on behalf of himself and all others similarly situated,<br><br>**Plaintiff,**<br><br>v.<br><br>**NATIONAL RETAIL SOLUTIONS, INC. D/B/A NRS PAY,**<br><br>Defendant. | Civil Case No.: 24-cv-83<br><br>District Judge: Hon. Sunil R. Harjani<br>Magistrate Judge: Jeffrey T. Gilbert |

### PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO MODIFY SCHEDULING ORDER (RESET PLEADING DEADLINE)

Plaintiff respectfully submits the following supplemental memorandum in support of Plaintiff's Motion to Modify the Scheduling Order [Dkt. 43.] This memorandum is based on information discovered after the Motion was filed on August 13.

On August 19, 2024, Plaintiff took the deposition of Defendant's VP of Marketing, Diana Stern. During this deposition, Ms. Stern repeatedly testified that when Defendant was first served with the lawsuit, she and her team member, Rui Da Costa, accessed the VoiceLogic portal to compare the calls alleged in Plaintiff's complaint with the campaign reports found in VoiceLogic's portal. She indicated that there was a match, and likely more than one, to the calls as well as to the scripts used for certain campaigns. For example[1]:

> Q. Do you know approximately when that [login to VoiceLogic's portal to check data against the lawsuit] happened?
>
> A. ...[W]hen the lawsuit was brought to NRS, I was the point person to check the reports and verify that the messages in the lawsuit were from VoiceLogic

---

[1] Because only the rough is available, and Defendant has the right under the protective order to review it for confidentiality, Plaintiff does not attach the transcript here.

1

> and Rui [another NRS employee] was the one who assisted with confirming that the information in the lawsuit is accurate, that ringless messages as detailed in the lawsuit were sent out by us, and that the recipient's phone number matched the data from the lawsuit, mapped [to] the data of the back end of VoiceLogic, in the [reports] that we were able to access.

Diana Stern Rough Transcript, 54:7-20.

> Q. You mentioned reports. What were the reports?
>
> A. Inside the portal, there's a way to verify that a campaign ran out. There's a way to verify which phone numbers were attempted. There is a way to see the date of send. And I believe it says granular[sic], it's the time of send, and I believe there may even be a – if I recall, a number of seconds in there. And then there were – if I recall, there is some kind of ... column that highlights, like, successful or unsuccessful.

*Id.* at 61:13-24.

> Q. ...Do you recall comparing the allegations of calls in [the] complaint to NRS's records of calls?
>
> A. Not [to] NRS's records.
>
> Q. To what records were you comparing them?
>
> A. VoiceLogic's records.
>
> Q. And when you made that comparison, what did you find?
>
> A. That the alleged calls in the lawsuit matched to the launch information of the ringless voice drops.

*Id.* at 103:9-18.

> Q. When you made this comparison with Rui, were the results put in any sort of writing? The results of this comparison?
>
> A. [P]rovided to counsel.

*Id.* at 106:25-107:3.

> Q. Did you have the ability to save those reports?
>
> A. [A]s I understand it, the portal allows you to download the reports. To export them.

*Id.* at 109:19-22.

To date, Defendant has not produced *any* campaign reports, let alone those Ms. Stern reviewed at the beginning of this case. These campaign reports are directly relevant to several of Plaintiff's First Set of Requests for Production, in addition to Request No. 1 (discussed in the initial memorandum). Specifically:

> Request No. 2 - All DOCUMENTS and/or ESI evidencing any DIALED CALLS or correspondence between YOU and Plaintiff or YOU and any person at the CELLULAR TELEPHONE NUMBER.
>
> Request No. 7 – All DOCUMENTS and/or ESI reflecting any call scripts (including IVR scripts) used on or intended to be used on any DIALED CALL to the CELLULAR TELEPHONE NUMBER.
>
> Request No. 12 – All DOCUMENTS and/or ESI reflecting any communication or attempted communication with Plaintiff in this matter, including any communications through any online portal YOU may have and to which Plaintiff may have access.
>
> Request No. 19 - All DOCUMENTS and/or ESI RELATING TO any THIRD-PARTY on which your eleventh affirmative defense depends or to which it refers (explicitly or implicitly).

Per Ms. Stern's testimony, Defendant and its counsel knew of the existence *and* relevance of these campaign reports since Defendant was served with this lawsuit and months before the amendment deadline. And as noted before, Defendant represented prior to the amendment deadline that it had completed production response to this First Set.

This is not an effort to litigate discovery issues, but is instead an additional example of relevant documents, due well before the amendment deadline, that were not produced to Plaintiff and materially impacted how Plaintiff approached the deadline.

3

| | |
|---|---|
| Dated: August 26, 2024 | s/ Jeremy M. Glapion |
| | Jeremy M. Glapion |
| | The Glapion Law Firm, LLC |
| | 1704 Maxwell Drive |
| | Wall, New Jersey 07719 |
| | Tel: 732-455-9737 |
| | Fax: 732-965-8006 |
| | jmg@glapionlaw.com |
| | |
| | Counsel for Plaintiff and the Putative Classes |

## CERTIFICATION OF SERVICE

I hereby certify that on August 26, 2024, I filed the foregoing document using the CM/ECF system which will send notice of electronic filing to all counsel of record.

s/ Jeremy M. Glapion