# EXHIBIT 1

Docusign Envelope ID: ...

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RASHAD WALSTON, on behalf of himself and all others similarly situated, | : : : | Case No. 1:24-cv-00083 |
| Plaintiff, | : : | |
| v. | : : | |
| NATIONAL RETAIL SOLUTIONS, INC. D/B/A NRS PAY, | : : : | |
| Defendant. | : : | |

_____/

## DECLARATION OF PATRICK FITZGERALD

I, Patrick Fitzgerald, in accordance with 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct.

1.      My name Patrick Fitzgerald.  I am over the age of 18 and am competent to make this declaration. The facts set forth in this declaration are of my personal knowledge, and if sworn I could and would competently testify hereto.

2.      I am an associate of Watstein Terepka LLP.  I am an attorney of record for Defendant National Retail Solutions, Inc. ("Defendant" or "NRS"), in the above-referenced matter.

3.      This declaration is in response to Plaintiff Rashad Walston's Motion to Modify Scheduling Order (Reset Pleading Deadline) and to describe the events that occurred in this case.

4.      Counsel for both parties met to discuss the schedule in this case on March 11, 2024.   The next day, Plaintiff emailed a copy of the proposed Rule 26 report, including, among other things, a proposed June 12, 2024 deadline to amend pleadings.  Defendant

agreed to the June 12 deadline.

5.     Between March 18 and June 12, Plaintiff served 96 written discovery requests, including five sets of requests for production (57 requests), four sets of requests for admission (32 requests), and three sets of interrogatories (seven requests).

6.     On March 11, 2024, Plaintiff served his first set of discovery, which included his First Set of Request for Production (24 requests) ("First RFPs").  A true and correct copy of Plaintiff's First RFPs is attached as Exhibit A.  Aside from records related to do-not-call requests and prior complaints about Defendant's "calling practices," the requests for communications were related to communications to Plaintiff's phone number, 773-###-4088 (the "Subject Number").  *See* Exhibit A, Request Nos. 1-3, 5-11.

7.     Defendant served its responses to Plaintiff's first set of discovery on April 17, 2024, and Plaintiff served a deficiency letter on April 18. A true and correct copy of Plaintiff's email correspondence and deficiency letter is attached as Exhibit B. In his email and deficiency letter, Plaintiff repeatedly stated that he needed evidence to prepare for his upcoming deposition (scheduled for April 26, 2024).

8.     Defendant produced documents responsive to the First RFPs on April 19, 2024, prior to their meet and confer.  The production included, among other things, attempted communications to the Subject Number that Defendant was able to identify, along with the terms of use of the vendor Defendant hired to send ringless voicemails, VoiceLogic.

9.     The parties met to discuss Plaintiff's April 18 deficiency letter on April 19, 2024.  To allay Plaintiff's concern about deposition by surprise, Defendant confirmed that the production was the complete set of NRS documents responsive to Plaintiff's First RFPs that Defendant intended rely on during Plaintiff's deposition.

10.     Defendant did not represent that the production contained the entire universe of documents containing the Subject Number.  Defendant specifically told Plaintiff that it was still investigating the origin of the Subject Number.  Defendant likewise never represented that the production included class discovery.  Plaintiff did not demand class discovery (via a deficiency) based on the First RFPs until August 21, 2024.

11.     Plaintiff served his second and third discovery sets on April 18 and 19, 2024. A true and correct copy of Plaintiff's Second and Third Requests for Production is attached here as Exhibit C.  Plaintiff's Second Set of Requests for Production included requests for class discovery, like "[a]ll DOCUMENTS reflecting each telephone number to which YOU placed DIALED CALLS using the third-party platforms[.]"  *See, e.g.*, Ex. C (Request Nos. 28-30, 38-42).

12.     On May 17, 2024, in response to Plaintiff's Third Set of Requests for Admission, Defendant admitted that all communications identified in paragraph 15 of docket entry 1 (the first Complaint) were ringless voicemails sent through the VoiceLogic platform. A true and correct copy of Defendant's Response to Plaintiff's Third Request for Admission is attached as Exhibit D.  NRS likewise told Plaintiff that it uploaded numbers to the VoiceLogic platform via email on June 4.

13.     Defendant served its responses to Plaintiff's Second and Third Requests for Production on June 10 and Plaintiff served a deficiency letter that same day.  A true and correct copy of that email exchange is attached as Exhibit E.  Among other things, Plaintiff demanded "who you told voicelogic to call and for what purpose you told voicelogic to call them[.]"

14.     Plaintiff amended his Complaint on June 12, 2024.  Among other things,

Plaintiff revised his class to persons who received a prerecorded voice message containing certain phrases.

15. As a result of the Amended Complaint, Defendant maintained that discovery was limited to communications that contained one of the class phrases. In Defendant's July 12, 2024 response to Plaintiff's Fifth Set of Discovery, Defendant asserted objections to requests seeking communications "unlike the ones described in Plaintiff's class (*as defined by the Amended Complaint*)[.]" A true and correct copy of an excerpt from Defendant's Response to Plaintiff's Fifth Set of Discovery is attached here as Exhibit F.

16. Consistent with Defendant's position about the scope of discovery, on August 9, 2024, Defendant produced a list of telephone numbers uploaded to the VoiceLogic platform for the NRSPay and Fee Busters Cash Discount campaigns (the "VoiceLogic List").

I declare under penalty of perjury under the laws of the State of Georgia and the United States of America that the foregoing is true and correct.

Executed on August 27, 2024, in Atlanta, Georgia.

Patrick J. Fitzgerald

Docusign Envelope ID: C2321896A0D04D090833CB94E4F98A9E

# EXHIBIT A

Docusign Envelope ID: ...

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RASHAD WALSTON,** | Civil Case No.: 24-cv-83 |
| Plaintiff, | **Plaintiff's First Set of Requests for Production** |
| v. | |
| **NATIONAL RETAIL SOLUTIONS, INC.** | |
| Defendant. | |

PROPOUNDING PARTY:    Rashad Walston ("Plaintiff")

RESPONDING PARTIES:    National Retail Solutions, Inc. ("Defendant")

SET NUMBER:        One (1)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff hereby requests that defendant National Retail Solutions, Inc. ("Defendant" or "NRS, Inc.") produce for inspection and copying the documents and electronically stored information described herein, at the offices of Glapion Law Firm, 1704 Maxwell Drive, Wall, NJ 07719, within 30 days of the service of these requests on NRS, Inc.. In accordance with Rule 34(b), NRS, Inc. must provide written responses to the following requests and produce the requested documents as they are kept in the ordinary and usual course of business or organize and label the documents to correspond with the categories in this request.

### **INSTRUCTIONS**

1.    Pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure, if NRS, Inc. withholds the production of any document which is responsive to the following requests on the grounds that the document is privileged or otherwise protected, NRS, Inc. shall state in a privilege log the nature of the claim of privilege or protection; and describe

generally the type and nature of the document; the date of the document; the identity of the author(s), the addressees, and any recipients of the document; the document's present location; and any other information that will enable Plaintiff and the Court to assess the applicability of the privilege or protection.

2.     Unless otherwise indicated, these requests shall pertain to the time period of **January 3, 2020** through the conclusion of this litigation, and shall include all documents and information that relate in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated, or received prior or subsequent to that period.

3.     NRS, Inc. is required to produce all the requested documents which are in its possession, custody or control, including (by way of illustration only and not limited to) documents in the possession, custody or control of NRS, Inc. or its affiliates, or its merged and acquired predecessors, its present and former directors, officers, partners, employees, accountants, attorneys or other agents, its present and former independent contractors over which it has control, and any other person acting on NRS, Inc.'s behalf.

4.     If a DOCUMENT responsive to these requests was at any time in NRS, Inc.'s possession, custody or control but is no longer available for production, as to each such DOCUMENT state the following information:

a.     Whether the DOCUMENT is missing or lost;

b.     Whether the DOCUMENT has been destroyed;

c.     Whether the DOCUMENT has been transferred or delivered to another PERSON and, if so, at whose request;

d.     Whether the DOCUMENT has been otherwise disposed of; and

e.     The circumstances surrounding the disposition of the DOCUMENT and the date of its disposition.

5.     Wherever the word "or" appears herein, the meaning intended is the logical inclusive "or," i.e., "and/or."

6.      These Requests shall be deemed continuing so as to require seasonable supplemental responses as NRS, Inc. or its attorneys obtain further information or materials from the time its answers are served until the time of trial.

## DEFINITIONS

These requests incorporate the definitions found in Local Rule 26.5 of the Local Rules of the District of Massachusetts, regardless of where this case is pending. To the extent a word or phrase is defined in both Local Rule 26.5 and in the below definitions, the word shall be given both such definitions. To the extent a word or phrase is not defined below but is defined in Local Rule 26.5, the word or phrase shall be given a definition in accordance with Local Rule 26.5. The following terms shall have the following meanings:

1.      "CONCERNING" or "RELATING TO" means referring to, regarding, describing, evidencing, constituting, discussing, memorializing, summarizing, recording or providing evidence of a subject matter.

2.      "DIALED CALL" means any attempt by YOU to connect with a person via placing a telephone call or text message.

