**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **RASHAD WALSTON,** on behalf of himself and all others similarly situated,<br><br>**Plaintiff,**<br>v.<br><br>**NATIONAL RETAIL SOLUTIONS, INC. D/B/A NRS PAY,**<br><br>Defendant. | Civil Case No.: 24-cv-83<br><br>District Judge: Hon. Sunil R. Harjani<br>Magistrate Judge: Jeffrey T. Gilbert |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO MODIFY SCHEDULING ORDER (RESET PLEADING DEADLINE)**

Plaintiff submits this short reply to correct and clarify a few points.

First, Defendant claims it would be unfair to force it to "surrender" the protection of the amended pleading deadline. If such protection is surrendered, it is because Defendant waited *four months* to supplement its 31-page "complete" production from April 19 with over 500 indisputably relevant pages of documents that it knew about for months. If such production is surrendered, it is because Defendant failed—to this day—to produce the campaign reports that it *actively reviewed* and knew were relevant and responsive to Plaintiff's First Set of Requests for Productions well before the amendment deadline.[1] It is disingenuous to argue otherwise. Plaintiff served discovery requests tailored to elicit a wide array of information related to both Plaintiff and the putative class that would orient the direction of this case and amendments. Plaintiff knew discovery was

---

[1] Based on subsequent discussion, it appears Defendant no longer has these records. The Parties are hoping VoiceLogic's records can prevent this from becoming a bigger issue.

1

ongoing, but Plaintiff also thought that when Defendant represented that production responsive to the First Set of Production was complete, that production responsive to the First Set of Production was at least substantially complete.

Second, on this point, Defendant *unequivocally* represented that production was complete. Plaintiff's counsel stated explicitly, regarding the 31 pages, "[i]f that is not the complete production, then I need to know when that complete production, absent necessary supplementation, will occur." Defendant's counsel Watstein responded, "[t]hat is our complete production, so today is that day."[2]

Third, regarding Mr. Heeringa's representations about consent: Defendant had maintained from the beginning that it lacked evidence of Plaintiff's consent or source of his telephone number. Plaintiff's drafted his complaint and amended complaint accordingly. If Defendant *had* proof of this consent and sat on it, it would have impacted how Plaintiff pleaded his complaint. And had Mr. Heeringa (or anyone else) said, before the deadline, "hold on, we have consent," Plaintiff would have sought to move the deadline to explore this further.

In the end, however, Defendant is not *wrong* to say that Plaintiff could alleviate much of this by moving to amend under Rules 16 *and* 15; it just seems incredibly inefficient considering the issues with pre-deadline discovery, the developments of post-deadline discovery, and the stage of discovery. Discovery was in its infancy then, and, while the

---

[2] Unfortunately, this is "he said, he said", but for what it's worth, Plaintiff's counsel recalls this specifically from notes of the call and due to the phrasing of the "today is that day" response, which, for whatever reason, Plaintiff's counsel enjoyed.

Parties are making progress, it remains in its infancy now. Between now and September 24. Plaintiff anticipates potentially hundreds or thousands of additional pages of production, in unknown "chunks" and at unknown intervals entirely in Defendant's control. Is Plaintiff on the clock to move to amend after each "chunk" to preserve diligence?

Take, for example, the August 19 deposition of Diana Stern. Plaintiff could move (and show good faith) to amend based on this deposition. Ms. Stern testified that *all* of Defendant's ringless campaigns were marketing, thereby making it unnecessary for Plaintiff to limit his class definition to ringless messaging campaigns containing known marketing phrases. Is Plaintiff "on the clock" to do so now to preserve diligence, despite anticipated forthcoming production that will likely bear on this same question and many others?

Defendant argues that the answer is yes and that it believes this to be the correct outcome. Plaintiff agrees that under the current schedule, the clock is ticking (or will be upon resolution of this Motion) to amend based on Ms. Stern's testimony, but that this approach leads to inefficient and incomplete amendments and Motion practice[3]. Plaintiff respectfully submits that the proposed reset of the amendment deadline to September 30th avoids these issues with no prejudice to Defendant.

---

[3] The timing of this Motion practice would also raise some logistical questions. Consider a situation where, in early September, Plaintiff seeks leave to amend based on Diana Stern's testimony. The Court sets a briefing schedule for an opposition and reply. Before Defendant's response is due, Defendant continues its rolling production, which addresses other items that warrant amendment. How and when does Plaintiff move for leave to amend?

| | |
|---|---|
| Dated: August 27, 2024 | s/ Jeremy M. Glapion |
| | Jeremy M. Glapion |
| | The Glapion Law Firm, LLC |
| | 1704 Maxwell Drive |
| | Wall, New Jersey 07719 |
| | Tel: 732-455-9737 |
| | Fax: 732-965-8006 |
| | jmg@glapionlaw.com |
| | |
| | Counsel for Plaintiff and the Putative Classes |

## CERTIFICATION OF SERVICE

I hereby certify that on August 27, 2024, I filed the foregoing document using the CM/ECF system which will send notice of electronic filing to all counsel of record.

s/ Jeremy M. Glapion

4