**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **RASHAD WALSTON,** on behalf of himself and all others similarly situated,<br><br>**Plaintiff,**<br><br>v.<br><br>**NATIONAL RETAIL SOLUTIONS, INC. D/B/A NRS PAY,**<br><br>**Defendant.** | Civil Case No.: 24-cv-83<br><br>District Judge: Hon. Sunil R. Harjani<br>Magistrate Judge: Jeffrey T. Gilbert |

## **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR ORAL ARGUMENT**

Defendant's baseless and incendiary allegation of "recent misconduct" by Plaintiff's counsel is made with neither substantiation nor relevance to the request for oral argument. "Sadly, the line between the zealous and the irresponsible has been crossed." *United States v. Shyne*, 2007 U.S. Dist. LEXIS 26994, *69 (S.D.N.Y. Apr. 4, 2007) Allegations of misconduct, "even when rejected by a court", may cast "residual doubt" on the character of the accused attorney. *Id.*

Worse still, this attack is entirely gratuitous. Defendant does not explain its relevance to the need for oral argument, claiming only that it will be the subject to future Motion practice (likely before Judge Harjani). In addition, Defendant has already addressed this purported "misconduct" in its opposition. [Dkt. 56, pp. 10-11.] Plaintiff responded. [Dkt. 57, pp. 9.] In total, the Parties have spent over 30 pages briefing the Motion. Nothing more needs to be said, and even if it did, why wait three weeks?

1

Defendant just wants to delay. Unhappy with Judge Harjani's modification of the amended pleading deadline to September 30 over its objections, Dkt. 55—a date Plaintiff chose based on Defendant's representations that it would complete rolling production on or before September 14[1]—Defendant now wants to push everything to October, depriving Plaintiff of discovery necessary to amend the pleadings thoroughly.

The Court should not only deny Defendant's Motion but strike it from the docket to cure the risk that its entirely baseless accusation of "misconduct" is not allowed to taint Plaintiff's counsel's reputation.

Dated: September 16, 2024

s/ Jeremy M. Glapion
Jeremy M. Glapion
The Glapion Law Firm, LLC
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732-455-9737
Fax: 732-965-8006
jmg@glapionlaw.com

Counsel for Plaintiff and the Putative Class

### CERTIFICATION OF SERVICE

I hereby certify that on September 16, 2024, I filed the foregoing document using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

s/ Jeremy M. Glapion

---

[1] Conveniently, Defendant's September 14 rolling production completion also seems to have slipped, despite reassurances in the August 28 status report. [Dkt. 54.] Only two documents have been produced since July 31 and, when asked today about the timing of the outstanding production, Defendant was unable to provide an estimate.