IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RASHAD WALSTON, on behalf of himself and all others similarly situated, | : : : : | Case No. 1:24-cv-00083 |
| Plaintiff, | : : | |
| v. | : : : | |
| NATIONAL RETAIL SOLUTIONS, INC. D/B/A NRS PAY, | : : : | |
| Defendant. | : : | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR ORAL ARGUMENT**

National Retail Solutions, Inc. ("NRS") filed a one-page motion for oral argument for a simple reason: To ask the Court to hear argument with *all* the relevant facts, including those related to Plaintiff's engagement letter that NRS will detail in a forthcoming filing. Plaintiff opposed NRS's motion the same day, characterizing it as a delay tactic and contending in one breath that the arguments were vague but arguing in the next that it should be stricken because allegations of misconduct are serious. Plaintiff's arguments miss their mark and the Court should grant NRS's motion for oral argument.

First, the Court should hear argument on Plaintiff counsel's alleged misconduct before deciding whether to require NRS to produce the unredacted phone numbers, which Plaintiff admittedly plans to use to contact putative class members. As explained in NRS's opposition to the motion to compel, Plaintiff's counsel employed engagement terms preventing his client from settling on an individual basis to purportedly stop defendants from "buy[ing] their way out of pre-certification class actions." ECF No. 57-1 ¶ 18; *Compton v. Kittleson*, 171 P.3d 172, 176-79 (Alaska 2007) (collecting cases finding similar restrictions on client's right to settle

improper). Based on Plaintiff counsel's stated desire to avoid an individual settlement, NRS is justifiably concerned that he will solicit putative class members to avoid that outcome.

While Plaintiff takes issue with NRS failing to fully address this concern in response to his Motion to Compel, Plaintiff didn't even disclose the fully unredacted engagement letter until August 21, 2024. NRS takes these allegations seriously, so it needed time to consult an ethics expert to assess how the newly revealed terms, including a cap on his client's recovery, impact adequacy under Rule 23.

Second, NRS isn't trying to delay Plaintiff's preparation of an amended complaint in the least. Resolving the motion to compel, including whether the Court decides to hold oral argument, does not affect Plaintiff's ability to prepare an amended complaint. Before yesterday, Plaintiff *never even said* that he needed unreacted numbers to assess and prepare an amended complaint. That's because he doesn't—the two things have nothing to do with one another.

Nor is NRS delaying its rolling production, as Plaintiff falsely asserts. NRS has reviewed nearly *9,000 files* for responsiveness since the August 28, 2024 status report, even including search terms that Plaintiff didn't identify in his requests for production to confirm that its production was complete. Plaintiff's assertion that NRS produced only "two documents" is also too clever by half. Plaintiff omits that those documents alone contain *696 pages of data.*

NRS's concerns of misconduct and improper solicitation are well founded. Its request for oral argument likewise has no bearing on Plaintiff's deadline to amend. The Court should therefore grant the motion and hold oral argument on Plaintiff's motion to compel.

DATED:   September 17, 2024.

Respectfully submitted,

/s/ Ryan D. Watstein
Ryan D. Watstein (*admitted pro hac vice*)
ryan@wtlaw.com
Patrick J. Fitzgerald (*admitted pro hac vice*)
pfitzgerald@wtlaw.com
**WATSTEIN TEREPKA LLP**
1055 Howell Mill Road, 8th Floor
Atlanta, Georgia 30318
Tel: (404) 782-9821
Fax: (404) 537-1650

Justin M. Penn, ARDC 6283726
jpenn@hinshawlaw.com
**HINSHAW & CULBERTSON LLP**
151 North Franklin Street, Suite 2500
Chicago, Illinois 60606
Tel:  (312) 704-3000

*Counsel for Defendant*

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2024, I caused to be electronically filed a true and correct copy of the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Patrick J. Fitzgerald*
Patrick J. Fitzgerald
