## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RASHAD WALSTON,** on behalf of himself and all others similarly situated,<br><br>      **Plaintiff,**<br><br>  v.<br><br>**NATIONAL RETAIL SOLUTIONS, INC. D/B/A NRS PAY,**<br><br>      Defendant. | Civil Case No.: 24-cv-83<br><br>District Judge: Hon. Sunil R. Harjani<br>Magistrate Judge: Jeffrey T. Gilbert |

### PLAINTIFF'S EMERGENCY MOTION FOR PROTECTIVE ORDER

Rashad Walston ("Plaintiff") through his undersigned counsel, hereby seeks a Protective Order from the Court requiring Defendant to file under seal any Motion accusing Plaintiff's counsel of misconduct or ethics breaches. In support thereof, Plaintiff states the following:

1. On September 6, 2024, Defendant filed an opposition to Plaintiff's Motion to Compel Production of Unredacted Telephone Numbers (pending before Judge Gilbert), in which it accused Plaintiff's counsel of "exerting improper control over this case" and "forc[ing]" his client to sign a retainer agreement. [Dkt. 56, p. 11.]

2. Subsequently, on September 16, 2024, Defendant filed a Motion for Oral Argument, in which it accused Plaintiff counsel of "recent misconduct", and indicated it would file a Motion by October 4 detailing this misconduct. [Dkt. 58.]

3. In an opposition that same day, Plaintiff asked that the Motion for Oral Argument be stricken from the docket to "cure the risk that its entirely baseless accusation

of misconduct" harms Plaintiff's counsel's reputation. [Dkt. 59, p. 2.]

4. On October 2, the Court indicated that it had taken Defendant's Motion for Oral Argument under advisement. [Dkt. 62.]

5. Plaintiff understands that Defendant's forthcoming Motion will focus on terms in Plaintiff's representation agreements as briefly outlined above.

6. While there has been no misconduct, Plaintiff and his counsel have spent the last two weeks attempting to work with Defendant's counsel in good faith to cure Defendant's perceived issues with the agreements.

7. Nevertheless, Defendant appears determined to move forward on or before October 4.

8. Though Plaintiff is not concerned with the merits of Defendant's Motion, and will vigorously defend against any accusations of misconduct by Plaintiff or Plaintiff's counsel, Plaintiff is concerned that Defendant's allegations of misconduct, "even when rejected by a court", cast "residual doubt" on counsel's character. *United States v. Shyne*, 2007 U.S. Dist. LEXIS 26994, *69 (S.D.N.Y. Apr. 4, 2007).

9. Accordingly, Plaintiff respectfully asks that the Court order 1) Defendant's Motion be filed under seal, without reference in the docket entry to misconduct; 2) subsequent briefing related to the Motion be filed under seal; and 3) the Motion and related briefing remain sealed until the Motion is granted or, if denied, until a decision on any briefing as to whether it should be stricken from the docket.

10. I emailed Defendant's counsel asking if it would consent to filing the Motion under seal on October 3 at 11:38 central, but I have not yet heard back.

**Dated:** October 3, 2024

s/ Jeremy M. Glapion_____
Jeremy M. Glapion (NJ Bar: 145972015)
**THE GLAPION LAW FIRM, LLC**
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732.455.9737
Fax: 732.965.8006
jmg@glapionlaw.com