IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RASHAD WALSTON, on behalf of himself and all others similarly situated, | : | Case No. 1:24-cv-00083 |
| Plaintiff, | : | |
| v. | : | |
| NATIONAL RETAIL SOLUTIONS, INC. D/B/A NRS PAY, | : | |
| Defendant. | : | |

**NRS'S OPPOSITION TO PLAINTIFF'S**
**EMERGENCY MOTION FOR PROTECTIVE ORDER**

Plaintiff Rashad Walston initiated this putative class action, asking to be named as class representative and his lawyer appointed as class counsel. By doing so, Plaintiff and his lawyer agreed to bear the burden of establishing their adequacy to represent the proposed class and placed squarely at issue conduct that bears on Rule 23's adequacy requirement. On the evening before Defendant NRS was to file its motion to deny class certification, which explains how Plaintiff and counsel are inadequate, Plaintiff moved to preemptively seal NRS's entire motion. Plaintiff's motion seeks the extraordinary relief of shielding from public view all discussion of an element of his Rule 23 burden because his counsel speculates that he won't like what NRS's motion says. Plaintiff's motion is meritless and the Court must deny it, under binding authority.

Initially, Plaintiff hasn't shown good cause. Plaintiff's counsel vaguely speculates about the impact that NRS addressing the terms in the four engagement letters he chose to employ (and then repeatedly amended only after NRS identified patent ethical issues) will have on his reputation. Litigation inherently involves allegations of wrongdoing that one

party typically disputes and may find embarrassing. But that doesn't mean the allegations are kept secret. Plaintiff's counsel chose to employ the terms in question in a putative class action, knowing he would need to establish that he could be trusted to represent the interests of the proposed class. He cannot now demand that NRS refrain from publicly analyzing the impact of those terms on his adequacy.

Plaintiff's reasoning would convert every Rule 23 analysis into a confidential proceeding. Seventh Circuit authority squarely precludes that outcome, with the Court repeatedly holding that the impact information has on an attorney's reputation does *not* justify filing it under seal—even where the attorney doesn't bear the burden of proving adequacy.

The public interest in NRS's forthcoming motion also vastly outweighs Plaintiff counsel's reputational concerns, independently dooming Plaintiff's false emergency request. NRS's motion details the ethical implications of engagement letters that put Plaintiff's counsel in control of his client's claims in a consumer class action. Engagement letters are often not discoverable, so such misconduct is rarely detected, and even more rarely litigated. A public discussion will inform consumers and attorneys about their respective rights and obligations when they seek to represent a class and deter similar conduct.

Finally, that counsel waited two weeks to raise this issue, until what he knew was the evening before NRS's anticipated filing, further weighs against granting this extraordinary relief. The Court should not reward Plaintiff for his opportunistic timing, which he used to delay resolution of the important issues in NRS's forthcoming motion while he continued to press forward with burdensome and expensive discovery.

A.      **Plaintiff Hasn't Shown Good Cause to Seal the Motion.**

Plaintiff hasn't shown good cause to seal all briefing related to NRS's forthcoming motion. "Information that affects the disposition of litigation belongs in the public record unless a statute or privilege justifies nondisclosure." *United States v. Foster*, 564 F.3d 852, 853 (7th Cir.2009); *In re Bank One Securities Litig.*, 222 F.R.D. 582, 585 (N.D. Ill. 2004) ("There is a strong presumption toward public disclosure of court files and documents[.]") (citing *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 603 (1982)). A party moving to seal court filings bears the burden of establishing good cause, which entails "a particular and specific demonstration of fact [identifying the privacy interest.]" *In re Bank*, 222 F.R.D. at 586. The party must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 548 (7th Cir. 2002).

Here, Plaintiff falls far short of establishing good cause for the extraordinary relief he seeks. Plaintiff maintains (at ¶¶ 5, 8) that NRS's mere discussion of the terms in the engagement letters his lawyer chose to employ will cast "residual doubt" on his lawyer's character. But professional embarrassment doesn't establish good cause to seal, under binding authority. *United States v. Foster*, 564 F.3d 852, 855 (7th Cir. 2009) (refusing to seal records out of concern of harm to counsel's professional reputation); *see also Mitze v. Saul*, 968 F.3d 689, 692 (7th Cir. 2020) (embarrassing facts do not justify sealing court records). And neither of these cases was even a putative class action, where counsel puts their reputation at issue by filing the case. *See id*; *Foster* 564. F.3d at 855; Fed. R. Civ. P. 23 (requiring plaintiff and counsel to prove adequacy).

3

If Plaintiff's counsel was concerned how the terms of the engagement letters would impact his reputation, he should not have employed those terms in the first place. What's more, Plaintiff doesn't even identify the facts he is concerned about, separately failing the Seventh Circuit's specificity requirement. *Baxter*, 297 F.3d at 548 (requiring parties identify the exact information that want to seal). In other words, Plaintiff doubly fails to show the good cause required for the extraordinary relief he requests.

*United States v. Shyne*, 2007 WL 1075035, at *21 (S.D.N.Y. Apr. 5, 2007), the only case Plaintiff cites in support of the motion, doesn't support sealing the motion. Rather than sealing the allegations of misconduct, the court in that case affirmatively found that the accused lawyer did not violate any ethical rules. *Id.* at *21. And unlike the AUSA in *Shyne*, Plaintiff's counsel agreed to put his integrity at issue by initiating a putative class action. Plaintiff's counsel has an affirmative obligation to address the exact concerns and rebut the "residual doubt" that NRS intends to address in its motion—including with cases holding terms less draconian than those employed by Plaintiff's counsel violated applicable ethics rules. Fed. R. Civ. P. 23(a), (g); *Reliable Money Ord., Inc. v. McKnight Sales Co.*, 704 F.3d 489, 498 (7th Cir. 2013) (misconduct and ethical breaches are relevant to adequacy).

