UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RASHAD WALSTON,** on behalf of himself and all others similarly situated,<br><br>**Plaintiff,**<br>v.<br><br>**NATIONAL RETAIL SOLUTIONS, INC. D/B/A NRS PAY,**<br><br>Defendant. | Civil Case No.: 24-cv-83<br><br>District Judge: Hon. Sunil R. Harjani<br>Magistrate Judge: Jeffrey T. Gilbert |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

Despite the Court's order requiring "any motion relating to Plaintiff's counsel and his representation of Plaintiff in this case" to be filed under seal "until further order of court", Defendant utilizes its opposition to preview some of the same frivolous allegations that Plaintiff and counsel sought to keep, at least temporarily, confidential. In other words, Defendant has already violated the spirit of this Court's order.

But that is the point. Defendant knows it will not prevail on the merits of its forthcoming Motion. It has tried (and failed) this same stunt elsewhere. *See Sliwa v. Bright House Networks, LLC*, 333 F.R.D. 255, 276 (M.D. Fla. 2019). Instead, the publicity is the means *and* the end. Defendant's goal is to punish Plaintiff and his counsel for Plaintiff having the audacity to tell Defendant "no" when it sought to buy Plaintiff's individual silence.

This also explains why Defendant refused to file its Motion when the Court required

1

it to be filed under seal temporarily. Defendant blames Plaintiff for this, arguing that Plaintiff waited until the day before Defendant's Motion to request that it be filed under seal. But Defendant does not even attempt to explain why this timing prevented it from filing its Motion.

The reality is that Defendant's purported desire to address Plaintiff's counsel's "misconduct" yielded to Defendant's desire to do so publicly.

Defendant also omits that on September 20, Plaintiff made a last-ditch effort to resolve the dispute, to which Defendant responded on September 23 that it was disinclined to the approach but would follow up. It never did.

As Your Honor's procedures on Confidentiality Orders explain, the "Court generally will not approve the filing of entire pleadings or briefs under seal." *Citing Pepsico, Inc. v. Redmond*, 46 F.3d 29 (8th Cir. 1995) and *In the Matter of Grand Jury*, 983 F.2d 74 (7th Cir. 1992). Rightfully so, because "[t]he general rule is that the record of a judicial proceeding is public." *Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002). This general rule, however, is a rebuttable "strong presumption" that can give way to a "compelling interest in secrecy." *Id.* And though Defendant claims that "Plaintiff's Motion is meritless and the Court must deny it, under binding authority", it also acknowledges that court filings can be sealed on a showing of good cause.

If Plaintiff and his counsel were simply concerned about having their Rule 23 adequacy questioned in good faith, it would be difficult to show good cause. But Defendant's counsel has a history of overly aggressive litigation and actions constituting

2

a "threat to the orderly administration of justice". *Fox v. Ritz-Carlton Hotel Company, LLC*, 2023 WL 2866249, *2 (S.D. Fla. Mar. 8, 2023).

In *Fox*, Attorney Watstein and his then-firm were accused of hiring, years into the case, local counsel with ties to the presiding Magistrate Judge for the sole purpose of forcing that Magistrate Judge's recusal. *Id.* Though the *Fox* court did not definitively rule on Defendant's counsel's motives, it took the remarkable step of disqualifying the local counsel, explaining that "[a]ttempts to manipulate the random assignment of judges … or the creation of an appearance of impropriety resulting in a judge's recusal clearly constitute a threat to the orderly administration of justice." *Id.* at 2.

In fact, this is now Attorney Watstein's fourth distinct case *since March 2023* where courts and/or respected litigators have questioned his or his clients' approach to litigation. In the second, in August 2023, Magistrate Judge William Matthewman of the Southern District of Florida wrote:

> The Court frankly cannot fathom how a simple TCPA case like this can engender such animosity between the parties' counsel. It is not how the practice of law is supposed to be and perhaps in the future—in other cases where [Johnson's counsel] and Mr. Watstein oppose one another—counsel will seriously consider the words of the Introductory Statement to our Local Rules.

*Johnson v. Medigap Life, LLC*, 2023 WL 5619305, *7 (S.D. Fla. Aug. 31, 2023).

And in the third, one of the most respected consumer litigators in the country accused Attorney Watstein's client of "haphazardly lev[ying] serious and consequential" allegations against the plaintiff's counsel and "engag[ing] in questionable tactics … in an attempt to persuade Plaintiff to voluntarily dismiss his lawsuit." *Williams v. Fleetcor Tech.*

3

*Inc.*, 23-cv-1950, Dkt. 16, p. 15 (N.D. Ga. Sep. 12, 2023). These claims are eerily similar to Defendant's counsel's conduct and the concerns raised here.

While past[1] is not always prologue, the tenor of this case does not instill confidence that anything has changed. This case has been on file for less than a year. In that time, Defendant has already sought to misuse pre-litigation settlement conversations in a Motion to Enforce Settlement that Judge Harjani denied as "wholly without merit" and "nonsensical", Dkt. 31. It has failed to preserve evidence, potentially saved only by the fact that its third-party vendor appears to have retained copies of those same documents for longer than its stated retention policy. [Dkt. 57, n. 2.] Attorney Watstein has also belittled Plaintiff at his deposition for not shaking Attorney Watstein's hand "immediately" and has directed insults at Plaintiff's counsel, such as that Plaintiff's counsel (or at least his purported "misconduct") is the reason people do not like lawyers. And this is just what Defendant's counsel was willing to put in writing.

