## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

RASHAD WALSTON, on behalf of himself    :    Case No. 1:24-cv-00083
and all others similarly situated,    :
                            :
       Plaintiff,    :
                            :
v.    :
                            :
NATIONAL RETAIL SOLUTIONS, INC.    :
D/B/A NRS PAY,    :
                            :
       Defendant.    :

_____/

### DEFENDANT'S MOTION FOR LEAVE TO FILE SURREPLY

Defendant NRS respectfully moves the Court for leave to file a brief, five-page surreply *instanter* in support of its opposition to Plaintiff Rashad Walston's Emergency Motion for Protective Order (ECF No. 69).

Courts routinely permit the filing of surreplies to allow the opposing party to: (1) address new arguments made on reply; (2) correct "gross mischaracterizations"; and (3) prevent eleventh-hour sandbagging. *See Univ. Healthsystem Consortium v. UnitedHealth Grp., Inc.*, 68 F. Supp. 3d 917, 922 (N.D. Ill. 2014) (allowing surreply in part to correct mischaracterizations in defendant's reply); *Franek v. Walmart Stores, Inc.*, 2009 WL 674269, at *19 n.14 (N.D. Ill. Mar. 13, 2009) (explaining courts do "not hesitate[] to permit the filing of surreply briefs when a moving party 'sandbags' an adversary by raising new arguments in a reply brief[.]"); *see also NAR Bus. Park, LLC v. Ozark Auto. Distributors, LLC*, 430 F. Supp. 3d 443, 450 (N.D. Ill. 2019) (granting leave to file a surreply brief "in an abundance of caution").

All three factors are present here because Plaintiff's Reply: (1) raises new arguments; (2) grossly mischaracterizes both law and fact—through personal attacks against Defense

Counsel, Mr. Watstein; and (3) sandbags NRS by saving nearly all his mischaracterized legal authority for reply—that's why Plaintiff's Reply is three times the length of his initial motion. Permitting a surreply would not only correct these issues but benefit the Court by allowing it to make a fully informed decision. *See Univ. Healthsystem Consortium*, 68 F. Supp. 3d at 922 ("Permitting a surreply 'vouchsafes the aggrieved party's right to be heard and provides the court with the information necessary to make an informed decision.'") (cit. omitted).

The Court should thus grant leave for NRS to file a five-page surreply, attached as Exhibit A.

DATED:      October 16, 2024.

Respectfully submitted,

*/s/ Ryan D. Watstein*
Ryan D. Watstein (*admitted pro hac vice*)
ryan@wtlaw.com
Patrick J. Fitzgerald (*admitted pro hac vice*)
pfitzgerald@wtlaw.com
**WATSTEIN TEREPKA LLP**
1055 Howell Mill Road, 8th Floor
Atlanta, Georgia 30318
Tel: (404) 782-9821
Fax: (404) 537-1650

Justin M. Penn, ARDC 6283726
jpenn@hinshawlaw.com
**HINSHAW & CULBERTSON LLP**
151 North Franklin Street, Suite 2500
Chicago, Illinois 60606
Tel:  (312) 704-3000

*Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 16, 2024, I caused to be electronically filed a true and correct copy of the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Ryan D. Watstein*
Ryan D. Watstein
