UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RASHAD WALSTON,** on behalf of himself and all others similarly situated,<br><br>      **Plaintiff,**<br>v.<br><br>**NATIONAL RETAIL SOLUTIONS, INC. D/B/A NRS PAY,**<br><br>      **Defendant.** | Civil Case No.: 24-cv-83<br><br>District Judge: Hon. Sunil R. Harjani<br><br>Magistrate Judge: Jeffrey T. Gilbert |

### PLAINTIFF'S MOTION TO ADJOURN BRIEFING ON DEFENDANT'S MOTION TO DENY CLASS CERTIFICATION

1. On March 18, 2024, the Parties submitted a Joint Initial Status Report pursuant to Rule 26(f). [Dkt. 12.]

2. Therein, the Parties jointly requested the following dates:

| | |
|---|---|
| Completion of Fact Discovery | December 13, 2024 |
| Disclosure of Expert Report(s) | January 17, 2025 |
| Disclosure of Rebuttal Expert Reports | March 15, 2025 |
| Deposition of Expert Witnesses | March 31, 2025 |
| Class Certification Motions Due | By April 29, 2025 |

3. On March 22, Magistrate Judge Gilbert ordered the fact discovery deadline and expert disclosure schedule as submitted. [Dkt. 15.]

4. Judge Gilbert's order was silent on the class certification deadline, but as is clear from the joint initial status report, the Parties contemplated the completion of expert discovery prior to class certification motions.

5. On September 17, Defendant indicated in a reply brief that it "needed time to consult an ethics expert". [Dkt. 60, p. 2.]

1

6. It was not clear whether this expert would result in a report or would simply guide Defendant behind the scenes.

7. On October 16, Defendant's counsel emailed Magistrate Judge Gilbert's chambers a copy of Defendant's Motion to Deny Class Certification, including the expert report.

8. This was the first time Defendant 1) disclosed the identity of its expert, 2) indicated that it would be submitting a report, and 3) disclosed the contents of that report.

9. At the October 16 hearing, Magistrate Judge Gilbert expressed his own concerns about the ripeness and timing of Defendant's Motion to Deny, stating:

> And I will note though that fact discovery in this case I think doesn't close until December 13, 2024. The culture in our district, Mr. Watstein, is that usually dispositive motions are not dealt with until fact discovery is concluded. … So, you know, I don't know that Judge Harjani is going to take this in the normal course now, you know, and have it briefed with them having to respond to you and say, no, class should be certified. And then they only get one brief on class certification.

Ex. A.

10. On October 18, Defendant filed its Motion, Dkt. 76, and its expert report, Dkt. 76-3.

11. Defendant's disclosure was not untimely—January 17, 2025 has not passed—but, in conjunction with the current briefing schedule (Plaintiff's opposition is due November 1), Dkt. 79, it deprives Plaintiff of his opportunity to obtain a rebuttal expert (by March 15, 2025) and/or to depose Defendant's (by March 31, 2025).

12. While Courts must decide class certification "[a]t an early practicable time", Fed. R. Civ. P. 23(C)(1)(A), it should only do so prior to Plaintiff's Motion "if it thinks that additional discovery would not be useful in resolving the class determination." *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 563 (7th Cir. 2011).

2

13. Here, the Court's current schedule expressly affords Plaintiff the opportunity to depose and rebut Defendant's expert, upon whom Defendant's Motion relies.

14. Additional discovery is both contemplated and would be useful to explore, rebut, and challenge the claims made by Defendant's expert.

15. Plaintiff believes Defendant's Motion has no merit, and its expert's opinions are subject to a Motion to Strike, but Plaintiff should not be required to make his opposition or Motion to Strike without the rebuttal and deposition opportunities the operative scheduling order affords.

16. Accordingly, Plaintiff requests that briefing on Defendant's Motion be adjourned until Plaintiff has had the agreed-upon opportunity to obtain a rebuttal expert and/or to depose Defendant's expert on the deadlines set forth in the scheduling order.

17. Alternatively, the Court should deny Defendant's Motion without prejudice as premature, and consider its arguments in the ordinary course of class certification. *See, e.g. Thomas v. Sheahan*, 370 F. Supp. 2d 704, 714 (N.D. Ill. 2005); *Lucas v. Gold Standard Baking, Inc.*, 2015 WL 14046946, *2 (N.D. Ill. Feb. 26, 2015).

18. Plaintiff sought Defendant's consent to the instant Motion, but it declined. Ex. B.

19. Plaintiff requested an alternative proposal from Defendant, but it did not provide one prior to Plaintiff filing this Motion. *Id.*.

WHEREFORE, Plaintiff moves to adjourn Defendant's Motion until Plaintiff has had the opportunity to obtain a rebuttal expert and/or to depose Defendant's on the deadlines set forth in the scheduling order; or alternatively, that the Court deny Defendant's Motion, without prejudice, as premature.

Dated: October 24, 2024            s/ Jeremy M. Glapion

                                           Jeremy M. Glapion
                                           The Glapion Law Firm, LLC
                                           1704 Maxwell Drive
                                           Wall, New Jersey 07719
                                           Tel: 732-455-9737
                                           Fax: 732-965-8006
                                           jmg@glapionlaw.com

                                           Counsel for Plaintiff and the Putative Class