# EXHIBIT A

```
                         TRANSCRIBED FROM DIGITAL RECORDING

                            IN THE UNITED STATES DISTRICT COURT
                               NORTHERN DISTRICT OF ILLINOIS
                                     EASTERN DIVISION

    RASHAD WALSTON on behalf of himself and )
    all others similarly situated,          ) Case No. 24 C 83
                                            )
              Plaintiff,                    )
                                            )
         vs.                                )
                                            )
    NATIONAL RETAIL SOLUTIONS, INC., doing  ) Chicago, Illinois
    business as NRS Pay,                    ) October 16, 2024
                                            ) 2:04 P.M.
              Defendant.                    )

          TRANSCRIPT OF PROCEEDINGS - In-Person Motion Hearing
       BEFORE THE HONORABLE JEFFREY T. GILBERT, Magistrate Judge

    APPEARANCES:

    For the Plaintiff:       GLAPION LAW FIRM
                             1704 Maxwell Drive
                             Wall, New Jersey  07719
                             BY:  MR. JEREMY GLAPION

                             JEFFREY GRANT BROWN, P.C.
                             65 West Jackson Boulevard
                             Suite 107
                             Chicago, Illinois  60604
                             BY:  MR. JEFFREY GRANT BROWN

    For the Defendant:       WATSTEIN TEREPKA LLP
                             1055 Howell Mill Road
                             8th Floor
                             Atlanta, Georgia  30318
                             BY:  MR. RYAN D. WATSTEIN



                   PAMELA S. WARREN, CSR, RPR
                 Official Court Reporter - Retired
                    23869 N. High Ridge Drive
                   Lake Zurich, Illinois  60047
                          312.823.0001

    NOTE:  Please notify of correct speaker identification.
```

1  You're going to respond to them.  It all should be in the
2  record.  And then the Court's decision on that will be in the
3  record as well.
4         And our circuit is pretty clear that matters that
5  are -- that a Court considers in making a dispositive ruling
6  should not be sealed, should be in the record.  The Seventh
7  Circuit, Judge Easterbrook and formerly Judge Posner, were
8  really, really clear on that.
9         So I think that for those reasons I'm going to deny
10  the motion for protective order.  Not because I think the
11  issues that are being raised by the defendant are valid, not
12  because I think they will necessarily result in plaintiff -- a
13  class not being certified or something like that, but just
14  because that's -- those are matters that should be in the
15  public record.  So that's my ruling on that.
16         MR. GLAPION:  Thank you, your Honor.
17         THE COURT:  And I will note though that fact discovery
18  in this case I think doesn't close until December 13th, 2024.
19  The culture in our district, Mr. Watstein, is that usually
20  dispositive motions are not dealt with until fact discovery is
21  concluded.
22         So, you know, I don't know where you are in the
23  discovery process necessarily, but it would seem to me that a
24  motion to -- you know, a motion to, quote, deny class
25  certification is almost a response to a motion for class

```
 1   certification, which I don't think has been filed yet.
 2              Right, Mr. Brown?
 3              MR. BROWN:  Correct.
 4              THE COURT:  You need to have the mic near you.
 5              MR. BROWN:  Sorry, Judge.  Correct.
 6              THE COURT:  So, you know, I don't know that Judge
 7   Harjani is going to take this in the normal -- in the normal
 8   course now, you know, and have it briefed with them having to
 9   respond to you and say, no, class should be certified.  And
10   then they only get one brief on class certification.
11              MR. WATSTEIN:  Yes, your Honor.  If I may, every time
12   that I have raised an affirmative issue or --
13   affirmative -- every time I have raised a Rule 23 issue
14   affirmatively, I always get the same reaction as I just got
15   from your Honor.  And the response that I always get is, we are
16   always practical about how we tee up Rule 23 issues.  We would
17   never file a motion, for example, asking a Court to rule on a
18   predominance issue before sufficient discovery had played out
19   for the Court to rule on that issue.
20              So for something like that, it is usually correct that
21   the plaintiff files a motion for class certification.  The
22   defendant responds.  The plaintiff replies.  Then the Court
23   rules on it.
24              This is a discrete issue that is already -- it will
25   never be any riper than it is right now.  And our client is
```

1  incurring 75, 100 thousand dollars of expense every month.  And
2  so I would not be doing my job if I didn't raise that issue,
3  which, again, it is not going to become more developed as
4  discovery goes forward.  We -- all the discovery on that issue
5  has already occurred.
6          I would be, you know -- I would not be doing my job if
7  I wasn't going to raise that now.  So it is not -- it is not
8  your typical, you know, we expect them to raise all their
9  class -- we could have called this motion something else.
10         THE COURT:  Yeah.  Yeah, yeah.  I hear you.  Look,
11 let's be clear, I'm ruling only on the motion for protective
12 order, which was filed in front of Judge Harjani.  He viewed it
13 as a discovery matter.  He kicked it to me.  I have ruled on
14 it.
15         Whether or not he's going to allow you to file this
16 motion to deny class certification or not is very much in front
17 of him.  And I think he realizes that would be in front of him
18 because it is his motion.  Ultimately it is his decision as to
19 whether class should be certified or not.
20         So, you know, whatever you want to do with this is
21 fine, and he will -- and he will --
22         MR. WATSTEIN:  Sure.
23         THE COURT:  -- either accept briefs now on it or not.
24 But that's going to be in front of him.
25         MR. WATSTEIN:  Yeah.