IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RASHAD WALSTON, on behalf of himself and all others similarly situated, | : : : | Case No. 1:24-cv-00083 |
| Plaintiff, | : : | |
| v. | : : | |
| NATIONAL RETAIL SOLUTIONS, INC. D/B/A NRS PAY, | : : : | |
| Defendant. | : : | |

**JOINT MOTION TO APPEAR REMOTELY OR RESCHEDULE HEARING**

Plaintiff Rashad Walston and National Retail Solutions, Inc. (the "Parties") jointly ask that the Court allow lead counsel for the Parties to appear remotely to argue the Motion currently set for hearing on October 31, 2024. Alternatively, the Parties ask (and Plaintiff prefers) that the hearing be rescheduled to November 5 or 6, 2024. In support, the Parties state:

1. NRS filed its Motion to Deny Class Certification on October 18, 2024, and the Court set a briefing schedule requiring Plaintiff to file his response by November 1, 2024.

2. Plaintiff filed his Motion to Adjourn Briefing on NRS's Motion to Deny Class Certification (the "Motion") on October 24, 2024.

3. The Court set the Motion for hearing on October 31, 2024 at 9:30 a.m. in Courtroom 1925.

4. Lead counsel for Plaintiff will be in Disney World with his young children for a family gathering from October 30 until November 3, and is unable to attend the hearing in person on that date.

5. Lead counsel for NRS likewise had planned to spend Halloween with his children and would prefer to appear remotely.

6. The Parties therefore ask that the Court allow lead counsel for the Parties to appear remotely at the hearing.

7. Alternatively, the Parties ask (and Plaintiff prefers) that the Court reset the hearing until November 5 or 6, and that Plaintiff's deadline to respond to NRS's Motion to Deny Class Certification be moved until November 6 or 7 (pending the outcome of the Motion).

8. Lead counsel for Plaintiff is concerned about, among other things, the reliability of hotel internet (Wi-Fi only) and the ability to find a suitable location to participate in the hearing remotely (no business center), given the Court's prohibition on the use of cell phones for conferences. Accordingly, lead counsel for Plaintiff prefers that the Court reset the hearing.

9. Should the Court prefer to keep the hearing as scheduled, local counsel for Plaintiff, Jeff Brown, is able and authorized to appear in person and handle argument. NRS's lead counsel will likewise attend in person.

10. In such a circumstance, lead counsel for Plaintiff requests that Attorney Brown be permitted to participate in the hearing without lead counsel's attendance.

WHEREFORE, the Parties ask the Court to allow their lead counsel to appear remotely, or alternatively, reset the hearing for November 5 or 6, 2024, and similarly reset Plaintiff's response to NRS's Motion to Deny Class Certification until November 6 or 7.

                                             */s/ Jeremy M. Glapion*
                                             Jeremy M. Glapion
                                             The Glapion Law Firm, LLC

1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732-455-9737
Fax: 732-965-8006
jmg@glapionlaw.com
*Counsel for Plaintiff and the Putative Class*

/s/ *Ryan D. Watstein*
Ryan D. Watstein (pro hac vice)
ryan@wtlaw.com
Patrick J. Fitzgerald (pro hac vice)
pfitzgerald@wtlaw.com
**WATSTEIN TEREPKA LLP**
1055 Howell Mill Road, 8th Floor
Atlanta, Georgia 30318
Tel: (404) 782-9821
Fax: (404) 537-1650
Justin M. Penn, ARDC 6283726
jpenn@hinshawlaw.com
**HINSHAW & CULBERTSON LLP**
151 North Franklin Street, Suite 2500
Chicago, Illinois 60606
Tel: (312) 704-3000
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 28, 2024, I caused to be electronically filed a true and correct copy of the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                                                     */s/ Patrick J. Fitzgerald*
                                                     Patrick J. Fitzgerald