**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **RASHAD WALSTON,** on behalf of himself and all others similarly situated,<br><br>**Plaintiff,**<br><br>v.<br><br>**NATIONAL RETAIL SOLUTIONS, INC. D/B/A NRS PAY,**<br><br>**Defendant.** | Civil Case No.: 24-cv-83<br><br>District Judge: Hon. Sunil R. Harjani<br>Magistrate Judge: Jeffrey T. Gilbert |

**JOINT STATUS REPORT**

Pursuant to docket entry 74, the Parties submit this status report on discovery.

**Proposed Stipulation Regarding Unredacted Phone Numbers**

The Parties have requested a call with the Court on this issue.

**Progress with Written Discovery**

a. <u>Joint Request to Reset Discovery Deadline</u>: As set forth in more detail below, the Parties currently believe that the bulk of written discovery requests have been served, but a significant amount remains to be done and reviewed, including several key depositions as discussed below. Accordingly, Plaintiff and Defendant jointly request that the Court reset the fact discovery deadline to February 13, 2025. The Parties are willing to file a Motion on this issue if the Court prefers.

b. <u>Plaintiff</u>: Plaintiff has served 76 requests for production (across six sets); 54 requests for admission (across five sets); and 14 interrogatories (across five sets). Defendant's responses to the most recent sets are due November 14. Plaintiff is still awaiting the bulk of Defendant's rolling production responsive to previous sets.

1

Plaintiff proposes thirty (30) days from the latter of Defendant's written representation of its completion of rolling production or the completion of Defendant's Rule 30(b)(6) deposition(s) as the deadline to serve additional written discovery without a court order. Defendant's proposal of December 16 to serve additional written discovery is unworkable and prejudicial. At the October 16 hearing, Defendant indicated that it was done its document review for two of the three custodians, and that review and production of all documents (including that final custodian) would be done in three weeks to a month. [Dkt. 78, 62:3-63:9.] These requests have been pending since May, and Defendant has promised rolling production since June.

In this status report, however, Defendant proposes no date of completion for its rolling production. Plaintiff understand that things change and does not cast blame on this front, but Plaintiff should not suffer the consequences of Defendant's issues in review. Defendant states it produced documents *related* to the review of the first two custodians, without confirming completeness of production from those custodians. It then states that it will complete *review* of one of its custodians by November 29, but does not indicate when it will produce the resulting documents. This custodian purportedly had "a million emails" that Defendant had to review. [Dkt. 78, 61:12-21.] This suggests the forthcoming production will be significant in scope and hours needed to review, and Plaintiff should be able to serve at least some follow up discovery related to the same (and any other outstanding discovery) without leave of the Court. Anything short of a deadline tied to Defendant's completion of rolling production will prejudicially deprive Plaintiff of a meaningful opportunity to send follow up discovery on discovery requests served in May, without unnecessarily complicated and contentious motion practice before the Court. Your Honor expressly allowed the Parties

2

to propose a flexible date tied to the completion of certain milestones (e.g. completion of rolling production). *Id.* at 73:23-74:8. Given Defendant's uncertainty in the timing of its production, this approach makes the most sense here.

Regarding the production from VoiceLogic, the final hearing on that request is set for January 13, 2025. VoiceLogic appears ready to produce the requested documents, and Plaintiff intends to take VoiceLogic's deposition remotely shortly after the production of those documents.

Regarding Defendant's argument regarding its Motion to Deny Class Certification: None of the discussion is relevant to *any* of the issues before Your Honor or upon which Your Honor requested a status report. [Dkt. 74.] Plaintiff strongly disagrees with most of what Defendant wrote and strongly opposes any request for a stay, but argument here is inappropriate. Plaintiff will respond, as necessary, at the appropriate time.

c. <u>Defendant</u>:

On October 18, 2024, NRS filed its motion to deny class certification and the Court set a briefing schedule on the same, with briefing complete by November 11, 2024. ECF Nos. 76, 79. Plaintiff then moved to stay his response for *five months*—until March 31, 2025, contending he shouldn't have to respond until the final deadline to identify rebuttal expert witnesses and depose experts. ECF No. 80. In support, Plaintiff cited an out-of-context comment by Your Honor, musing about whether a motion to deny certification was akin to a dispositive motion. ECF No. 80 (quoting ECF No. 78 5:17–6:10).[1] Judge Haranji set the

---

[1] The Court later clarified that the propriety of moving to deny class certification is "very much in front of [Judge Harjani]." ECF No. 78 6:11–7:5.

3

motion to adjourn for a hearing on October 31, 2024 and then (upon the parties' motion) rescheduled to November 12. ECF Nos. 81–83.

NRS opposes Plaintiff's motion to delay adjudication of the adequacy issues raised in its motion to deny certification. NRS should not be forced to continue to incur costs related to class discovery for five months if NRS's motion to deny class certification is granted. As such, should the Court significantly extend Plaintiff's deadline to respond to NRS's adequacy motion, NRS will move to stay or bifurcate discovery unrelated to that issue. The parties met on October 25 to confer on Plaintiff's motion to adjourn but could not reach an agreement. NRS raises this issue here as it could impact the course of discovery.

