UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RASHAD WALSTON,** on behalf of himself and all others similarly situated, <br><br> **Plaintiff,** <br> v. <br><br> **NATIONAL RETAIL SOLUTIONS, INC. D/B/A NRS PAY,** <br><br> **Defendant.** | Civil Case No.: 24-cv-83 <br><br> District Judge: Hon. Sunil R. Harjani <br> Magistrate Judge: Jeffrey T. Gilbert |

## PROPOSED STIPULATION

Pursuant to docket entry 85, the Parties submit their proposed stipulations and a summary of their disagreement.

a. **Plaintiff**

Plaintiff proposes the following stipulation, which reflects the stipulation proposed on the record at the October 16 hearing:

1. Re-produce the "Master List" and Campaign Reports with only cell phone numbers.
2. Redact all but the last 5 (rather than 4) to cut down on last-four-duplicates.
3. Do the same for each Campaign Report produced by VoiceLogic.
4. Stipulate that these were cell phone numbers for all relevant purposes and relevant times during the class period and you will not challenge this later.

Defendant's proposal is unworkable for myriad reasons. First, VOIP numbers have nothing to do with this case or the class definition. A list that includes cell phones *or* VOIP numbers, with no way for Plaintiff to perform his own analysis to determine which is which,

is as useless for class certification purposes as the lists in their current form. Plaintiff would be unable to determine the number of cell phone numbers to any standard if each number could be one or the other. Plaintiff would be unable to link specific calls to a specific cell phone number, as necessary for determining receipt. If Defendant is attempting to tee up this argument that making this determination is impossible—as a basis for attacking numerosity or anything else—then this is more reason that Plaintiff needs to the telephone numbers to conduct the analysis.

Second, Defendant has repeatedly represented to the Court that it could stipulate to a number of *cell phones*. Its stipulation below is the first time it has mentioned any inability to make this determination or distinguish between cell phones and VOIP. *See* [Dkt. 56, p. 3] ("NRS has offered to stipulate to the cellphones on the VoiceLogic List and would do the same for any forthcoming ringless voicemail log"); *id.* at p. 7 (same); *id.* at p. 8 ("NRS offered to stipulate to the number of cell phones on the VoiceLogic List and is willing to stipulate to the number of cell phones on any forthcoming ringless voicemail log"); *id.* at p. 9; October 16 Hearing Tr., 27:4-19 (representing Defendant could provide a specific number of cell phone numbers); *id.* at 56:19-24 (indicating belief that Plaintiff's stipulation above was do-able); October 8 Email from Patrick Fitzgerald to Jeremy Glapion ("We can stiupulate to the number of cell phones to avoid a dispute about that issue."); Dkt. 72 ("Defendant agrees that the number of persons to whom an NRS ringless voicemail was sent to their cellular phone satisfies Rule 23's numerosity requirement").

Third, if Defendant believes or is concerned it *cannot* make this determination, its offer of any stipulation was always illusory and unreliable. If Defendant lacks the ability or confidence to do this, Plaintiff should be permitted to independently conduct this analysis,

with his own expert and methodology as needed, and Defendant can challenge it accordingly. It would be unprecedented to require Plaintiff to collaborate with Defendant on a mutually agreeable third-party vendor, when only Defendant would have access to the full data being given to that vendor, all to back-door a no contact order.

Either Defendant *can* identify cell phones—in which case it can produce the redacted campaign reports containing only cell phone numbers—or it cannot, in which case offers to stipulate to a count of cell phone numbers were always illusory, and subsequent offers would be unreliable. Plaintiff is entitled to the numbers to conduct this analysis himself.

**b. Defendant**

NRS will retain a mutually agreeable vendor to identify the numbers in NRS's previous productions and forthcoming VoiceLogic campaign reports were assigned to a cellular telephone service. Accordingly, NRS will:

1. Re-produce NRS000606–1132, NRS001698, NRS001699, NRS001700, with only cell phone and VOIP numbers contained in those documents, as identified by the vendor.

2. NRS will redact all but the last five digits of each phone number on the reproduced lists.

3. NRS will make a similar production for the VoiceLogic campaign reports produced to NRS in the letters rogatory process. In other words, NRS will produce campaign reports to Plaintiff that only contain cell phone and VOIP numbers, as identified by the vendor (redacting all but the last five digits of each phone number).

4. NRS will stipulate that the numbers on the reproduced lists and campaign reports were assigned to cell phone or VOIP providers—as specifically indicated by the mutually agreeable vendor—during the relevant period in question.

5. NRS will attempt to remove numbers historically associated with VOIP service providers from the reproduced lists and campaign reports. In that case, NRS will then stipulate that the numbers on those lists were subscribed to cell phone providers during the relevant period in question.

Plaintiff's concerns about NRS's stipulation are not legitimate. They are yet another attempt to access full phone numbers, which he doesn't need to litigate Rule 23.

To start, the use of a vendor to identify cell phones shouldn't be surprising to Plaintiff. As NRS has repeatedly explained to Plaintiff, NRS acquired the numbers uploaded to the VoiceLogic platform in a variety of ways, none of which involved NRS running any sort of forensic analysis to determine whether the numbers at issue were assigned to cell phones. Accordingly, the only way NRS could truthfully stipulate here is to utilize an outside vendor, just as Plaintiff would do if he had the full numbers.

Plaintiff has known this all along. His position above acknowledges that he would have inevitably engaged a vendor himself. NRS's proposed stipulation thus puts Plaintiff in a *better* position than he would be without it. NRS will: (1) *pay* for the vendor; (2) agree that the vendor be *mutually agreed* to; and (3) stipulate which phone numbers were assigned to cell phones after confirming that the agreed vendor can reliably exclude VOIP-assigned numbers, which can mistakenly appear as being registered to a cell carrier.

What NRS cannot do now is blindly stipulate before taking the brief, preliminary step of confirming its stipulation will be accurate. Instead, NRS's proposal helps ensure Plaintiff's stated goal of ensuring that numerosity be supported by accurate information, and it does so at NRS's expense while also addressing NRS's concerns about Plaintiff's possible misuse of the full phone numbers should he receive them.

Dated: November 4, 2024         s/ Jeremy M. Glapion
Jeremy M. Glapion
The Glapion Law Firm, LLC
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732-455-9737
Fax: 732-965-8006
jmg@glapionlaw.com
Counsel for Plaintiff and the Putative Class

*/s/ Ryan D. Watstein*
Ryan D. Watstein (pro hac vice)
ryan@wtlaw.com
Patrick J. Fitzgerald (pro hac vice)
pfitzgerald@wtlaw.com
**WATSTEIN TEREPKA LLP**
1055 Howell Mill Road, 8th Floor
Atlanta, Georgia 30318
Tel: (404) 782-9821
Fax: (404) 537-1650
Justin M. Penn, ARDC 6283726
jpenn@hinshawlaw.com
**HINSHAW & CULBERTSON LLP**
151 North Franklin Street, Suite 2500
Chicago, Illinois 60606
Tel: (312) 704-3000
*Counsel for Defendant*