# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RASHAD WALSTON, on behalf of himself and all others similarly situated, | Case No. 1:24-cv-00083 |
| Plaintiff, | |
| v. | |
| NATIONAL RETAIL SOLUTIONS, INC. D/B/A NRS PAY, | |
| Defendant. | |

# NRS'S RESPONSE IN OPPOSITION TO
# PLAINTIFF'S MOTION TO ADJOURN BRIEFING ON
# DEFENDANT'S MOTION TO DENY CLASS CERTIFICATION

**TABLE OF CONTENTS**

I. INTRODUCTION AND BACKGROUND ..........................................................2

II. ARGUMENT ......................................................................................................5

    A. The Court has Sufficient Information to Decide NRS's Motion. ...................5

    B. Any Deferral Should be Brief and Protect NRS from Incurring Needless Expenses. ................................................................... 10

III. CONCLUSION................................................................................................ 11

i

## I.　　INTRODUCTION AND BACKGROUND

On October 18, 2024, Defendant NRS moved to deny class certification on adequacy grounds, an issue that will never be riper than it is now. ECF No. 76. As explained therein, for over nine months, Plaintiff Rashad Walston's counsel employed an engagement letter that put him in control over this litigation and prevented his client from settling claims that Plaintiff himself indicated he wanted to settle at the outset. *Id.* at 9–13; ECF No. 76-1 ¶ 14. Plaintiff's counsel initially refused to disclose the letter because he believed NRS would intentionally delay challenging its terms until he moved to certify. ECF No. 76-1 at 43; Declaration of Patrick Fitzgerald, attached as Exhibit 1 (describing August 16 meet and confer). Had NRS waited, Plaintiff would argue that NRS waived its challenge. But there was no reason to wait, so NRS promptly filed its motion after Plaintiff disclosed the unredacted agreements (though the filing was delayed by Plaintiff's unsuccessful attempt to seal NRS's adequacy motion).

Now, in an act of gamesmanship, Plaintiff complains that the motion to deny class certification is premature. In fact, Plaintiff asks the Court to wait *at least six months* before he even responds to NRS's motion. But Plaintiff doesn't identify additional facts he needs to evaluate the motion. Nor could he, given that the motion relies on *his* engagement letter, *his* correspondence with NRS, *his* testimony, and *his* discovery responses—all information Plaintiff has at his disposal (and knows better than NRS). *See generally* ECF No. 76-1 (declaration of Patrick Fitzgerald, describing evidence attached to the motion). The facts in the motion are fully developed, making the motion ripe for consideration.

Instead, Plaintiff disingenuously and illogically claims (at ¶¶ 2, 13, 16, 17) he is entitled to more than six months to respond to a ripe motion based on the Scheduling Order's deadlines for identifying rebuttal experts, deposing expert witnesses, and moving to certify a class action. Plaintiff argues that because NRS retained an ethics expert to opine on Plaintiff counsel's conduct, those deadlines necessarily extend his time to respond to NRS's motion. He therefore asks the Court to sit on a motion that could effectively eliminate this litigation, saving the parties and the Court considerable resources. At the same time, Plaintiff has accused that the expert opinion is "improper in its scope (e.g. providing legal opinions)," begging the question why he needs so much time to prepare his own declaration. Fitzgerald Decl., Ex. A. Plaintiff hasn't met his burden to justify such delay, and the Court should deny his motion.

Nothing in the Scheduling Order prohibits NRS from raising an affirmative Rule 23 motion. The Seventh Circuit and courts in this District have regularly held that such motions are appropriate under similar circumstances. Nor do the Scheduling Order *deadlines* entitle Plaintiff to more time to prepare his opposition to *NRS's motion*. Plaintiff can of course wait until March 15, 2025 to submit an expert report on adequacy. However, if Plaintiff wants to submit a rebuttal expert *in his opposition brief*, he needs to prepare the report in time to respond to NRS's motion. Just like a deadline to file dispositive motions at the end of the case doesn't prevent a party from having to respond to an early-filed motion for judgment on the pleadings, a deadline to submit expert reports doesn't give a party a six-month extension to respond to a brief that contains an expert opinion.

