Docusign Envelope ID: 3DA738DU-9ZZ-BUBD3-9BDF50A9E94F2

# EXHIBIT 1

Docusign Envelope ID: 53A7689A-9CC1-448C-942E-1E0F60A35HF9

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RASHAD WALSTON, on behalf of himself and all others similarly situated, | : : : | Case No. 1:23-cv-00083 |
| Plaintiff, | : : | |
| v. | : : | |
| NATIONAL RETAIL SOLUTIONS, INC. D/B/A NRS PAY, | : : : | |
| Defendant. | : : | |

_____/

## <u>DECLARATION OF PATRICK FITZGERALD</u>

I, Patrick Fitzgerald, in accordance with 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct.

1.     My name Patrick Fitzgerald.  I am over the age of 18 and am competent to make this declaration.  The facts set forth in this declaration are of my personal knowledge, and if sworn I could and would competently testify hereto.

2.     I am an associate at Watstein Terepka, LLP.  I am an attorney of record for Defendant NRS, in the above-referenced matter.

3.     This declaration is prepared in support of NRS's Response in Opposition to Plaintiff's Motion to Adjourn Briefing Pursuant to Expert Discovery Schedule.  ECF No. 80.

4.     I met with Plaintiff Rashad Walston's counsel on August 16, 2024 to discuss NRS's demand for Plaintiff's engagement letter.  During the meet and confer, Plaintiff's counsel said he was concerned NRS would intentionally delay challenging the terms in the engagement letter until Plaintiff moved to certify his proposed class.  Plaintiff proposed disclosing the engagement letter on the condition that NRS identify the full scope of its

forthcoming challenge to adequacy within a set amount of time.  NRS refused a conditional disclosure.  ECF No. 76-1 at 43–44.

5.      NRS had already expressed in its August 13, 2024 deficiency letter that the engagement letter's base lodestar provision was unethical.  ECF No. 76-1 at 77–78.  Then on September 18, 2024, NRS described the scope of its forthcoming motion, including its intent to use "opinions of our experts[.]"  ECF No. 76-1 at 90.

6.      On October 18, 2024, Plaintiff told NRS that he intends to move to strike the expert report in NRS's motion to deny certification "as improper in its scope" (e.g. providing legal opinions).  On October 23, 2024, shortly before he filed the Motion to Adjourn, Plaintiff told NRS he intended to ask the Court to extend his response deadline based on the scheduling order.  Attached hereto as **Exhibit A** is a true and correct copy of that email correspondence.

7.      As a result of Plaintiff's brief conferral process, NRS met with Plaintiff's counsel on October 25, 2024, after he filed the Motion to Adjourn.  NRS proposed extending Plaintiff's deadline by 45 days in exchange for Plaintiff agreeing to suspend further discovery during that time.  Plaintiff refused.

8.      On October 26, 2024, Plaintiff produced a declaration he intends to rely on in opposition to NRS's motion to deny certification.  Attached hereto as **Exhibit B** is a true and correct copy of that correspondence.

9.      On or around October 28, 2024, NRS agreed to accommodate Plaintiff's counsel's schedule involving his Disney vacation, and thus joined a motion in which Plaintiff requested a new hearing date for his Motion to Adjourn.  ECF No. 82.

10.     Despite stating that he needed to depose NRS's experts to respond to NRS's motion, Plaintiff waited until November 6, 2024, before proposing dates in "mid to late December or early January."  Attached hereto as **Exhibit C** is a true and correct copy of that correspondence.

I declare under penalty of perjury under the laws of the State of Georgia and the United States of America that the foregoing is true and correct.

Executed on November 7, 2024, in Atlanta, Georgia.

Patrick J. Fitzgerald

Docusign Envelope ID: 30A72890-9222-4D2B-9B4F-B70E5DA3E3E3

# EXHIBIT A

**Subject:** Re: Walston v. NRS - Motion to Strike
**Date:** Friday, October 25, 2024 at 4:25:19 PM Eastern Daylight Time
**From:** Jeremy Glapion <jmg@glapionlaw.com>
**To:** Patrick Fitzgerald <pfitzgerald@wtlaw.com>
**CC:** Ryan Watstein <Ryan@wtlaw.com>, Jeffrey Brown <jeff@jgbrownlaw.com>

[Warning – external]

Following up real quick— do you want to propose doing it by video conference on October 29? I have a final approval hearing via video conference at 9 am that same day, but some time early afternoon should work.

