# **EXHIBIT 1**

Ryan D. Watstein (*admitted pro hac vice*)
Georgia Bar No. 266019
Patrick J. Fitzgerald (*admitted pro hac vice*)
Georgia Bar No. 405638
**WATSTEIN TEREPKA LLP**
1055 Howell Mill Road, 8th Floor
Atlanta, Georgia 30318
Telephone: 404-782-0695
ryan@wtlaw.com
pfitzgerald@wtlaw.com

*Counsel for Plaintiff PivotHealth Holdings, LLC*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| PivotHealth Holdings, LLC,<br><br>    Plaintiff,<br>v.<br><br>Lucas Horton,<br><br>    Defendant. | Civil Action 2:24-cv-01786-MTL |

**PLAINTIFF'S SURREPLY TO DEFENDANT'S
MOTION TO DISMISS FOR LACK OF JURISIDCTION**

Pivot files this surreply to Defendant Lucas Horton's Motion to Dismiss for Lack of Jurisdiction. Pivot addresses the following points:

1. **Pivot's Alleged Responsibility for the Calls**: Horton fails to respond to the evidence that he knew American Health Plans retained Rank Media to place the calls he complained about in *Horton v. PivotHealth*, Case No. 22-cv-02915 (N.D. Tex.) (reassigned to D. Ariz. as Case No. 2:23-cv-02533). ECF No. 16-1 at 6; *see also* ECF No. 16 at 7 (identifying declaration of Deirdre Ragan, filed in the Underlying Action ("Pivot has no relationship with American Health Plans or Rank Media"). In any event, to the extent that Horton's personal and subject matter challenges are based on Pivot allegedly retaining Rank Media, those facts

are disputed. *Id.* The Court cannot resolve disputed jurisdictional facts where they are inextricably intertwined with the merits. *See, e.g., Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) ("[W]here the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits, . . . the moving party should prevail only if the material jurisdictional facts are not in dispute."); *Craftwood II, Inc. v. Generac Power Sys., Inc.*, 920 F.3d 479, 481 (7th Cir. 2019) ("[T]reating a defense as if it were an element of subject-matter jurisdiction . . . transgresse[s] the[] allocations of authority" at the pleading stage); *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 n.2 (9th Cir. 1977) (where personal jurisdiction is "intertwined with the merits," "it is preferable that this determination be made at trial, where a plaintiff may present his case in a coherent, orderly fashion and without the risk of prejudicing his case on the merits.").

    2. **The Refund Demand**: Horton's explanation for the "CST" caption on the October 13, 2022 refund demand email is nonsensical. Horton claims (at 9) that "CST stands for Central Standard Time, which is where [he] lives." Horton lives in Dallas, Texas, which is in the ***Central Time Zone***. Dallas shifts from Central Daylight Time (CDT) to Central Standard Time (CST) on the first week of November. If Horton sent the Refund Demand on October 13, 2022, his email would show a "CDT" caption, like the email Pivot sent to Horton on October 10, 2022. ECF No. 16–1 at 92.

    3. **The remaining *Panavision* factors**: Horton hasn't presented any evidence to support the remaining *Panavision* factors and failed to carry his burden to prove that exercising jurisdiction is unreasonable. For each factor, Horton (at 18–19) assumes Pivot retained Rank Media. Horton provides no evidence to support that (and simply claims Pivot "lied in discovery"). And, based on Pivot's evidence that it did not retain Rank Media, such a determination would be inappropriate at this stage of the proceedings. *Data Disc,* 557 F.2d at 1285 n.2.

    With the foregoing in mind, the Court must deny Plaintiff's Motion to Dismiss.

DATED: November 11, 2024

**WATSTEIN TEREPKA LLP**

<u>*/s/ Ryan D. Watstein*</u>
Ryan D. Watstein (*admitted pro hac vice*)
ryan@wtlaw.com
Patrick J. Fitzgerald (*admitted pro hac vice*)
pfitzgerald@wtlaw.com
1055 Howell Mill Road, 8th Floor
Atlanta, Georgia 30318
Tel. (404) 782-0695

*Attorneys for Plaintiff*
*PivotHealth Holdings, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on November 11, 2024, I caused a true and correct copy of the foregoing to be electronically filed a with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record and via email and U.S. first class mail, postage prepaid as follows:

Lucas Horton
1202 Stratford
Richardson, TX 75080
Email: lukeduke365@yahoo.com

/s/ Ryan D. Watstein
Ryan D. Watstein