## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **RASHAD WALSTON,** on behalf of himself and all others similarly situated,<br><br>**Plaintiff,**<br><br>v.<br><br>**NATIONAL RETAIL SOLUTIONS, INC. D/B/A NRS PAY,**<br><br>**Defendant.** | Civil Case No.: 24-cv-83<br><br><br>District Judge: Hon. Sunil R. Harjani<br>Magistrate Judge: Jeffrey T. Gilbert |

## JOINT STATUS REPORT

Pursuant to docket entry 87, the Parties submit the following Joint Status Report.

### I.   Stipulation

#### a.  Proposed Vendor

The Parties tentatively agree to use PacificEast to provide line type identification services.

#### b.  Timing and Stipulation

By Friday, November 22, Defendant will send a single campaign report sample to PacificEast for a "test" run. Defendant will have a separate expert review the output for accuracy.[1]

By no later than December 2, Defendant will confirm its agreement to use PacificEast by executing the stipulation filed herewith.

---

[1] For purposes of preservation, Plaintiff believes that this one-sided expert "inquiry" into PacificEast's output is part of why this stipulation process is unfairly tilted toward Defendant. Plaintiff lacks the ability to conduct a similar inquiry into PacificEast's output, or rebut Defendant's expert's findings, because Plaintiff does not have the full data.

In the event Defendant cannot agree to use PacificEast and/or execute the attached stipulation, Defendant will promptly inform Plaintiff and, if the issues cannot be resolved, the Parties will jointly inform the Court by no later than December 6, 2024.

### c. Process

Defendant and VoiceLogic keep "campaign reports" which show, among other things, lists of telephone numbers to which ringless voicemails were attempted, the dates of those attempts, and the purported dispositions of those attempts.

Within five (5) days of Defendant executing the stipulation as described above, Defendant will provide to PacificEast all campaign reports currently in its possession, which is currently three total campaign reports (for campaigns conducted on July 31, 2023; September 18, 2023; and October 12, 2023).

Within five (5) days of Defendant's receipt or discovery of any additional campaign reports, Defendant will provide those campaign reports.

PacificEast will, at minimum, identify line type and carrier on the date of the specific ringless voicemail attempt indicated in the campaign reports and produce that information to Defendant.

### d. Output

Within five (5) days of PacificEast's production to Defendant of the line type and carrier information, Defendant will produce this data to Plaintiff in a way that links the line type and carrier to a given number and call attempt. Defendant will produce this data to Plaintiff in native format (understood to be excel), and in a way that allows Plaintiff to 1) count cellular telephone numbers 2) link a specific ringless voicemail attempt (and its purported disposition) to a specific identified cellular telephone number. Defendant will

produce this data fully unredacted except for the telephone numbers, which Defendant will redact or truncate to all but the last 5 digits.

## II. <u>Rule 72 Objections</u>

For reasons stated on the record and in the various briefs surrounding Plaintiff's Motion to Compel, Dkt. 48, Plaintiff maintains that he is entitled to discover the unredacted phone numbers. While Plaintiff will continue to work with Defendant on the stipulation, Federal Rule of Procedure 72(a) requires Plaintiff to preserve objections to this Court's order within two weeks of the Court entering its order granting Plaintiff's Motion in part. Dkt. 87. Plaintiff intends to do so, and notes this here to avoid surprising the Court or Defendant.

For reasons stated on the record and in the various briefs surrounding Plaintiff's Motion to Compel, Defendant disagrees with Plaintiff's position and Plaintiff's entitlement to unredacted phone numbers, and intends to oppose Plaintiff's objections accordingly.

Dated: November 19, 2024

*/s/ Ryan D. Watstein*
Ryan D. Watstein (pro hac vice)
ryan@wtlaw.com
Patrick J. Fitzgerald (pro hac vice)
pfitzgerald@wtlaw.com
**WATSTEIN TEREPKA LLP**
1055 Howell Mill Road, 8th Floor
Atlanta, Georgia 30318
Tel: (404) 782-9821
Fax: (404) 537-1650

Justin M. Penn, ARDC 6283726
jpenn@hinshawlaw.com
**HINSHAW & CULBERTSON LLP**
151 North Franklin Street, Suite 2500
Chicago, Illinois 60606
Tel: (312) 704-3000

*Counsel for Defendant*

*/s/ Jeremy M. Glapion*
Jeremy M. Glapion
The Glapion Law Firm, LLC
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732-455-9737
Fax: 732-965-8006
jmg@glapionlaw.com

*Counsel for Plaintiff and the Putative Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2024, I caused to be electronically filed a true and correct copy of the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Ryan D. Watstein*
Ryan D. Watstein