```
 1   TRANSCRIBED FROM DIGITAL RECORDING

 2                  IN THE UNITED STATES DISTRICT COURT
                       NORTHERN DISTRICT OF ILLINOIS
 3                           EASTERN DIVISION

 4   RASHAD WALSTON on behalf of himself and )
     all others similarly situated,          ) Case No. 24 C 83
 5                                           )
                  Plaintiff,                 )
 6                                           )
             vs.                             )
 7                                           )
     NATIONAL RETAIL SOLUTIONS, INC., doing  ) Chicago, Illinois
 8   business as NRS Pay,                    ) October 16, 2024
                                             ) 2:04 P.M.
 9                Defendant.                 )

10        TRANSCRIPT OF PROCEEDINGS - In-Person Motion Hearing
        BEFORE THE HONORABLE JEFFREY T. GILBERT, Magistrate Judge
11
     APPEARANCES:
12
     For the Plaintiff:       GLAPION LAW FIRM
13                            1704 Maxwell Drive
                              Wall, New Jersey  07719
14                            BY:  MR. JEREMY GLAPION

15                            JEFFREY GRANT BROWN, P.C.
                              65 West Jackson Boulevard
16                            Suite 107
                              Chicago, Illinois  60604
17                            BY:  MR. JEFFREY GRANT BROWN

18   For the Defendant:       WATSTEIN TEREPKA LLP
                              1055 Howell Mill Road
19                            8th Floor
                              Atlanta, Georgia  30318
20                            BY:  MR. RYAN D. WATSTEIN

21

22                  PAMELA S. WARREN, CSR, RPR
                  Official Court Reporter - Retired
23                   23869 N. High Ridge Drive
                    Lake Zurich, Illinois  60047
24                          312.823.0001

25
     NOTE:  Please notify of correct speaker identification.
```

1       What I am hearing is what you need is -- and I
2  don't -- I would prefer not to -- Mr. Watstein, to go down your
3  path of, we'll stipulate to over 40 or over 50, whatever the
4  threshold is.  I think plaintiffs are entitled to be able to
5  tell the district judge the magnitude of what they are talking
6  about here.  All right?  Not just to get over the threshold of
7  class certification, but to give some color to what they're
8  saying.  There were 5,000, 12,000, 10,000, 17,000.  I think,
9  you know --
10      MR. WATSTEIN:  And we don't have a --
11      THE COURT:  -- whatever it is.  And I think you could
12 do that based upon your records.
13      MR. WATSTEIN:  We can.  And we don't have a problem
14 with that.  I -- to be clear, we weren't trying to not give the
15 Court what you wanted.  We actually thought that we were -- we
16 thought that we were cutting to the heart of the issue and
17 making it easier.  If we made it more difficult, we apologize.
18 We don't have an issue with saying -- with having them run a
19 search and say this is the number of cell phones.
20      THE COURT:  Yeah.  I mean, if I wanted the legal
21 conclusion, I would have asked for it.  I wanted something that
22 was more akin to the factual representations that were in your
23 brief.
24      But that's okay.  We're here today to talk about this.
25      So as long as I can get to a result that gets the

1  plaintiff information and in terms -- both the information, the
2  magnitude, the color, the packaging, and that information, that
3  they will then use on their motion for class certification,
4  that's where I'm going with this.  All right?
5          Now, if for some reason I'm wrong and the only way
6  plaintiff can get that information is by the actual cell phone
7  numbers, then I am not averse to doing that.
8          But that's not my understanding from the briefs.  And
9  I thought a mot- -- one of the motivations for plaintiff's
10 desire to get the individual cell phone numbers was to be able
11 to call the people.  And that is something that I am pushing
12 back on because I don't know that now is the appropriate time
13 to do that.
14         You don't even have a class yet.  And so, you know, as
15 somewhat of a fiduciary for absent class members, I think I
16 have to be cognizant of what kind of invasions of their lives
17 they should be subjected to simply because they are putative
18 members of the class.
19         If a class is certified and then discovery is ongoing
20 on something like that, you know, I think the landscape may
21 change a little bit.
22         But -- and if -- you know, if there is limited
23 discovery of class members -- I mean, I don't know.  But, I
24 mean, to say you could have the numbers because you want to
25 call everybody -- and, PS, in a case -- and this is not a major

1   concern of mine.  Okay?  But I will say it is within the
2   concerns that I am thinking about.  In a case where the
3   defendant has challenged in particular this named
4   plaintiff's adequacy as a class rep, this -- you know, and/or
5   the counsel's adequacy of a class rep, so there may be real
6   reason to try and find other people, I am not sure that I
7   should facilitate that by giving you 17,000 cell phone numbers.
8   Okay?
9            So that's -- so big picture, let me tell you where I'm
10  coming from.  If we could bring it back down, I would like to
11  understand a little bit better.  And I don't know that we're
12  going to craft a stipulation now, but I can order you to do
13  this.
14           For example, if, as Mr. Watstein said, they're willing
15  to give you the number of cell phone numbers that were called,
16  as opposed to theoretically it is more than 40, then I would
17  order them to do that.  Okay?  And that gets more toward what
18  you're looking for on numerosity.  Right?
19           MR. GLAPION:  It -- halfway there.
20           THE COURT:  Halfway.  Okay.
21           The other part -- and this is because I haven't really
22  delved into the amended complaint on this.  The other part is
23  whether the messages -- the ringless voicemail was actually
24  received, right, by the -- those cell phone numbers?
25           MR. GLAPION:  Correct.