**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **RASHAD WALSTON,**<br><br>                    Plaintiff,<br>v.<br><br>**NATIONAL RETAIL SOLUTIONS, INC.**<br><br>                    Defendant. | Civil Case No.: 24-cv-83<br><br>**Plaintiff's Amended Sixth Set of Requests for Production** |

PROPOUNDING PARTY:   Rashad Walston ("Plaintiff")

RESPONDING PARTIES:   National Retail Solutions, Inc. ("Defendant")

SET NUMBER:                    Six (6)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff hereby requests that defendant National Retail Solutions, Inc. ("Defendant" or "NRS, Inc.") produce for inspection and copying the documents and electronically stored information described herein, at the offices of Glapion Law Firm, 1704 Maxwell Drive, Wall, NJ 07719, within 30 days of the service of these requests on NRS, Inc. In accordance with Rule 34(b), NRS, Inc. must provide written responses to the following requests and produce the requested documents as they are kept in the ordinary and usual course of business or organize and label the documents to correspond with the categories in this request.

## INSTRUCTIONS

1.      Pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure, if NRS, Inc. withholds the production of any document which is responsive to the following requests on the grounds that the document is privileged or otherwise protected, NRS, Inc. shall state in a privilege log the nature of the claim of privilege or protection; and describe

generally the type and nature of the document; the date of the document; the identity of the author(s), the addressees, and any recipients of the document; the document's present location; and any other information that will enable Plaintiff and the Court to assess the applicability of the privilege or protection.

2. Unless otherwise indicated, these requests shall pertain to the time period of **January 3, 2020** through the conclusion of this litigation, and shall include all documents and information that relate in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated, or received prior or subsequent to that period.

3. NRS is required to produce all the requested documents which are in its possession, custody or control, including (by way of illustration only and not limited to) documents in the possession, custody or control of NRS, Inc. or its affiliates, or its merged and acquired predecessors, its present and former directors, officers, partners, employees, accountants, attorneys or other agents, its present and former independent contractors over which it has control, and any other person acting on NRS, Inc.'s behalf.

4. If a DOCUMENT responsive to these requests was at any time in NRS, Inc.'s possession, custody or control but is no longer available for production, as to each such DOCUMENT state the following information:

  a. Whether the DOCUMENT is missing or lost;

  b. Whether the DOCUMENT has been destroyed;

  c. Whether the DOCUMENT has been transferred or delivered to another PERSON and, if so, at whose request;

  d. Whether the DOCUMENT has been otherwise disposed of; and

  e. The circumstances surrounding the disposition of the DOCUMENT and the date of its disposition.

5. Wherever the word "or" appears herein, the meaning intended is the logical inclusive "or," i.e., "and/or."

6. These Requests shall be deemed continuing so as to require seasonable supplemental responses as NRS, Inc. or its attorneys obtain further information or materials from the time its answers are served until the time of trial.

7. Nothing herein is intended to supersede or abrogate any previous request or the deadline or obligation to respond to any previous request, even if the requests herein actually or arguably overlap with the previous requests.

## **DEFINITIONS**

These requests incorporate the definitions found in Local Rule 26.5 of the Local Rules of the District of Massachusetts, regardless of where this case is pending. To the extent a word or phrase is defined in both Local Rule 26.5 and in the below definitions, the word shall be given both such definitions. To the extent a word or phrase is not defined below but is defined in Local Rule 26.5, the word or phrase shall be given a definition in accordance with Local Rule 26.5. The following terms shall have the following meanings:

1. "CALL LOGS" means, for any DIALED CALL, documents showing the date(s), time(s), number(s) to which the DIALED CALL was placed, the outcome of each DIALED CALL (e.g. connected, voicemail left, etc), disposition of each DIALED CALL, duration of each DIALED CALL, and the file(s) used for each DIALED CALL. This term specifically also includes documents showing the information found in NRS000001 and NRS_001698-1700.

2. "CAMPAIGN REPORT" refers to NRS_001698-1700, and any other documents produced by YOU or to YOU containing similar information.

