IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RASHAD WALSTON, on behalf of himself and all others similarly situated, | : | Case No. 1:24-cv-00083 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| NATIONAL RETAIL SOLUTIONS, INC. D/B/A NRS PAY, | : | |
| | : | |
| Defendant. | : | |
| _____/ | | |

**DEFENDANT'S RESPONSES TO
PLAINTIFF'S AMENDED SIXTH SET OF REQUESTS FOR PRODUCTION**

Defendant National Retail Solutions, Inc. ("Defendant" or "NRS") under Federal Rules of Civil Procedure 26 and 34, hereby answers, objects, and otherwise responds to Plaintiff's Amended Sixth Set of Requests for Production (the "Request" individually, and collectively, the "Requests") as follows:

Plaintiff's Requests are improper for several threshold reasons.

1. Many Requests are improper because they seek documents possessed by persons other than Defendant, including by incorporating Plaintiff's definition of "YOU" and "YOUR." For example, Plaintiff's definition includes "contractors" and "fiduciaries," which Defendant has no control over. Defendant responds to these Requests on behalf of NRS alone.

2. The Requests are improper to the extent they prematurely solicit information relevant to the merits of the putative class's potential claims against Defendant. For example, the Requests ask Defendant for each telephone number to which VoiceLogic intended to transmit ringless voice messages. No class has been certified and thus discovery is limited to matters relevant to whether certification is appropriate. *See* Fed. R. Civ. P. 23 (2003 Adv. Cmte. Notes).

As the Court noted during the October 16th hearing, it intends for the parties to "prioritize[e] discovery relevant to class certification[,] [a]nd this does not prevent any party from… deferring discovery till later." ECF No. 78 at 57:25-58:3. Plaintiff doesn't need "the individual cell phone numbers to get a class certified on the issue of numerosity or anything else, frankly." ECF No. 78 at 22:4–8. Defendant objects to producing documents beyond what the Court needs to make an informed decision on class certification, including the full phone numbers.

3. Defendant will begin producing the discoverable records, as described below, by the week of November 21, 2024.

4. Unless otherwise stated, Defendant is not withholding documents based on the following objections. Defendant makes these objections to preserve its rights. Should Defendant withhold documents based on the following objections, Defendant will amend the relevant response.

Subject to the foregoing threshold issues, Defendant hereby responds to the Requests as follows:

**REQUESTS FOR PRODUCTION**



2



**REQUEST FOR PRODUCTION NO. 76**

For purposes of this request, the time period begins January 3, 2024.

All DOCUMENTS and/or ESI RELATING TO YOUR (including YOUR attorney(s)) COMMUNICATIONS WITH PUTATIVE CLASS MEMBERS, including the content of such COMMUNICATIONS; the results of such COMMUNICATIONS; document of information obtained from such COMMUNICATIONS; related COMMUNICATIONS (e.g. follow up emails

or contact); DOCUMENTS and/or ESI provided to, intended to be provided to, or received from, any PUTATIVE CLASS MEMBER; and any notes, recordings, and/or other documentation associated with or obtained through COMMUNICATIONS or from a PUTATIVE CLASS MEMBER.

**RESPONSE:**

Defendant references and incorporates its objection to "YOUR," as set forth above. Defendant responds on behalf of NRS alone.

Defendant objects to this Request because it seeks documents protected from discovery under the attorney–client privilege, the work product doctrine, or any other privilege recognized by law. Specifically, the Request encompasses documents that reflect Defendant's counsel's mental impressions, conclusions, opinions, or legal theories developed in the course of investigating Plaintiff's claims. Such materials, including notes, analyses, and other preparatory documents, were created in anticipation of litigation and are therefore protected from disclosure under the work product doctrine and the attorney–client privilege. Accordingly, Defendant will not produce such documents and is withholding documents on this basis.

Subject to the above objections, pursuant to which Defendant is withholding certain documents, Defendant will produce discoverable responsive documents within its possession.

DATED: November 14, 2024.

        Respectfully submitted,

        */s/ Ryan D. Watstein*
        Ryan D. Watstein (pro hac vice)
        ryan@wtlaw.com
        Patrick J. Fitzgerald (pro hac vice)
        pfitzgerald@wtlaw.com
        **WATSTEIN TEREPKA LLP**
        1055 Howell Mill Road, 8th Floor
        Atlanta, Georgia 30318
        Tel: (404) 782-9821
        Fax: (404) 537-1650

        Justin M. Penn, ARDC 6283726
        jpenn@hinshawlaw.com
        **HINSHAW & CULBERTSON LLP**
        151 North Franklin Street, Suite 2500
        Chicago, Illinois 60606
        Tel: (312) 704-3000

        *Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 14, 2024, I caused a true and correct copy of the foregoing to be serve via email upon to all counsel of record.

*/s/ Ryan D. Watstein*
Ryan D. Watstein
