IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RASHAD WALSTON, on behalf of himself and all others similarly situated, | Case No. 1:24-cv-00083 |
| Plaintiff, | |
| v. | |
| NATIONAL RETAIL SOLUTIONS, INC. D/B/A NRS PAY, | |
| Defendant. | |

**MOTION FOR EXTENSION TO RESPOND TO PLAINTIFF'S MOTION FOR RULE 23(d) RELIEF AND TO RESCHEDULE HEARING**

Defendant NRS asks the Court to: (1) extend its deadline to respond to Plaintiff Rashad Walston's Motion for Relief under Rule 23(d) by seven days (through December 16, 2024) and (2) reschedule the related hearing (set for December 19, 2024) until after January 2, 2025, as the witness whose testimony Plaintiff's Motion is based on (Michael Hellerman) will attend the hearing in person to describe why Plaintiff's Motion is groundless, and he is unavailable before January 2. NRS states as follows in support.

1. On the Friday after Thanksgiving, Plaintiff moved the Court for relief under 23(d) given his speculation about NRS's communications with putative class members. ECF No. 101. Plaintiff seeks extraordinary relief: an order barring NRS from communicating with potential witnesses pre-certification, including NRS's own customers. Plaintiff previously sought that same relief, and the Court rejected it. October 16 Hearing Tr., 37:13–18, 47:22–48:14, ECF No. 94. The sole justification for his renewed request is the purported

"misconduct" NRS allegedly engaged in with respect to Michael Hellerman—a former employee, not a putative class member. *See generally id.*

2. Plaintiff's motion is baseless and again filled with improper personal attacks that the Court already rejected and NRS already requested cease,[1] as NRS will detail in its opposition.

3. The Court ordered NRS to respond to Plaintiff's motion by December 9, 2024. ECF No. 103.[2] It also scheduled a motion hearing for December 19, 2024. *Id.*

4. NRS asks that the Court extend its deadline to respond to the motion (as well as Plaintiff's deadline to reply) and to reschedule the related hearing.

5. First, NRS asks to reschedule the hearing on Plaintiff's motion because Mr. Hellerman plans to attend (and testify) but is unavailable on December 19, 2024. Patrick Fitzgerald, the attorney from NRS who first spoke with Mr. Hellerman, will also attend and testify, if needed and/or helpful to the Court.

6. As the attached declaration shows, Mr. Hellerman has reviewed Plaintiff's Motion and will attend the hearing to personally attest to Plaintiff's counsel's misrepresentations, omissions, and distortions about Mr. Hellerman's testimony and Watstein Terepka's representation of him here. In his own words, Mr. Hellerman described

---

[1] Plaintiff's counsel made similar personal attacks when he sought to preemptively seal NRS's motion to deny class certification. But as NRS has repeatedly explained, and this Court has acknowledged, Plaintiff and his counsel bear the affirmative burden under the federal rules to prove their adequacy. That is a requirement in every class action. So NRS again renews its request that Plaintiff's counsel stop punishing NRS's lawyers for carrying out their fiduciary obligation to challenge what the Seventh Circuit has acknowledged is a critical component of the Rule 23 analysis. *See, e.g., Creative Montessori Learning Ctrs. v. Ashford Gear LLC*, 662 F.3d 913, 918 (7th Cir. 2011) (Posner, J.).

[2] The Court also ordered Defendant to respond to a motion to compel Plaintiff by December 9, 2024. Defendant does not seek an extension of its deadline to respond to that motion.

Plaintiff's counsel's Motion and attacks as "deceptive." Mr. Hellerman's testimony is the *only* factual basis for Plaintiff's extraordinary request, so the Court would benefit from his attendance. He is available only after January 2, 2025.

7. Second, NRS requires an extension of its opposition deadline given the following:

    a. Class certification briefing in another large putative class action pending in the Western District of Kentucky;

    b. The simultaneous preparation of Defendant's opposition to Plaintiff's motion to compel due December 9 (NRS doesn't request an extension of that deadline) and objection to this Court's November 6 order due December 16;

    c. A preparation session for a deposition (in this case), also pre-scheduled to occur on December 9, 2024, the day NRS's opposition is currently due; and

    d. A pre-planned and pre-paid trip lead counsel for NRS (Ryan Watstein) is currently on with his spouse.

8. NRS asked if Plaintiff would consent to the relief it seeks. Plaintiff agreed to NRS's request to extend the briefing deadline. However—despite the fact that Mr. Hellerman's testimony is the sole factual basis for his Motion—Plaintiff's counsel opposes Mr. Hellerman's attendance and testimony. This, of course, underscores why the hearing must be moved to accommodate Mr. Hellerman.

NRS accordingly asks the Court to: (1) extend its deadline to respond to Plaintiff's motion for relief under Rule 23(d) through December 16, 2024 (making Plaintiff's reply deadline December 23, 2024); and (2) reschedule the hearing on Plaintiff's motion to take place after January 2, 2025.

DATED: December 6, 2024.

Respectfully submitted,

*/s/ Patrick J. Fitzgerald*
Ryan D. Watstein (admitted *pro hac vice*)
ryan@wtlaw.com
Patrick J. Fitzgerald (admitted *pro hac vice*)
pfitzgerald@wtlaw.com
Alexander D. Terepka (*pro hac vice* pending)
alex@wtlaw.com
**WATSTEIN TEREPKA LLP**
1055 Howell Mill Road, 8th Floor
Atlanta, Georgia 30318
Tel: (404) 782-9821
Fax: (404) 537-1650

Justin M. Penn, ARDC 6283726
jpenn@hinshawlaw.com
**HINSHAW & CULBERTSON LLP**
151 North Franklin Street, Suite 2500
Chicago, Illinois 60606
Tel: (312) 704-3000

*Counsel for Defendant*

**CERTIFICATE OF CONFERRAL**

Defendant certifies that it conferred with Plaintiff's counsel regarding this motion. Plaintiff's opposes the motion in full.

*/s/ Patrick J. Fitzgerald*
Patrick J. Fitzgerald

**CERTIFICATE OF SERVICE**

I hereby certify that on December 6, 2024, I caused to be electronically filed a true and correct copy of the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Patrick J. Fitzgerald*
Patrick J. Fitzgerald