UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RASHAD WALSTON,** on behalf of himself and all others similarly situated,<br><br>                  **Plaintiff,**<br>v.<br><br>**NATIONAL RETAIL SOLUTIONS, INC. D/B/A NRS PAY,**<br><br>                  **Defendant.** | Civil Case No.: 24-cv-83<br><br>District Judge: Hon. Sunil R. Harjani<br>Magistrate Judge: Jeffrey T. Gilbert |

**PLAINTIFF'S PARTIAL OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME AND TO RESCHEDULE HEARING**

In its Motion, Defendant asks to adjourn the hearing on Plaintiff's Rule 23(d) Motion so that third-party witness Michael Hellerman—someone who is not an attorney and has already been deposed and cross-examined—can explain to the Court "why Plaintiff's Motion is groundless." Defendant also takes the remarkable step of offering to put its own attorney on the stand as a witness.

Plaintiff respectfully opposes Defendant's request to adjourn the hearing to allow Mr. Hellerman and Attorney Fitzgerald to testify. Plaintiff does not, however, oppose Defendant's Motion for an Extension of Time to Respond on the condition that the Court precludes Defendant from using any extension to communicate with putative class members about this litigation.

First, Defendant seeks to adjourn the hearing until January so Mr. Hellerman can tell the Court why Plaintiff's Motion is "groundless" and to testify about purported "misrepresentations, omissions and distortions" in his cited testimony. Plaintiff can save the

1

Court the trouble. Attached is Mr. Hellerman's full deposition transcript. ("Hellerman Depo. Tr.") The Court does not need additional coached testimony from Mr. Hellerman to rebut, contradict, explain, or clarify what he stated on the record at his deposition. The transcript speaks for itself.

Second, Defendant had ample opportunity to cross-examine Mr. Hellerman at his deposition. Indeed, Defendant did just that. Hellerman Depo Tr., 55:11-59:4. If Defendant believed Mr. Hellerman's testimony was misleading, devoid of context, or otherwise needed correction, it could have elicited those corrections on cross-examination. In fact, the entire deposition took less than two hours. *See id.* at p. 1 (starting at 9:30 a.m.) and p. 62 (concluding at 11:22 a.m.). With more than five hours on the "clock" when Plaintiff stopped his questioning, Defendant could have cross-examined Mr. Hellerman for far *longer* than Plaintiff's affirmative questioning.

What Defendant should not get to do, however, is sit back, withhold questions, see how the deposition testimony is used, and then demand a second bite at the apple with the benefit of that hindsight. *See U.S. Equal Employment Opportunity Commission v. AutoZone, Inc.*, 2023 WL 9284101, *3 (N.D. Ill. Sept. 7, 2023) ("Defendant simply seeks a chance for these witnesses to be deposed twice. But Defendant gives no compelling reason why it should be given a second bite of the apple."); *see also, e.g., Williams v. Arctic Cat, Inc.*, 2014 WL 1028476, *4 (N.D.N.Y. Mar. 13, 2014).

Third, Defendant's unhappiness with Mr. Hellerman's testimony or disappointment in its cross-examination does not justify turning this straightforward hearing into the circus Defendant desires. There are ways to rectify this regret short of putting Mr. Hellerman *and* Defendant's attorney "on the stand". For example, Defendant could attach to its opposition

another declaration from Mr. Hellerman that does not contradict his testimony. *See Perez v. Staples Contract & Commercial LLC*, 31 F.4th 560, 569 ("In this circuit the sham-affidavit rule prohibits a party from submitting an affidavit that contradicts the party's prior deposition or other sworn testimony.") It could attach to its opposition a declaration from Attorney Fitzgerald. This would be the usual approach to Defendant's concerns, and it would be far more efficient and timely than the concerns raised here. It is unclear why Defendant believes this to be insufficient.

Fourth, Defendant believes its relationship and interactions with the only third-party individual witness deposed to date necessitate putting the witness *and* Defendant's attorney on the stand to clarify the propriety of that relationship and the accuracy of the witness's testimony and declaration. This is all the more reason for the Court to exercise caution in allowing the Defendant to continue unmonitored and unrestricted contact with putative class members, through which it presumably seeks to obtain more testimony and declarations.

Fifth, Plaintiff does not oppose Defendant's request for an extension of the briefing schedule to accommodate Attorney Watstein's family trip. In the interim, however, the Court should preclude Defendant from continuing to contact putative class members about this litigation.[1] Allowing otherwise functions as a denial of Plaintiff's Motion, leaving putative class members unprotected for the duration of any extension. This condition should pose no problem, given how busy Defendant claims to be. If Defendant instead has time to continue contacting putative class members, it has time to meet the Court's schedule.

---

[1] This "about this litigation" qualifier addresses Defendant's concern about precluding Defendant from speaking with its own customers about business matters. Plaintiff notes, however, that to date Defendant has refused to identify which, if any, putative class members are its customers, so it is unclear how large of a concern this actually is.

3

Sixth, Defendant points out that Plaintiff's Rule 23(d) Motion was filed "the Friday after Thanksgiving". Defendant omits, however, that it *chose* the date of Plaintiff's filing and knew the resulting briefing schedule would require its response the week of December 9. Specifically, to *avoid* being the Thanksgiving equivalent of the Grinch, on November 22, Plaintiff asked Defendant when it would prefer that Plaintiff file his Motion to 1) avoid interrupting Defendant's holidays and 2) preserve a workable briefing schedule. Defendant chose November 29. Plaintiff agreed.

Finally, Defendant characterizes as "punishment" Plaintiff's citation to and quotation of the *Fox* court's criticism of Defendant's counsel for actions taken to gain advantage in class action litigation. But Plaintiff, with little narrative, quoted the opinion of a sitting Magistrate Judge. If that is "punishment," the blame does not lie with Plaintiff. The *Fox* case is understandably upsetting to Defendant's counsel, but that does not make it off-limits when presented for relevant purposes. Whether Defendant's counsel has acted in unfair or problematic ways in *other* class cases is relevant to whether caution needs to be exercised here in its dealings with unsophisticated putative class members to whom Defendant is adversarial.

Accordingly, Plaintiff respectfully requests that the Court deny Defendant's request to adjourn the hearing to give Defendant another bite at eliciting favorable testimony from Mr. Hellerman. Plaintiff does not, however, oppose Defendant's request for an extension of time to respond. Plaintiff respectfully requests, however, that if any extension or adjournment is granted, Defendant be prohibited from using that additional time to continue or initiate communications with putative class members (other than Plaintiff) about or affecting this litigation.

Dated: December 6, 2024                s/ Jeremy M. Glapion
                                       Jeremy M. Glapion
                                       The Glapion Law Firm, LLC
                                       1704 Maxwell Drive
                                       Wall, New Jersey 07719
                                       Tel: 732-455-9737
                                       Fax: 732-965-8006
                                       jmg@glapionlaw.com

                                       Counsel for Plaintiff and the Putative Class