IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RASHAD WALSTON, on behalf of himself and all others similarly situated, | Case No. 1:24-cv-00083 |
| Plaintiff, | |
| v. | |
| NATIONAL RETAIL SOLUTIONS, INC. D/B/A NRS PAY, | |
| Defendant. | |

## REPLY IN SUPPORT OF MOTION TO RESCHEDULE HEARING

The only basis for Plaintiff's request to prohibit NRS from contacting putative class members—a request the Court already rejected[1]—is the testimony of NRS's former employee, Michael Hellerman. Yet, Plaintiff doesn't want Mr. Hellerman to appear before this Court and speak for himself, even after falsely implying that he lied and participated in a 'coverup.' *See generally* ECF No. 101. If it doesn't deny Plaintiff's meritless motion on the papers, the Court should (1) grant NRS's request to reschedule the hearing to permit Mr. Hellerman to attend; and (2) deny Plaintiff's request for what amounts to a preliminary injunction on speech before the Court even rules on his motion—which would violate Supreme Court precedent.

First, the obvious: The Court should surely hear from Mr. Hellerman himself. Mr. Hellerman will explain how Plaintiff's motion distorts both what he said and meant at deposition. In particular, how Plaintiff omits that Mr. Hellerman confirmed his initial declaration testimony and clarified his earlier confusion about dates to spin a "deceptive" narrative (Mr. Hellerman's words). He will explain that clarification is corroborated by

---

[1] October 16 Hearing Tr., 37:13–18, 47:22–48:14, ECF No. 94

contemporaneous phone and text records. This will all be in NRS's opposition as well. But Plaintiff will surely call Mr. Hellerman and NRS liars again, so the Court should just hear from Mr. Hellerman and decide for itself who's telling the truth.

Plaintiff's counsel knows all this because NRS told him during their conferral about this request. Knowing Mr. Hellerman and the corroborating written record will make quick work of his accusations, Plaintiff claims that Mr. Hellerman is *now* unnecessary because NRS had a chance to ask him questions and the Court can just review the transcript. That argument is wrong for several reasons.

Plaintiff pressed NRS to depose Mr. Hellerman about his alleged involvement with ringless voicemails here, even after NRS told Plaintiff that Mr. Hellerman didn't know much (a fact it learned during a follow-up conversation with the witness). That proved true; he knew very little about the ringless voicemails. *See, e.g.*, ECF No. 108-1, 29:25–30:8, 31:8–18. But at the deposition, Plaintiff also questioned Mr. Hellerman about the circumstances and dates of his "representation" by the undersigned. Given the irrelevance of these points to the issues in the case, Mr. Hellerman did not memorize dates or research what it meant to be "represented." There was no reason to do that, as NRS's representation of Mr. Hellerman, a former employee called to testify about his work for the company, is mundane. *Rivera v. Lettire Constr. Corp.*, 2022 WL 2718999, at *1 (S.D.N.Y. June 9, 2022) ("[W]hen witnesses are current or former employees of a defendant, as is the case for several of the Witnesses here, such an arrangement is commonplace").

Only later did it become apparent that Plaintiff didn't depose Mr. Hellerman to learn about the merits, but to create a misleading record so he could move for relief under 23(d), yet again impugning NRS's (and its counsel's) integrity, and (as Plaintiff's counsel puts it) to

2

"tilt the scales" of the litigation back in his favor. ECF No. 101 at 11. In other words, the only reason the parties are now arguing about a routine request to reschedule a hearing to permit a key witness to testify is because Plaintiff wants (1) a distraction from NRS's pending adequacy challenge, and (2) to remove all impediments to recovering his share of "$150 million" from NRS (his words).[2] ECF No. 101 at 1. On this latter point, consider Plaintiff's goal: he wants to prohibit NRS from gathering evidence that will mandate denial of class certification, inviting the Court to commit reversible error by certifying a class where liability can't be determined "in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011); *see also Steven A. Conner DPM, P.C. v. Fox Rehab. Servs., P.C.*, 2022 WL 4080761, at *6 (E.D. Pa. Sept. 6, 2022) (denying class certification on predominance grounds, based in part, on declarations from putative class members); *Katz Chiropractic, Inc. v. Diamond Respiratory Care*, 340 F.R.D. 383, 388-89 (N.D. Cal. 2021) (denying class certification on commonality grounds, citing declarations from putative class members). . *That's* why Plaintiff opposes Mr. Hellerman's attendance. The Court should reject this trickery and reschedule the hearing so that it can decide the issues based on the *truth*, and so the Court can see for itself how this manufactured sideshow further underscores Plaintiff's counsel's inadequacy.

Indeed, not even Plaintiff's own cases support that witnesses who have been deposed can't later testify when helpful for the fact finder. In *U.S. Equal Emp. Opportunity Comm'n v. AutoZone, Inc.*, for example, while the court refused to permit a preservation deposition, it proceeded to grant the defendant's request to allow the witnesses to appear by

---

[2] NRS vigorously disputes that Plaintiff is entitled to anything or that a class could ever be certified here. But this is not the place to argue about that. The point is Plaintiff's counsel thinks this case might lead to an enormous payday, which explains his actions here and in handcuffing his own client to prevent individual settlement, as explained in NRS's pending adequacy challenge.

