# EXHIBIT 1

**Subject:** Re: Rule 72 objections
**Date:** Thursday, November 21, 2024 at 10:08:50 PM Eastern Standard Time
**From:** Jeremy Glapion
**To:** Ryan Watstein
**CC:** Patrick Fitzgerald, Jeffrey Brown

[Warning – external]

Works for me. I'll circulate something shortly. Thanks for accommodating.

--

 **Jeremy M. Glapion**
Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737

On Thu, Nov 21, 2024 at 9:26 PM, Ryan Watstein <Ryan@wtlaw.com> wrote:

> How is 4:30 tomorrow?

**From:** Jeremy Glapion <jmg@glapionlaw.com>
**Date:** Thursday, November 21, 2024 at 8:53 PM
**To:** Ryan Watstein <Ryan@wtlaw.com>
**Cc:** Patrick Fitzgerald <pfitzgerald@wtlaw.com>, Jeffrey Brown <jeff@jgbrownlaw.com>
**Subject:** Re: Rule 72 objections

[Warning – external]

Understood, but I will note that RFP 76 asks for production of documents related to that communication, and your response notes that you are withholding documents on work-product and attorney-client privilege.

I don't necessarily concede that work-product is applicable here.

More importantly, in the event that all of your communications with putative class members

are strictly in connection with their business with NRS, there'd be nothing to protect or withhold. In the event that you are withholding responsive documents on grounds of privilege, however, I am entitled to a privilege log. Unlike previous occasions, I am unwilling to waive that here.

This is not something we need to deal with over email, but, in the event you disagree, we can treat this as my Rule 37 request for a meet-and-confer on this issue. I'm free tomorrow (at our previously scheduled time with the Court) or generally on Monday-Wednesday next week.

I also want to discuss the forthcoming Motion related to these communications, especially the timing of its filing to best accommodate your side's schedule.

--



**Jeremy M. Glapion**

Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737

On Thu, Nov 21, 2024 at 8:39 PM, Ryan Watstein <Ryan@wtlaw.com> wrote:

> Agreed, not something we need to argue about now. That wasn't my intent. Was just noting why we admitted that RFA. As to your question below, that is not the subject of a pending RFA.
>
> ---
>
> **From:** Jeremy Glapion <jmg@glapionlaw.com>
> **Date:** Wednesday, November 20, 2024 at 8:54 PM
> **To:** Ryan Watstein <Ryan@wtlaw.com>
> **Cc:** Patrick Fitzgerald <pfitzgerald@wtlaw.com>, Jeffrey Brown <jeff@jgbrownlaw.com>
> **Subject:** Re: Rule 72 objections
>
> [Warning – external]

Thanks, Ryan. This isn't something we need to argue here. The need to contact putative class members, especially if NRS/WT has done so in connection with this litigation, would include, among other things, verifying and/or challenging the statements made in any obtained declarations and/or reviewing obtained evidence.

Would the admission change to a denial if the RFA was limited only to non-customers? I presume not. If it would, though, this is something we would both benefit from clarity on now.

--

 **Jeremy M. Glapion**

Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737

On Wed, Nov 20, 2024 at 8:49 PM, Ryan Watstein <Ryan@wtlaw.com> wrote:

> Yep, and also, just so we're clear on an issue we discussed the other day: we admitted that NRS has contacted class members in our responses to RFAs because some of these folks are NRS customers. So of course NRS has had contact with some of them. Not because we (WT) are contacting them. The latter point is work product. I wanted the record to be clear on that point. And, as discussed, we don't see how Plaintiff would have a need to contact putative class members anyway. If Plaintiff had such a need, that would just show why individualized issues preclude class certification.

---

**From:** Patrick Fitzgerald <pfitzgerald@wtlaw.com>
**Date:** Wednesday, November 20, 2024 at 1:44 PM
**To:** Jeremy Glapion <jmg@glapionlaw.com>, Ryan Watstein <Ryan@wtlaw.com>
**Cc:** Jeffrey Brown <jeff@jgbrownlaw.com>
**Subject:** Re: Rule 72 objections

Understood. We oppose.

**Patrick J. Fitzgerald (bio)**

WATSTEIN TEREPKA <sup>LLP</sup>

P: (404) 400-3382

pfitzgerald@wtlaw.com

www.wtlaw.com

---

**From:** Jeremy Glapion <jmg@glapionlaw.com>
**Date:** Wednesday, November 20, 2024 at 1:24 PM
**To:** Patrick Fitzgerald <pfitzgerald@wtlaw.com>, Ryan Watstein <Ryan@wtlaw.com>
**Cc:** Jeffrey Brown <jeff@jgbrownlaw.com>
**Subject:** Rule 72 objections

[Warning – external]

I assume our status report satisfies the necessary meet and confer on whether the Rule 72 objection to Judge Gilbert's issue is opposed or not, but let me know if you disagree. I have to file today.

Best,

Jeremy

--



**Jeremy M. Glapion**

Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737