# EXHIBIT 3

**Subject:** Re: NRS Discovery Call
**Date:** Friday, November 29, 2024 at 9:35:41 AM Eastern Standard Time
**From:** Jeremy Glapion
**To:** Patrick Fitzgerald
**CC:** Ryan Watstein, Jeffrey Brown

[Warning – external]

Pat:

As I mentioned on the call, I don't even believe a work-product privilege applies and intend to argue the same.

At minimum, if it does apply, a log is required for anything you are withholding involving contact with absent class members about this litigation.

--

**Jeremy M. Glapion**
Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737

On Fri, Nov 29 2024 at 9:29 AM, Patrick Fitzgerald <pfitzgerald@wtlaw.com> wrote:

> Jeremy,
>
> Can you clarify what you're asking for? We'll produce a privilege log for responsive pre-litigation NRS communications, if any. But a broader privilege log is not warranted, as the authority we provided established and you failed to rebut.
>
> **Patrick J. Fitzgerald (bio)**
>
> WATSTEIN TEREPKA LLP
>
> P: (404) 400-3382
>
> pfitzgerald@wtlaw.com
>
> www.wtlaw.com

**From:** Jeremy Glapion <jmg@glapionlaw.com>
**Date:** Wednesday, November 27, 2024 at 9:03 PM
**To:** Patrick Fitzgerald <pfitzgerald@wtlaw.com>
**Cc:** Ryan Watstein <Ryan@wtlaw.com>, Jeffrey Brown <jeff@jgbrownlaw.com>
**Subject:** Re: NRS Discovery Call

[Warning – external]

Thank you. We will move to compel a privilege log.

Best,

Jeremy

--



**Jeremy M. Glapion**

Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737

On Wed, Nov 27, 2024 at 8:55 PM, Patrick Fitzgerald <pfitzgerald@wtlaw.com> wrote:

> Jeremy,
>
> Responding to a few of these discovery issues.
>
> - Privilege log

NRS has no obligation to prepare a privilege log for any communications with putative class members taking place after Plaintiff filed suit for several reasons (which we again do not admit or deny having).

First, documents created after Plaintiff filed suit are presumptively privileged, regardless of whether NRS prepares a privilege log. "Once litigation commences, it becomes more and more likely that documents and communications between a party and its counsel qualify as privileged, and documents created by counsel qualify as work product." *Rayome v. Abt Elecs.*, 2024 WL 1435098, at *4 (N.D. Ill. Apr. 3, 2024). Under those circumstances, courts dispense with strict adherence to Rule 26(b)(5)(A)(ii). *Id.*; *see also United States v. Bouchard Transp.*, 2010 WL 1529248, at 2 (E.D.N.Y. 2010) ("privilege logs are commonly limited to documents created before the date litigation was initiated"); *Ryan Inv.Corp. v. Pedregal de Cabo San Lucas*, 2009 WL 5114077, at 3 (N.D. Cal. 2009)("work product developed once the litigation commences are presumptively privileged and need not be included on any privilege log."). Just like we are not required to log post-litigation emails with our client and drafts of documents, we are not required to log other work product.

The respondents in *Madigan* and *Amarillo* did not raise this argument, so those cases are irrelevant and do not change our analysis. They just contain basic statements of the law on privilege logs generally.

Additionally, NRS isn't required to prepare a privilege log for documents that it doesn't possess. *Sandra T.E. v. S. Berwyn Sch. Dist. 100*, 600 F.3d 612, 623 (7th Cir. 2010) (rejecting that defendant waived privilege by failing to produce a privilege log for documents possessed by counsel, explaining "[t]he focus of this dispute, however, is not on documents in the *defendants'* possession but documents in *Sidley*'s possession, and Sidley filed a proper privilege log [in response to a subpoena] adequately describing what it withheld."). *See also Hobley v. Burge*, 433 F.3d 946, 950 (7th Cir. 2006) ("And even if Jones Day were the City's current counsel, Rule 34 would not be the correct discovery tool for gaining access to work product held by an attorney").

- Interrogatory responses

You asked that NRS clarify its position regarding Interrogatory Number 13, asking for numbers NRS purchased from Amerilist and uploaded to VoiceLogic. Specifically, you point to NRS allegedly purchasing a list from Amerilist in 2019 and 2023. NRS001753, 1757. As for the 2023 purchase: To the best of our knowledge, NRS did not upload additional numbers from Amerilist after 2022 (despite continuing to make purchases for other marketing efforts).

As for the potential 2019 purchase: NRS responded to Interrogatory No. 13 based on the reasonably available information. NRS is continuing its ESI search and once it completes this process, NRS will update its interrogatory responses as necessary.

