# EXHIBIT 4

| | |
|---|---|
| **Subject:** | Re: Walston v. NRS - Status report/Upcoming Discovery |
| **Date:** | Tuesday, November 19, 2024 at 10:30:24 AM Eastern Standard Time |
| **From:** | Patrick Fitzgerald |
| **To:** | Jeremy Glapion |
| **CC:** | Ryan Watstein, Jeffrey Brown |
| **Attachments:** | image001.png, Proposed Stip Compare Copy 11.19.docx, JSR Compare Copy 11.19.docx |

Jeremy,

Understood. We removed the FN from the JSR and slightly tweaked the proposed language in Paragraph 6. Redlines attached. If this works, we will file this by 1 p.m. ET.

**Patrick J. Fitzgerald (bio)**

WATSTEIN TEREPKA LLP

P: (404) 400-3382

pfitzgerald@wtlaw.com

www.wtlaw.com

---

**From:** Jeremy Glapion <jmg@glapionlaw.com>
**Date:** Monday, November 18, 2024 at 8:40 PM
**To:** Patrick Fitzgerald <pfitzgerald@wtlaw.com>
**Cc:** Ryan Watstein <Ryan@wtlaw.com>, Jeffrey Brown <jeff@jgbrownlaw.com>
**Subject:** Re: Walston v. NRS - Status report/Upcoming Discovery

[Warning – external]

Hi Pat:

I don't have an issue omitting part 2, it just seems efficient. In any event, your changes to the JSR are fine (but your fn 2 should say Part II not Part III).

Regarding the stipulation, I am concerned that the added language suggests this is the end of the issue for good. The Court has said that if the unredacted phone numbers are needed later, the issue could be revisited. In addition, there may be additional discovery disputes that arise during discovery relating to unredacted phone numbers.

For example, because you have been contacting absent class members, I reserve the right to obtain discovery on that contact (which will include absent class member information and phone numbers) or request a similar right. I understand your position on this, so we don't need to argue that here. Point being that other discovery disputes relating to the production of unredacted numbers should have no bearing on this stipulation unless that production is granted.

What about a catch-all paragraph 6, rather than fn 2 (in the JSR) and your added language, that says: "This stipulation is void if the Court orders Defendant to produce, prior to class certification, more than half of the telephone numbers in the campaign reports in unredacted form."

Happy to hop on a call tomorrow. Generally free until 4:30 eastern.

Best,
Jeremy

--



**Jeremy M. Glapion**

Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737

On Mon, Nov 18, 2024 at 8:25 PM, Patrick Fitzgerald <pfitzgerald@wtlaw.com> wrote:

> Jeremy,
> The docket states that the status report is to address whether the parties "agreed on a vendor and a subcontractor, and if so, a proposed schedule for Defendant to provide data to the vendor/sub-contractor, and for the vendor/sub-contractor to produce a report." We're fine with Part III, but we don't see a need to include Part II until after the status conference on Friday. And we can discuss the fact discovery deadline request, which we included in the 10.30 report, with Judge Gilbert on Friday.
>
> We've added our changes in a compare copy.
>
> Pat
>
> **Patrick J. Fitzgerald (bio)**
> WATSTEIN TEREPKA LLP
> P: (404) 400-3382
> pfitzgerald@wtlaw.com
> www.wtlaw.com
>
> **From:** Jeremy Glapion <jmg@glapionlaw.com>
> **Date:** Monday, November 18, 2024 at 1:20 PM
> **To:** Patrick Fitzgerald <pfitzgerald@wtlaw.com>

**Cc:** Ryan Watstein <Ryan@wtlaw.com>, Jeffrey Brown <jeff@jgbrownlaw.com>
**Subject:** Re: Walston v. NRS - Status report/Upcoming Discovery

[Warning – external]

I'm attaching a draft status report. A few items:
1. I am leaving blank the extended discovery date per my previous email.
2. I copied and pasted our previous sections re written discovery.
3. I just want to flag that I remain concerned about this one-sided expert "review" of PacificEast's methodology. I don't have the ability to conduct the same analysis or challenge yours. I noted the same in a footnote to preserve this issue.
4. I added a Rule 72 section, generically noting my intent to file one and your disagreement that Judge Gilbert's order was incorrect.

