UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RASHAD WALSTON,** on behalf of himself and all others similarly situated,<br><br>       **Plaintiff,**<br>    v.<br><br>**NATIONAL RETAIL SOLUTIONS, INC. D/B/A NRS PAY,**<br><br>       **Defendant.** | Civil Case No.: 24-cv-83<br><br>District Judge: Hon. Sunil R. Harjani<br>Magistrate Judge: Jeffrey T. Gilbert |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL**

  **I.** **Defendant must produce responsive documents, including those funneled through its attorneys.**

  Plaintiff's Motion to Compel calls on the Court to answer four questions: first, are documents in Defendant's attorneys' possession, gathered or created pursuant to Defendant's representation, in Defendant's "possession, custody, or control" for Rule 34 purposes? As discussed herein, the answer is unequivocally yes.

  Second, are those documents privileged? As outlined in Plaintiff's Motion to Compel, they are not. [Dkt. 102.]

  Third, if the work-product privilege protects any of those documents, has Plaintiff shown a "substantial need" for the documents under Fed. R. Civ. P. 26(b)(3)(A)(ii). As outlined in Plaintiff's Motion to Compel, he has.

  Finally, if any of those documents *might* be privileged, is Defendant required produce a privilege log? As set forth in Plaintiff's Motion to Compel, and as unrebutted in Defendant's opposition, the answer is yes.

1

### a. Defendant is in "possession, custody, or control" of documents gathered or created by its attorneys pursuant to its representation.

Defendant claims that a Rule 45 subpoena directed at its counsel, rather than a Rule 34 request directed at Defendant, is the proper method for obtaining discovery of relevant documents in the possession of its counsel that were gathered or created for Defendant's representation. This is wrong. Literal possession is not the standard. The question on Rule 34 is whether the party has "possession, custody, or control" of the documents sought.

It is uncontroversial that a party has "possession, custody, and control" over documents in its counsel's direct possession that were "gathered or created" for their representation of that party. *Am. Soc. For Prevention of Cruelty to Animals v. Ringling Bros. and Barnum & Bailey Circus*, 233 F.R.D. 209, 212 (D.D.C. 2006). This is because a party has a legal right to obtain documents related to its representation from its counsel. *See Restatement (Third) of the Law Governing Lawyers*, § 46(2) (2000) ("[A] lawyer must allow a client or former client to inspect and copy any document possessed by the lawyer relating to the representation[.]")

Your Honor has expressly rejected the contrary argument Defendant makes here. In *Webster Bank, N.A. v. Pierce & Associates, P.C.*, defendant moved to compel production of documents from plaintiff, including a litigation file in the possession of plaintiff's attorney. 2017 WL 11560211, *1 (N.D. Ill. Aug. 15, 2017) (Gilbert, J.) Plaintiff resisted, claiming attorney-client privilege, work-product privilege, and arguing that defendant must instead subpoena plaintiff's attorney for the material. *Id.* Your Honor rejected this, writing:

> [Plainitff]'s argument that [defendant] should seek the litigation file from [plaintiff's attorney] with a subpoena rather than request that [plainitff] produce it also fails. [Plaintiff] has not shown the documents are not in its possession, custody, or control such that it cannot have its … attorney … produce them to [defendant].

*Id.*

2

This is not new. Cases dating back to the 1940s have held "that if an attorney for a party comes into possession of a document *as attorney for that party* his possession of the document is the possession of the party." *Poppino v. Jones Store Co.*, 1 F.R.D. 215, 219 (W.D. Mo. 1940) (emphasis in original). In the 1960s, it was "well settled" that "if the client may be compelled to produce documents in his possession then the attorney may be compelled to produce the same documents when they are in his[.]" *In re Ruppert*, 309 F.2d 97, 98 (6th Cir. 1962); *see Hanson v. Garland S.S. Co.*, 34 F.R.D. 493, 495 (N.D. Ohio 1964) (witness statements taken by a party's attorney in preparation of the case were within the party's control).

