IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RASHAD WALSTON, on behalf of himself and all others similarly situated, | Case No. 1:24-cv-00083 |
| Plaintiff, | |
| v. | |
| NATIONAL RETAIL SOLUTIONS, INC. D/B/A NRS PAY, | |
| Defendant. | |

**DEFENDANT'S MOTION TO SEAL DEFENDANT'S
OPPOSITION TO PLAINTIFF'S RULE 23(d) MOTION**

Pursuant to Rule 5.2 of the Federal Rules of Civil Procedure and the Local Rules of the Northern District of Illinois, Defendant NRS files this Motion to Seal its Response to Plaintiff's Motion for Relief Under Rule 23(d), along with the declarations attached thereto. Through this Motion, NRS seeks a ruling temporarily sealing its Response pending the Court's confirmation that a public filing of the documents in question does not waive the attorney-client privilege between the undersigned and Mr. Hellerman.

1. On November 29, 2024, Plaintiff moved for relief under Rule 23(d), requesting an order that NRS not communicate with putative class members. ECF 101.

2. In the motion, Plaintiff relies heavily on the circumstances surrounding NRS retaining the undersigned firm to represent Michael Hellerman.

3. NRS's response addresses the non-legal advice contents of communications between Michael Hellerman and attorneys from Watstein Terepka LLP regarding this case.

4. The Response and declarations do not reveal the content of communications where Watstein Terepka LLP provided Mr. Hellerman with legal advice. Accordingly, the firm does not believe the parts of those communications, or the references in the response or declarations are privileged.

5. However, as a precaution, defense counsel asked Plaintiff to agree that filing and referencing these communications would not waive attorney-client privilege, with NRS agreeing that Plaintiff would be permitted inquire about such non-legal-advice-related communications on cross-examination, if a hearing occurs. Plaintiff declined to agree.

6. To avoid Plaintiff accusing Watstein Terepka of waiving privilege, the firm has no choice but to move to seal parts of the response and declarations that identify or reference the contents of communications between Watstein Terepka and Mr. Hellerman.

7. Watstein Terepka will therefore file redacted parts of their response brief and declarations and will separately send Your Honor unredacted copies for an *in camera* review. *See* Fed. R. Civ. P. 5.2(f) ("A person making a redacted filing may also file an unredacted copy under seal. The court must retain the unredacted copy as part of the record."). The firm asks the Court to confirm that filing non-legal advice communications does not waive attorney-client privilege.

8. Pursuant to local rules, a party wishing to file material under seal must comply with L.R. 5.8 and L.R. 26.2. L.R. 26.2 requires a motion to seek to "articulate the basis for good cause to justify the sealing[.]" Your Honor's standing order requires the movant to demonstrate good cause and describe the relevance of the information.

2

9.  The Court possesses inherent power to seal all or part of its records. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("Every court has supervisory power over its own records and files."). Documents protected by attorney-client privilege constitute the class basis for the demonstration of good cause to seal. *See Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 546 (7th Cir. 2002) ("Good cause may exist if the documents are sealed in order to maintain the confidentiality of . . . privileged information, including documents covered by the attorney-client privilege . . . ."); *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010) ("Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule or privilege justifies confidentiality."). To show good cause, the requesting party must "analyze in detail . . . the propriety of secrecy, providing reasons and legal citations." *Ernst v. City of Chicago*, 2013 WL 6139643, at *2 (N.D. Ill. Nov. 21, 2013) (quoting, *Baxter*, 297 F.3d at 548). "[I]f a party claims that injury will result from public disclosure of certain information, it must provide support for such a statement." *Ernst*, 2013 WL 6139643, at *2.

10. Here, Plaintiff has already indicated that if the documents are not filed under seal, he reserves the right to argue that their disclosure in response to his motion waives attorney-client privilege, underscoring the need to keep their contents secret. In other words, the injury resulting from failure to seal may be unintentional waiver of attorney-client privilege.

11. The general interest in public access to the documents in question is minimal, as NRS's redactions are minimal. And notwithstanding his groundless motion, Watstein Terepka's communications with Mr. Hellerman are not relevant to Plaintiff's claims against NRS.

12. Therefore, there is good cause to seal the response and declarations until the Court can review and confirm that they do not involve privileged communications.

In light of the foregoing, NRS asks the Court (1) preliminarily seal the parts of the Response and exhibits attached, (2) review the documents to determine whether they contain privileged information and whether their filing would waive attorney-client privilege. If not, NRS will file those documents in public.

DATED: December 16, 2024.

Respectfully submitted,

/s/ Ryan D. Watstein
Ryan D. Watstein (*admitted pro hac vice*)
ryan@wtlaw.com
Patrick J. Fitzgerald (*admitted pro hac vice*)
pfitzgerald@wtlaw.com
**WATSTEIN TEREPKA LLP**
1055 Howell Mill Road, 8th Floor
Atlanta, Georgia 30318
Tel: (404) 782-9821
Fax: (404) 537-1650

Justin M. Penn, ARDC 6283726
jpenn@hinshawlaw.com
**HINSHAW & CULBERTSON LLP**
151 North Franklin Street, Suite 2500
Chicago, Illinois 60606
Tel: (312) 704-3000

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2024, I caused to be electronically filed a true and correct copy of the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Patrick J. Fitzgerald*
Patrick J. Fitzgerald
