# EXHIBIT B



Jeremy Glapion <jmg@glapionlaw.com>

## Walston v. NRS - Stip & JSR
12 messages

---

**Jeremy Glapion** <jmg@glapionlaw.com>                                                                   Tue, Nov 19, 2024 at 10:40 AM
To: Ryan Watstein <ryan@wtlaw.com>, Patrick Fitzgerald <pfitzgerald@wtlaw.com>
Cc: Jeffrey Brown <jeff@jgbrownlaw.com>

Starting a new chain as the other one was getting unwieldy and loading slow.

Your changes are mostly fine but I think the stip language is ambiguous (for both sides). My "more than half" language was not referring to the actual phone number digits, but to the quantity of telephone numbers. The stip shouldn't void stip if, for example, the Court requires you to produce contact information for some small subset of absent class members.

Your "complete" language could be read to either mean *every* phone number—more favorable to plaintiff than my proposal, because production of 99% wouldn't void the stip—or a single complete number.

--

 | **Jeremy M. Glapion**
Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737

---

**Patrick Fitzgerald** <pfitzgerald@wtlaw.com>                                             Tue, Nov 19, 2024 at 11:41 AM
To: Jeremy Glapion <jmg@glapionlaw.com>, Ryan Watstein <Ryan@wtlaw.com>
Cc: Jeffrey Brown <jeff@jgbrownlaw.com>

Understood.  Our concern is more that the stipulation is void if Judge Harjani overrules Judge Gilbert.  How about the following?  6.           This stipulation is void if the Court orders Defendant to produce, prior to class certification, more than half of the telephone numbers in the campaign reports in unredacted form, <span style="color:red">or overrules Judge Gilbert's November 6, 2024 order.  ECF No. 87.</span>

**Patrick J. Fitzgerald (bio)**

WATSTEIN TEREPKA <sup>LLP</sup>

P: (404) 400-3382

pfitzgerald@wtlaw.com

www.wtlaw.com

**From:** Jeremy Glapion <jmg@glapionlaw.com>
**Date:** Tuesday, November 19, 2024 at 10:41 AM
**To:** Ryan Watstein <Ryan@wtlaw.com>, Patrick Fitzgerald <pfitzgerald@wtlaw.com>
**Cc:** Jeffrey Brown <jeff@jgbrownlaw.com>
**Subject:** Walston v. NRS - Stip & JSR

[Warning – external]

Starting a new chain as the other one was getting unwieldy and loading slow.

Your changes are mostly fine but I think the stip language is ambiguous (for both sides). My "more than half" language was not referring to the actual phone number digits, but to the quantity of telephone numbers. The stip shouldn't void stip if, for example, the Court requires you to produce contact information for some small subset of absent class members.

Your "complete" language could be read to either mean *every* phone number—more favorable to plaintiff than my proposal, because production of 99% wouldn't void the stip—or a single complete number.



--

**Jeremy M. Glapion**

Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737

---

**Jeremy Glapion** <jmg@glapionlaw.com>  Tue, Nov 19, 2024 at 11:44 AM
To: Patrick Fitzgerald <pfitzgerald@wtlaw.com>
Cc: Ryan Watstein <Ryan@wtlaw.com>, Jeffrey Brown <jeff@jgbrownlaw.com>

How about:

This stipulation is void if any Judge assigned to this matter orders Defendant to produce, prior to class certification, more than half of the telephone numbers in the campaign reports in unredacted form.

This covers all bases and avoids a situation where Judge Harjani overrules Judge Gilbert in part and compels production of, say, 50 phone numbers. I don't think that could void the stip without creating hosts of other issues.

--



**Jeremy M. Glapion**
Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737

On Tue, Nov 19, 2024 at 11:41 AM, Patrick Fitzgerald <pfitzgerald@wtlaw.com> wrote:

Understood.  Our concern is more that the stipulation is void if Judge Harjani overrules Judge Gilbert.  How about the following?  6.              This stipulation is void if the Court orders Defendant to produce, prior to class certification, more than half of the telephone numbers in the campaign reports in unredacted form, or overrules Judge Gilbert's November 6, 2024 order.  ECF No. 87.

**Patrick J. Fitzgerald (bio)**

WATSTEIN TEREPKA LLP

P: (404) 400-3382

pfitzgerald@wtlaw.com

www.wtlaw.com

---

**From:** Jeremy Glapion <jmg@glapionlaw.com>
**Date:** Tuesday, November 19, 2024 at 10:41 AM
**To:** Ryan Watstein <Ryan@wtlaw.com>, Patrick Fitzgerald <pfitzgerald@wtlaw.com>
**Cc:** Jeffrey Brown <jeff@jgbrownlaw.com>
**Subject:** Walston v. NRS - Stip & JSR

[Warning – external]

Starting a new chain as the other one was getting unwieldy and loading slow.

