IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RASHAD WALSTON, on behalf of himself and all others similarly situated, | Case No. 1:24-cv-00083 |
| Plaintiff, | |
| v. | |
| NATIONAL RETAIL SOLUTIONS, INC. D/B/A NRS PAY, | |
| Defendant. | |

**DEFENDANT'S MOTION FOR LEAVE TO FILE SURREPLY**

Defendant NRS moves the Court for leave to file a brief surreply *instanter* in support of its opposition to Plaintiff Rashad Walston's Motion to Compel (ECF No. 100). NRS states the following as good cause in support thereof:

Courts routinely permit the filing of surreplies to allow the opposing party to address new arguments made on reply and prevent eleventh-hour sandbagging. *See Univ. Healthsystem Consortium v. UnitedHealth Grp., Inc.*, 68 F. Supp. 3d 917, 922 (N.D. Ill. 2014) (allowing surreply in part to correct mischaracterizations in defendant's reply); *Franek v. Walmart Stores, Inc.*, 2009 WL 674269, at *19 n.14 (N.D. Ill. Mar. 13, 2009) (explaining courts do "not hesitate[] to permit the filing of surreply briefs when a moving party 'sandbags' an adversary by raising new arguments in a reply brief[.]"); *see also NAR Bus. Park, LLC v. Ozark Auto. Distributors, LLC*, 430 F. Supp. 3d 443, 450 (N.D. Ill. 2019) (granting leave to file a surreply brief "in an abundance of caution").

Here, Plaintiff once again sandbagged NRS by citing new authority for the first time in his reply brief. During the parties' meet and confer, NRS submitted authority that

documents held exclusively by its counsel are not subject to Rule 34. *See* ECF No. 112-3, 3–4 (citing *Hobley v. Burge*, 433 F.3d 946, 950 (7th Cir. 2006)). Plaintiff refused to respond to that authority during the parties' meet and confer, or even in his opening motion.[1] *Id.*; ECF No. 102. He instead intentionally held back that authority until he filed his reply brief. ECF No. 113, 2-3. As a result, NRS focused on the attorney-in-possession issue, rather than addressing work product privilege. This kind of litigation by surprise has become Plaintiff's modus operandi. *See, e.g.,* Nov. 12 Transcript, ECF No. 100, 19:4–25 (raising Plaintiff's practice of refusing to address the merits of his argument until reply).

As set forth in the surreply, Plaintiff seeks NRS's work product, and fairness requires that NRS be permitted to explain why such discovery is improper. Because Plaintiff hadn't previously taken issue with NRS's possession authority, NRS narrowed its response to the limited issues of possession and failure to confer. Now that Plaintiff ambushes NRS by disputing the threshold issue of possession, NRS needs to address Plaintiff's remaining arguments, including work product privilege. The surreply will benefit the Court by allowing it to make a fully informed decision. *See Univ. Healthsystem Consortium*, 68 F. Supp. 3d at 922 ("Permitting a surreply 'vouchsafes the aggrieved party's right to be heard and provides the court with the information necessary to make an informed decision.'") (cit. omitted).

The Court should thus grant leave for NRS to file a surreply, attached as Exhibit 1.

DATED: December 31, 2024.

*[signature on following page]*

---

[1] In contrast, Plaintiff did address *Rayome v. Abt Elecs.* in his opening motion, which NRS cited during its meet and confer for the proposition that documents created after litigation commences are presumptively privileged. 2024 WL 1435098, at *4 (N.D. Ill. Apr. 3, 2024); ECF No. 102, 12; ECF No. 112-3, 3–4 (NRS citing *Rayome*). Addressing one argument but not the other shows that Plaintiff's failure to address the possession argument was a deliberate ambush.

2

Respectfully submitted,

*/s/ Patrick J. Fitzgerald*
Ryan D. Watstein (*admitted pro hac vice*)
ryan@wtlaw.com
Patrick J. Fitzgerald (*admitted pro hac vice*)
pfitzgerald@wtlaw.com
**WATSTEIN TEREPKA LLP**
1055 Howell Mill Road, 8th Floor
Atlanta, Georgia 30318
Tel: (404) 782-9821
Fax: (404) 537-1650

Justin M. Penn, ARDC 6283726
jpenn@hinshawlaw.com
**HINSHAW & CULBERTSON LLP**
151 North Franklin Street, Suite 2500
Chicago, Illinois 60606
Tel: (312) 704-3000

*Counsel for Defendant*

3

**CERTIFICATE OF SERVICE**

I hereby certify that on December 31, 2024, I caused to be electronically filed a true and correct copy of the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                                                */s/ Patrick J. Fitzgerald*
                                                Patrick J. Fitzgerald