UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RASHAD WALSTON,** on behalf of himself and all others similarly situated,<br><br>**Plaintiff,**<br><br>v.<br><br>**NATIONAL RETAIL SOLUTIONS, INC. D/B/A NRS PAY,**<br><br>**Defendant.** | Civil Case No.: 24-cv-83<br><br>District Judge: Hon. Sunil R. Harjani<br>Magistrate Judge: Jeffrey T. Gilbert |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUR-REPLY**

On 8:30 PM on New Year's Eve—twenty days after Plaintiff filed his reply brief in support of his Motion to Compel—Defendant requested leave to file a sur-reply. This delay is inexplicable, and the timing is suspicious. Plaintiff did not even find out about Defendant's desire for a sur-reply until the ECF notification, despite the Parties having spoken earlier that day.[1] This delay alone is sufficient to deny Defendant's request, as it far exceeds the allotted time to submit a reply brief. [Dkt. 103] (giving Plaintiff one week for a reply). *See e.g.*, *Maatuk v. Emerson Electric, Inc.*, 2019 WL 582461, *1 (N.D. Ohio, Feb. 13, 2019) (finding a request for a sur-reply untimely when it came after a delay two times as long as the time allowed for a reply brief); *Robledo v. Yardi Sys., Inc.*, 2024 WL 363551, *1 (W.D. Tex. Feb. 26, 2024) (finding a request for a sur-reply untimely when it exceeded the allowed time for a reply brief); *Phoenix Process Equipment Co. v. Capital Equipment & Trading Co.*, 2022 WL 3094320, *4 (W.D. Ky. July

---

[1] Specifically, at 7:00 am Tuesday morning, Plaintiff's counsel requested a conferral on several of Defendant's incomplete discovery responses and proposed a call on January 2. Defendant's counsel rejected Plaintiff's request, claiming to be out of town until next week.

1

18, 2022) ("[I]t defies logic that Defendants would be permitted twenty-eight days to request leave to file a sur-reply, four times as many days as [Plaintiff] had to file its reply brief.")

Nevertheless, Defendant attaches its proposed sur-reply. Beyond the timing, this sur-reply is separately improper as overlength, spanning 12 pages. It is also improper because it does not stick to the purported "new arguments" it claims Plaintiff raised, but instead spends more time addressing the privilege arguments Plaintiff made in his original Motion and which it already had an opportunity to oppose. *See Univ. Healthsystem Cosortium v. UnitedHealth Grp., Inc.*, 68 F. Supp. 3d 917, 922 (N.D. Ill. 2014) (noting that there is no need for a sur-reply when each brief in the sequence fairly responded to the arguments in the brief that preceded it.) Defendant appears to have said "forget the rules, the Court will see it anyway." Respectfully, the Court should reject this approach.

Apart from the timing, length, and retreading of old territory, Defendant's request for a sur-reply is inappropriate because Plaintiff did not raise any new arguments in reply that were not aimed at Defendant's arguments in opposition. Defendant's *only* objection to Request for Production 76 (upon which it relied to withhold documents) was that the request called for privileged material. [Dkt. 102-2.] The Parties conferred on this privilege and the requirement for a privilege log. When it was clear the Parties would be unable to resolve this issue privately, Plaintiff moved to compel. When Defendant raised a separate issue in its opposition—that it was not required to produce documents in its counsel's possession—Plaintiff addressed that in reply.

As far as Plaintiff can tell—though it is confusing, as is often the case with hastily concocted revisions to history—Defendant is upset that Plaintiff did not conduct a *subsequent* conferral on an argument it raised for the first time via a parenthetical citation to a case sent

to Plaintiff nearly a week *after* the Rule 37 call. [Dkt. 112-3, p. 4.] This objection—that Plaintiff was not entitled to *a privilege log*[2] for documents Defendant's *counsel*, rather than Defendant itself, possessed—was not raised in its discovery responses, explicitly or implicitly.[3] If Defendant had intended to withhold documents on this basis, it would have said so. Instead, the *sole* basis on which Defendant withheld documents was privilege.

In fact, Defendant's counsel expressly indicated before the Rule 37 call that the documents Defendant was withholding on work-product grounds were the documents reflecting communications between Watstein Terepka and putative class members—the same documents it now claims it is not obligated to produce *at all* under Rule 34. [Dkt. 112-1, p.4] ("So of course NRS has had contact with [putative class members]. Not because we (WT) are contacting them. The latter point[sic] is work product.") It did *not* say that it was withholding those latter documents because of some counsel-in-possession argument. Plaintiff cannot be faulted that Defendant wishes it raised a different argument, nor is Plaintiff required to confer on objections not raised in Defendant's responses. So, while Defendant claims that Plaintiff held back arguments in his opening Motion to Compel, Plaintiff conferred and moved on the only objection—privilege—upon which Defendant relied in withholding documents. When Defendant specifically briefed the "counsel in possession" argument in its opposition—dkt.

---

[2] The fact this emailed "objection" was targeted to a privilege log is important. Even if the Court were to consider Defendant's post-Rule 37 call email as somehow amending its discovery responses, Defendant's argument, as raised in that email, was raised *only* as a basis for refusing to produce a privilege log, *not* as a basis for refusing to produce the documents altogether. [Dkt. 112-3, p.4.] ("Additionally, NRS isn't required to prepare a privilege log for documents that it doesn't possess.") If those documents are not privileged in the first place—as they are not—then a privilege log is irrelevant.

[3] Technically, this objection is waived as a result. *E.g. Whitlow v. Martin*, 259 F.R.D. 349, 354 (C.D. Ill. 2009). Nevertheless, it is so frivolous that it deserves to be rejected on its terms.

112, pp. 8-10—Plaintiff utilized his reply brief to rebut those arguments, as is proper. Defendant took its shot at briefing this issue. It does not need a sur-reply.

To be clear, for reasons already briefed, Defendant's position that evidence its *counsel* obtained for Defendant's defenses is not discoverable because *Defendant* has not seen that evidence is one of the more frivolous Plaintiff's counsel has encountered in his career and is against the near unanimity of case law. Its frivolity is rivaled only by Defendant's belief that it can claim work product privilege over not just the communications and material third parties sent *to it*, but the mere *identity* of such third-party witnesses. Neither position finds support at law, and allowing either would stretch the discovery rules and work-product privilege beyond recognition.

Respectfully, Defendant's request for leave to file a sur-reply should be denied.

Dated: January 1, 2025

          s/ Jeremy M. Glapion
          Jeremy M. Glapion
          The Glapion Law Firm, LLC
          1704 Maxwell Drive
          Wall, New Jersey 07719
          Tel: 732-455-9737
          Fax: 732-965-8006
          jmg@glapionlaw.com

          Counsel for Plaintiff and the Putative Class