IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RASHAD WALSTON, on behalf of himself and all others similarly situated, | : | Case No. 1:24-cv-00083 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| NATIONAL RETAIL SOLUTIONS, INC. D/B/A NRS PAY, | : | |
| | : | |
| Defendant. | : | |
| _____/ | | |

**REPLY IN SUPPORT OF DEFENDANT'S
MOTION FOR LEAVE TO FILE SURREPLY**

Defendant NRS files this brief reply in support of its motion for leave to file a surreply in response to Plaintiff Rashad Walston's new authority on reply, addressing select arguments in Plaintiff's response.

- **Timing**: Contrary to Plaintiff's wrong allegations, there is no deadline for seeking leave to file a surreply. Given NRS's response deadlines to Plaintiff's multiple motions (ECF Nos. 115, 118), along with the holidays, the timing of NRS's motion was more than reasonable. It was certainly shorter than, for example, the more than 148 days Plaintiff requested to respond to NRS's adequacy motion such that he could retain an expert, only to respond without an expert report. ECF Nos. 80, 123.

- **Page Limit**: Local Rule 7.1 provides that briefs "in support of or in opposition to any motion" are not to exceed 15 pages. NRS's proposed surreply is within that limit. As such, Plaintiff's argument that NRS's surreply is too long, like his timing argument, contradicted by the face of the applicable rules.

- **Conferral**: Plaintiff's conferral argument is also contradicted by the face of the rules. NRS had no obligation to confer before moving to file a surreply. The Court's pre-motion conferral requirement is limited to "motions for discovery and production of documents" and "discovery motions[.]" L.R. 37.2; Judge Gilbert Standing Order. If NRS thought it would have been remotely productive to confer, it would have done so even though not required. But as Plaintiff's opposition shows, he would never have agreed, so there was no point. That's because NRS's surreply foils Plaintiff's plan to, yet again, hold his arguments back for reply. In contrast, Plaintiff was required – and failed – to confer regarding *which documents* he sought before moving to compel them.

- **NRS's Discovery Responses**: Plaintiff also argues that NRS didn't raise the argument that it doesn't possess the documents at issue in its discovery responses. That is also wrong. NRS squarely raised that issue in response to Request Number 76. ECF No. 102-2, 1, 4 (objecting to Plaintiff's definition of "YOUR," because it sought documents "possessed by persons other than Defendant").

- **NRS's Need for a Surreply**: Plaintiff knew from the outset that NRS would argue it didn't possess the documents Plaintiff sought. NRS said exactly that to Plaintiff before he filed his motion to compel, including in NRS's November

2

27, 2024 conferral email. ECF No. 112-3, 5. Plaintiff's insinuation that this email was not part of the Rule 37 conferral is groundless. As his summary confirmed, Plaintiff agreed NRS would provide its position as part of the parties' pre-motion conferral by November 27. ECF No. 112-3, 6. Knowing that was NRS's position, Plaintiff should have addressed that argument in his opening brief, rather than leave NRS to conclude he had abandoned it. That was a particularly reasonable conclusion for NRS to draw given Plaintiff didn't even respond to that point (or NRS's Seventh Circuit authority on that point) during the parties' conferral. Accordingly, NRS focused its opposition on this threshold question that Plaintiff seemingly had no response to. Only when Plaintiff addressed that threshold issue in his reply did it become necessary for NRS to provide more of its substantive privilege arguments.

This Court should grant NRS's motion for leave to file a surreply that addresses arguments Plaintiff should have made in his opening brief but deliberately held for his reply.

*[Signature Appears on Following Page]*

3

DATED: January 7, 2024.

Respectfully submitted,

*/s/ Patrick J. Fitzgerald*
Ryan D. Watstein (*admitted pro hac vice*)
ryan@wtlaw.com
Patrick J. Fitzgerald (*admitted pro hac vice*)
pfitzgerald@wtlaw.com
**WATSTEIN TEREPKA LLP**
1055 Howell Mill Road, 8th Floor
Atlanta, Georgia 30318
Tel: (404) 782-9821
Fax: (404) 537-1650

Justin M. Penn, ARDC 6283726
jpenn@hinshawlaw.com
**HINSHAW & CULBERTSON LLP**
151 North Franklin Street, Suite 2500
Chicago, Illinois 60606
Tel: (312) 704-3000
*Counsel for Defendant*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on January 7, 2024, I caused to be electronically filed a true and correct copy of the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Patrick J. Fitzgerald*
Patrick J. Fitzgerald
