## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.1)
### Eastern Division

Rashad Walston

         Plaintiff,

v.                 Case No.: 1:24–cv–00083
                  Honorable Sunil R. Harjani

National Retail Solutions, Inc.

         Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, January 7, 2025:

  MINUTE entry before the Honorable Sunil R. Harjani: Plaintiff's objection to the magistrate judge's order pursuant to Rule 72 [97 ] is overruled. The motion does not come even close to establishing the standard required for sustaining an objection, which requires a showing that the magistrate judge's order was clearly erroneous. In fact, the magistrate judge's order on the motion to compel was clearly within the zone of the magistrate judge's broad discretion to manage discovery, both under the Federal Rules of Civil Procedure and case law in the Seventh Circuit. The magistrate judge properly balanced the relevancy and proportionality of his decision, emphasizing alternate methods to solving the Plaintiff's request for all 17,000 cell phone numbers. Contrary to Plaintiff's argument, the magistrate judge did not bar contact with any putative class members, but adhered to its duty to exercise control over class action discovery. The magistrate judge was well in its discretion to facilitate a stipulation process and retention of a third–party vendor that would assist Plaintiff in addressing the Rule 23 factors while managing other concerns. As Plaintiff's brief notes, "the proposal is not a bad one." Doc. 97, p. 13. That alone demonstrates that Plaintiff cannot meet the clearly erroneous standard. Both parties did not get what they wanted; the magistrate judge found a middle ground solution that addressed both parties&#0;39; concerns. Once again, that demonstrates sound exercise of discretion in a process that allows for such discretion; that, in no way, can be clearly erroneous. The magistrate judge also left open the possibility, that if this solution did not work, he would revisit the issue by stating: "And again, I mean, if you can't get this done, you know, I can come up with other alternatives, including giving plaintiff all the data. I just don't think that's necessary at this point, so that's why I'm going down this route. But it is a continuum." A reasonable exercise of discretion. For a second time, the parties are advised to tone down their language, and their excessive motion practice. The Court noted recent full briefing on a motion to file a sur–reply for another pending motion. There is litigation, and then there is ridiculous litigation. The parties should exercise caution going forward; this is a final warning. Mailed notice(lxs, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.