3.      "DIALER" means any electronic or manual system that is capable of making a telephone call or sending a text message. "DIALER" includes any and all components of that system that are necessary in order to make a telephone call, without limitation.

4.      The terms "DOCUMENT" or "DOCUMENTS" include, without limitation, any ELECTRONICALLY STORED INFORMATION and/or typewritten, handwritten, graphic, photographic, printed or otherwise recorded matter or recording of symbols in tangible form, however produced or reproduced, of every kind and regardless of where located, which is in your possession, custody, or control; or in the possession, custody or control of any servant or agent of you or of your attorneys. The terms include the following: electronically recorded information such as electronic mail ("email"), html files, databases, data processing cards or tapes, computerized data, computer diskettes, or information otherwise contained on a computer's hard drive, disks or backup tapes; video tapes, audio tapes, view-graphs, or any information maintained on digital, electronic, magnetic or other

media; and any other summary, schedule, memorandum, note, statement, letter, telegram, interoffice communication, report, diary, worksheet, list, graph, chart, or index, tape record, partial or complete report of telephone or oral conversation, transcript or minutes, compilation, tabulation, study, analysis, or other such writing or recording. The terms "document" and "documents" include any originals, all file copies, all other copies, no matter how prepared, and all drafts prepared in connection with such documents, whether or not used, as well as the file in which the documents are maintained. A draft or non-identical copy of a document, including a copy or duplicate of a document that has any nonconforming notes, marginal annotations or other markings, and any preliminary version, draft or revision of the foregoing, is a separate document within the meaning of these terms.

5.      "ELECTRONICALLY STORED INFORMATION" ("ESI") has the same full meaning as construed by Fed. R. Civ. P. 26 and 34 and includes, without limitation, the following:

      a.  Activity listings of electronic mail receipts and/or transmittals;

      b.  Output resulting from the use of any software program, including without limitation word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, AOL Instant Messenger (or similar program) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether such electronic data exist in an active file, deleted file, or file fragment;

      c.  Any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or on any other vehicle for digital data storage and/or transmittal, including without limitation a personal digital assistant, e.g., Palm Pilot, Blackberry, Treo, iPod, or other device; and

Docusign Envelope ID: 1E521A9A-F0D7-4D83-A73F-F6ACF3AF393D

6.      Plaintiff requests that ESI be processed and produced in a manner that preserves all metadata and that the parties confer regarding the production of metadata and the form or any electronic production prior to the gathering or processing of ESI. Unless otherwise requested, all such ESI is to be produced in an agreed-upon, computer searchable format.

7.      "IDENTIFY" means the following, depending on whether the request seeks to identify persons or documents:

      a.   When referring to a person, "identify" means to give, to the extent known, the person's full name, present or last known address and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in full in accordance with this subparagraph, only the name of that person need be listed in response to any subsequent Requests.

      b.   When referring to documents, "identify" means to give, to the extent known, the: (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the case of material maintained in electronic form, "identify" also means to give the: (i) topic, (ii) creation date, (iii) user, and (iv) bytes.

8.       "PERSON" means any individual, partnership, association, corporation, joint venture, governmental or administrative body, or other business or legal entities.

9.      "POLICY" means any practice, procedure, directives, routine, rules, courses of conduct or code of conduct, written or unwritten, formal or informal, recorded or unrecorded, which were recognized, adopted, issued or followed by you.

10.      "PRERECORDED" or "ARTIFICIAL VOICE" means any voice that was recorded prior to the making of any particular telephone call, or any computer- or software-generated voice, or any message that is not spoken contemporaneous with the message by a live, human operator, or using any voice other than a live, human operator.

11.     "THIRD PARTY" means any entity not owned or controlled by YOU, or any person that does not receive an annual salary from YOU.

12.     "YOU" or "YOUR" means National Retail Solutions, Inc. and/or any managers, directors, administrators, officers, executives, agents, contractors, fiduciaries, all employees or other representatives of NRS, Inc.. When referring to calls or texts (e.g. "YOUR CALLS"), this includes calls or texts made at YOUR request or on YOUR behalf.

13.     The terms "and" as well as "or," whenever they appear herein, shall be construed either disjunctively or conjunctively in order to bring within the scope of the specifications stated in the Requests all responses that might otherwise be deemed outside the scope.

14.     "CELLULAR TELEPHONE NUMBER" or "TELEPHONE NUMBER" is 773███-4088.

## FORMAT OF PRODUCTION

It is hereby requested that you meet and confer with us regarding the production format(s) for all data or documents maintained in electronic form *before* producing any documents. Unless otherwise requested, all such data or documents are to be produced in an agreed-upon, computer-searchable format.

**To the extent documents responsive to this request have been produced, please re-produce such documents with a bates number.**

## DOCUMENTS TO BE PRODUCED

### REQUEST FOR PRODUCTION NO. 1

Prior to November 22, 2023, all DOCUMENTS and/or ESI, including emails, containing any of the following terms (regardless of how capitalized or punctuated):

- Rashad Walston
- 773-███-4088

### RESPONSE TO REQUEST NO. 1



### REQUEST FOR PRODUCTION NO. 2

All DOCUMENTS and/or ESI evidencing any DIALED CALLS or correspondence between YOU and Plaintiff or YOU and any person at the CELLULAR TELEPHONE NUMBER.

### RESPONSE TO REQUEST NO. 2



### REQUEST FOR PRODUCTION NO. 3

All DOCUMENTS and/or ESI evidencing any DIALED CALLS or correspondence between any THIRD-PARTY acting on YOUR behalf and any person at the CELLULAR TELEPHONE NUMBER.

### RESPONSE TO REQUEST NO. 3



### REQUEST FOR PRODUCTION NO. 4

All DOCUMENTS and/or ESI RELATING TO or demonstrating any consent YOU had to place DIALED CALLS to the CELLULAR TELEPHONE NUMBER.

### RESPONSE TO REQUEST NO. 4



### REQUEST FOR PRODUCTION NO. 5

All DOCUMENTS and/or ESI sufficient to determine the number of DIALED CALLS YOU made to the CELLULAR TELEPHONE NUMBER.

### RESPONSE TO REQUEST NO. 5

Docusign Envelope ID: 1C324D93-1D01-4FD0-B873-B0ABEAF9AF40

**REQUEST FOR PRODUCTION NO. 6**

All DOCUMENTS and/or ESI sufficient to determine the purpose of each DIALED CALLS YOU made to the CELLULAR TELEPHONE NUMBER.

**RESPONSE TO REQUEST NO. 6**


**REQUEST FOR PRODUCTION NO. 7**

All DOCUMENTS and/or ESI sufficient to determine the identity of the specific person(s) who, on YOUR behalf, received, handled, initiated, spoke on, or otherwise was a participant on any DIALED CALL with the CELLULAR TELEPHONE NUMBER.

**RESPONSE TO REQUEST NO. 7**


**REQUEST FOR PRODUCTION NO. 8**

All DOCUMENTS and/or ESI evidencing any training or evaluations of the specific person(s) who, on YOUR behalf, received, handled, initiated, spoke on, or otherwise was a participant on any DIALED CALL with the CELLULAR TELEPHONE NUMBER.

**RESPONSE TO REQUEST NO. 8**


**REQUEST FOR PRODUCTION NO. 9**

All DOCUMENTS and/or ESI reflecting existence and/or the contents of any incoming or outgoing DIALED CALL or other telephone call between YOU and any individual at the CELLULAR TELEPHONE NUMBER, including, but not limited to, call logs (inbound and outbound), recordings, notes, text message content, scripts, "Do Not Call" requests, and any revocations of consent.

**RESPONSE TO REQUEST NO. 9**


**REQUEST FOR PRODUCTION NO. 10**

All DOCUMENTS and/or ESI reflecting any call scripts (including IVR scripts) used on or intended to be used on any DIALED CALL to the CELLULAR TELEPHONE NUMBER.

**RESPONSE TO REQUEST NO. 10**

**REQUEST FOR PRODUCTION NO. 11**

      All DOCUMENTS and/or ESI reflecting any communication or attempted communication in which any person asked YOU to stop placing DIALED CALLS to the CELLULAR TELEPHONE NUMBER, or otherwise revoked consent for such DIALED CALLS.

**RESPONSE TO REQUEST NO. 11**


**REQUEST FOR PRODUCTION NO. 12**

      All DOCUMENTS and/or ESI reflecting any communication or attempted communication with Plaintiff in this matter, including any communications through any online portal YOU may have and to which Plaintiff may have access.

**RESPONSE TO REQUEST NO. 12**


**REQUEST FOR PRODUCTION NO. 13**

      All DOCUMENTS and/or ESI describing how any DIALED CALL was placed to the CELLULAR TELEPHONE NUMBER, including the user manual for any software or service used to place such calls.

**RESPONSE TO REQUEST NO. 13**


**REQUEST FOR PRODUCTION NO. 14**

      All DOCUMENTS and/or ESI referencing YOUR POLICIES RELATING TO the TCPA, including YOUR "Do Not Call" policy or policies, if any, and any training material related to the TCPA, if any.