Were the Court to find that the reputational concerns Plaintiff identified are sufficient to show good cause, Rule 23 analyses would be litigated under seal. So would any proceeding in which one lawyer says he or she doesn't like what the other party might argue in an impending filing. Seventh Circuit authority precludes that absurd outcome.

  B.  **The Public Interest in the Motion Outweighs Any Privacy Concern.**

While Plaintiff's failure to show good cause is dispositive, the public interest in the forthcoming motion also outweighs any privacy interest. To that end, even after a party

4

shows good cause, the court must still "balance the public's interest in access to the record against the interest of the party seeking confidentiality[.]" *In re Bank*, 222 F.R.D. at 586. In balancing the privacy interest against public access, litigation "should be conducted in public to the maximum extent consistent with respecting trade secrets and other facts that should be held in confidence." *Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 367 F. Supp. 3d 813, 816 (N.D. Ill. 2019) (criticizing party for redacting large parts of its brief). Sealing an entire brief is rarely, if ever, appropriate. *See, e.g.*, *Union Oil Co. of Ca. v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000) (refusing to seal appellate briefs); *United Cent. Bank v. Kanan Fashions, Inc.*, 2010 WL 11883752, at *3 (N.D. Ill. Dec. 17, 2010) ("[P]leadings in their entirety are not be to filed under seal.").

Here, NRS's forthcoming motion raises serious concerns about Plaintiff and his counsel's adequacy to represent the putative class. For months, Plaintiff's counsel employed terms in his engagement agreements that improperly seized control of his client's claims and the power to settle them. Analyzing those terms and the impact they have on the integrity of consumer class actions will have far-reaching implications. *Reliable Money*, 704 F.3d at 498 (misconduct jeopardizing integrity of judicial proceedings warrants denying certification on adequacy grounds). Other attorneys employ similar restrictions and, because of the heightened standard for discovering engagement letters, often do so undetected. *Blaise v. Transworld Sys.*, 2022 WL 3026946, *3 (N.D. Ill. Aug. 1, 2022) (describing heightened standard for discovering engagement letters). In this manner, they surreptitiously create attorney-controlled class actions where the attorneys can recover upwards of 90% of a settlement.

5

Consumers are entitled to know their rights so they can avoid these unethical terms and attorneys need to know that such unethical behavior will not be tolerated. The idea that Plaintiff's counsel wants to keep this information out of public view underscores its need to be fully public.

### C. Plaintiff's Motion Does Not Present An Emergency Or Warrant Emergency Relief

Finally, Plaintiff's motion is not a proper emergency motion. An emergency motion "must arise from an *unforeseen* circumstance that arises suddenly and unexpectedly[.]" Judge Gilbert, Case Procedures, Emergency Motion (emphasis added). Emergency relief is not warranted where "the plaintiff has brought the emergency on himself." *Morgan v. White*, 964 F.3d 649, 652 (7th Cir. 2020).

That is exactly the case here. Plaintiff acknowledges (at ¶ 2) he has known about NRS's forthcoming motion to deny class certification on adequacy grounds since September 16. NRS told Plaintiff on September 19 that he couldn't cure the adequacy issues NRS intends to raise by amending the engagement letter and that NRS was moving forward with the motion. Nevertheless, Plaintiff waited two weeks before asking this Court to seal the forthcoming motion, putting NRS in the untenable position of filing the motion under a provisional seal or resolving Plaintiff's manufactured emergency request first. The Court should not reward Plaintiff for his opportunistic timing, particularly given that Plaintiff has used the delay in NRS getting its motion filed and heard to press for additional discovery, including of two ill witnesses, and to impose further expense on NRS.

## CONCLUSION

Plaintiff and his lawyer put their adequacy at issue by filing a putative class action. They cannot now claim NRS should be prohibited from publicly challenging their adequacy,

6

which they ultimately bear the burden to prove, because they speculate that they won't like what NRS has to say. Most parties and their lawyers don't like what the other side has to say. But that gives them no right to insist such statements remain private. The Court should deny Plaintiff's motion for a protective order for all the independent reasons explained above.

DATED: October 8, 2024.

Respectfully submitted,

/s/ Ryan D. Watstein
Ryan D. Watstein (*admitted pro hac vice*)
ryan@wtlaw.com
Patrick J. Fitzgerald (*admitted pro hac vice*)
pfitzgerald@wtlaw.com
**WATSTEIN TEREPKA LLP**
1055 Howell Mill Road, 8th Floor
Atlanta, Georgia 30318
Tel: (404) 782-9821
Fax: (404) 537-1650

Justin M. Penn, ARDC 6283726
jpenn@hinshawlaw.com
**HINSHAW & CULBERTSON LLP**
151 North Franklin Street, Suite 2500
Chicago, Illinois 60606
Tel: (312) 704-3000

*Counsel for Defendant*

7

## CERTIFICATE OF SERVICE

      I hereby certify that on October 9, 2024, I caused to be electronically filed a true and correct copy of the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                                                          */s/ Patrick J. Fitzgerald*
                                                          Patrick J. Fitzgerald