Additionally, literally hours before Plaintiff intended to file this reply, another concerning issue arose. In an apparent attempt to prevent Plaintiff's deposition of a third-party witness (who was last employed by NRS four years ago), Defendant's counsel incredibly claimed it represented this witness (despite the witness' claim the day prior that he had never heard of Defendant's counsel), suggested it would object to Plaintiff's

---

[1] This trail goes back further than just last year. *See, e.g. Fox v. The Ritz-Carlton Hotel Co., LLC*, 17-24284, Dkt. 102, 19:15 (S.D. Fla. Dec. 14, 2021) (admonishing Attorney Watstein and a opposing counsel to "[s]top fighting with each other"); *Distasio v. Edible Arrangements, LLC*, 2021 WL 1087499, *3 (D. Conn. Feb. 1, 2021) (criticizing Attorney Watstein's client for moving to stay a case seven times, prejudicing plaintiff and the class).

attempt to depose him, and provided Plaintiff with a "declaration" from the witness in which the witness openly admitted that Defendant's counsel solicited his representation and promised NRS would pay his legal fees:

> On August 16, 2024, counsel for NRS, Patrick Fitzgerald of Watstein Terepka LLP, contacted me and advised that NRS would pay for the firm to represent me in connection with this matter. I agreed to that representation.

This will almost certainly be teed up for this Court in a future Motion, but it is included here as yet another example of Defendant's counsel allowing "zealous advocacy and loyalty to the client … to outweigh the aspirational standards of professionalism." *Adkisson v. Jacobs Engineering Group, Inc.*, 2016 WL 6534273, *6 (E.D. Tenn. Nov. 1, 2016) (admonishing an attorney for soliciting representation of a third-party witness).

The point of this airing of grievances is that Plainitff's request for confidentiality is not just Plaintiff's paranoia. Defendant's counsel has a pattern and history—repeating itself here—that strongly favor the limited relief sought here. Specifically, Plaintiff only requests that the Motion be sealed until the Judge Harjani rules on it. If the Motion is granted, it will unseal. If denied, and if it is determined to be as frivolous as Plaintiff expects, Plaintiff intends to move to strike it. If that is denied, it will be unsealed. [Dkt. 63.]

While Plaintiff cannot find cases outright holding that the standard for a temporary seal is lowered, such requests seem to receive less pushback. *See, e.g. Shore v. Johnson & Bell, Ltd.*, 2016 WL 7197421, *1 (N.D. Ill. Dec. 8, 2016) (referring to previous grant of motion to temporarily seal case initiating documents); *Brown v. Smith*, 2023 WL 120458,

\*11 (D.N.J. Jan. 5, 2023) (referring to briefs filed temporarily under seal); *EEOC v. Loflin Fabrication LLC*, 2020 WL 3845020, \*1 (M.D.N.C. July 8, 2020) (same); *Laughlin v. Stuart*, 2020 WL 4747665, \*4 (D. Minn. Aug. 17, 2020) (authorizing reply briefs in support of sanctions to be temporarily filed under seal).

Defendant points out that Plaintiff and counsel opened the door to its forthcoming accusations because adequacy is part of the Rule 23 analysis. While adequacy *is* part of the Rule 23 inquiry, Defendant's repeated reliance on this fact to push back against Plaintiff's fear of meritless attacks on his reputation is beyond cynical. The adequacy inquiry does not make it open season on Plaintiff or counsel's character.

Defendant also cites several cases in which the 7th Circuit declined to seal records of embarrassing fact. *See United States v. Foster*, 564 F.3d 852, 855 (7th Cir. 2009); *Mitze v. Saul*, 968 F.3d 689, 692 (7th Cir. 2020). Defendant assumes its conclusion. In *Foster* and *Mitze* there were actual facts and actual determinations. Here, there are not, and if such facts are found and such determinations are made, the seal would be removed.

As it stands, the only "facts" Defendant has are lists of terms that were once in (and amended out of) Plaintiff's representation agreements. As will be discussed in opposition, these terms had no bearing on this case and are disconnected from any actual conduct. On that front, and contrary to Defendant's arguments, Plaintiff has no concern about the disclosure of his representation agreements or generalized discussion of the terms therein. Plaintiff has already explicitly waived confidentiality as to those agreements. Instead, Plaintiff seeks to prevent the incendiary and meritless attacks on Plaintiff's

6

counsel's integrity that go beyond the terms.

Ultimately, all Plaintiff asks for is temporary caution. The limited relief requested here neither harms nor delays nor prejudices anyone, and only temporarily interferes with the public's right of access.

**Dated:** October 10, 2024

s/ Jeremy M. Glapion_____
Jeremy M. Glapion (NJ Bar: 145972015)
**THE GLAPION LAW FIRM, LLC**
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732.455.9737
Fax: 732.965.8006
jmg@glapionlaw.com