As for NRS's ESI review: NRS has completed its initial review for two of three custodians and produced documents related to that review on October 15, 2024.

One of the custodian accounts could not be loaded onto a document review platform due to the technical limitations NRS identified during the status conference. NRS is in the process of downloading that account to an offline server so its attorneys can review that information without disrupting the custodian's work. NRS will endeavor to complete its review by November 29, 2024.

NRS further disagrees with Plaintiff's proposed deadline to serve additional written discovery. Plaintiff controls the date he will take NRS's 30(b)(6) deposition and minor, unforeseeable supplements do not warrant additional written requests.[2] Plaintiff has already served **144** written discovery requests (76 requests for production, 54 requests for admission,

---

[2] The Court already acknowledged that should Plaintiff identify a material omission in NRS's production, he would be entitled to leave to serve additional requests. ECF No. 78 73:6–13.

4

and 14 interrogatories). Accordingly, NRS proposes that the deadline for written discovery should be December 16, 2024.

### Depositions

a. <u>Plaintiff</u>: The deposition of individual witness Diana Stern was conducted on August 19. Plaintiff's counsel held the deposition open pending completion of production. Defendant objected. Plaintiff does not anticipate seeking leave to depose Ms. Stern again but is awaiting Defendant's completed production.

Ms. Stern's deposition also brought to Plaintiff's attention three additional individuals, including two of Defendant's employees, Rui Da Costa and Elie Katz, who have relevant and crucial knowledge that was beyond Ms. Stern's knowledge. The third witness, Michael Hellerman, is a former employee. Defendant has indicated that both Mr. Da Costa and Mr. Katz have medical issues that need to be accommodated.

Plaintiff is unwilling to forego both key witness depositions, or conduct them via written questions, in exchange for an extended 30(b)(6). Plaintiff is entitled to witness depositions to *guide* his 30(b)(6) questioning and topics. Plaintiff is sensitive to the health issues of Defendant's employees. While Defendant has provided physician's notes for both potential deponents, only one (Mr. Katz) indicates an issue sitting for a deposition. Even so, it is not clear how deposition by written questions—in which, as far is Plaintiff understands it, a notary asks the questions—solves this issue. Plaintiff is still researching the most fruitful way to conduct Mr. Katz's deposition or otherwise obtain his testimony. Plaintiff intends to take Mr. Da Costa's deposition, with accommodations as necessary, in the ordinary fashion.

The Parties have agreed to November 14 for Mr. Hellerman's deposition.

Plaintiff has proposed the week of November 18-November 22 for Mr. Da Costa's deposition.

Regarding the 30(b)(6), on August 14, Plaintiff sent a tentative list of topics as the Court required, and amended this on September 30. Plaintiff intends to further amend this request after Defendant completes rolling production, and the Parties discuss any issues arising from the notice and/or the production. Plaintiff has proposed December 6, December 9, or December 11 or, more preferably, mid-January, if the Court is willing to extend the discovery deadline.

b. **Defendant**:

As NRS mentioned during the hearing, Mr. Da Costa has a condition that impacts his ability to sit for a deposition. NRS is consulting with his provider about the accommodations he needs and will endeavor to produce evidence on that point, under the Confidentiality Order, by November 4.

To the extent Messrs. Da Costa or Katz are unable to sit for a live deposition, NRS is willing to give Plaintiff additional time for a 30(b)(6) deposition (which could cover all the points he wants to ask these other witnesses) or take the depositions by written question.

*[Remainder of Page Intentionally Blank – Signatures on Following Page]*

Dated: October 30, 2024

*/s/ Jeremy M. Glapion**
Jeremy M. Glapion
**THE GLAPION LAW FIRM, LLC**
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732-455-9737
Fax: 732-965-8006
jmg@glapionlaw.com

*Counsel for Plaintiff and the Putative Class*

* with express permission

*/s/ Ryan D. Watstein*
Ryan D. Watstein (pro hac vice)
ryan@wtlaw.com
Patrick J. Fitzgerald (pro hac vice)
pfitzgerald@wtlaw.com
**WATSTEIN TEREPKA LLP**
1055 Howell Mill Road, 8th Floor
Atlanta, Georgia 30318
Tel: (404) 782-9821
Fax: (404) 537-1650

Justin M. Penn, ARDC 6283726
jpenn@hinshawlaw.com
**HINSHAW & CULBERTSON LLP**
151 North Franklin Street, Suite 2500
Chicago, Illinois 60606
Tel: (312) 704-3000

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2024, I caused to be electronically filed a true and correct copy of the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

<div style="text-align: right;">

*/s/ Ryan D. Watstein*
Ryan D. Watstein

</div>