3

Plaintiff has also failed to exercise any diligence in taking the discovery he claims he needs. Plaintiff has known since September 18 that NRS's motion would include "the opinions of our experts[.]" ECF No. 76-1 at 90. Yet, Plaintiff waited until November 6 before even proposing dates to depose NRS's experts in "mid to late December or early January." Fitzgerald Decl., Ex. C. At the same time, Plaintiff has continued to pursue class discovery, which may ultimately prove unnecessary depending on the Court's ruling on NRS's motion. Plaintiff wants the Court to wait to address this issue until he is ready to brief a full Rule 23 motion, allowing him to leverage the exorbitant cost of additional discovery to force NRS into a class settlement, even though it is already apparent that neither he nor his client are adequate class representatives. As Plaintiff has failed to exercise any diligence, he cannot (in good faith) ask the Court to continue to delay briefing on NRS's motion.

To be clear: NRS is not opposed to a reasonable extension so Plaintiff can investigate NRS's experts and identify a rebuttal witness, should he need more time beyond the nearly two months he has already had to muster an expert opinion on the narrow issues NRS raised in its motion to deny certification, also identified in NRS's September 18 email. But asking NRS to continue to bear the costs of full-throttled class discovery while Plaintiff investigates NRS's motion at his own leisurely pace is unfair. If the Court grants any relief, it must be conditioned on his diligently pursuing discovery related to NRS's motion and staying potentially unnecessary class discovery.[1]

---

[1] Plaintiff filed his motion on barely a day's notice to NRS and failed to properly confer. When NRS met with Plaintiff to discuss his motion on October 25, Plaintiff rejected NRS's proposal to stay class discovery while he conducts his investigation. Fitzgerald Decl. ¶¶ 6–7.

4

## II. ARGUMENT

### A. The Court has Sufficient Information to Decide NRS's Motion.

The Court should determine class certification questions "[a]t an early practicable time after a person sues or is sued as a class representative[.]" Fed. R. Civ. P. 23(c).[2] The Seventh Circuit has repeatedly confirmed that the Court doesn't have to wait for the plaintiff to move for certification. *See, e.g., Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 563 (7th Cir. 2011) ("[A] court may deny class certification even before the plaintiff files a motion requesting certification.") (citing *Vinole v. Countrywide Home Loans, Inc.* 571 F.3d 935, 939–41 (9th Cir. 2009) (deciding class certification "before the pretrial motion cutoff and the discovery cutoff" was proper)); *Cook Cnty. Coll. Teachers Union v. Byrd*, 456 F.2d 882, 885 (7th Cir. 1972) ("One opposing a class action may move for an order determining that the action may not be maintained as a class suit."). Instead, the Court should rule on certification when "additional discovery would not be useful in resolving the class determination[.]" *Kasalo*, 656 F.3d at 563; 3 Newberg and Rubenstein on Class Actions § 7:15 (6th ed.) (additional discovery unnecessary when it involves "undisputed facts or raise only issues of law") (citations omitted).

---

[2] Many courts interpret this language to require plaintiffs to move for class certification within ninety days of filing suit. *See, e.g.*, E.D. Pa. L.R. 23.1(c) ("Within ninety (90) days after the filing of a complaint in a class action, unless this period is extended on motion of good cause appearing, the plaintiff shall move for a determination under subdivision (c)(1) of Fed. R. Civ. P. 23, as to whether the case is to be maintained as a class action."); N.D. Ga. L.R. 23.1(B) (similar); N.D. Tex. L.R. 23.2 (similar). This case has been pending for nearly a year, and the issue NRS raised in its motion involves Plaintiff's engagement letter and facts that will not develop through further discovery.