As for the following week, I am available any day except Thursday and Friday (if it's going to be in person), but am free any of the days if it's video.

--



**Jeremy M. Glapion**
Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737

On Fri, Oct 25, 2024 at 10:10 AM, Jeremy Glapion <jmg@glapionlaw.com> wrote:
Hi Pat —

Thanks for this. I did not take your silence to mean you would not be willing to work together, but hopefully you can understand the time crunch necessitated filing when I did.

I am waiting to see if Jeff can cover the 10/31 hearing, but am obviously open to rescheduling (which would necessarily have to come with an extension of my opposition deadline), since I do not want to disrupt anyone's Halloween.

I am free this afternoon to discuss options (from noon to a hard stop at 4:30).

Let me know.

Best,
Jeremy

--

**Jeremy M. Glapion**

Docusign Envelope ID: 53A7789D-9CC2-00B5-A-1AFE0A1551E52



Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737

On Fri, Oct 25, 2024 at 10:01 AM, Patrick Fitzgerald <pfitzgerald@wtlaw.com> wrote:

> Jeremy,
>
> We were in deposition prep all day on Thursday, so we were unable to respond on the short turnaround.
>
> In any event, we think it makes sense to jump on a call before the Court's hearing (more on that point below).  Do you have time today or Monday?  Our primary concern is that the delay will cause NRS to incur additional expenses responding to discovery that may ultimately be unnecessary.  NRS may be willing to consider an extension to give you time to investigate, provided that discovery is otherwise stayed during that time.
>
> Regarding the hearing: We know that you're on vacation until Nov. 1.  We recommend preparing a joint motion to reschedule the hearing or ask to appear telephonically.  If you agree, we can prepare a draft.
>
>
>
> **Patrick J. Fitzgerald (bio)**
>
> WATSTEIN TEREPKA LLP
>
> P: (404) 400-3382
>
> pfitzgerald@wtlaw.com
>
> www.wtlaw.com
>
> ---
>
> **From:** Jeremy Glapion <jmg@glapionlaw.com>
> **Date:** Wednesday, October 23, 2024 at 9:05 PM
> **To:** Patrick Fitzgerald <pfitzgerald@wtlaw.com>

Docusign Envelope ID: 3DA7E89A-9CC0-4D8B-B1FF-E8F50A2E4E5F

**Cc:** Ryan Watstein <Ryan@wtlaw.com>, Jeffrey Brown <jeff@jgbrownlaw.com>
**Subject:** Re: Walston v. NRS - Motion to Strike

[Warning – external]

I understand I am free to move to strike, and, at the moment, I intend to do so—but not before I am permitted to conduct discovery into your expert as permitted by the schedule. I don't think there is a dispute that both the joint schedule we submitted *and* the one entered by the court allows rebuttal experts and deposition experts, is there?

If there is no dispute on that point, then it seemingly goes without saying that I am permitted to conduct that discovery *before* I am forced to oppose the Motion for which that expert report is used.

Trust me, I want to get through this Motion as much as you guys, but given the stakes, I'm not willing to fight with one hand tied behind my back.

As it stands, the schedule allows me until March 15 to rebut and both Parties until March 31 to depose.

Do you have a different proposal?

||

--



**Jeremy M. Glapion**

Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737

On Wed, Oct 23, 2024 at 9:01 PM, Patrick Fitzgerald <pfitzgerald@wtlaw.com> wrote:

Hi Jeremy,

Can you clarify what you're asking for? You're free to move to strike if you believe you have a basis, but we're not going to agree to something that could defer the ruling (especially not until March 2025).

**Patrick J. Fitzgerald (bio)**

WATSTEIN TEREPKA LLP

P: (404) 400-3382

pfitzgerald@wtlaw.com

www.wtlaw.com

---

**From:** Jeremy Glapion <jmg@glapionlaw.com>
**Date:** Wednesday, October 23, 2024 at 4:57 PM
**To:** Ryan Watstein <Ryan@wtlaw.com>
**Cc:** Patrick Fitzgerald <pfitzgerald@wtlaw.com>, Jeffrey Brown <jeff@jgbrownlaw.com>
**Subject:** Re: Walston v. NRS - Motion to Strike

[Warning – external]

Counsel:

Following up on this, and in particular, the insufficient disclosure aspect of the planned Motion to Strike.