3. "CONCERNING" or "RELATING TO" means referring to, regarding, describing, evidencing, constituting, discussing, memorializing, summarizing, recording or providing evidence of a subject matter.

4. "DIALED CALL" means any attempt by YOU to connect with a person or telephone number via placing a telephone call or text message, and specifically includes ringless voicemails or other attempts to deliver a message to a telephone number or voicemail system, regardless of whether the attempt intended to cause the telephone

number to ring or to reach a live person. This definition specifically includes DIALED CALLS YOU requested be made on YOUR behalf.

   5.  The terms "DOCUMENT" or "DOCUMENTS" include, without limitation, any ELECTRONICALLY STORED INFORMATION and/or typewritten, handwritten, graphic, photographic, printed or otherwise recorded matter or recording of symbols in tangible form, however produced or reproduced, of every kind and regardless of where located, which is in your possession, custody, or control; or in the possession, custody or control of any servant or agent of you or of your attorneys. The terms include the following: electronically recorded information such as electronic mail ("email"), html files, databases, data processing cards or tapes, computerized data, computer diskettes, or information otherwise contained on a computer's hard drive, disks or backup tapes; video tapes, audio tapes, view-graphs, or any information maintained on digital, electronic, magnetic or other media; and any other summary, schedule, memorandum, note, statement, letter, telegram, interoffice communication, report, diary, worksheet, list, graph, chart, or index, tape record, partial or complete report of telephone or oral conversation, transcript or minutes, compilation, tabulation, study, analysis, or other such writing or recording. The terms "document" and "documents" include any originals, all file copies, all other copies, no matter how prepared, and all drafts prepared in connection with such documents, whether or not used, as well as the file in which the documents are maintained. A draft or non-identical copy of a document, including a copy or duplicate of a document that has any nonconforming notes, marginal annotations or other markings, and any preliminary version, draft or revision of the foregoing, is a separate document within the meaning of these terms.

   6.  "ELECTRONICALLY STORED INFORMATION" ("ESI") has the same full meaning as construed by Fed. R. Civ. P. 26 and 34 and includes, without limitation, the following:

   7.  Activity listings of electronic mail receipts and/or transmittals;

8. Output resulting from the use of any software program, including without limitation word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, AOL Instant Messenger (or similar program) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether such electronic data exist in an active file, deleted file, or file fragment;

9. Any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or on any other vehicle for digital data storage and/or transmittal, including without limitation a personal digital assistant, e.g., Palm Pilot, Blackberry, Treo, iPod, or other device; and

10. Plaintiff requests that ESI be processed and produced in a manner that preserves all metadata and that the parties confer regarding the production of metadata and the form or any electronic production prior to the gathering or processing of ESI. Unless otherwise requested, all such ESI is to be produced in an agreed-upon, computer searchable format.

11. "IDENTIFY" means the following, depending on whether the request seeks to identify persons or documents:

12. When referring to a person, "identify" means to give, to the extent known, the person's full name, present or last known address and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in full in accordance with this subparagraph, only the name of that person need be listed in response to any subsequent Requests.

13. When referring to documents, "identify" means to give, to the extent known, the: (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the case of material maintained in electronic form, "identify" also means to give the: (i) topic, (ii) creation date, (iii) user, and (iv) bytes.

14. "LEAD" means contact information for an individual or business, regardless of how obtained, that YOU treat, treated, noted, or otherwise considered as a prospective customer or someone who might be interested in YOUR services, or who would be included in YOUR marketing efforts, prior to the individual or business becoming one of YOUR customers.

15. "MARKETING MESSAGE" means any PRERECORDED or ARTIFICIAL VOICE message containing the phrase(s) "check out nrspay.com" and/or "if you process over" and/or "to learn more" and/or "free credit card reader".

16. "PERSON" means any individual, partnership, association, corporation, joint venture, governmental or administrative body, or other business or legal entities.

17. "POLICY" means any practice, procedure, directives, routine, rules, courses of conduct or code of conduct, written or unwritten, formal or informal, recorded or unrecorded, which were recognized, adopted, issued or followed by you.