3

videoconference. 2023 WL 9284101, at *4. It also acknowledged that where the facts are disputed, as they are here, live testimony is preferable. *Id.*

Second, the relief Plaintiff seeks "ordinarily should not be granted under Rule 23(d) without the benefit of an evidentiary hearing and a clear showing of entitlement to a restraint." 2 McLaughlin on Class Actions § 11:1 (21st ed.); *see also Taaffe v. Robinhood Markets, Inc.*, 2020 WL 1531127, *6 (M.D. Fla. 2020) ("[O]btaining this requested relief under Rule 23(d) necessarily requires Plaintiff, as the moving party, to make an evidentiary showing. Unsurprisingly, then, courts—including this Court—have held hearings on motions requesting similar relief under Rule 23(d)."). This is another reason to grant NRS's request (and reject Plaintiff's ask for interim relief on top of the reasons discussed below).

The Court may deny Plaintiff's request without a hearing, of course. As NRS will explain in its forthcoming opposition, the record already shows that Plaintiff can't meet his heavy evidentiary burden to show that there are any "threats to potential class members" based on NRS's alleged interactions with a former employee (not a putative class member). *See Reid v. Unilever U.S., Inc.*, 964 F. Supp. 2d 893, 926 (N.D. Ill. 2013) (finding plaintiffs failed to show coercion or abuse even based on communications with putative class members). As Plaintiff largely omitted from his motion, Mr. Hellerman's transcript shows:

- He recalls specifically speaking with the undersigned and agreeing to retain this firm on August 16, 2024 (ECF No. 108-1, 55:18–56:12, 57:10–15);
- That he was just confused about Plaintiff's counsel's questioning (*id. at 55*:18–22) and only thought his "representation" began later because he "didn't really start doing work in this case until then" (*Id.* at 57:10–15); and

4

- Plaintiff's counsel failed to disclose that he was suing NRS when he spoke with Mr. Hellerman on October 7, instead relying on his ability to recall an email he sent two months before that Mr. Hellerman didn't understand in any event. *Id.* at 16:1–25, 17:25–18:8, 57:25–58:6. In fact, Mr. Hellerman initially confirmed his declaration testimony that Mr. Glapion led him to believe he represented NRS. *Id.* at 16:1–25. It was only after repeated questioning that Mr. Hellerman suggested otherwise. *Id.* at 17:25–19:12.

There's thus nothing of substance to Plaintiff's motion; just misleading, cherry-picked citations from Mr. Hellerman's testimony, when he was confused about dates and what it means to be "represented." But if the Court has any doubts, it should simply hear it from Mr. Hellerman himself. That Plaintiff's counsel seeks to prevent his attendance should tell the Court all it needs to know about the substance and purpose of his motion.

Finally, the Court should reject out of hand Plaintiff's request to preclude NRS from contacting putative class members before NRS even has a chance to respond to his motion, let alone before the Court rules on it. Rule 23(d) permits the Court to restrict First Amendment rights only ***after making a specific finding***, not before. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 (1981) (reversing lower court, finding it "made neither factual findings nor legal arguments supporting the need for this sweeping restraint order"). Plaintiff's ask is thus a *de facto* request for a preliminary injunction on NRS's speech that doesn't even try to meet the elements to grant one. Plaintiff doesn't come close to showing a likelihood of success on the merits, for example. And he couldn't: The interim injunction he seeks not only curbs NRS's speech but violates its due process right to defend itself in a class action. *See Williams v. Chartwell Fin. Servs.,* 204 F.3d 748, 759 (7th Cir. 2000); *see also Katz,* 340 F.R.D. at 386 n.2,

388-89 (denying motion to strike putative class members declarations and then denying class certification).

The Court already rejected Plaintiff's request for a no-contact order at the October hearing. October 16 Hearing Tr., 37:13–18, 47:22–48:14, ECF No. 94. And there is no reason to grant his request now. Rather, this whole "circus" (Plaintiff's words) just underscores counsel's inadequacy and that he will stop at nothing to remove any impediments to recovery of fees. His "deceptive" attempt to distort Mr. Hellerman's testimony and prevent him from speaking for himself is just the latest example.

The Court should accordingly grant this motion, reset the hearing to allow Mr. Hellerman to attend, and deny Plaintiff's request for an interim no-contact order.

DATED: December 7, 2024.

Respectfully submitted,

/s/ Patrick J. Fitzgerald
Ryan D. Watstein (admitted *pro hac vice*)
ryan@wtlaw.com
Patrick J. Fitzgerald (admitted *pro hac vice*)
pfitzgerald@wtlaw.com
Alexander D. Terepka (*pro hac vice* pending)
alex@wtlaw.com
**WATSTEIN TEREPKA LLP**
1055 Howell Mill Road, 8th Floor
Atlanta, Georgia 30318
Tel: (404) 782-9821
Fax: (404) 537-1650

Justin M. Penn, ARDC 6283726
jpenn@hinshawlaw.com
**HINSHAW & CULBERTSON LLP**
151 North Franklin Street, Suite 2500
Chicago, Illinois 60606
Tel: (312) 704-3000

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 7, 2024, I caused to be electronically filed a true and correct copy of the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                                         */s/ Patrick J. Fitzgerald*
                                         Patrick J. Fitzgerald