**Patrick J. Fitzgerald (bio)**

WATSTEIN TEREPKA LLP

P: (404) 400-3382

pfitzgerald@wtlaw.com

www.wtlaw.com

---

**From:** Jeremy Glapion <jmg@glapionlaw.com>
**Date:** Monday, November 25, 2024 at 1:58 PM
**To:** Ryan Watstein <Ryan@wtlaw.com>
**Cc:** Patrick Fitzgerald <pfitzgerald@wtlaw.com>, Jeffrey Brown <jeff@jgbrownlaw.com>
**Subject:** Re: NRS Discovery Call

[Warning – external]

Just making sure this was received as I sent late on Friday.

--


**Jeremy M. Glapion**

Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737

On Fri, Nov 22, 2024 at 9:20 PM, Jeremy Glapion <jmg@glapionlaw.com> wrote:

> Hi guys —

Just a quick summary of the call.

1. You agreed to let me know your position on a work-product privilege log on or before Wednesday, presuming I provide case law. To that end, please see, among others, *People ex. Rel. Madigan v. Illinois High School Association*, 2014 WL 517969, *4 (N.D. Ill. Feb. 10, 2014) (Gilbert, J.) (compelling production of a privilege log on claims of work product, attorney-client, and common interest privilege); *Amarillo v. Artist Senior Living Mgmt LLC*, 2022 WL 672747, *3 (N.D. Ill. Mar. 7, 2022) (Gilbert, J.) ("If Defendants are not producing any responsive documents based on the assertion of attorney client privilege, the work product doctrine, or any other privilege, then they must produce a privilege log for the documents being withheld pursuant to Rule 26(b)(5).

2. Regarding my forthcoming Motion re unilateral communications, we agreed I would hold off filing until November 29 in order to preserve a reasonable briefing schedule. You would not raise that minimal "delay" as basis for any sort of waiver or similar.

3. Regarding the discovery schedule, I would propose shifting fact discovery to February 14, 2025, primarily to accommodate depositions. That would push the expert report deadline to March 21, 2025, rebuttal reports to May 16, 2025, and depositions to May 30, 2025 (or June 2; trying to avoid weekends). We can also propose a deadline to serve written discovery without leave—presumably by submitting our previous positions.

4. I intend to do a more comprehensive discovery "sweep" after Thanksgiving, but I mentioned two smaller issues: whether the "Master List" needs to be supplemented in light of the changed class definition, and Interrogatory 13's reference to a 2022 purchase of numbers from Amerilist, though NRS 1757 is an inquiry about purchase back in 2019 and NRS 1753 explicitly references a purchase in 2023. We'll also need to confer on several of the items you offered to confer on in your interrogatory responses.

5. Please also see Interrogatories 15-19. I will calendar responses as due December 23.

--



**Jeremy M. Glapion**

Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737

On Fri, Nov 22, 2024 at 5:22 PM, Jeremy Glapion <jmg@glapionlaw.com> wrote:

> Hellerman's transcript attached.
>
> --
>
> 
> **Jeremy M. Glapion**
>
> Partner
>
> Glapion Law Firm
> 1704 Maxwell Drive
> Wall, New Jersey 07719
>
> Tel.: 732-455-9737
>
> On Fri, Nov 22, 2024 at 4:33 PM, Ryan Watstein <Ryan@wtlaw.com> wrote:
>
>> Ok, that works, as I'll be done by then. Talk at 4:45.
>>
>> ---
>>
>> **From:** Jeremy Glapion <jmg@glapionlaw.com>
>> **Date:** Friday, November 22, 2024 at 4:28 PM
>> **To:** Ryan Watstein <Ryan@wtlaw.com>
>> **Cc:** Patrick Fitzgerald <pfitzgerald@wtlaw.com>
>> **Subject:** Re: NRS Discovery Call
>>
>> [Warning – external]
>>
>> I can push to 445 if we are efficient but I have to pick up my kids

\--



**Jeremy M. Glapion**

Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737

On Fri, Nov 22 2024 at 4:26 PM, Ryan Watstein <Ryan@wtlaw.com> wrote:

Can we push this back 30 mins? Still on another call.

---

**From:** jmg@glapionlaw.com
**When:** 4:30 PM - 5:15 PM November 22, 2024
**Subject:** NRS Discovery Call

[Warning – external]

**When**

4:30pm – 5:15pm·, 2024 Friday Nov 22
(Eastern Time - New York)

**Guests**

- organizer Jeremy Glapion

pfitzgerald@wtlaw.com

Ryan Watstein

| | |
|---|---|
| [View all guest info](#) | **Join with Google Meet** |
| for ryan@wtlaw.com**Reply** | |
| Maybe　No　Yes | **Meeting link** |
| | meet.google.com/pmy-ykew-oae |
| More options | |
| | **Join by phone** |
| | (US) +1 413-251-2763 |
| | PIN: 590638827 |
| | More phone numbers |

Invitation from Google Calendar

You are receiving this email because you are an attendee on the event. To stop receiving future updates for this event, decline this event.

Forwarding this invitation could allow any recipient to send a response to the organizer, be added to the guest list, invite others regardless of their own invitation status, or modify your RSVP. Learn more