Regarding depositions:
1. December 18 tentatively works for the remote deposition of your expert. I will confirm this week.
2. I want to schedule the 30(b)(6), but I do not intend to conduct this until after Rui's. I'm hoping to clean up and amend the topics list before Thanksgiving.

Regarding discovery:

Do you have any updated sense of your completion of rolling production?


|

--



**Jeremy M. Glapion**

Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737


On Mon, Nov 18, 2024 at 9:32 AM, Jeremy Glapion <jmg@glapionlaw.com> wrote:
> Hi all—
>
> I'll get a status report put together today. I'll circle back on those depo dates.
>
> Regarding the expert I'll note we tentatively agreed to pacificeast pending your final review/confirmation, expected within two weeks.
>
> Given the timing, and that we still *also* need to conduct 30(b)(6), what are your

thoughts on pushing back discovery to the close of expert discovery (so it becomes a single unified discovery period)? Or we can stick to February but seems cleaner just to put it all in one. We can also re-submit our positions on final dates to serve written discovery.

Also, regarding Rule 72, I intend to object in the ordinary course rather than try to avoid the deadline (which I worry has too much risk in terms of doing it wrong and waiving any arguments).

--



**Jeremy M. Glapion**
Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737


On Sun, Nov 17, 2024 at 4:00 PM, Patrick Fitzgerald <pfitzgerald@wtlaw.com> wrote:

> Jeremy,
> That would work. We will send a sample campaign report to Pacific East and review the results with our expert. By no later than two weeks thereafter, NRS will confirm that it has no objection to the reliability of Pacific East's designations. Thereafter, we will produce the remaining data to Pacific East.
>
> Did you want to send a proposed joint report?
>
> A few other updates:
> - Mary Robinson (our ethics expert) is available to sit for a deposition on Nov. 25, 26, and Dec 4, 5, 6 or 9-18. Please let us know what works for you.
> - Rui has an appointment with his neurologist to discuss accommodations in mid-December, which was the earliest available appointment.
>
> **Patrick J. Fitzgerald (bio)**
> WATSTEIN TEREPKA LLP
> P: (404) 400-3382
> pfitzgerald@wtlaw.com
> www.wtlaw.com
>
> ---
>
> **From:** Jeremy Glapion <jmg@glapionlaw.com>

**Date:** Friday, November 15, 2024 at 8:47 PM
**To:** Patrick Fitzgerald <pfitzgerald@wtlaw.com>
**Cc:** Ryan Watstein <Ryan@wtlaw.com>, Jeffrey Brown <jeff@jgbrownlaw.com>
**Subject:** Re: Walston v. NRS - Status report/Upcoming Discovery

[Warning – external]

I don't have an issue with that in theory but the process is a bit confusing. PacificEast says they can do it and will submit a declaration to that extent. In a situation where they say a 1 number of 100 is cell and your (presumably non-expert?) process says VoIP, would that prevent you from stipulating?

In any event, if you want to run a test before agreeing to the expert—maybe send PacificEast a single campaign report—I can live with that, as long as we're in agreement on the stipulation that would come out of that (and that the stipulation is all or nothing).

I cannot agree to the expert in any binding sense and *then* have you challenge whether that expert was good enough.

--



**Jeremy M. Glapion**

Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737


On Fri, Nov 15, 2024 at 2:50 PM, Patrick Fitzgerald <pfitzgerald@wtlaw.com> wrote:

> Hi Jeremy,
> We just need time to review the results and verify accuracy (e.g., running a sample of numbers against another registry to see if we get the same results).  Two weeks would suffice.
> Pat
>
> **Patrick J. Fitzgerald (bio)**
>
> WATSTEIN TEREPKA LLP
>
> P: (404) 400-3382
>
> pfitzgerald@wtlaw.com
> www.wtlaw.com

**From:** Jeremy Glapion <jmg@glapionlaw.com>
**Date:** Thursday, November 14, 2024 at 5:03 PM
**To:** Ryan Watstein <Ryan@wtlaw.com>
**Cc:** Patrick Fitzgerald <pfitzgerald@wtlaw.com>, Jeffrey Brown <jeff@jgbrownlaw.com>
**Subject:** Re: Walston v. NRS - Status report/Upcoming Discovery

[Warning – external]

I don't think you're missing anything. Maybe we are talking past each other.