The modern trend is the same. *See PharMerica Chicago, Inc. v. Meisels*, 2011 WL 13388563, *2 (N.D. Ill. Nov. 3, 2011) (Nolan, J.) ("Clearly, Defendant's documents that are in their …attorneys' possession are under Defendants' control"); *Poole ex rel Elliott v. Textron, Inc.*, 192 F.R.D. 494, 501 (D. Md. 2000) (ruling that "documents in the possession, custody or control of a party's attorney … are within the party's 'control' for the purposes of Rule 34."); *Landry v. Swire Oilfield Servs., L.L.C.*, 323 F.R.D. 360, 382 (D.N.M. 2018) ("[I]f a … corporation … can pick up a telephone and secure the document, that individual or entity controls it."); *CSI Inv. Partners II, L.P. v. Cendant Corp.*, 2006 WL 617983, *6 (S.D.N.Y. Mar. 13, 2006) (compelling an attorney to disclose relevant documents in the attorney's possession regarding representation of their client); *Sage Realty Corp. v. Proskauer Rose Goetz & Mendelsohn*, 91 N.Y.2d 30, 37 (1997); *Clark v. Milam*, 847 F. Supp. 424, 427 (S.D.W. Va. 1994) (attorney may not invoke work-product immunity against his client).

3

There would be no question that Defendant itself would be required to produce responsive documents in its literal possession. That does not change because Defendant has not yet seen the documents and communications its counsel has obtained on its behalf.[1]

Defendant's citations are inapposite, including the Seventh Circuit case it claims to be binding. In *Hobley v. Burge*, the Court reviewed a Magistrate Judge's sanction of the Jones Day law firm—neither a party nor an attorney for a party—for withholding documents requested from the defendant pursuant to Rule 34. 433 F.3d 946, 950 (7th Cir. 2006). The Appellate Court found that Rule 34 was not the tool to obtain discovery from non-parties. *Id.* More relevantly, however, the Appellate Court addressed the Magistrate's finding that the defendant had "control" over the withheld documents for purposes of Rule 34. *Id.* The Court did not disagree—it simply said the defendant never sought to exercise that control, so it was unfair to hold Jones Day responsible. *Id.* In fact, the Court noted, without deciding, that "courts and authorities have upheld strong client rights toward most documents in an attorney's possession." *Id.* at n.3 (citing cases).

In other words, *Hobley* stands for the uncontroversial position that a Rule 34 request directed to a non-party is improper (e.g. a Rule 34 request served on Watstein & Terepka as an independent entity), but has *nothing* to do with whether Rule 34 requests served on a party require that the party obtain and produce relevant, scope-of-representation documents held by their attorneys. Courts within the Seventh Circuit to consider *Hobley* have drawn the same distinction:

> It is not particularly difficult to figure out why the *Hobley* case does not apply to [defendant]. Notably, the Seventh Circuit never held that the city, as the party in that case, lacked control over the boxes in Jones Day's possession, or that the

---

[1] If this is Defendant's position, it calls into question the completeness of *all* its discovery responses. Is anything else being improperly withheld on this distinction between Defendant and its counsel?

4

> city had no obligation to retrieve and produce those documents, to the extent they were not protected by some other privilege. Instead, the Seventh Circuit reached the uncontroversial conclusion that Jones Day was not a party to the litigation, and, therefore, was not subject to sanctions imposed pursuant to Rule 34.
>
> In this case, however, [defendant] is a party to the litigation, and is clearly subject to the discovery requirement imposed by Rule 34. As such, he must produce any documents that are in his possession, custody, or control. As a former client of Hagen and Miller, [defendant] has a legal right to demand that they turn over legal documents generated during their representation; in other words, he has control over those documents. Therefore, [defendant] is ordered to obtain the relevant documents from Hagen and Miller and produce all non-privileged documents within 7 days of this order.

*Boyd Group., Inc. v. D'Orazio*, 2015 WL 5321262 (N.D. Ill. Sept. 11, 2015) (Cox, J.)

Plaintiff here did not serve Rule 34 requests on Defendant's counsel—he served them on Defendant. The sole question is whether Defendant has "possession, custody, or control" over responsive documents, including Defendant's counsel's communications and documents exchanged with absent class members. As set forth above, it does.

Defendant's other cited cases are also inapposite or even hurt its position. *Drive Construction* dealt with discovery requests for material "generated by the Law Firm for other clients", not the party. 2022 WL 2237621, *2 (N.D. Ill. June 22, 2022). In *Fulton v. Foley*, the court compelled the production of the sought documents, finding that the defendant (Cook County) had control over the Cook County State's Attorney's Office to justify using Rule 34 versus a subpoena. 2018 WL 11199090, *2 (N.D. Ill. Aug. 18, 2018).