Your changes are mostly fine but I think the stip language is ambiguous (for both sides). My "more than half" language was not referring to the actual phone number digits, but to the quantity of telephone numbers. The stip shouldn't void stip if, for example, the Court requires you to produce contact information for some small subset of absent class members.

Your "complete" language could be read to either mean *every* phone number—more favorable to plaintiff than my proposal, because production of 99% wouldn't void the stip—or a single complete number.

--



**Jeremy M. Glapion**

Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737

---

**Patrick Fitzgerald** <pfitzgerald@wtlaw.com>  Tue, Nov 19, 2024 at 12:04 PM
To: Jeremy Glapion <jmg@glapionlaw.com>
Cc: Ryan Watstein <Ryan@wtlaw.com>, Jeffrey Brown <jeff@jgbrownlaw.com>

We're still concerned about the half threshold.  The Court could compel a large production and NRS would be stuck with a stipulation that was meant to be a compromise to avoid that production. How about this:

> This stipulation is void if any Judge assigned to this matter orders Defendant to produce, prior to class certification, a substantial number (*i.e.*, more than 100) of telephone numbers in the campaign reports in unredacted form.

**Patrick J. Fitzgerald (bio)**

WATSTEIN TEREPKA LLP

P: (404) 400-3382

pfitzgerald@wtlaw.com

www.wtlaw.com

---

**From:** Jeremy Glapion <jmg@glapionlaw.com>
**Date:** Tuesday, November 19, 2024 at 11:45 AM
**To:** Patrick Fitzgerald <pfitzgerald@wtlaw.com>
**Cc:** Ryan Watstein <Ryan@wtlaw.com>, Jeffrey Brown <jeff@jgbrownlaw.com>
**Subject:** Re: Walston v. NRS - Stip & JSR

[Warning – external]

How about:


This stipulation is void if any Judge assigned to this matter orders Defendant to produce, prior to class certification, more than half of the telephone numbers in the campaign reports in unredacted form.


This covers all bases and avoids a situation where Judge Harjani overrules Judge Gilbert in part and compels production of, say, 50 phone numbers. I don't think that could void the stip without creating hosts of other issues.



--

 **Jeremy M. Glapion**

[Quoted text hidden]

[Quoted text hidden]

---

**Jeremy Glapion** <jmg@glapionlaw.com>  Tue, Nov 19, 2024 at 12:07 PM
To: Patrick Fitzgerald <pfitzgerald@wtlaw.com>
Cc: Ryan Watstein <Ryan@wtlaw.com>, Jeffrey Brown <jeff@jgbrownlaw.com>

The half-threshold is primarily because if the stipulation is going to void, it needs to be tied to a production of a sufficient number of phone numbers for me to establish numerosity with that.

I do not know what percentage of the phone numbers are cell phones. So, the 100 threshold would only work if it turned out that at least 40% of the numbers are cell phones. Probably true, but I have nothing supporting that.

If you want to make it more than 1,000, I could live with that.

--

 **Jeremy M. Glapion**
Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737

On Tue, Nov 19, 2024 at 12:04 PM, Patrick Fitzgerald <pfitzgerald@wtlaw.com> wrote:

> We're still concerned about the half threshold. The Court could compel a large production and NRS would be stuck with a stipulation that was meant to be a compromise to avoid that production. How about this:
>
>> This stipulation is void if any Judge assigned to this matter orders Defendant to produce, prior to class certification, a substantial number (*i.e.*, more than 100) of telephone numbers in the campaign reports in unredacted form.
>
> **Patrick J. Fitzgerald (bio)**
>
> WATSTEIN TEREPKA <sup>LLP</sup>
>
> P: (404) 400-3382
>
> pfitzgerald@wtlaw.com
>
> www.wtlaw.com

**From:** Jeremy Glapion <jmg@glapionlaw.com>
**Date:** Tuesday, November 19, 2024 at 11:45 AM
**To:** Patrick Fitzgerald <pfitzgerald@wtlaw.com>
**Cc:** Ryan Watstein <Ryan@wtlaw.com>, Jeffrey Brown <jeff@jgbrownlaw.com>
**Subject:** Re: Walston v. NRS - Stip & JSR

[Warning – external]

How about:

This stipulation is void if any Judge assigned to this matter orders Defendant to produce, prior to class certification, more than half of the telephone numbers in the campaign reports in unredacted form.