**RESPONSE TO REQUEST NO. 14**


**REQUEST FOR PRODUCTION NO. 15**

      Copies of any complaints – regardless of whether formal, informal, in court, or out of court (though excluding this case) – made to or received by YOU about YOUR calling practices.

**RESPONSE TO REQUEST NO. 15**

**REQUEST FOR PRODUCTION NO. 16**

All DOCUMENTS and/or ESI RELATING TO affirmative defenses YOU have raised or may raise in this case notwithstanding the time period set forth in paragraph 2 of the instructions, including but not limited to prior express consent.

**RESPONSE TO REQUEST NO. 16**


**REQUEST FOR PRODUCTION NO. 17**

All DOCUMENTS and/or ESI RELATING TO any defense of arbitration, class waiver, and/or release.

**RESPONSE TO REQUEST NO. 17**


**REQUEST FOR PRODUCTION NO. 18**

All DOCUMENTS and/or ESI RELATING TO any defense of consent.

**RESPONSE TO REQUEST NO. 18**


**REQUEST FOR PRODUCTION NO. 19**

All DOCUMENTS and/or ESI RELATING TO any THIRD-PARTY on which your eleventh affirmative defense depends or to which it refers (explicitly or implicitly).

**RESPONSE TO REQUEST NO. 19**


**REQUEST FOR PRODUCTION NO. 20**

All DOCUMENTS and/or ESI sufficient to decode and/or interpret any shorthand, numeric codes, abbreviations, or similar contained in any DOCUMENT and/or ESI produced in response to these requests.

**RESPONSE TO REQUEST NO. 20**

**REQUEST FOR PRODUCTION NO. 21**

All non-attorney-client-privileged DOCUMENTS and/or ESI referenced in or used to craft responses to Plaintiff's First Set of Interrogatories, notwithstanding the time-period set forth in paragraph 2 of the instructions above.

**RESPONSE TO REQUEST NO. 21**


**REQUEST FOR PRODUCTION NO. 22**

In the event YOU deny or fail to fully admit any of Plaintiff's Requests for Admission (served herewith or subsequently), produce all non-attorney-client-privileged DOCUMENTS and/or ESI supporting said denial or failure to fully admit.

**RESPONSE TO REQUEST NO. 22**


**REQUEST FOR PRODUCTION NO. 23**

All financial statements, audited and unaudited, applications for credit, and all other forms of documentation of YOUR financial well-being. YOU may omit a response to this request if YOU do not contend that damages in this case are unconstitutional, annihilating, or otherwise too high.

**RESPONSE TO REQUEST NO. 23**


**REQUEST FOR PRODUCTION NO. 24**

DOCUMENTS reflecting YOUR corporate structure and organization, including, as applicable, but not limited to, an organization chart.

**RESPONSE TO REQUEST NO. 24**


Dated: March 11, 2024

/s/ *Jeremy M. Glapion*_____
Jeremy M. Glapion
**THE GLAPION LAW FIRM, LLC**
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732.455.9737
Fax: 732.709.5150
jmg@glapionlaw.com

Docusign Envelope ID: 1232139A-101D-4003-5A70-6EAF304739D8

Docusign Envelope ID: 1E321D93-1D0D-4B0B-8F1D-B5BE4F38A7A6

# EXHIBIT B

**From:** **Jeremy Glapion** jmg@glapionlaw.com  📎
**Subject:** Walston v. NRS - Rule 37 Letter
**Date:** April 18, 2024 at 10:29 AM
**To:** Patrick Fitzgerald pfitzgerald@wtlaw.com
**Cc:** Jennipher Borey jborey@wtlaw.com, Ryan Watstein Ryan@wtlaw.com, Jeffrey Brown jeff@jgbrownlaw.com, justin penn jpenn@hinshawlaw.com

[Warning – external]

Counsel:

Attached, please see attached Plaintiff's letter requesting a meet and confer regarding issues in Defendant's first discovery responses.

One issue herein requires urgent attention. As I emphasized in agreeing to the week extension, we reserved the right to reschedule the deposition based on the volume of documents produced or if all we received were promises to produce rather than actual production. Attaching my most recent email on that point.

As such, because we were met with nothing more than "promises" to produce, our current intent is to reschedule the deposition. I am, however, happy to work with you to see if there a way to keep the April 26 deposition on track.

I am available today until 2:30 pm eastern, tomorrow between 1 and 3 pm eastern, and Monday between 9:30 am and 3 pm eastern. I would be willing to have two separate calls as well, if you would like to address the more urgent, deposition-relevant areas first.

Best,
Jeremy

--



**Jeremy M. Glapion**
Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Rule 37 Letter re    The Glapion Law
Def Fir...ses.pdf    Firm M...n v.pdf
150 KB

Docusign Envelope ID: 1E3278B8-410D-4083-B73E-4F3BF709



**JEREMY M. GLAPION**
1704 MAXWELL DRIVE
WALL, NEW JERSEY 07719

**GLAPION LAW FIRM**
TEL. 732-455-9737
JMG@GLAPIONLAW.COM

April 18, 2024

**Via Email**

Re:     **Walston v. National Retail Solutions – Discovery Issues (First Responses)**

Dear Counsel:

I am writing to address several concerns regarding your client's responses to our discovery requests.

Most significantly and most urgently, despite our prior agreement that documents would be produced in advance of the upcoming deposition, tentatively set for April 26, 2024, your client has failed to produce a single document. Specifically, in response to your client's April 4, 2024 request for a 30-day extension, I wrote that we could not agree because such an extension would extend your production deadline until after the deposition, and would place "me at a disadvantage when it comes to preparing my client for his deposition, as we will not have parity of information."

This was emphasized again on our call on April 5, and memorialized in my immediate follow-up email agreeing to a seven-day extension. In that email, I specifically noted that "we are not willing to accept a promise to produce ... rather than actual production as a reason for further delay, and would postpone the deposition if that is the case."

This failure to produce documents severely impedes our ability to prepare for the deposition on equal footing and at the information parity I emphasized as being crucial to our willingness to proceed on April 26.

I. Requests for Production

Docusign Envelope ID: 1E321B93-4101-4088B-D79B-EAF3D87A1FA0

1. General Issues

   a. Your client's promise to produce documents at some unspecified time in the future is inconsistent with Fed. R. Civ. P. 34(b)(2)(B), which requires a "reasonable time" to be "specified in the response." Please propose a specific deadline for production of these documents.

   b. Your client's objections (especially the general, boilerplate objections), without specifying what, if anything, is being withheld based on those objections, do not comply with Fed. R. Civ. P. 34(b)(2)(C). Upon production of the documents, which I believe should have been completed, please amend your client's written responses to indicate if any documents are being withheld based on any objections.

2. Specific Issues

   a. Request 6 – this request asks for documents sufficient to determine the purpose of calls. Your client's response indicates that it will produce responsive documents, but that it "makes no representation as to whether any documents produced in response to this Request" will be responsive. No other response has this caveat. Whatever documents are in your possession that might indicate or suggest the reason why a specific call was made, or calls would be made, to Plaintiff, should be produced.

   b. Request 7 – this request asks for documents sufficient to identify the specific person(s) who called Plaintiff. Your client stated it would not produce documents as this information is irrelevant. To the contrary, knowing who these individuals are, their roles, and how and why they executed their responsibilities vis-à-vis the calls to Plaintiff are relevant to both liability and potential damage enhancements. Furthermore, Plaintiff is clearly entitled to depose such fact witnesses, and to do so needs their identities. Please confirm your client will produce responsive documents.

   c. Request 11 – this document asks for evidence of any stop calling requests from Plaintiff. Your client claimed this to be irrelevant and stated it would not produce such documents. As you are aware, the TCPA allows for treble damages in the event of willfulness. Any failure to honor a "stop" request is relevant to potential statutory damage enhancements. Please confirm your client will produce responsive documents.

   d. Requests 21 & 22 – Request 21 asks for documents used to craft responses to Plaintiff's interrogatories. Request 22 asks for documents

upon which you base any failure to fully admit one of Plaintiff's requests for Admission. With respect to the former, your client stated it would produce such documents after a diligent search, but what it used to craft interrogatories to which it already responded should already be in its possession and capable of production. Your client stated it would not produce documents responsive to request 22, but if a document was reviewed that served as a basis for your client's substantive failure to admit a Request for Admission, Plaintiff is entitled to see that document. Please confirm your client will produce responsive documents.

## II. Interrogatories and Requests for Admission

Your client's responses to this suggest a potentially concerning lack of record keeping, or improper attempts to hide behind the use of a third-party platform. In response to interrogatory 2, which asks about the calls to Plaintiff, your client objected that the interrogatory seeks information not within Defendant's custody or control because "Defendant communicates through a third-party platform." This is not the same, however, as saying Defendant outsources its calls to a third-party. If *Defendant* uses the third-party platform to make the calls, *Defendant* has access to the information necessary to respond to the request. This objection would be akin to refusing to produce or provide information found in Defendant's email because Defendant uses Gmail instead of its own in-house application. Please respond to this request.

Also of note is that your client did not disclose any third party in its initial disclosures, as required under Rule 26.