"[A] defense-driven determination of class certification is appropriate when awaiting further discovery will only cause needless delay and expense." *Vinole,* 246 F.R.D. 637, 639 (S.D. Cal. 2007) (cleaned up); 3 Newberg and Rubenstein on Class Actions § 7:15 ("If [additional] discovery is contested, the party seeking it (typically the plaintiff) will bear the burden of showing that discovery 'is likely to produce substantiation of the class allegations . . . .'") (quoting *Perez v. Safelite Grp. Inc.*, 553 Fed. Appx. 667, 668–69 (9th Cir. 2014)).

Whether the Court needs additional discovery to resolve a Rule 23 motion depends on the issues raised. *See* 3 Newberg and Rubenstein on Class Actions § 7:14 (6th ed.) ("The 2003 amendment to Rule 23 seems to recognize that timing will vary based on the circumstances of individual cases[.]"). For example, in *Pruitt,* the court granted a motion to deny class certification over the plaintiff's objection that he needed to complete class discovery. 2020 WL 3050330, at *3 (N.D. Ill. 2020). The *Pruitt* defendants argued that plaintiffs were inadequate because, among other reasons, they were "unfamiliar with and uninvolved in the case[.]" *Pruitt*, 2020 WL 3050330, at *5.

The court explained that the "*class* discovery that Plaintiffs want would have little bearing on *Pruitt and Peterson's* adequacy under Rule 23(a)(4). No more discovery is needed to rule on Defendants' narrow motions." *Id.* at *4 (emphasis in original). *Pruitt* also recognized that an early ruling on "the narrow issue" of the plaintiff's adequacy promoted judicial efficiency. *Id.* "[I]f Defendants are correct at this point, the time and energy of class discovery will be saved. If, on the other hand, Plaintiffs are right, the parties will just proceed with class discovery, as they would have in the absence of the instant motion. As such, by bringing the motion now, the parties may save substantial costs." *Id.*; *see also Sorsby v. TruGreen Ltd. P'ship*, 2023 WL 130505, at *4 (N.D. Ill. Jan. 9, 2023) (finding the parties developed a sufficient

6

record for the court to decide certification, noting "Plaintiff has not suggested what additional facts she would like to develop to better answer this inquiry").

The court ultimately found one of the *Pruitt* plaintiffs was inadequate because he allowed his attorney "to run the case with little or no involvement from him, which is inconsistent with a class representative's responsibility of monitoring class counsel and protecting the interests of absent class members." *Pruitt*, 2020 WL 3050330, at *5; *see also May v. Gladstone*, 562 F. Supp. 3d 709, 714 (C.D. Cal. 2021) (granting early motion to deny class certification on adequacy grounds, citing "considerable doubt that [plaintiff's] counsel is independent of Jacobson [CEO of one of the defendant's competitors, who was paying for the litigation]").

In this case, the Court has the information it needs to decide NRS's motion and determine whether Plaintiff and his counsel are adequate class representatives. NRS's motion primarily involves questions of law (whether the engagement letter was unethical and makes Plaintiff and his counsel inadequate), and the limited facts on which NRS relies (the terms in Plaintiff's engagement agreements, his discovery responses, and his deposition testimony) are either (1) not disputed or (2) within Plaintiff's knowledge. *See generally* ECF No. 76-1.

Because the motion primarily concerns Plaintiff's engagement letter, Plaintiff cannot plausibly argue he needs more time for discovery. While NRS may not know everything that occurred behind the scenes when Plaintiff and his counsel repeatedly amended that agreement, Plaintiff and his counsel certainly do. If any additional facts are necessary (and NRS contends they are not), Plaintiff can simply present them in a declaration responding to NRS's motion. In fact, Plaintiff has already prepared one, and it just reiterates both Plaintiff's and counsel's inadequacy. Fitzgerald Decl. ¶ 8.