Plaintiff intends to ask the Court to adhere to the timing in the current schedule, which allows the Parties until March 15, 2025 to disclose their own rebuttal experts and March 31, 2025 to depose. [Dkt. 15.]

Docusign Envelope ID: 3D412D4E-86EA-40CB-B47D-8EBBA4BEF4D3

While Plaintiff may still move to strike, he is entitled to do so after having the opportunity to depose and rebut your expert, per the schedule.

Please let me know if you consent to this request, or if you have a different proposal on this front.

Given our deadline to oppose is 11/1, and I leave for Disney 10/30 as discussed, I would like to file the request no later than tomorrow.

If we need a phone call, I am free this evening (after 730 pm) or tomorrow until 3:30 PM.

Best,

Jeremy

--



**Jeremy M. Glapion**

Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737

On Tue, Oct 22, 2024 at 7:25 PM, Ryan Watstein <Ryan@wtlaw.com> wrote:

> We will oppose.

---

**From:** Jeremy Glapion <jmg@glapionlaw.com>

Docusign Envelope ID: 3D4129A4-84E4-4D08-94FD-4EE948AFE4E3

**Date:** Friday, October 18, 2024 at 5:26 PM
**To:** Ryan Watstein <[Ryan@wtlaw.com](mailto:Ryan@wtlaw.com)>, Patrick Fitzgerald <[pfitzgerald@wtlaw.com](mailto:pfitzgerald@wtlaw.com)>
**Cc:** Jeffrey Brown <[jeff@jgbrownlaw.com](mailto:jeff@jgbrownlaw.com)>
**Subject:** Walston v. NRS - Motion to Strike

[Warning – external]

Counsel:


Plaintiff intends to move to strike your submitted expert declaration as improper in its scope (e.g. providing legal opinions) and failure to disclose it in advance.


Please let me know if Defendant intends to oppose this Motion.


Thank you,

Jeremy


--



**Jeremy M. Glapion**

Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737

Docusign Envelope ID: 3CA129AC-8CC-DRC0B34FD46E0A9E54E3

# EXHIBIT B

| **Subject:** | Walston v. NRS - Declaration of Rashad Walston |
| --- | --- |
| **Date:** | Saturday, October 26, 2024 at 4:16:32 PM Eastern Daylight Time |
| **From:** | Jeremy Glapion <jmg@glapionlaw.com> |
| **To:** | Patrick Fitzgerald <pfitzgerald@wtlaw.com>, Ryan Watstein <ryan@wtlaw.com> |
| **CC:** | Jeffrey Brown <jeff@jgbrownlaw.com> |
| **Attachments:** | Walston Decl. Signed.pdf |

[Warning – external]

Counsel:

I am attaching a declaration of Rashad Walston, which I intend to rely on, in part, in opposition
to Defendant's Motion to Deny. Given the uncertain timing of the related briefing, however, I
wanted to produce this in advance as part of my duty to supplement discovery responses.

(Note: for some reason the date field filled in European format; you can see the actual signing
date in blue under his signature).

Best,
Jeremy

--



**Jeremy M. Glapion**
Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737

# EXHIBIT C

Docusign Envelope ID: 3DA1294A-8EE0-40D8-941D-6E6F4181F429

**Subject:** Re: Walston v. NRS - Status report/Upcoming Discovery
**Date:** Wednesday, November 6, 2024 at 3:06:04 PM Eastern Standard Time
**From:** Jeremy Glapion
**To:** Patrick Fitzgerald
**CC:** Ryan Watstein, Jeffrey Brown

[Warning – external]

Pat:

Recall that you did initially agree to reschedule, before changing your mind, only to agree to it again.

There is no prejudice to Defendant of having to comply with the scheduling order to which it agreed, and when there would be no stay of discovery pending a decision.

I'm not reluctant to agree for any reason other than it seems logical to consider the value of alternative approaches if we're pushing the Motion back to November or December. I'm already in the process of identifying my own expert, and I'd be happy to notice a deposition of your expert for some time in mid to late December or early January. I'm just unwilling to agree to a hard 45 days or to a stay.