18. "PRELITIGATION TIME PERIOD" means the time period beginning as listed above but concluding at 11:59 PM eastern time the night immediately preceding the filing of this litigation.

19. "PRERECORDED" or "ARTIFICIAL VOICE" means any voice that was recorded prior to the making of any particular telephone call, or any computer- or software-generated voice, or any message that is not spoken contemporaneous with the message by a live, human operator, or using any voice other than a live, human operator.

20. "PROVIDING" or "PROVIDED" has its ordinary meaning, and also includes uploading to any platform maintained or operated by the recipient/object of the term (e.g. "PROVIDED to VoiceLogic" means uploaded to any platform maintained by VoiceLogic).

21. "PUTATIVE CLASS MEMBER" means any person, other than Plaintiff Walston and/or his known representatives and/or his known associates, meeting the class definition of the Second Amended Complaint, Dkt. 61, or otherwise associated with any of the telephone numbers contained in the unredacted versions of NRS000606-001697.

    a. For Request 76, "COMMUNICATE" or "COMMUNICATED" or "COMMUNICATIONS" means any attempt, successful or not, to dial or call or reach any of the telephone numbers contained in the unredacted versions of NRS000606-001697, or otherwise attempting to contact, or actually contacting, or receiving contact from, anyone YOU (including YOUR attorneys) associated with, or came to associate with, any such telephone number. This excludes telephone number(s) known to be associated with, or communications knowingly directed at or received from, Plaintiff Walston and/or his representatives and/or his known associates.

 22. "RINGLESS VOICEMAIL CAMPAIGN" means any occasion on which YOU provided VoiceLogic with a list of telephone numbers to which YOU intended VoiceLogic attempt to send ringless voicemails, and/or any other occasion on which YOU instructed, asked, or paid VoiceLogic to send ringless voicemails. References to "conducting" such a campaign refers to those campaigns for which ringless voicemail attempts were actually made, to the best of YOUR knowledge (as opposed to campaigns for which details were provided, but did not initialize for whatever reason).

 23. "THIRD PARTY" means any entity not owned or controlled by YOU, or any person that does not receive an annual salary from YOU.

 24. "YOU" or "YOUR" means National Retail Solutions, Inc. and/or any managers, directors, administrators, officers, executives, agents, contractors, fiduciaries, all employees or other representatives of NRS, Inc.. When referring to calls or texts (e.g. "YOUR CALLS"), this includes calls or texts made at YOUR request or on YOUR behalf.

 25. The terms "and" as well as "or," whenever they appear herein, shall be construed either disjunctively or conjunctively in order to bring within the scope of the specifications stated in the Requests all responses that might otherwise be deemed outside the scope.

26. "CELLULAR TELEPHONE NUMBER" or "TELEPHONE NUMBER" is ▇▇▇▇▇.

### **FORMAT OF PRODUCTION**

It is hereby requested that you meet and confer with us regarding the production format(s) for all data or documents maintained in electronic form *before* the response deadline. Unless otherwise requested, all such data or documents are to be produced in an agreed-upon, computer-searchable format.

**To the extent documents responsive to this request have been produced without a bates number, please re-produce such documents with a bates number.**



**REQUEST FOR PRODUCTION NO. 76**

For the purposes of this request, the time period begins January 3, 2024.

All DOCUMENTS and/or ESI RELATING TO YOUR (including YOUR attorney(s)) COMMUNICATIONS WITH PUTATIVE CLASS MEMBERS, including: the content of such COMMUNICATIONS; the results of such COMMUNICATIONS; documents or information obtained from such COMMUNICATIONS; related COMMUNICATIONS (e.g. follow up emails or contact); DOCUMENTS and/or ESI provided to, intended to be provided to, or received from, any PUTATIVE CLASS MEMBER; and any notes, recordings, and/or other documentation associated with or obtained through COMMUNICATIONS or from a PUTATIVE CLASS MEMBER.

Dated: October 22, 2024

/s/ Jeremy M. Glapion_____
Jeremy M. Glapion
**THE GLAPION LAW FIRM, LLC**
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732.455.9737
Fax: 732.965.8006
jmg@glapionlaw.com