If the stipulation reserves Defendant's right to challenge the accuracy of the results later, it doesn't work for Plaintiff. I can't go to class cert with a list of numbers that may or may not be demonstrably cell phones depending on your success in challenging PacificEast's accuracy, because I would have been deprived of alternative methods to prove the same.

The stipulation has to be that the results are accurate and won't be challenged.

My understanding is that you guys would make your assessment of accuracy before we agree on an expert. That is, we won't select an expert you don't believe you'd be able to stipulate to accuracy for. Logistically speaking, how would you be checking pacificeast's output after the fact?

--



**Jeremy M. Glapion**

Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737

On Thu, Nov 14 2024 at 4:56 PM, Ryan Watstein <Ryan@wtlaw.com> wrote:

> I thought we had worked this all out at the hearing. We'd run the queries and then stipulate once we sure the results are accurate. That's what we agreed to and what the judge endorsed. What am I missing?
>
> **From:** Jeremy Glapion <jmg@glapionlaw.com>
> **Date:** Thursday, November 14, 2024 at 4:04 PM
> **To:** Patrick Fitzgerald <pfitzgerald@wtlaw.com>

**Cc:** Ryan Watstein <Ryan@wtlaw.com>, Jeffrey Brown <jeff@jgbrownlaw.com>
**Subject:** Re: Walston v. NRS - Status report/Upcoming Discovery

[Warning – external]

If that's your position then we won't have a stipulation and we can deal with it on a Rule 72 Motion. If you're going to contest or reserve the right to contest an expert that you're jointly selecting, the whole purpose of joint selection is pointless.

--



**Jeremy M. Glapion**

Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737

On Thu, Nov 14 2024 at 4:01 PM, Patrick Fitzgerald <pfitzgerald@wtlaw.com> wrote:

> Jeremy,
>
> Regarding point 2: That seems very similar to what you told Judge Gilbert, which he rejected. See below. (I've included the transcript as I didn't see Brenda respond to your email on Monday).
>
> Regarding point 6: We're fine with either proposal. It's probably easier to ask Judge Gilbert to modify, since he's closer to the facts. We could include that in the report.

> ```
>  1  vendor do it and we agree to essentially be bound by the
>  2  findings of the vendor, we're not going to challenge the
>  3  vendor's methodology, we're not going to dispute whether it can
>  4  be done or it is possible, that -- that would work.  But if
>  5  we're going to get into, well, the vendor said these are cell
>  6  phones, but we disagree that the vendor employed appropriate
>  7  methodology or looked into this, that, or the other, and there
>  8  is going to be essentially later challenging this expert, that
>  9  becomes an issue.  So we almost have to agree to be bound.
> 10        THE COURT:  No, you don't.  You just need to get it to
> 11  a vendor and see what happens and stop arguing about it.
> 12        I don't know what -- Mr. Watstein is proposing.  I
> 13  agree that there have been several iterations.  I don't think
> 14  he thinks there have been several iterations.  I think he would
> 15  say, and maybe I wouldn't even disagree, that he's been saying
> 16  the same thing all over again -- all over.  He's willing to
> 17  stipulate once he knows what he's stipulating to.
> 18        I think you ought to agree to a vendor.  And I'll give
> ```

**Patrick J. Fitzgerald ([bio](#))**
WATSTEIN TEREPKA ᴸᴸᴾ
P: (404) 400-3382
[pfitzgerald@wtlaw.com](mailto:pfitzgerald@wtlaw.com)
[www.wtlaw.com](http://www.wtlaw.com)

---

**From:** Jeremy Glapion <[jmg@glapionlaw.com](mailto:jmg@glapionlaw.com)>
**Date:** Thursday, November 14, 2024 at 2:12 PM
**To:** Patrick Fitzgerald <[pfitzgerald@wtlaw.com](mailto:pfitzgerald@wtlaw.com)>
**Cc:** Ryan Watstein <[Ryan@wtlaw.com](mailto:Ryan@wtlaw.com)>, Jeffrey Brown <[jeff@jgbrownlaw.com](mailto:jeff@jgbrownlaw.com)>
**Subject:** Re: Walston v. NRS - Status report/Upcoming Discovery

[Warning – external]

Thanks, Pat.