In *PETA*, plaintiff sought to compel production of "drafts … and other materials exchanged between counsel and two non-party affiants" in order to explore "the evolution of the affidavits." *Institute for Development of Earth areness v. People for Ethical Treatment of Animals*, 272 F.R.D. 124 (S.D.N.Y. 2011). The court explicitly found that ordinary party-discovery rules applied to such requests (rather than a Rule 45 subpoena). *Id.* at 125. The court, however,

5

upheld *Defendant*'s claims of privilege (again, treating Defendant's counsel and Defendant as the same), and found that because the defendant had disclosed the witnesses, and "counsel for each side was free to privately interview the witnesses or notice their depositions", there was no showing of the "substantial need" necessary to overcome the privilege. *Id.* The plaintiff did not appear to request or argue that communications *from* a third-party witness *to* counsel are not privileged, nor did the court address this.

Accordingly, Defendant has "possession, custody, or control" over documents, communications, and materials its counsel exchanged with absent class members. The next question is whether any privilege protects them from disclosure. For the reasons in Plaintiff's Motion to Compel, neither work-product nor attorney-client privilege apply. Accordingly, Defendant must obtain and produce them. To the extent the Court finds a subset of these documents may be privileged, a privilege log is required.

    **b. There are relevant documents in Defendant's immediate possession.**

Defendant's response to Request 76 states, in full:

Defendant references and incorporates its objection to "YOUR," as set forth above. **Defendant responds on behalf of NRS alone.**

Defendant objects to this Request because it seeks documents protected from discovery under the attorney-client privilege, the work product doctrine, or any other privilege recognized by law. Specifically, the request encompasses documents that reflect Defendant's counsel's mental impressions, conclusions, opinions, or legal theories developed in the course of investigating Plaintiff's claims. Such materials, including notes, analyses, and other preparatory documents, were created in anticipation of litigation and are therefore protected from disclosure under the work product doctrine and the attorney-client privilege. Accordingly, **Defendant will not produce such documents and is withholding documents on this basis.**

Subject to the above objections, pursuant to which Defendant is withholding certain documents, Defendant will produce discoverable responsive documents within its possession.

6

Because Defendant, responding on behalf of "NRS alone", explicitly stated that it was *still* withholding responsive documents on work-product and attorney-client privilege grounds, it appears there are *other* relevant documents *about this litigation*[2] that Defendant is withholding, other than those funneled through counsel.

Defendant makes no argument for continuing to withhold those documents.

## II. A privilege log is required.

Other than claiming that Defendant does not have "possession, custody, or control" over documents its counsel generated or obtained for its defenses, Defendant does not rebut Plaintiff's arguments or case law on this issue. Defendant must provide a privilege log for any responsive documents withheld on a claim of privilege.

## III. Defendant's use of declarations must comport with discovery rules.

Defendant claims that Plaintiff's secret goal is to prevent it from obtaining or using class member declarations. Defendant is free to defend its case however it sees fit, but it must do so within the confines of the rules. Allowing Defendant to funnel documents through its counsel to shield them from discovery,[3] only to spring them on Plaintiff in opposition to class certification (when it is too late to determine if the declaration is accurate or appropriately procured) is prejudicial.

---

[2] If they were not relevant to this case or about this litigation (e.g. strictly business communications), they would certainly not be work-product and a relevancy objection would have been made.

[3] Defendant has successfully 1) prevented Plaintiff from accessing putative class member information while 2) using that same information to gather evidence for its own defenses and 3) created an apparent wall between Defendant and its counsel to preserve the claim that this information is not discoverable because Defendant's *counsel*, not Defendant itself, maintains the material. Should it succeed on this third argument, at issue here, it will presumably use this as justification for any failure to disclose class member witness identities during discovery.

Defendant does not even hide that this is its goal, writing that it intends to "interview class members" and then tailor class member declarations to Plaintiff's arguments in support of class certification. [Dkt. 112, p. 2.] There is no place for such an approach. Rule 26 is clear: Defendant must, "without awaiting a discovery request", provide "the name … address … and telephone number of each individual likely to have discoverable information … that the disclosing party may use to support its … defenses[.]" Fed. R. Civ. P. 26(a)(1). There is no exception for withholding such disclosure to see which way the wind blows after discovery. If Defendant is interviewing witnesses who have information it may use to support its defenses, or has obtained documents to that end, those witnesses must be disclosed and those documents must be produced. This must happen while Plaintiff still has a chance to obtain reciprocal discovery or contest the validity and accuracy of the same.