This covers all bases and avoids a situation where Judge Harjani overrules Judge Gilbert in part and compels production of, say, 50 phone numbers. I don't think that could void the stip without creating hosts of other issues.

[Quoted text hidden]
[Quoted text hidden]

---

**Patrick Fitzgerald** <pfitzgerald@wtlaw.com>     Tue, Nov 19, 2024 at 12:18 PM
To: Jeremy Glapion <jmg@glapionlaw.com>
Cc: Ryan Watstein <Ryan@wtlaw.com>, Jeffrey Brown <jeff@jgbrownlaw.com>

I think that's something we could address on a later date (whereas the half threshold would lock NRS in). Since the concern is numerosity, how about this:

This stipulation is void if any Judge assigned to this matter orders Defendant to produce, prior to class certification, telephone numbers in the campaign reports in unredacted form sufficient to establish numerosity.

**Patrick J. Fitzgerald (bio)**

WATSTEIN TEREPKA LLP

P: (404) 400-3382

pfitzgerald@wtlaw.com

www.wtlaw.com

---

**From:** Jeremy Glapion <jmg@glapionlaw.com>
**Date:** Tuesday, November 19, 2024 at 12:07 PM
**To:** Patrick Fitzgerald <pfitzgerald@wtlaw.com>

**Cc:** Ryan Watstein <Ryan@wtlaw.com>, Jeffrey Brown <jeff@jgbrownlaw.com>
**Subject:** Re: Walston v. NRS - Stip & JSR

[Warning – external]

The half-threshold is primarily because if the stipulation is going to void, it needs to be tied to a production of a sufficient number of phone numbers for me to establish numerosity with that.

I do not know what percentage of the phone numbers are cell phones. So, the 100 threshold would only work if it turned out that at least 40% of the numbers are cell phones. Probably true, but I have nothing supporting that.

If you want to make it more than 1,000, I could live with that.

Image removed by sender.

--

Image removed by sender.  **Jeremy M. Glapion**

[Quoted text hidden]

[Quoted text hidden]

---

**Jeremy Glapion** <jmg@glapionlaw.com>  Tue, Nov 19, 2024 at 12:25 PM
To: Patrick Fitzgerald <pfitzgerald@wtlaw.com>
Cc: Ryan Watstein <Ryan@wtlaw.com>, Jeffrey Brown <jeff@jgbrownlaw.com>

I think ultimately this is a minor concern and I hate to keep going back and forth on this but the self-executing nature of this paragraph seems to require a specific threshold. Otherwise, we're going to end up fighting over whether or not the stipulation is void or not no matter how many telephone numbers (>40) are required to be produced. Neither of us want that.

Do you want to split the baby and call it 500? This should be sufficient to independently establish numerosity or draw reasonable inferences to that end, assuming any such production is of representative data.

--



**Jeremy M. Glapion**
Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737

On Tue, Nov 19, 2024 at 12:18 PM, Patrick Fitzgerald <pfitzgerald@wtlaw.com> wrote:

> I think that's something we could address on a later date (whereas the half threshold would lock NRS in). Since the concern is numerosity, how about this:
>
> This stipulation is void if any Judge assigned to this matter orders Defendant to produce, prior to class certification, telephone numbers in the campaign reports in unredacted form sufficient to establish numerosity.

**Patrick J. Fitzgerald (bio)**

WATSTEIN TEREPKA LLP

P: (404) 400-3382

pfitzgerald@wtlaw.com

www.wtlaw.com

---

**From:** Jeremy Glapion <jmg@glapionlaw.com>
**Date:** Tuesday, November 19, 2024 at 12:07 PM
**To:** Patrick Fitzgerald <pfitzgerald@wtlaw.com>
**Cc:** Ryan Watstein <Ryan@wtlaw.com>, Jeffrey Brown <jeff@jgbrownlaw.com>
**Subject:** Re: Walston v. NRS - Stip & JSR

[Warning – external]

The half-threshold is primarily because if the stipulation is going to void, it needs to be tied to a production of a sufficient number of phone numbers for me to establish numerosity with that.

I do not know what percentage of the phone numbers are cell phones. So, the 100 threshold would only work if it turned out that at least 40% of the numbers are cell phones. Probably true, but I have nothing supporting that.

If you want to make it more than 1,000, I could live with that.