In addition, there is an inconsistency between your client's interrogatory responses and its responses to the requests for admission. Specifically, your client's response to interrogatory 2 states "Defendant's records do not establish whether a call was successfully 'connected' or whether a recorded message actually played." Yet in response to Request for Admission 7, your client denied that all calls connected. This is in contrast to its response to Request 6, which asks your client to admit that *some* calls connected, and to which your client responded it was unable to admit or deny.

If your records do not show which calls connected, how is your client able to deny Request for Admission 7, rather than be "unable to admit or deny" as it did with Request 6?

There is a similar inconsistency regarding Requests for Admission 8 and 9, which ask your client to admit that some/all calls used a prerecorded voice. Your client stated that it was unable to admit or deny that *some* calls used a prerecorded voice, but denied that *all* calls used a prerecorded voice. If your client's records do not allow it to determine

whether a prerecorded voice was used, how can it make any substantive admission or denial as to whether "all" calls used such a voice? Clarification would be appreciated.

III. Meet & Confer

Your prompt attention to the issues raised herein would be appreciated and I would like to confer as required under Fed. R. Civ. Rule 37 and Local Rule 37.2. I am available Friday, April 19 between 1 pm and 3 pm eastern, and Monday, April 22, from 9:30 am to 3 pm eastern.

Sincerely,

Jeremy M. Glapion

Docusign Envelope ID: 1232E8A9-LDOLP6083-D9BBAEAF38B9B

# EXHIBIT C

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RASHAD WALSTON,** | Civil Case No.: 24-cv-83 |
| Plaintiff, | **Plaintiff's Second Set of Requests for Production** |
| v. | |
| **NATIONAL RETAIL SOLUTIONS, INC.** | |
| Defendant. | |

PROPOUNDING PARTY:  Rashad Walston ("Plaintiff")

RESPONDING PARTIES:  National Retail Solutions, Inc. ("Defendant")

SET NUMBER:  Two (2)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff hereby requests that defendant National Retail Solutions, Inc. ("Defendant" or "NRS, Inc.") produce for inspection and copying the documents and electronically stored information described herein, at the offices of Glapion Law Firm, 1704 Maxwell Drive, Wall, NJ 07719, within 30 days of the service of these requests on NRS, Inc.. In accordance with Rule 34(b), NRS, Inc. must provide written responses to the following requests and produce the requested documents as they are kept in the ordinary and usual course of business or organize and label the documents to correspond with the categories in this request.

## **INSTRUCTIONS**

1.     Pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure, if NRS, Inc. withholds the production of any document which is responsive to the following requests on the grounds that the document is privileged or otherwise protected, NRS, Inc. shall state in a privilege log the nature of the claim of privilege or protection; and describe

generally the type and nature of the document; the date of the document; the identity of the author(s), the addressees, and any recipients of the document; the document's present location; and any other information that will enable Plaintiff and the Court to assess the applicability of the privilege or protection.

2.    Unless otherwise indicated, these requests shall pertain to the time period of **January 3, 2020** through the conclusion of this litigation, and shall include all documents and information that relate in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated, or received prior or subsequent to that period.

3.    NRS, Inc. is required to produce all the requested documents which are in its possession, custody or control, including (by way of illustration only and not limited to) documents in the possession, custody or control of NRS, Inc. or its affiliates, or its merged and acquired predecessors, its present and former directors, officers, partners, employees, accountants, attorneys or other agents, its present and former independent contractors over which it has control, and any other person acting on NRS, Inc.'s behalf.

4.    If a DOCUMENT responsive to these requests was at any time in NRS, Inc.'s possession, custody or control but is no longer available for production, as to each such DOCUMENT state the following information:

a.    Whether the DOCUMENT is missing or lost;

b.    Whether the DOCUMENT has been destroyed;

c.    Whether the DOCUMENT has been transferred or delivered to another PERSON and, if so, at whose request;

d.    Whether the DOCUMENT has been otherwise disposed of; and

e.    The circumstances surrounding the disposition of the DOCUMENT and the date of its disposition.

5.    Wherever the word "or" appears herein, the meaning intended is the logical inclusive "or," i.e., "and/or."

6.      These Requests shall be deemed continuing so as to require seasonable supplemental responses as NRS, Inc. or its attorneys obtain further information or materials from the time its answers are served until the time of trial.

## DEFINITIONS

These requests incorporate the definitions found in Local Rule 26.5 of the Local Rules of the District of Massachusetts, regardless of where this case is pending. To the extent a word or phrase is defined in both Local Rule 26.5 and in the below definitions, the word shall be given both such definitions. To the extent a word or phrase is not defined below but is defined in Local Rule 26.5, the word or phrase shall be given a definition in accordance with Local Rule 26.5. The following terms shall have the following meanings:

1.      "CONCERNING" or "RELATING TO" means referring to, regarding, describing, evidencing, constituting, discussing, memorializing, summarizing, recording or providing evidence of a subject matter.

2.      "DIALED CALL" means any attempt by YOU to connect with a person via placing a telephone call or text message.

3.      "DIALER" means any electronic or manual system that is capable of making a telephone call or sending a text message. "DIALER" includes any and all components of that system that are necessary in order to make a telephone call, without limitation.

4.      The terms "DOCUMENT" or "DOCUMENTS" include, without limitation, any ELECTRONICALLY STORED INFORMATION and/or typewritten, handwritten, graphic, photographic, printed or otherwise recorded matter or recording of symbols in tangible form, however produced or reproduced, of every kind and regardless of where located, which is in your possession, custody, or control; or in the possession, custody or control of any servant or agent of you or of your attorneys. The terms include the following: electronically recorded information such as electronic mail ("email"), html files, databases, data processing cards or tapes, computerized data, computer diskettes, or information otherwise contained on a computer's hard drive, disks or backup tapes; video tapes, audio tapes, view-graphs, or any information maintained on digital, electronic, magnetic or other

media; and any other summary, schedule, memorandum, note, statement, letter, telegram, interoffice communication, report, diary, worksheet, list, graph, chart, or index, tape record, partial or complete report of telephone or oral conversation, transcript or minutes, compilation, tabulation, study, analysis, or other such writing or recording. The terms "document" and "documents" include any originals, all file copies, all other copies, no matter how prepared, and all drafts prepared in connection with such documents, whether or not used, as well as the file in which the documents are maintained. A draft or non-identical copy of a document, including a copy or duplicate of a document that has any nonconforming notes, marginal annotations or other markings, and any preliminary version, draft or revision of the foregoing, is a separate document within the meaning of these terms.

5.　　　"ELECTRONICALLY STORED INFORMATION" ("ESI") has the same full meaning as construed by Fed. R. Civ. P. 26 and 34 and includes, without limitation, the following:

　　　a.　Activity listings of electronic mail receipts and/or transmittals;

　　　b.　Output resulting from the use of any software program, including without limitation word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, AOL Instant Messenger (or similar program) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether such electronic data exist in an active file, deleted file, or file fragment;

　　　c.　Any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or on any other vehicle for digital data storage and/or transmittal, including without limitation a personal digital assistant, e.g., Palm Pilot, Blackberry, Treo, iPod, or other device; and

6.      Plaintiff requests that ESI be processed and produced in a manner that preserves all metadata and that the parties confer regarding the production of metadata and the form or any electronic production prior to the gathering or processing of ESI. Unless otherwise requested, all such ESI is to be produced in an agreed-upon, computer searchable format.

7.      "IDENTIFY" means the following, depending on whether the request seeks to identify persons or documents:

   a.   When referring to a person, "identify" means to give, to the extent known, the person's full name, present or last known address and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in full in accordance with this subparagraph, only the name of that person need be listed in response to any subsequent Requests.

   b.   When referring to documents, "identify" means to give, to the extent known, the: (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the case of material maintained in electronic form, "identify" also means to give the: (i) topic, (ii) creation date, (iii) user, and (iv) bytes.

8.      "LEAD" means contact information for an individual or business, regardless of how obtained, that YOU treat, treated, noted, or otherwise considered as a prospective customer or someone who might be interested in YOUR services, or who would be included in YOUR marketing efforts, prior to the individual or business becoming one of YOUR customers.

9.      "PERSON" means any individual, partnership, association, corporation, joint venture, governmental or administrative body, or other business or legal entities.

10. "POLICY" means any practice, procedure, directives, routine, rules, courses of conduct or code of conduct, written or unwritten, formal or informal, recorded or unrecorded, which were recognized, adopted, issued or followed by you.

11. "PRELITIGATION TIME PERIOD" means the time period beginning as listed above but concluding at 11:59 PM eastern time the night immediately preceding the filing of this litigation.

12. "PRERECORDED" or "ARTIFICIAL VOICE" means any voice that was recorded prior to the making of any particular telephone call, or any computer- or software-generated voice, or any message that is not spoken contemporaneous with the message by a live, human operator, or using any voice other than a live, human operator.

13. "THIRD PARTY" means any entity not owned or controlled by YOU, or any person that does not receive an annual salary from YOU.

14. "YOU" or "YOUR" means National Retail Solutions, Inc. and/or any managers, directors, administrators, officers, executives, agents, contractors, fiduciaries, all employees or other representatives of NRS, Inc.. When referring to calls or texts (e.g. "YOUR CALLS"), this includes calls or texts made at YOUR request or on YOUR behalf.