Plaintiff hasn't articulated additional facts within NRS's knowledge that he needs in responding to NRS's motion. Instead, he just points to the Scheduling Order (at ¶¶ 13–16), claiming it grants him extensive time to identify and depose expert witnesses. Plaintiff is right that the Scheduling Order doesn't require him to identify an expert now; he is free to wait until March 15, 2025 to do so. But the Scheduling Order doesn't prevent NRS from raising an affirmative Rule 23 motion, especially on a discrete issue like adequacy. So if Plaintiff chooses to wait, he will have to oppose NRS's motion without a rebuttal report. If Plaintiff wants to submit a rebuttal expert to oppose NRS's motion, on the other hand, he needs to prepare the report. He has already obtained a near two-month extension (since NRS described the scope of its motion and its intent to rely on expert opinions) simply by (a) unsuccessfully moving to seal, (b) filing the instant motion, and (c) NRS's accommodation of Plaintiff's counsel's Disney vacation. And Plaintiff waited until November 6 before even proposing dates to depose NRS's experts in "mid to late December or January." Fitzgerald Decl., Ex. C.

Plaintiff's complaint that NRS's motion is premature is hypocritical gamesmanship. When NRS met and conferred with Plaintiff's counsel on August 16 to obtain an unredacted copy of the engagement letter, Plaintiff's counsel complained that NRS would intentionally delay raising its adequacy challenge until Plaintiff moved for certification and sought NRS's commitment to challenge it promptly, rather than wait until Plaintiff's motion for class certification, lest NRS waive its right to challenge the agreement as unethical.[3] ECF No. 76-1 at 43; Fitzgerald Decl. ¶ 4. Now that NRS has done so, Plaintiff punishes NRS's

---

[3] Plaintiff believes he can cure NRS's adequacy concerns by amending the engagement letter. But by entering into it in the first place, Plaintiff and his counsel have already shown they choose their own interests over those of the class, making them inadequate representatives.

8

promptness. This type of gamesmanship is in line with counsel's meritless attempt to hide his ethical violations by preemptively moving to seal NRS's motion and his baseless personal attacks on NRS's counsel that Judge Gilbert rejected out of hand. ECF No. 65 at 3–5 (attacking NRS counsel, Ryan Watstein, for actions in unrelated cases); ECF No. 73-1 at 3–11 (explaining the excerpts Plaintiff cited were taken out of context and involved cases where Mr. Watstein wasn't involved). As another example of trying to have it both ways, Plaintiff represented that he intends to strike NRS's expert report as containing improper legal conclusions, but he continues to insist that he needs the entire six months to prepare his own rebuttal witness to testify on those same issues. Fitzgerald Decl. ¶ 6.

Plaintiff can't present authority supporting his position that he shouldn't have to respond to NRS's motion before deposing its expert and identifying a rebuttal witness. The cases he cites don't support his position. *Thomas v. Sheahan* involved a challenge on the pleadings where the defendant "attempt[ed] to foreclose *any* discovery on the issue of class certification[.]"[4] 370 F. Supp. 2d 704 (N.D. Ill. 2005). In contrast, the parties in this case have already engaged in extensive individual and class discovery, have all the facts needed to determine Plaintiff's adequacy, and Plaintiff has known about NRS's expert for two months.

*Lucas v. Gold* likewise doesn't help Plaintiff. 2015 WL 14046946, at *2 (N.D. Ill. 2015). To start, the *Gold* defendant only challenged the adequacy of two of three named plaintiffs, which the court properly held was insufficient to deny class certification. *Id.* at *2 (citing *Kohen v. Pac. Inv. Mgmt. Co.*, 571 F.3d 672, 676–77 (7th Cir. 2009)). As for whether the

---

[4] *Sheahan* questioned the propriety of the defendant arguing "against class certification before plaintiff has even moved to certify the class." *Sheahan*, 370 F. Supp. 2d at 714. The opinion was issued nearly five years before *Kasalo* and is no longer good law to that extent.