--

**Jeremy M. Glapion**
Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737

On Wed, Nov 06, 2024 at 2:59 PM, Patrick Fitzgerald <pfitzgerald@wtlaw.com> wrote:

> Jeremy,
>
> We're disappointed by your reluctance, especially after we agreed to join the motion to reschedule so you could spend time with your family, to NRS's detriment. As you noted, attending oral argument and a hearing on the same day will be very difficult. Nevertheless, NRS will prepare an unopposed motion asking the Court to reset the hearing to later in the afternoon on November 12.
>
> As for your joint proposal: We're of course willing to consider a compromise and tried to do that during our call on October 25. As we made clear during the call: any compromise would need to address prejudice on both sides. Plaintiff wants more time to respond but NRS is continuing to incur costs responding to class discovery.

Pat

**Patrick J. Fitzgerald ([bio](#))**

WATSTEIN TEREPKA <sup>LLP</sup>

P: (404) 400-3382

[pfitzgerald@wtlaw.com](mailto:pfitzgerald@wtlaw.com)

[www.wtlaw.com](http://www.wtlaw.com)

---

**From:** Jeremy Glapion <[jmg@glapionlaw.com](mailto:jmg@glapionlaw.com)>
**Date:** Wednesday, November 6, 2024 at 10:25 AM
**To:** Patrick Fitzgerald <[pfitzgerald@wtlaw.com](mailto:pfitzgerald@wtlaw.com)>
**Cc:** Ryan Watstein <[Ryan@wtlaw.com](mailto:Ryan@wtlaw.com)>, Jeffrey Brown <[jeff@jgbrownlaw.com](mailto:jeff@jgbrownlaw.com)>
**Subject:** Re: Walston v. NRS - Status report/Upcoming Discovery

[Warning – external]

Hi guys —

Sorry for the delay on this.

I have concerns about how receptive the Court would be to a request to reschedule. It raises the question of whether we would be better off coming up with a joint proposal re the expert, if possible.

Alternatively, can we get a later time on 11/12? Obviously I know that jam packs your day, but it looks like the 7th Circuit arguments will be done before lunch, and you'll already be in the

building.


Regarding conflicts, I am generally free the week of 11/18 and 12/2. But I'd like to discuss the former two options before I consent.


Best,

Jeremy


--



**Jeremy M. Glapion**

Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737


On Tue, Nov 05, 2024 at 3:30 PM, Patrick Fitzgerald <pfitzgerald@wtlaw.com> wrote:

Hi Jeremy,

Following up on the Court's hearing on Nov. 12: We have a Seventh Circuit argument at that same time. We would like to give the Court some alternates (to avoid having to reschedule). Can you let me know if there are any hard conflicts between Nov. 18–Dec. 6? Assuming we want to carve out 11.27 & 29.


**Patrick J. Fitzgerald (bio)**

WATSTEIN TEREPKA LLP

P: (404) 400-3382

[pfitzgerald@wtlaw.com](mailto:pfitzgerald@wtlaw.com)

[www.wtlaw.com](http://www.wtlaw.com)

---

**From:** Patrick Fitzgerald <[pfitzgerald@wtlaw.com](mailto:pfitzgerald@wtlaw.com)>
**Date:** Wednesday, October 30, 2024 at 4:09 PM
**To:** Jeremy Glapion <[jmg@glapionlaw.com](mailto:jmg@glapionlaw.com)>
**Cc:** Ryan Watstein <[Ryan@wtlaw.com](mailto:Ryan@wtlaw.com)>, Jeffrey Brown <[jeff@jgbrownlaw.com](mailto:jeff@jgbrownlaw.com)>
**Subject:** Re: Walston v. NRS - Status report/Upcoming Discovery

That makes sense.  And we can figure out the hearing on Monday.  Enjoy your trip!