1. I've copied you on emails with PacificEast. If there are concerns or questions about their process, by all means. Do you want to jump on a joint call with them?
2. Without agreement to paragraphs 5-7, there's no "deal" on the stipulation. We need to be on the same page that PacificEast's outputs are *the* lists of cell phone numbers, not subject to being challenged later. If cannot get

there, this will just need to be a battle of experts and I'd need the numbers to provide to my own.

3. Regarding paragraph 5 vs 6. Paragraph 5 is intended to be "line type w" means "cell phone". Paragraph 6 is intended to be "PacficEast's line type identification is accurate". I'm sure there's a way we can combine these two.
4. "Extraneous items" refers to other data fields PacificEast has in the dataset they produce. My understanding is they produce a standard set of data for all these reports beyond line type and carrier. For now I don't think I need that other stuff, but that's to what I was referring.
5. Carrier identification is one of the standard fields. While it's not part of the discussion, it seems trivial to provide. Ultimately I'm going to ask Defendant to serve preservation requests on each carrier identified for the numbers associated with that carrier. I don't want records to be lost as this case drags on.
6. Regarding Rule 72 - I think anything short of Harjani staying the Rule 72 timing wouldn't work, because my clock will run at some point no matter our agreement. We can go that route, or maybe we can ask Judge Gilbert to modify his order to hold the Motion in abeyance outside of his limited grant? Something like that.

--



**Jeremy M. Glapion**
Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737

On Thu, Nov 14, 2024 at 1:45 PM, Patrick Fitzgerald <pfitzgerald@wtlaw.com> wrote:

> Jeremy,
>
> The overall process is acceptable, but NRS cannot agree to Paragraphs 5 – 7 until after Pacific East runs the numbers and NRS confirms Pacific East can reliably exclude the VOIPs. And Paragraph 6 appears unnecessary in light of Paragraph 5. What are the "several other extraneous items" you're referring to?

As for identifying the carriers: We don't recall that being part of the conversation. Nevertheless, so long as the service doesn't result in a large increase in cost, which doesn't seem to be the case, it should be fine. NRS won't be able to stipulate to reliability of carrier designation until after reviewing that data.

As for the Rule 72 objection you mentioned on Nov. 7: Do you want to ask the Court for an extension? That way, we can work through this process before having to raise it with Judge Harjani.

**Patrick J. Fitzgerald (bio)**
WATSTEIN TEREPKA LLP
P: (404) 400-3382
pfitzgerald@wtlaw.com
www.wtlaw.com

---

**From:** Patrick Fitzgerald <pfitzgerald@wtlaw.com>
**Date:** Monday, November 11, 2024 at 11:11 AM
**To:** Jeremy Glapion <jmg@glapionlaw.com>
**Cc:** Ryan Watstein <Ryan@wtlaw.com>, Jeffrey Brown <jeff@jgbrownlaw.com>
**Subject:** Re: Walston v. NRS - Status report/Upcoming Discovery

Jeremy,
This looks fine for the most part, but we'll follow up on this after the hearing.

**Patrick J. Fitzgerald (bio)**
WATSTEIN TEREPKA LLP
P: (404) 400-3382
pfitzgerald@wtlaw.com
www.wtlaw.com

---

**From:** Jeremy Glapion <jmg@glapionlaw.com>
**Date:** Friday, November 8, 2024 at 2:14 PM
**To:** Patrick Fitzgerald <pfitzgerald@wtlaw.com>
**Cc:** Ryan Watstein <Ryan@wtlaw.com>, Jeffrey Brown <jeff@jgbrownlaw.com>
**Subject:** Re: Walston v. NRS - Status report/Upcoming Discovery

<span style="color:red">[Warning – external]</span>

Counsel:

I just spoke with Andrew Watts at PacificEast. I believe they can do what we're asking them to do. Specifically, given an input of telephone number and date stamp of attempted RVM (e.g. the campaign reports), they can produce an output file containing line type on that particular date, carrier on that date, and several other extraneous items.

They said turnaround time is 24-48 hours.