Defendant unequivocally cannot instead hide these witnesses and documents, preventing Plaintiff from exploring the accuracy, veracity, and integrity of any related communications and/or material obtained, and then rely on them to do the heavy lifting it expects in opposing certification. The Court must reject this "pay no attention to the man behind the curtain" approach.

Defendant also cannot rely on its legal conclusion—that Plaintiff's depositions of or interviews with said witnesses would ostensibly defeat class certification—to avoid identifying witnesses or producing the documents the rules require. If Plaintiff makes a mistake in deposing or interviewing the individual class members Defendant has interviewed, sought, or obtained declarations from, Defendant can raise that "mistake" in opposition to class certification. It cannot, however, play advocate *and* judge on this theory and use its own favorable ruling as a basis to ignore discovery obligations.

IV. **Rule 37 Conferral**

On the Rule 37 call, Plaintiff expressly indicated his belief that no privilege applied and that unless Defendant was willing to come off that position, the next question was the privilege log. Defendant did not back down on the privilege claims, so the Parties moved on. This is even referenced in Defendant's exhibits. [Dkt. 112-2, p. 3] (in email requesting Rule 37 call: "I don't necessarily concede that work-product is applicable here"); [Dkt. 112-3, p.2] (in email a few days after the call: "As I mentioned on the call, I don't even believe a work-product privilege applies and intend to argue the same.") This latter email was sent six minutes after Defendant's counsel emailed Plaintiff's counsel seeking clarity on the relief Plaintiff sought, and eight hours before Plaintiff filed. *Id.* Defendant had ample time to note any "belief" that the Parties had inadequately conferred on privilege. Instead, it chose to withhold it until its opposition.

The Parties indeed spent most of the call discussing the privilege log, but this made logical sense: if Defendant had been willing to produce a privilege log, Plaintiff could have tabled briefing on the propriety of the privilege until Plaintiff had a chance to review the nature and scope of the withheld documents to see if this fight was even worth it.[4]

After the call, Plaintiff provided case law on the privilege log supporting his position. [Dkt. 112-3.] Defendant provided case law supporting its position. *Id.* The Parties disagreed and this Motion was filed. There is no requirement that the Parties continue to go back and forth on an issue *ad nauseum*. And with Defendant entrenched in its position that it did not

---

[4] For example, Defendant is withholding communications with third-party witness VoiceLogic based on a "common interest" privilege that Plaintiff does not believe applies. [Dkt. 102, n.8.] Because Defendant produced a privilege log showing only four documents of likely inconsequential substance, however, Plaintiff decided it was not worth the effort moving to compel production at that time.

9

need to produce a privilege log, there was no reason to believe Defendant would back down on the privilege claims necessitating the privilege log in the first place.

Notably, Defendant suggests it would refuse further conferral on its claims of privilege, writing that the question is "not ripe" and it would not "substantively respond" until Plaintiff serves a subpoena. [Dkt. 112, p. 10, n.6.] As discussed herein, no subpoena is necessary.

### V. A word on comity

Since the Court admonished *both* Parties for the tone of the briefing, Defendant has declared anything it does not like—including quotes from sitting judges—as violating that spirit.

Plaintiff, too, desires a much more cordial and productive relationship with Defendant, but the desire for comity does not give either party *carte blanche* to do, act, and say what they want without repercussion or judicial review, nor does it make off limits the relevant admonishments from other courts, nor does it require tabling discovery issues.

In any event, it would be far more conducive to "toning down" the briefing if the Parties left it to the Court to decide if a Party steps out of line rather than spending pages claiming every allegation, accusation, or disagreement is punishment or bullying.

### CONCLUSION

For the reasons above, Plaintiff respectfully requests that the Court compel Defendant to produce any withheld material responsive to Request for Production 76. For any material the Court permits Defendant to withhold pending further privilege evaluation, Plaintiff respectfully asks that the Court compel Defendant to produce a privilege log.

Dated: December 11, 2024            s/ Jeremy M. Glapion
                                                   Jeremy M. Glapion
                                                   The Glapion Law Firm, LLC
                                                   1704 Maxwell Drive
                                                   Wall, New Jersey 07719
                                                   Tel: 732-455-9737
                                                   Fax: 732-965-8006
                                                   jmg@glapionlaw.com

                                                   Counsel for Plaintiff and the Putative Class