[Quoted text hidden]
[Quoted text hidden]

---

**Patrick Fitzgerald** <pfitzgerald@wtlaw.com>     Tue, Nov 19, 2024 at 12:35 PM
To: Jeremy Glapion <jmg@glapionlaw.com>
Cc: Ryan Watstein <Ryan@wtlaw.com>, Jeffrey Brown <jeff@jgbrownlaw.com>

How about 250?

**Patrick J. Fitzgerald (bio)**

WATSTEIN TEREPKA LLP

P: (404) 400-3382

pfitzgerald@wtlaw.com

www.wtlaw.com

**From:** Jeremy Glapion <jmg@glapionlaw.com>
**Date:** Tuesday, November 19, 2024 at 12:26 PM
**To:** Patrick Fitzgerald <pfitzgerald@wtlaw.com>
**Cc:** Ryan Watstein <Ryan@wtlaw.com>, Jeffrey Brown <jeff@jgbrownlaw.com>
**Subject:** Re: Walston v. NRS - Stip & JSR

[Warning – external]

I think ultimately this is a minor concern and I hate to keep going back and forth on this but the self-executing nature of this paragraph seems to require a specific threshold. Otherwise, we're going to end up fighting over whether or not the stipulation is void or not no matter how many telephone numbers (>40) are required to be produced. Neither of us want that.

Do you want to split the baby and call it 500? This should be sufficient to independently establish numerosity or draw reasonable inferences to that end, assuming any such production is of representative data.



--

 **Jeremy M. Glapion**

[Quoted text hidden]

[Quoted text hidden]

---

**Jeremy Glapion** <jmg@glapionlaw.com>     Tue, Nov 19, 2024 at 12:37 PM
To: Patrick Fitzgerald <pfitzgerald@wtlaw.com>
Cc: Ryan Watstein <Ryan@wtlaw.com>, Jeffrey Brown <jeff@jgbrownlaw.com>

I'd like the "% required to be cell phones to establish numerosity on this set alone" to be under 10%. That makes 401 the minimum. "More than 400"?

--

**Jeremy M. Glapion**
Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737

On Tue, Nov 19, 2024 at 12:35 PM, Patrick Fitzgerald <pfitzgerald@wtlaw.com> wrote:

> How about 250?
>
> **Patrick J. Fitzgerald (bio)**
>
> WATSTEIN TEREPKA LLP
>
> P: (404) 400-3382

pfitzgerald@wtlaw.com

www.wtlaw.com

**From:** Jeremy Glapion <jmg@glapionlaw.com>
**Date:** Tuesday, November 19, 2024 at 12:26 PM
**To:** Patrick Fitzgerald <pfitzgerald@wtlaw.com>
**Cc:** Ryan Watstein <Ryan@wtlaw.com>, Jeffrey Brown <jeff@jgbrownlaw.com>
**Subject:** Re: Walston v. NRS - Stip & JSR

[Warning – external]

I think ultimately this is a minor concern and I hate to keep going back and forth on this but the self-executing nature of this paragraph seems to require a specific threshold. Otherwise, we're going to end up fighting over whether or not the stipulation is void or not no matter how many telephone numbers (>40) are required to be produced. Neither of us want that.

Do you want to split the baby and call it 500? This should be sufficient to independently establish numerosity or draw reasonable inferences to that end, assuming any such production is of representative data.

[Quoted text hidden]
[Quoted text hidden]

---

**Patrick Fitzgerald** <pfitzgerald@wtlaw.com>   Tue, Nov 19, 2024 at 12:46 PM
To: Jeremy Glapion <jmg@glapionlaw.com>
Cc: Ryan Watstein <Ryan@wtlaw.com>, Jeffrey Brown <jeff@jgbrownlaw.com>

Got it.  We'll get this on file.

**Patrick J. Fitzgerald (bio)**

WATSTEIN TEREPKA <sup>LLP</sup>

P: (404) 400-3382

pfitzgerald@wtlaw.com

www.wtlaw.com

---

**From:** Jeremy Glapion <jmg@glapionlaw.com>
**Date:** Tuesday, November 19, 2024 at 12:38 PM
**To:** Patrick Fitzgerald <pfitzgerald@wtlaw.com>
**Cc:** Ryan Watstein <Ryan@wtlaw.com>, Jeffrey Brown <jeff@jgbrownlaw.com>
**Subject:** Re: Walston v. NRS - Stip & JSR

[Warning – external]

I'd like the "% required to be cell phones to establish numerosity on this set alone" to be under 10%. That makes 401 the minimum. "More than 400"?

Image removed by sender.

--

| Image removed by sender. | **Jeremy M. Glapion** [Quoted text hidden] |
|---|---|

[Quoted text hidden]

---

**Jeremy Glapion** <jmg@glapionlaw.com>  Thu, Nov 21, 2024 at 11:25 AM
To: Patrick Fitzgerald <pfitzgerald@wtlaw.com>
Cc: Ryan Watstein <Ryan@wtlaw.com>, Jeffrey Brown <jeff@jgbrownlaw.com>

For tomorrow's call, besides the stip issue, it probably makes sense to clear some underbrush.

What are your thoughts on moving the fact discovery deadline to the close of expert discovery (March 31), with a deadline before that to serve additional written discovery without leave of the Court?

I know we disagreed on the exact timing of that latter item, but it would be productive if we could tell the Court our agreement on the close of discovery date, and agreement that there should be a deadline to serve written discovery at some point prior to that date.

Also, maybe you have some clarity on this, but I'm somewhat confused on how the prioritized-but-not-bifurcated process is meant to work. You objected to several RFP 6 requests on these grounds, but since class cert won't be ruled on until after the close of discovery, I'm not sure when, under this approach, you'd be obligated to produce anything withheld. Do we want to ask for clarification on this?

--



**Jeremy M. Glapion**
Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737

On Tue, Nov 19, 2024 at 12:46 PM, Patrick Fitzgerald <pfitzgerald@wtlaw.com> wrote:

> Got it.  We'll get this on file.
>
> **Patrick J. Fitzgerald (bio)**
>
> WATSTEIN TEREPKA <sup>LLP</sup>
>
> P: (404) 400-3382
>
> pfitzgerald@wtlaw.com
>
> www.wtlaw.com

**From:** Jeremy Glapion <jmg@glapionlaw.com>
**Date:** Tuesday, November 19, 2024 at 12:38 PM
**To:** Patrick Fitzgerald <pfitzgerald@wtlaw.com>
**Cc:** Ryan Watstein <Ryan@wtlaw.com>, Jeffrey Brown <jeff@jgbrownlaw.com>
**Subject:** Re: Walston v. NRS - Stip & JSR

[Warning – external]

I'd like the "% required to be cell phones to establish numerosity on this set alone" to be under 10%. That makes 401 the minimum. "More than 400"?

[Quoted text hidden]
[Quoted text hidden]

---

**Patrick Fitzgerald** <pfitzgerald@wtlaw.com>   Thu, Nov 21, 2024 at 4:26 PM
To: Jeremy Glapion <jmg@glapionlaw.com>
Cc: Ryan Watstein <Ryan@wtlaw.com>, Jeffrey Brown <jeff@jgbrownlaw.com>

Jeremy,

I know this is somewhat moot in light the Court resetting the hearing, but we wanted to respond to these points. See below in red.

**Patrick J. Fitzgerald (bio)**

WATSTEIN TEREPKA ᴸᴸᴾ

P: (404) 400-3382

pfitzgerald@wtlaw.com

www.wtlaw.com

---

**From:** Jeremy Glapion <jmg@glapionlaw.com>
**Date:** Thursday, November 21, 2024 at 11:25 AM
**To:** Patrick Fitzgerald <pfitzgerald@wtlaw.com>
**Cc:** Ryan Watstein <Ryan@wtlaw.com>, Jeffrey Brown <jeff@jgbrownlaw.com>
**Subject:** Re: Walston v. NRS - Stip & JSR

[Warning – external]

For tomorrow's call, besides the stip issue, it probably makes sense to clear some underbrush.

What are your thoughts on moving the fact discovery deadline to the close of expert discovery (March 31), with a deadline before that to serve additional written discovery without leave of the Court?

- We're fine moving back the fact discovery deadline, but don't we still want the expert deadline after the close of fact discovery?

I know we disagreed on the exact timing of that latter item, but it would be productive if we could tell the Court our agreement on the close of discovery date, and agreement that there should be a deadline to serve written discovery at some point prior to that date.

Also, maybe you have some clarity on this, but I'm somewhat confused on how the prioritized-but-not-bifurcated process is meant to work. You objected to several RFP 6 requests on these grounds, but since class cert won't be ruled on until after the close of discovery, I'm not sure when, under this approach, you'd be obligated to produce anything withheld. Do we want to ask for clarification on this?

- Do you have a specific RFP you need us to clarify?  For the most part, NRS raised this objection to producing complete phone numbers with the thinking that NRS is obligated to supplement if a class is certified.



--

 **Jeremy M. Glapion**

[Quoted text hidden]

[Quoted text hidden]