15. The terms "and" as well as "or," whenever they appear herein, shall be construed either disjunctively or conjunctively in order to bring within the scope of the specifications stated in the Requests all responses that might otherwise be deemed outside the scope.

16. "CELLULAR TELEPHONE NUMBER" or "TELEPHONE NUMBER" is 773█ 4088.

## FORMAT OF PRODUCTION

It is hereby requested that you meet and confer with us regarding the production format(s) for all data or documents maintained in electronic form *before* producing any documents. Unless otherwise requested, all such data or documents are to be produced in an agreed-upon, computer-searchable format.

To the extent documents responsive to this request have been produced, please re-produce such documents with a bates number.

Docusign Envelope ID: 1E321A99-4D0F-4D83-B7B4-5AC3A9735A20

## DOCUMENTS TO BE PRODUCED

### REQUEST FOR PRODUCTION NO. 25

All DOCUMENTS and/or ESI sufficient to identify the third-party or parties, and third-party platform(s), to which YOU referred in YOUR responses to Plaintiff's First Set of Requests for Production (2, 5, 6, 9, 10, 11, 13, 19) and Interrogatories (2, 3).

### REQUEST FOR PRODUCTION NO. 26

All DOCUMENTS and/or ESI reflecting contracts, memberships, enrollments, or other documents authorizing YOU to use the third-party platforms to which YOU referred in YOUR responses to Plaintiff's First Set of Requests for Production (2, 5, 6, 9, 10, 11, 13, 19) and Interrogatories (2, 3).

### REQUEST FOR PRODUCTION NO. 27

All DOCUMENTS and/or ESI authorizing any third-party to make DIALED CALLS on YOUR behalf.

### REQUEST FOR PRODUCTION NO. 28

All DOCUMENTS and/or ESI reflecting each telephone number to which YOU placed DIALED CALLS using the third-party platforms to which YOU referred in YOUR responses to Plaintiff's First Set of Requests for Production (2, 5, 6, 9, 10, 11, 13, 19) and Interrogatories (2, 3), for which YOU cannot ascertain the "source, locations, entities, or other avenues from which it obtained" said telephone number.

In responding, YOU may omit telephone numbers that, at the time of YOUR calls, were associated with one of YOUR customers.

### REQUEST FOR PRODUCTION NO. 29

All DOCUMENTS and/or ESI reflecting each telephone number to which YOU placed DIALED CALLS for which YOU cannot locate, or do not have, evidence of consent to place DIALED CALLS to that telephone number.

In responding, YOU may omit telephone numbers that, at the time of YOUR calls, were associated with one of YOUR customers.

**REQUEST FOR PRODUCTION NO. 30**

All DOCUMENTS and/or ESI reflecting each telephone number to which YOU placed DIALED CALLS for which YOU cannot locate, or do not have, a written agreement permitting DIALED CALLS to that telephone number.

In responding, YOU may omit telephone numbers that, at the time of YOUR calls, were associated with one of YOUR customers.

**REQUEST FOR PRODUCTION NO. 31**

During the PRELITIGATION TIME PERIOD, all DOCUMENTS and/or ESI relating to YOUR use of ringless voicemails, as YOU used that term in YOUR responses to Plaintiff's first set of discovery requests, including policies on if, when, and how such voicemails are to be used.

**REQUEST FOR PRODUCTION NO. 32**

During the PRELITIGATION TIME PERIOD, all DOCUMENTS and/or ESI relating to YOUR use of PRERECORDED or ARTIFICIAL VOICES on DIALED CALLS, including policies on if, when, and how such voices are to be used.

**REQUEST FOR PRODUCTION NO. 33**

During the PRELITIGATION TIME PERIOD, all DOCUMENTS and/or ESI relating to YOUR policies for placing DIALED CALLS for the purpose(s) of offering, explaining, marketing, describing, or advertising YOUR services, to telephone numbers not associated with customers of YOURS at the time of the DIALED CALLS, including when, how, and how frequently such DIALED CALLS should be made.

**REQUEST FOR PRODUCTION NO. 34**

During the PRELITIGATION TIME PERIOD, all DOCUMENTS and/or ESI relating to YOUR policies for placing DIALED CALLS to new LEADS, including when, how, and how frequently such DIALED CALLS should be made.

Docusign Envelope ID: 4E32E093-L1010-4833-9792-64F39A7AB10

## REQUEST FOR PRODUCTION NO. 35

During the PRELITIGATION TIME PERIOD, all DOCUMENTS and/or ESI showing any form or location (e.g. internet site) through which YOU sought to, or did obtain, consent to place PRERECORDED or ARTIFICIAL VOICE calls to a telephone number, regardless of whether that particular form or location was ever used or a PRERECORDED or ARTIFICIAL VOICE call was ever made, and including all DOCUMENTS and/or ESI upon which YOUR response to Interrogatory No. 6 is based.

## REQUEST FOR PRODUCTION NO. 36

All DOCUMENTS and/or ESI supporting any denial or refusal to fully admit Request for Admission No. 21, including the specific forms upon which YOU base any such denial.

## REQUEST FOR PRODUCTION NO. 37

All non-privileged DOCUMENTS and/or ESI relating to YOUR decision to modify the language found on the "UNLOCK MY DEAL" form found on nrsplus.com, from how it appeared (substantively) prior to January 3, 2024 (pictured left) to how it appears now (pictured right):



Docusign Envelope ID: ...

Dated: April 18, 2024

/s/ Jeremy M. Glapion_____
Jeremy M. Glapion
**THE GLAPION LAW FIRM, LLC**
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732.455.9737
Fax: 732.709.5150
jmg@glapionlaw.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RASHAD WALSTON,** | Civil Case No.: 24-cv-83 |
| Plaintiff, | **Plaintiff's Third Set of Requests for Production** |
| v. | |
| **NATIONAL RETAIL SOLUTIONS, INC.** | |
| Defendant. | |

PROPOUNDING PARTY:    Rashad Walston ("Plaintiff")

RESPONDING PARTIES:    National Retail Solutions, Inc. ("Defendant")

SET NUMBER:             Three (3)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff hereby requests that defendant National Retail Solutions, Inc. ("Defendant" or "NRS, Inc.") produce for inspection and copying the documents and electronically stored information described herein, at the offices of Glapion Law Firm, 1704 Maxwell Drive, Wall, NJ 07719, within 30 days of the service of these requests on NRS, Inc.. In accordance with Rule 34(b), NRS, Inc. must provide written responses to the following requests and produce the requested documents as they are kept in the ordinary and usual course of business or organize and label the documents to correspond with the categories in this request.

## **INSTRUCTIONS**

1.    Pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure, if NRS, Inc. withholds the production of any document which is responsive to the following requests on the grounds that the document is privileged or otherwise protected, NRS, Inc. shall state in a privilege log the nature of the claim of privilege or protection; and describe

generally the type and nature of the document; the date of the document; the identity of the author(s), the addressees, and any recipients of the document; the document's present location; and any other information that will enable Plaintiff and the Court to assess the applicability of the privilege or protection.

2.      Unless otherwise indicated, these requests shall pertain to the time period of **January 3, 2020** through the conclusion of this litigation, and shall include all documents and information that relate in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated, or received prior or subsequent to that period.

3.      NRS is required to produce all the requested documents which are in its possession, custody or control, including (by way of illustration only and not limited to) documents in the possession, custody or control of NRS, Inc. or its affiliates, or its merged and acquired predecessors, its present and former directors, officers, partners, employees, accountants, attorneys or other agents, its present and former independent contractors over which it has control, and any other person acting on NRS, Inc.'s behalf.

4.      If a DOCUMENT responsive to these requests was at any time in NRS, Inc.'s possession, custody or control but is no longer available for production, as to each such DOCUMENT state the following information:

        a.      Whether the DOCUMENT is missing or lost;

        b.      Whether the DOCUMENT has been destroyed;

        c.      Whether the DOCUMENT has been transferred or delivered to another PERSON and, if so, at whose request;

        d.      Whether the DOCUMENT has been otherwise disposed of; and

        e.      The circumstances surrounding the disposition of the DOCUMENT and the date of its disposition.

5.      Wherever the word "or" appears herein, the meaning intended is the logical inclusive "or," i.e., "and/or."

6.     These Requests shall be deemed continuing so as to require seasonable supplemental responses as NRS, Inc. or its attorneys obtain further information or materials from the time its answers are served until the time of trial.

## **DEFINITIONS**

These requests incorporate the definitions found in Local Rule 26.5 of the Local Rules of the District of Massachusetts, regardless of where this case is pending. To the extent a word or phrase is defined in both Local Rule 26.5 and in the below definitions, the word shall be given both such definitions. To the extent a word or phrase is not defined below but is defined in Local Rule 26.5, the word or phrase shall be given a definition in accordance with Local Rule 26.5. The following terms shall have the following meanings:

1.     "CONCERNING" or "RELATING TO" means referring to, regarding, describing, evidencing, constituting, discussing, memorializing, summarizing, recording or providing evidence of a subject matter.

2.     "DIALED CALL" means any attempt by YOU to connect with a person via placing a telephone call or text message, but also includes ringless voicemails.

3.     "DIALER" means any electronic or manual system that is capable of making a telephone call or sending a text message. "DIALER" includes any and all components of that system that are necessary in order to make a telephone call, without limitation.

4.     The terms "DOCUMENT" or "DOCUMENTS" include, without limitation, any ELECTRONICALLY STORED INFORMATION and/or typewritten, handwritten, graphic, photographic, printed or otherwise recorded matter or recording of symbols in tangible form, however produced or reproduced, of every kind and regardless of where located, which is in your possession, custody, or control; or in the possession, custody or control of any servant or agent of you or of your attorneys. The terms include the following: electronically recorded information such as electronic mail ("email"), html files, databases, data processing cards or tapes, computerized data, computer diskettes, or information otherwise contained on a computer's hard drive, disks or backup tapes; video tapes, audio tapes, view-graphs, or any information maintained on digital, electronic, magnetic or other

media; and any other summary, schedule, memorandum, note, statement, letter, telegram, interoffice communication, report, diary, worksheet, list, graph, chart, or index, tape record, partial or complete report of telephone or oral conversation, transcript or minutes, compilation, tabulation, study, analysis, or other such writing or recording. The terms "document" and "documents" include any originals, all file copies, all other copies, no matter how prepared, and all drafts prepared in connection with such documents, whether or not used, as well as the file in which the documents are maintained. A draft or non-identical copy of a document, including a copy or duplicate of a document that has any nonconforming notes, marginal annotations or other markings, and any preliminary version, draft or revision of the foregoing, is a separate document within the meaning of these terms.

5.      "ELECTRONICALLY STORED INFORMATION" ("ESI") has the same full meaning as construed by Fed. R. Civ. P. 26 and 34 and includes, without limitation, the following:

    a.  Activity listings of electronic mail receipts and/or transmittals;

    b.  Output resulting from the use of any software program, including without limitation word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, AOL Instant Messenger (or similar program) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether such electronic data exist in an active file, deleted file, or file fragment;

    c.  Any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or on any other vehicle for digital data storage and/or transmittal, including without limitation a personal digital assistant, e.g., Palm Pilot, Blackberry, Treo, iPod, or other device; and

6.      Plaintiff requests that ESI be processed and produced in a manner that preserves all metadata and that the parties confer regarding the production of metadata and the form or any electronic production prior to the gathering or processing of ESI. Unless otherwise requested, all such ESI is to be produced in an agreed-upon, computer searchable format.

7.      "IDENTIFY" means the following, depending on whether the request seeks to identify persons or documents:

   a.   When referring to a person, "identify" means to give, to the extent known, the person's full name, present or last known address and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in full in accordance with this subparagraph, only the name of that person need be listed in response to any subsequent Requests.

   b.   When referring to documents, "identify" means to give, to the extent known, the: (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the case of material maintained in electronic form, "identify" also means to give the: (i) topic, (ii) creation date, (iii) user, and (iv) bytes.

8.      "LEAD" means contact information for an individual or business, regardless of how obtained, that YOU treat, treated, noted, or otherwise considered as a prospective customer or someone who might be interested in YOUR services, or who would be included in YOUR marketing efforts, prior to the individual or business becoming one of YOUR customers.

9.      "PERSON" means any individual, partnership, association, corporation, joint venture, governmental or administrative body, or other business or legal entities.

10. "POLICY" means any practice, procedure, directives, routine, rules, courses of conduct or code of conduct, written or unwritten, formal or informal, recorded or unrecorded, which were recognized, adopted, issued or followed by you.

11. "PRELITIGATION TIME PERIOD" means the time period beginning as listed above but concluding at 11:59 PM eastern time the night immediately preceding the filing of this litigation.

12. "PRERECORDED" or "ARTIFICIAL VOICE" means any voice that was recorded prior to the making of any particular telephone call, or any computer- or software-generated voice, or any message that is not spoken contemporaneous with the message by a live, human operator, or using any voice other than a live, human operator.

13. "THIRD PARTY" means any entity not owned or controlled by YOU, or any person that does not receive an annual salary from YOU.

14. "YOU" or "YOUR" means National Retail Solutions, Inc. and/or any managers, directors, administrators, officers, executives, agents, contractors, fiduciaries, all employees or other representatives of NRS, Inc.. When referring to calls or texts (e.g. "YOUR CALLS"), this includes calls or texts made at YOUR request or on YOUR behalf.

15. The terms "and" as well as "or," whenever they appear herein, shall be construed either disjunctively or conjunctively in order to bring within the scope of the specifications stated in the Requests all responses that might otherwise be deemed outside the scope.

16. "CELLULAR TELEPHONE NUMBER" or "TELEPHONE NUMBER" is 773 ███ 4088.

## FORMAT OF PRODUCTION

It is hereby requested that you meet and confer with us regarding the production format(s) for all data or documents maintained in electronic form *before* producing any documents. Unless otherwise requested, all such data or documents are to be produced in an agreed-upon, computer-searchable format.

To the extent documents responsive to this request have been produced, please re-produce such documents with a bates number.

Docusign Envelope ID: 1E321B93-1D7D-4DDB-973D-1F7ED739A720

## DOCUMENTS TO BE PRODUCED

### REQUEST FOR PRODUCTION NO. 38

For the time period beginning on the earliest date for which YOU have DIALED CALL records from (or the earliest date of records which YOU can access, whichever is earlier) the VoiceLogic platform until January 3, 2024, all DOCUMENTS and/or ESI reflecting each telephone number to which YOU placed DIALED CALLS through the VoiceLogic platform.

In responding, YOU may omit telephone numbers that, at the time of YOUR calls, were associated with one of YOUR customers.

### REQUEST FOR PRODUCTION NO. 39

For the time period beginning on the earliest date for which YOU have DIALED CALL records from (or the earliest date of records which YOU can access, whichever is earlier) the VoiceLogic platform until January 3, 2024, all DOCUMENTS and/or ESI reflecting each telephone number to which YOU placed DIALED CALLS through the VoiceLogic platform using the script identified in NRS000002.

In responding, YOU may omit telephone numbers that, at the time of YOUR calls, were associated with one of YOUR customers.

### REQUEST FOR PRODUCTION NO. 40

For the time period beginning on the earliest date for which YOU have DIALED CALL records from (or the earliest date of records which YOU can access, whichever is earlier) the VoiceLogic platform until January 3, 2024, whichever is later, until January 3, 2024, all DOCUMENTS and/or ESI reflecting each telephone number to which YOU placed DIALED CALLS through the VoiceLogic platform using the script heard in RWW0003 and RWW0005.

In responding, YOU may omit telephone numbers that, at the time of YOUR calls, were associated with one of YOUR customers.

### REQUEST FOR PRODUCTION NO. 41

For the time period beginning on the earliest date for which YOU have DIALED CALL records from (or the earliest date of records which YOU can access, whichever is earlier) the VoiceLogic platform until January 3, 2024, all DOCUMENTS and/or ESI and/or audio files contained on your VoiceLogic account, reflecting or containing audio that was, was intended to be, may have been, or could have been used on DIALED CALLS.

Docusign Envelope ID: 1E3241A93-1U0L4B5B33-37BU0EAF3AF14C6

**REQUEST FOR PRODUCTION NO. 42**

For the time period beginning on the earliest date for which YOU have DIALED CALL records from (or the earliest date of records which YOU can access, whichever is earlier) the VoiceLogic platform until January 3, 2024, whichever is later, until January 3, 2024, all DOCUMENTS and/or ESI reflecting each telephone number to which YOU placed DIALED CALLS through the VoiceLogic platform using any audio files identified and/or produced in response to the previous request.

In responding, YOU may omit telephone numbers that, at the time of YOUR calls, were associated with one of YOUR customers.

**REQUEST FOR PRODUCTION NO. 43**

All DOCUMENTS and/or ESI reflecting emails from any email address with a domain ending in "voicelogic.com" or containing the phrase "voice logic" or "voicelogic".

**REQUEST FOR PRODUCTION NO. 44**

All DOCUMENTS and/or ESI reflecting "daily reports" from VoiceLogic, as indicated in NRS000003.

**REQUEST FOR PRODUCTION NO. 45**

All DOCUMENTS and/or ESI reflecting payments made to VoiceLogic.

**REQUEST FOR PRODUCTION NO. 46**

All DOCUMENTS and/or ESI showing what services or products YOU used with VoiceLogic.

Dated: April 19, 2024

*/s/ Jeremy M. Glapion*_____
Jeremy M. Glapion
**THE GLAPION LAW FIRM, LLC**
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732.455.9737
Fax: 732.965.8006
jmg@glapionlaw.com

Docusign Envelope ID: 1232F8A5-1D0D-4D68-913F-B04E4F39A7A9

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| RASHAD WALSTON, on behalf of himself and all others similarly situated, | : | Case No. 1:23-cv-00083 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| NATIONAL RETAIL SOLUTIONS, INC. D/B/A NRS PAY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

_____/

**DEFENDANT'S RESPONSES TO
PLAINTIFF'S THIRD SET OF REQUESTS FOR ADMISSION**

Defendant National Retail Solutions, Inc. ("Defendant" or "NRS") under Federal Rules of Civil Procedure 26 and 36, hereby answers, objects, and otherwise responds to Plaintiff's Third Set of Requests for Admission (the "Request" individually, and collectively, the "Requests") as follows.

**GENERAL OBJECTIONS**

Defendant incorporates the General Objections in its Response to Plaintiff's First Set of Requests for Admission. Subject to those objections and without waiving same, Defendant hereby responds to the Requests as follows:

**REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 22**

ADMIT that the communications identified in paragraph 15 of docket entry 1 were ringless voicemails sent through the VoiceLogic platform.

**RESPONSE:**

Defendant objects to the Request on the ground that it asks Defendant to admit a fact based on information that is not within Defendant's possession, custody, or control. Specifically, Defendant doesn't have records identifying attempted communications to the subject number through the VoiceLogic platform before July 31, 2023.

Subject to and based on the foregoing objection, and by way of further response, Defendant states that, based on all information available to Defendant, all communications identified in paragraph 15 of docket entry 1 were ringless voicemails sent through the VoiceLogic platform.

**REQUEST FOR ADMISSION NO. 23**

ADMIT that YOU are not aware of any communications to the CELLULAR TELEPHONE NUMBER prior to October 19, 2023 from YOU or regarding NRS services that were made using something other than the VoiceLogic platform.

**RESPONSE:**

Defendant admits that it is not aware of any communications to the subject number prior to October 19, 2023 that were made using something other than the VoiceLogic platform.

DATED:　　　　May 17, 2024.

　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　*/s/ Ryan D. Watstein*
　　　　　　　　　　　　　　　Ryan D. Watstein (pro hac vice)
　　　　　　　　　　　　　　　ryan@wtlaw.com
　　　　　　　　　　　　　　　Patrick J. Fitzgerald (pro hac vice)
　　　　　　　　　　　　　　　pfitzgerald@wtlaw.com
　　　　　　　　　　　　　　　**WATSTEIN TEREPKA LLP**
　　　　　　　　　　　　　　　1055 Howell Mill Road, 8th Floor
　　　　　　　　　　　　　　　Atlanta, Georgia 30318
　　　　　　　　　　　　　　　Tel: (404) 782-9821
　　　　　　　　　　　　　　　Fax: (404) 537-1650

　　　　　　　　　　　　　　　Justin M. Penn, ARDC 6283726
　　　　　　　　　　　　　　　jpenn@hinshawlaw.com

2

HINSHAW & CULBERTSON LLP
151 North Franklin Street, Suite 2500
Chicago, Illinois 60606
Tel:  (312) 704-3000
*Counsel for Defendant*

Docusign Envelope ID: 1232...

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2024, I caused to be electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Ryan D. Watstein*
Ryan D. Watstein

Docusign Envelope ID: 1-252 DB93-1D01-490-833-D7B9E4F58A96

# EXHIBIT E

**From:** Jeremy Glapion <jmg@glapionlaw.com>
**Date:** Monday, June 10, 2024 at 9:15 PM
**To:** Patrick Fitzgerald <pfitzgerald@wtlaw.com>
**Cc:** Ryan Watstein <Ryan@wtlaw.com>, Jeffrey Brown <jeff@jgbrownlaw.com>
**Subject:** Re: Walston v. NRS - Letter Rogatory & Deposition of Diana Stern

[Warning – external]

I do not agree to any such extension given your complete and unilateral failure to respond to these timely, and your client's continued bad faith conduct in the litigation every time an extension is given. For example, you requested a week extension on these last week, only to now claim you're not producing anything until the Motion is resolved, despite the fact I was clear that I did not agree to a stay of discovery.

Please consider this as my Rule 37 request for a meet and confer this week. I am available Wednesday between 9 am eastern and 3:30p eastern, Thursday between noon and 2:30 eastern, and Friday between noon and 6 pm eastern.

Please also ensure that someone with the authority to address these issues is on the call. Ryan's failure to participate in the last Rule 37 call and your inability to act without Ryan's input was not in keeping with the spirit of Rule 37's meet and confer requirements.

Issues:

**Relevant to all and not separately addressed.**

- Please provide a date certain for production as required by the rules.

- In addition, you cannot unilaterally stay discovery pending a ruling on the Motion. Discovery has not been stayed. I did not agree to your request to a stay.

- For any responses you object on privilege grounds (including common interest privilege), please produce a privilege log.

- Discovery is not bifurcated and I am not required to limit my requests (nor can you unilaterally limit production) to class cert. The advisory committee notes specifically give the courts guidance on theoretically limiting discovery pre-cert. It did not do so here, nor did you request the same. Your wishful thinking as to what you want discovery to be is not binding on anyone.

- I am not sure why you keep objecting to the PRELITIGATION TIME PERIOD definition due to its references of the time period listed above. All of these requests have a time period listed of January 3, 2020 (see paragraph 2 of, e.g. second RFPs).

Docusign Envelope ID: 1232109X-LUYI-00083-37SUHEH3H3H3H9

- Your repeated objections because a request is not limited to ringless voicemails is not in good faith. I am entitled to discovery on *any* prerecorded calls made. You may disagree and think that my client's claims would not be typical of said claims, but you cannot unilaterally rule on your own belief. Raise it on class cert. Until then, I get discovery on prerecorded calls.

**Specifics:**

RFP 26 - Plaintiff is not required to define every term used. I am confident your client can determine the meaning of membership and enrollments. If not, please tell the magistrate you cannot when we make our motion. I also do not see how documents through which you authorized VoiceLogic to make calls on your behalf would be unduly burdensome to produce, and I do not imagine the Magistrate would either.

RFP 27 - It is still direct liability if you hired a third-party to make calls on your behalf. As such, an objection that "only direct liability" is pled is not a valid objection.

RFPs 28-30 - complete phone numbers *are* relevant because those telephone numbers are necessary to aid in 1) determining successful transmission and 2) the nature of the phone number. Your ability to find the source *is* relevant because it is your burden to show consent. Regarding allowing you to omit non-customer numbers and your claim you can't, that's fine. That part of the discovery request is phrased as a  "may" and if you can't, you can't. That is not a basis to withhold the uncurated list. In addition, claiming that it includes non-telemarketing authorizations, that is not for you to decide. The documents you produce and called for in these requests is necessary to determine who you told voicelogic to call and for what purpose you told voicelogic to call them.

RFPs 31-34 - documents pertaining to your use of ringless voicemails or when to play telemarketing calls will help determine when they were used for telemarketing. Saying "some of these might deal with non telemarketing" calls is nonsense. It's part of my case to prove telemarketing, and documents pertaining to when telemarketing and non telemarketing ringless voicemails would be used is clearly relevant.

RFP 37 - evidence of subsequent remedial measures (if this even qualifies as such) is not full stop inadmissible. In addition, what's relevant is *not* whether Plaintiff completed a form, but whether Plaintiff gave you consent.

RFP 38-42 - You cannot unilaterally hold information because it might contain information that "is not relevant to certification." First, it is your clients job to produce relevant information. Second, this case is not bifurcated, and I am not restricted to information only relevant to class certification. Regarding allowing you to omit non-customer numbers and your claim you can't, that's fine. That part of the discovery request is phrased as a  "may"

Docusign Envelope ID: 4E32-DB93-4D0C-90DD-D701CAF5F72D

and if you can't, you can't. Regarding the inclusion of landline telephone numbers, I am entitled to those numbers in order to ascertain which numbers belong to cell phones.

RFP 43-46 - it does not matter if the emails in your possession from a voicelogic.com domain were directed at you. Communications between you or of which you are in possession bear relevance on your relationship with voicelogic, which is relevant to the case. Discovery is also not limited to the propriety of class certification, and even if it were, these documents would contain information relevant to that.

Thank you.

Best,
Jeremy

▫

--

**Jeremy M. Glapion**
Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737

On Mon, Jun 10, 2024 at 8:30 PM, Patrick Fitzgerald <pfitzgerald@wtlaw.com> wrote:
Jeremy,
Here's NRS's response to the Second and Third RFPs.  As for the Third ROGs and Fourth RFPs, which are due Wednesday, can you agree to a one-week extension?
Pat
**Patrick J. Fitzgerald (bio)**
WATSTEIN TEREPKA LLP
P: (404) 400-3382
pfitzgerald@wtlaw.com
www.wtlaw.com

**From:** Patrick Fitzgerald <pfitzgerald@wtlaw.com>
**Date:** Friday, June 7, 2024 at 8:35 PM
**To:** Jeremy Glapion <jmg@glapionlaw.com>
**Cc:** Ryan Watstein <Ryan@wtlaw.com>, Jeffrey Brown <jeff@jgbrownlaw.com>
**Subject:** Re: Walston v. NRS - Letter Rogatory & Deposition of Diana Stern

Hi Jeremy,

Here are the revised discovery responses.  Regarding Diana's deposition date: We're still working with her to find dates that match our respective schedules.  We've got a trial in July that's making it difficult, but we expect the case may settle in mediation this upcoming Wednesday, which will open our availability.
Pat

**Patrick J. Fitzgerald (bio)**
WATSTEIN TEREPKA LLP
P: (404) 400-3382
pfitzgerald@wtlaw.com
www.wtlaw.com

**From:** Patrick Fitzgerald <pfitzgerald@wtlaw.com>
**Date:** Thursday, June 6, 2024 at 3:00 PM
**To:** Jeremy Glapion <jmg@glapionlaw.com>
**Cc:** Ryan Watstein <Ryan@wtlaw.com>, Jeffrey Brown <jeff@jgbrownlaw.com>
**Subject:** Re: Walston v. NRS - Letter Rogatory & Deposition of Diana Stern

Hi Jeremy,
We're looking into these points (and brushing up on the LR process) and will get back to you early next week.
Pat

**Patrick J. Fitzgerald (bio)**
WATSTEIN TEREPKA LLP
P: (404) 400-3382
pfitzgerald@wtlaw.com
www.wtlaw.com

**From:** Jeremy Glapion <jmg@glapionlaw.com>
**Date:** Wednesday, June 5, 2024 at 9:26 PM
**To:** Patrick Fitzgerald <pfitzgerald@wtlaw.com>
**Cc:** Ryan Watstein <Ryan@wtlaw.com>, Jeffrey Brown <jeff@jgbrownlaw.com>
**Subject:** Re: Walston v. NRS - Letter Rogatory & Deposition of Diana Stern

[Warning – external]

Hi Pat:

Re pre-motion conferral: I'd like to treat it as such. Honestly, this process is new to me, so I want to keep you all involved in the process as much as possible. My understanding of the process:

1. Motion asking the Court to issue a letter rogatory, which I will attach to the Motion. The letter asks the Canadian court to compel production of certain documents and deposition testimony. This is the part I'm asking about now. Is there an objection to this process?
2. The letter then gets filed in Ontario by Canadian counsel. They then fight it out on parameters/timing/limitations. It takes a few months, afaik.
3. I am not sure if my LR process allows you to piggyback on it or if you need to issue your own. For example, I'm not sure if you are able to take a deposition of a VoiceLogic witness simply because they're compelled to sit for a deposition by Plaintiff. I believe this has been fought elsewhere by foreign witnesses. Another issue is that the requester has to pay everything (including fees, etc) of the producing party/deponent. I have no desire to exclude you, but just flagging you may want to do some research into the process and mutuality of LR.

Happy to hop on a call to discuss further.


▪

--

**Jeremy M. Glapion**

Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737


On Wed, Jun 05, 2024 at 9:05 PM, Patrick Fitzgerald <pfitzgerald@wtlaw.com> wrote:
Hi Jeremy,

1. Regarding the letters rogatory: Reserving our right to object, we don't oppose your starting the letters rogatory process.  Just to clarify: Is this a pre-motion conferral?
2. We followed up with Diana and will have dates ASAP this week.

Pat


Patrick J. Fitzgerald (bio)
WATSTEIN TEREPKA LLP
P: (404) 400-3382
pfitzgerald@wtlaw.com
www.wtlaw.com


**From:** Jeremy Glapion <jmg@glapionlaw.com>
**Date:** Tuesday, June 4, 2024 at 2:34 PM
**To:** Patrick Fitzgerald <pfitzgerald@wtlaw.com>, Ryan Watstein <Ryan@wtlaw.com>

**Cc:** Jeffrey Brown <[jeff@jgbrownlaw.com](mailto:jeff@jgbrownlaw.com)>
**Subject:** Walston v. NRS - Letter Rogatory & Deposition of Diana Stern

[Warning – external]

Counsel:

I hope you're well.

1. Within the next couple of weeks, I intend to ask the Court to issue a letter of request to the appropriate judicial authorities in Canada compelling VoiceLogic to produce documents (e.g. call logs, files, lists of numbers, emails, recordings, etc) associated with the campaigns your client ran through VoiceLogic, as well as to provide deposition testimony. Please advise whether your client intends to contest this process, setting aside any objections it may have to the requested documents themselves.

2. Do you have an update on Diana Stern's deposition availability, as requested on May 13?

--

**Jeremy M. Glapion**
Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737

Docusign Envelope ID: 1232E35A9-1D01-4B08-A13-B9DE4F3B8790

# EXHIBIT F

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| RASHAD WALSTON, on behalf of himself and all others similarly situated, | : | Case No. 1:23-cv-00083 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| NATIONAL RETAIL SOLUTIONS, INC. D/B/A NRS PAY, | : | |
| | : | |
| Defendant. | : | |

_____/

**DEFENDANT'S RESPONSES TO
PLAINTIFF'S FIFTH SET OF REQUESTS FOR PRODUCTION**

Defendant National Retail Solutions, Inc. ("Defendant" or "NRS") under Federal Rules of Civil Procedure 26 and 34, hereby answers, objects, and otherwise responds to Plaintiff's Fifth Set of Requests for Production (the "Request" individually, and collectively, the "Requests") as follows:

Defendant incorporates the General Objections stated in response to Plaintiff's First Set of Requests for Production. Plaintiff's Requests are similarly improper for several threshold reasons.

1.      Many Requests are improper because they seek documents possessed by persons other than Defendant, including by incorporating Plaintiff's definition of "YOU" and "YOUR." For example, Plaintiff's definition includes "contractors" and "fiduciaries," which Defendant has no control over. Defendant responds to these Requests on behalf of NRS alone.

2.      The Requests are improper to the extent they prematurely solicit information relevant to the merits of the putative class's potential claims against Defendant. For example, the Requests that ask Defendant for communications to putative class members. No class has been certified and thus discovery is limited to matters relevant to whether certification is appropriate.

*See* Fed. R. Civ. P. 23 (2003 Adv. Cmte. Notes). Defendant objects to the making a production beyond what the Court needs to make an informed decision on class certification.

 3. Defendant begin producing the discoverable records, as described below, by the week of July 29, 2024.

 Subject to the foregoing threshold issues, Defendant hereby responds to the Requests as follows:

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 53

 For each telephone number YOU PROVIDED to VoiceLogic to facilitate or enable VoiceLogic DIALED CALLS to said telephone number, all DOCUMENTS and/or ESI YOU contend is sufficient to qualify as consent to place DIALED CALLS to that telephone number.

 **RESPONSE:**

 Defendant objects to this Request because it seeks documents protected from discovery under the attorney–client privilege, the work product doctrine, or any other privilege recognized by law. For example, "[a]ll DOCUMENTS" here may include Defendant's communications with its counsel related to its consent to send communications to the numbers in question. Defendant will not produce such information (and is withholding documents based on this objection).

 Defendant references and incorporates its objection to the term "YOU," as set forth above. The term is particularly objectionable because the Request includes conduct by third parties who may have provided phone numbers to VoiceLogic. The Requests is likewise objectionable because it seeks documents that are not in Defendant's possession, custody, or control.

Defendant objects to the Request as vague and ambiguous as to its use of undefined terms, like "facilitate" and "enable," forcing Defendant to speculate about the documents responsive to this Request.

Defendant objects to this Request because it is overly broad, unduly burdensome, and seeks documents that are irrelevant and immaterial to the subject matter of the pending litigation. The Request includes records related to communications unlike the ones described in Plaintiff's class (as defined by the Amended Complaint). Defendant is withholding documents based on this objection.

Defendant objects to this Request to the extent it improperly and prematurely solicits information relevant to the merits of the putative class's potential claims against Defendant. No class has been certified and thus discovery is limited to matters relevant to whether certification is appropriate. *See* Fed. R. Civ. P. 23 (2003 Adv. Cmte. Notes). Defendant objects to producing documents beyond what the Court needs to make an informed decision on class certification and is withholding documents based on that objection.

Other than the documents that Defendant has objected to producing and identified that it is withholding documents on that basis, Defendant will produce discoverable responsive documents within its possession.

**REQUEST FOR PRODUCTION NO. 54**

For each telephone number YOU PROVIDED to VoiceLogic to facilitate or enable VoiceLogic to make DIALED CALLS using a PRERECORDED or ARTIFICIAL VOICE to said telephone number, all DOCUMENTS and/or ESI YOU contend is sufficient to qualify as consent to place DIALED CALLS using a PRERECORDED or ARTIFICIAL VOICE to that telephone number.

3

DATED: July 15, 2024.

Respectfully submitted,

*/s/ Ryan D. Watstein*
Ryan D. Watstein (pro hac vice)
ryan@wtlaw.com
Patrick J. Fitzgerald (pro hac vice)
pfitzgerald@wtlaw.com
**WATSTEIN TEREPKA LLP**
1055 Howell Mill Road, 8th Floor
Atlanta, Georgia 30318
Tel: (404) 782-9821
Fax: (404) 537-1650

Justin M. Penn, ARDC 6283726
jpenn@hinshawlaw.com
**HINSHAW & CULBERTSON LLP**
151 North Franklin Street, Suite 2500
Chicago, Illinois 60606
Tel: (312) 704-3000

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2024, I a true and correct copy of the foregoing to be serve via email upon to all counsel of record.

*/s/ Ryan D. Watstein*
Ryan D. Watstein