plaintiff needed additional information, the *Gold* parties extensively briefed the defendant's motion, which addressed all of the Rule 23 requirements. *Gold*, 1:13-cv-01524, ECF Nos. 244, 244-1, 266, 279. In response, the *Gold* plaintiff submitted an expert affidavit, specifically identifying the factual information he needed: information regarding the defendant's hiring practices. In stark contrast to *Gold*, Plaintiff refuses to even respond to NRS's motion, much less identify specific facts that the Court needs to decide the narrow issue NRS raised (because there are none).

### B. Any Deferral Should be Brief and Protect NRS from Incurring Needless Expenses.

NRS does not oppose giving Plaintiff a reasonable extension to investigate NRS's expert and identify a rebuttal witness, even though he has known about NRS's expert for two months. But NRS will only agree to an accommodation if Plaintiff actually pursues such goals. So far, he has shown no good faith intention to take the discovery he claims he needs, even while managing to file next-day responses to some briefs, filing others before even conferring, and littering the Court's docket with other meritless filings (like the preemptive motion to seal). *See, e.g.*, ECF Nos. 68, 69 (Plaintiff's reply in support of motion to seal NRS's adequacy motion). NRS previewed as early as September 18, 2024, that its forthcoming motion would include "the opinions of our experts[.]" ECF No. 76-1 at 90. Plaintiff waited until November 6 before even proposing dates to depose NRS's experts in "mid to late December or early January." Fitzgerald Decl. ¶ 10. At the same time, Plaintiff continues to focus on pursuing class discovery, forcing NRS to continue to incur hundreds of thousands of dollars in expenses, which may ultimately be unnecessary. Plaintiff counsel's strategy of unnecessarily causing NRS considerable expense to leverage an unmerited *class* settlement in

a case where neither he nor his counsel are adequate is born out by his recent exorbitant classwide demand. *See* ECF No. 76-1 at 346-47.

As such, should the Court defer ruling on NRS's motion, the deferral should be conditioned on (1) Plaintiff's diligent completion of the specific tasks he identified (deposing NRS's expert and deciding whether to identify a rebuttal witness) and (2) minimizing prejudice to NRS. As for the former, if Plaintiff wants additional time, the Court should at least require that he diligently complete his investigation and respond to NRS's motion within 30 days (which will have given him nearly two months with NRS's reports and three months with the knowledge of NRS's experts). During that time, the Court should stay non-expert discovery, addressing the prejudice to NRS.

### III. CONCLUSION

The Court has more than sufficient information to rule on whether Plaintiff and his counsel can serve as adequate class representatives. Delaying resolution of that motion for nearly six months would unfairly prejudice NRS. Should the Court find additional discovery is necessary, it should at least stay non-expert discovery and demand that Plaintiff diligently pursue the information he says he needs to respond to NRS's motion.

*[Signature on Following Page]*

11

DATED: November 7, 2024.

        Respectfully submitted,

        */s/ Ryan D. Watstein*
        Ryan D. Watstein (*admitted pro hac vice*)
        ryan@wtlaw.com
        Patrick J. Fitzgerald (*admitted pro hac vice*)
        pfitzgerald@wtlaw.com
        **WATSTEIN TEREPKA LLP**
        1055 Howell Mill Road, 8th Floor
        Atlanta, Georgia 30318
        Tel: (404) 782-9821
        Fax: (404) 537-1650

        Justin M. Penn, ARDC 6283726
        jpenn@hinshawlaw.com
        **HINSHAW & CULBERTSON LLP**
        151 North Franklin Street, Suite 2500
        Chicago, Illinois 60606
        Tel: (312) 704-3000

        *Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

     I hereby certify that on November 7, 2024, I caused to be electronically filed a true and correct copy of the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                                                        */s/ Patrick J. Fitzgerald*
                                                        Patrick J. Fitzgerald