Pat


**Patrick J. Fitzgerald ([bio](#))**

WATSTEIN TEREPKA <sup>LLP</sup>

P: (404) 400-3382

[pfitzgerald@wtlaw.com](mailto:pfitzgerald@wtlaw.com)

[www.wtlaw.com](http://www.wtlaw.com)

---

**From:** Jeremy Glapion <[jmg@glapionlaw.com](mailto:jmg@glapionlaw.com)>
**Date:** Wednesday, October 30, 2024 at 4:01 PM
**To:** Patrick Fitzgerald <[pfitzgerald@wtlaw.com](mailto:pfitzgerald@wtlaw.com)>
**Cc:** Ryan Watstein <[Ryan@wtlaw.com](mailto:Ryan@wtlaw.com)>, Jeffrey Brown <[jeff@jgbrownlaw.com](mailto:jeff@jgbrownlaw.com)>
**Subject:** Re: Walston v. NRS - Status report/Upcoming Discovery

[Warning – external]

Hi Pat:

Regarding the stip and email, that's fine, although I would phrase it as: "With the Court's permission, the parties will submit competing stipulations by 12:00p.m. the day before the hearing, via email or ECF, at the Court's preference" (or something like that. I'm on vacation mode.) And obviously make sure to update that you represent Def.

Regarding the depo: I have a minor medical procedure on 11/13 that will prevent me from traveling that day/evening, so I don't think I could travel to do a hearing on 11/14. Can we ask to reset it to a later time on 11/12? I'm not trying to be a pain on this front, I just have to imagine the Court is disinclined to grant a remote hearing and we're approaching Thanksgiving, so there's not a ton of time. We can figure this out Monday?

--



**Jeremy M. Glapion**

Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737

On Wed, Oct 30, 2024 at 2:15 PM, Patrick Fitzgerald <pfitzgerald@wtlaw.com> wrote:

Hi Jeremy,

The proposal works on our end, but we still think it makes sense to submit competing stipulations before the call with Judge Gilbert. We would revise the email as shown in red below. We also had a minor change on the report (removing the reference to Plaintiff's past complaints about status reports and updating to reflect Judge Harjani resetting the hearing). We can handle filing and sending the email if you're unable to.

One last point (and we can address this when you're back in the office): Ryan has oral argument before the Seventh Circuit on November 12, so we're going to have to move to reschedule the hearing on the motion to adjourn. Can we move Hellerman's depo to Nov. 12 or 13 and ask to move the hearing to Nov. 14? We had planned to appear remotely for Hellerman's depo.

Pat

---

Hi Brenda:

I represent Plaintiff in the above-captioned matter, and I have copied
Defendant's counsel here. The Parties request a call with Judge Gilbert, per
his invitation at the October 16 hearing, to discuss issues that have come
up with the stipulation intended to be addressed in the status report
due today.

Counsel for both Parties are available <span style="color:red">November 4 (before 2:00 p.m. ET),
5 (before 4:30 p.m. ET) and 6 (before 1 p.m. ET).</span>

<span style="color:red">The parties will submit competing stipulations by 12:00p.m. the day before
the hearing.</span>

Thank you for your time and attention to this matter.

**Patrick J. Fitzgerald ([bio](#))**

WATSTEIN TEREPKA <span style="color:red">LLP</span>

P: (404) 400-3382

[pfitzgerald@wtlaw.com](mailto:pfitzgerald@wtlaw.com)

[www.wtlaw.com](http://www.wtlaw.com)

Docusign Envelope ID: 8D412B4A-862C-4BD8-A341-ABEDA6311EF3

**From:** Jeremy Glapion <jmg@glapionlaw.com>
**Date:** Tuesday, October 29, 2024 at 10:11 PM
**To:** Patrick Fitzgerald <pfitzgerald@wtlaw.com>
**Cc:** Ryan Watstein <Ryan@wtlaw.com>, Jeffrey Brown <jeff@jgbrownlaw.com>
**Subject:** Re: Walston v. NRS - Status report/Upcoming Discovery

[Warning – external]

Counsel:

Rather than have this status report devolve further into argument, and given my relative unavailability tomorrow to sign off on anything, I think the most prudent approach would be to email Brenda and request a call with the Court strictly on the status report issue, and file the rest of the Status Report. The Court expressly invited us to take this approach at the hearing. 70:21-23.

I am available for such a call November 4 (hard stop at 2:00 PM), November 5 (hard stop at 4:30), November 6 (generally available), November 7 (hard stop at 1 PM).

If this approach is workable, I have attached an updated draft with the stipulation section noting the request for a call, and some minor redlines.

I can also email the Court the following tomorrow morning:

> Hi Brenda:
>
> I represent Plaintiff in the above-captioned matter, and I have copied Defendant's counsel here. The Parties request a call with Judge Gilbert, per his invitation at the October 16 hearing, to discuss issues that have come up with the stipulation intended to be addressed in the status report due today.
>
> Counsel for both Parties are available _____.

Docusign Envelope ID: 3041294C-8E2-C0083-3418-AEEA5EEF42F3

Thank you for your time and attention to this matter.


Let me know.


Best,

Jeremy

ǀ


--



**Jeremy M. Glapion**

Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737



On Tue, Oct 29, 2024 at 8:21 PM, Jeremy Glapion <jmg@glapionlaw.com> wrote:

> If you cannot guarantee the distinction you cannot make the stipulation. Those positions
> are literally irreconcilable and in complete contrast to the numerous representations
> you've made to the Court.
>
>
> --
>
> 
>
> **Jeremy M. Glapion**
>
> Partner
>
> Glapion Law Firm
> 1704 Maxwell Drive
> Wall, New Jersey 07719
>
> Tel.: 732-455-9737

On Tue, Oct 29 2024 at 8:17 PM, Patrick Fitzgerald <pfitzgerald@wtlaw.com> wrote:

> Jeremy,
>
> We're simply acknowledging that we cannot guarantee the cellphone/VOIP distinction at this time. We don't know if the technology is reliable. If it is, we'll carve out the VOIP numbers and stipulate the numbers were subscribed to cell phone providers (hence paragraph 5). As for NRS using a vendor to perform this work: We're not sure how else you envisioned that process—NRS doesn't have a list of the entire universe of registered cell phone numbers handy. Given this would be a third-party vendor that both parties agree to, your "fox guarding the henhouse" position is meritless.
>
> We will have changes to the stipulation part of the report.
>
> **Patrick J. Fitzgerald (bio)**
>
> WATSTEIN TEREPKA LLP
>
> P: (404) 400-3382
>
> pfitzgerald@wtlaw.com
>
> www.wtlaw.com
>
> ---
>
> **From:** Jeremy Glapion <jmg@glapionlaw.com>
> **Date:** Tuesday, October 29, 2024 at 6:46 PM
> **To:** Patrick Fitzgerald <pfitzgerald@wtlaw.com>
> **Cc:** Ryan Watstein <Ryan@wtlaw.com>, Jeffrey Brown <jeff@jgbrownlaw.com>
> **Subject:** Re: Walston v. NRS - Status report/Upcoming Discovery
>
> [Warning – external]
>
> As you can probably imagine, this stipulation does not work.

First, a list that contains cell phone numbers *or* VOIP numbers is as useless to me as the current lists, when it comes to determining numerosity.

Second, this is the first time you have mentioned needing to hire a vendor to conduct this analysis. If you cannot already identify cell phone numbers, it is unclear on what your offer of stipulation was based previously, and I am not required to outsource my litigation to Defendant.

This is non-negotiable to Plaintiff—if you cannot stipulate or provide a list of cell phone numbers, without the caveat of "we don't know if they're actually cell phone numbers"--then there is nothing more to discuss.

I've made redlines to your stipulation and also included my position should you intend to reject them. I have also attached the email and transcript pages referenced.

--



**Jeremy M. Glapion**

Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737

On Tue, Oct 29, 2024 at 5:41 PM, Patrick Fitzgerald <pfitzgerald@wtlaw.com> wrote:

> Hi Jeremy,
>
> Please see the minor redlines and proposed stip, attached.
>
> Pat

Docusign Envelope ID: 8D412FA4-862C-40C8-A410-1EB1049EF429

**Patrick J. Fitzgerald (bio)**

WATSTEIN TEREPKA LLP

P: (404) 400-3382

pfitzgerald@wtlaw.com

www.wtlaw.com

---

**From:** Jeremy Glapion <jmg@glapionlaw.com>
**Date:** Tuesday, October 29, 2024 at 4:18 PM
**To:** Patrick Fitzgerald <pfitzgerald@wtlaw.com>
**Cc:** Ryan Watstein <Ryan@wtlaw.com>, Jeffrey Brown <jeff@jgbrownlaw.com>
**Subject:** Re: Walston v. NRS - Status report/Upcoming Discovery

[Warning – external]

Hi guys, do we have an update on this? As mentioned, I fly out early tomorrow and I'm not sure when I'll have a chance to look at it again.

--



**Jeremy M. Glapion**

Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737

On Mon, Oct 28 2024 at 9:01 PM, Patrick Fitzgerald <pfitzgerald@wtlaw.com> wrote:

We'll try to have the proposed stipulation early tomorrow.

**Patrick J. Fitzgerald**

WATSTEIN TEREPKA <sup>LLP</sup>

[pfitzgerald@wtlaw.com](pfitzgerald@wtlaw.com)

[www.wtlaw.com](www.wtlaw.com)

---

**From:** Jeremy Glapion <[jmg@glapionlaw.com](jmg@glapionlaw.com)>
**Sent:** Monday, October 28, 2024 2:52:09 PM
**To:** Patrick Fitzgerald <[pfitzgerald@wtlaw.com](pfitzgerald@wtlaw.com)>
**Cc:** Ryan Watstein <[Ryan@wtlaw.com](Ryan@wtlaw.com)>; Jeffrey Brown <[jeff@jgbrownlaw.com](jeff@jgbrownlaw.com)>
**Subject:** Re: Walston v. NRS - Status report/Upcoming Discovery

[Warning – external]

My redlines attached.

Also, it's not clear—is Defendant joining the request to move the discovery deadline? Given you filled in a date, it seemed like it was, so I moved it to its own section at the top.

When do you anticipate providing an answer on the stipulation?

--

 **Jeremy M. Glapion**

Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737

Docusign Envelope ID: BD412E91-8E24-40DB-A4F3-ABEDA46EE1E5

On Mon, Oct 28, 2024 at 1:31 PM, Patrick Fitzgerald <pfitzgerald@wtlaw.com> wrote:

> Jeremy,
>
> Here's NRS's part of the status report. Our client may have some minor changes and we'll get that to you shortly. Same with the stipulation (the proposal seems workable, we just need to confer about one issue).
>
> Also, Nov. 14 works for Michael's deposition.
>
> **Patrick J. Fitzgerald (bio)**
>
> WATSTEIN TEREPKA LLP
>
> P: (404) 400-3382
>
> pfitzgerald@wtlaw.com
>
> www.wtlaw.com

---

**From:** Jeremy Glapion <jmg@glapionlaw.com>
**Date:** Tuesday, October 22, 2024 at 10:35 PM
**To:** Patrick Fitzgerald <pfitzgerald@wtlaw.com>
**Cc:** Ryan Watstein <Ryan@wtlaw.com>, Jeffrey Brown <jeff@jgbrownlaw.com>
**Subject:** Re: Walston v. NRS - Status report/Upcoming Discovery

[Warning – external]

Counsel:

Attached please find the Amended Sixth RFPs (now numbered through 76 rather than 75) and the Amended Fifth RFAs (now numbered through 54 rather

than 53).

Per agreement, I will calendar these as due November 14.

Best,

Jeremy

--

**Jeremy M. Glapion**

Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737

On Mon, Oct 21, 2024 at 3:32 PM, Jeremy Glapion <jmg@glapionlaw.com>
wrote:

> I will get them out to you tomorrow
>
> --
>
> **Jeremy M. Glapion**
>
> Partner
>
> Glapion Law Firm
> 1704 Maxwell Drive
> Wall, New Jersey 07719
>
> Tel.: 732-455-9737

On Mon, Oct 21 2024 at 3:31 PM, Patrick Fitzgerald <pfitzgerald@wtlaw.com> wrote:

> Jeremy,
>
> We'll follow up on dates for Michael. That discovery compromise works, thank you! Can you get the additional/revised requests to us this week?
>
>
> **Patrick J. Fitzgerald (bio)**
>
> WATSTEIN TEREPKA LLP
>
> P: (404) 400-3382
>
> pfitzgerald@wtlaw.com
>
> www.wtlaw.com
>
> ---
>
> **From:** Jeremy Glapion <jmg@glapionlaw.com>
> **Date:** Monday, October 21, 2024 at 1:58 PM
> **To:** Patrick Fitzgerald <pfitzgerald@wtlaw.com>
> **Cc:** Ryan Watstein <Ryan@wtlaw.com>, Jeffrey Brown <jeff@jgbrownlaw.com>
> **Subject:** Re: Walston v. NRS - Status report/Upcoming Discovery
>
> [Warning – external]
>
> Hi Pat:
>
>
> Regarding Michael's deposition, how does November 11, 12, or 14 look?
>
>
> Regarding the pending discovery requests: I'm open to the 14 day extension, but would you be willing to allow me to serve amended requests adding an additional RFP and RFA (one each) onto the requests, while keeping the 11/14 date? I was going to serve a new set but this seems way more efficient, if so.

--



**Jeremy M. Glapion**

Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737

On Mon, Oct 21, 2024 at 1:35 PM, Patrick Fitzgerald <pfitzgerald@wtlaw.com> wrote:

> Hi Jeremy,
>
> We just wanted to follow up on getting dates after November 3 for Michael's deposition (and to confirm we're not scheduled for Oct. 23).
>
> Also, would you agree to a 14-day extension to the most recent round of discovery? (Making it due Nov. 14.  The multiple holidays Jewish holidays in October, along with my being out of the office until Tuesday, will make the Oct. 29 deadline difficult.
>
> Pat
>
> **Patrick J. Fitzgerald (bio)**
>
> WATSTEIN TEREPKA LLP
>
> P: (404) 400-3382
>
> pfitzgerald@wtlaw.com
>
> www.wtlaw.com

Docusign Envelope ID: 804129A1-8C2C-4C83-A47E-67AF31EFE7F3

**From:** Jeremy Glapion <jmg@glapionlaw.com>
**Date:** Friday, October 18, 2024 at 3:59 PM
**To:** Ryan Watstein <Ryan@wtlaw.com>
**Cc:** Patrick Fitzgerald <pfitzgerald@wtlaw.com>, Jeffrey Brown <jeff@jgbrownlaw.com>
**Subject:** Re: Walston v. NRS - Status report/Upcoming Discovery

[Warning – external]

I'll try and turn a draft around before Tuesday. Enjoy your weekend.

--



**Jeremy M. Glapion**

Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737

On Fri, Oct 18, 2024 at 6:41 AM, Ryan Watstein <Ryan@wtlaw.com> wrote:

> Hey Jeremy, same to you. Feel free to send a draft of the status report and we'll turn it as quickly as possible, though both Pat and our client are out through Tues, so it will likely be Wed b/f we can get back to you. When you send, you can omit the stipulation part, as we'll take the below and work with that. Re deposition dates, those don't work because I have all day prep sessions for depos in another matter set those days. Can you provide a couple days after your return?

**From:** Jeremy Glapion <jmg@glapionlaw.com>
**Date:** Thursday, October 17, 2024 at 1:20 PM
**To:** Ryan Watstein <Ryan@wtlaw.com>, Patrick Fitzgerald

Docusign Envelope ID: B04129A4-86F4-466B-934D-9AEDA989147F

<pfitzgerald@wtlaw.com>
**Cc:** Jeffrey Brown <jeff@jgbrownlaw.com>
**Subject:** Walston v. NRS - Status report/Upcoming Discovery

[Warning – external]

Ryan:

Pleasure seeing you yesterday and hope you made it home safely.

I am out of town from 10/30-11/3 so would like to get the status report ironed out as soon as possible. Do you want to hop on a call Monday or do you want me to send a draft your way?

The main item seems to be the possible stipulation.

As proposed at the conference, I believe the following would be sufficient to moot the request for the full telephone numbers (for now):

1. Re-produce the "Master List" and Campaign Reports with *only* cell phone numbers.

2. Redact all but the last 5 (rather than 4) to cut down on last-four-duplicates.
3. Do the same for each Campaign Report produced by VoiceLogic.
4. Stipulate that these were cell phone numbers for all relevant purposes and relevant times during the class period and you will not challenge this later.

Regarding Michael Hellerman, I will do his deposition remotely if you're not going to be in the area, but if you intend to come up (like with Stern) or are already around, I would prefer to do this in person. How is 10/23 or 10/25?

--

**Jeremy M. Glapion**



Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737