They are willing to provide a corresponding declaration as well, attesting to the accuracy and process.

Mr. Watts is going to send me an email on this front shortly, including an example of output.

Pending Mr. Watt's confirmation, is this acceptable to Defendant? This is what I envision as the corresponding process:
1. Defendant provides the campaign reports to PacificEast within 5 days of final agreement on their use as a vendor.
2. Defendant similarly provides any subsequently produced (e.g. from VoiceLogic) or independently discovered campaign report to PacificEast within 5 days of receipt or independent discovery.
3. PacificEast will return the campaign reports, appending line type (on the date of the attempt) and carrier (on the date of the attempt) to the file.
4. Within 5 days of PacificEast returning its output, Defendant will produce the output to Plaintiff in native format (e.g. csv, excel), removing any appended columns besides line type and carrier, and removing all but the last 5 of each telephone number.

And this is what I envision as the corresponding stipulation (slight tweaks to technical terminology likely needed):

> Defendant stipulates and agrees that telephone numbers designated with line type [w] in PacificEast's output were cellular telephone numbers on the date of the corresponding call attempt.
>
> Defendant stipulates and agrees that PacificEast's identification of line type in the campaign reports provided to it is accurate.
>
> Defendant stipulates and agrees that it will not challenge the accuracy of PacificEast's line type identification or its methodology in making its identifications.

--

**Jeremy M. Glapion**

Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737

On Thu, Nov 07, 2024 at 11:19 AM, Jeremy Glapion <jmg@glapionlaw.com> wrote:

> I have reached out to PacificEast and I am waiting to hear back, but I am optimistic they'll be suitable. Assuming so, I would propose the following process:
>
> 1. Defendant provides the master list and campaign reports to PacificEast within 5 days of agreement on their use as a vendor.
> 2. Defendant similarly provides any subsequently produced or discovered campaign report to PacificEast within 5 days of receipt.
> 3. PacificEast will remove VoIP numbers from the lists/reports and return the lists/reports back to Defendant.
> 4. Within 5 days of PacificEast returning the lists to Defendant, Defendant will produce all the lists, with all but the last 5 of each telephone number redacted, to Plaintiff in native format (campaign reports excel/csv, for example).
> 5. Defendant will stipulate that the lists run through this process and produced to Plaintiff contain only cell phone numbers, and that it will not challenge PacificEast's methodology or accuracy.
> 6. Defendant will stipulate that it will not challenge that these numbers are or were cell phone numbers for all relevant purposes during the class period.
>
> Does this work?
>
> Semi-related, I think it makes sense to see if PacificEast can also identify the carrier for each number. At some point, if this case proceeds, historical subscriber information will be needed (e.g. for notice). I know Verizon maintains theirs for around 6 years, but in the event any carriers maintain it for less, we would want to get a preservation letter out for each of their numbers. This should not be too difficult for PacificEast to do. Thoughts?
>
> Finally, I want to note that if the Court does enter an order on the Motion to

Compel, under Rule 72 I need to preserve my arguments that I am entitled to the unredacted numbers. I am willing to work through this stipulation as a compromise, and any objection to Judge Gilbert's order would not change that, but I wanted to flag this procedural wrinkle rather than drop it in your lap later.

Best,
Jeremy

--



**Jeremy M. Glapion**

Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737

On Wed, Nov 06, 2024 at 8:44 PM, Patrick Fitzgerald <pfitzgerald@wtlaw.com> wrote:

> Got it. It's my understanding Pacific East is an independent company (just David's preferred vendor).
>
> **Patrick J. Fitzgerald (bio)**
> WATSTEIN TEREPKA LLP
> P: (404) 400-3382
> pfitzgerald@wtlaw.com
> www.wtlaw.com
>
> ---
>
> **From:** Jeremy Glapion <jmg@glapionlaw.com>
> **Date:** Wednesday, November 6, 2024 at 3:44 PM
> **To:** Patrick Fitzgerald <pfitzgerald@wtlaw.com>
> **Cc:** Ryan Watstein <Ryan@wtlaw.com>, Jeffrey Brown <jeff@jgbrownlaw.com>
> **Subject:** Re: Walston v. NRS - Status report/Upcoming Discovery
>
> [Warning – external]
>
> Hi Pat: