# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RASHAD WALSTON, on behalf of himself and all others similarly situated, | : | Case No. 1:24-cv-00083 |
| Plaintiff, | : : : | |
| v. | : : | |
| NATIONAL RETAIL SOLUTIONS, INC. D/B/A NRS PAY, | : : : | |
| Defendant. | : : | |

**DECLARATION OF RYAN WATSTEIN**

I, Ryan Watstein, in accordance with 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct.

1. I am over the age of 18 and am competent to make this declaration. I am an attorney and founding partner of Watstein Terepka LLP and I am lead counsel for Defendant National Retail Solutions, Inc., in the above-referenced matter. The information contained herein is based upon my personal knowledge and my law firm's records of regularly conducted business.

2. I submit this declaration in support of NRS's Reply in Support of its Motion to Deny Class Certification.

3. On June 12, 2024, after the Court told the parties to "try to settle for real[,]" NRS offered to settle Plaintiff's claims for $35,000. ECF No. 76-1, 280–283. I also explained that "it would be helpful to have a settlement conference with a Magistrate Judge." *Id.*

4. An hour later, opposing counsel, Jeremy Glapion ("Counsel"), rejected NRS's individual offer. He advised he was "**potentially** open to a settlement conference where we are both bringing positions on settlement the other side does not want to do" if NRS was willing to

provide certain documents that the Court has since declined to compel. ECF No. 76-1, 282 (emphasis added); ECF No. 87 (refusing to compel NRS to produce full phone numbers).

5. I tried to take Plaintiff up on this "potential" offer, which I personally proposed in the first instance, including on several phone calls in July and October. My proposal was the primary topic of our 30-minute in-person conversation after the November 18 discovery hearing. But each time I raised the issue, Counsel refused to engage further, ultimately stating he had considered the offer and was not interested in any settlement conference involving individual settlement. He also raised concern that his client would be exposed to additional individual settlement offers, even going so far to demand NRS refrain from contacting Plaintiff directly, notwithstanding that such communications are permitted under Rule 4.2. Rule 4.2, comment 4. During these conversations, Counsel did not indicate whether Plaintiff wanted to attend such a conference or whether he had raised the issue with him. The conversations were always about what Counsel would or wouldn't agree to.

6. Counsel instead insisted that NRS consider a class settlement and that he would be willing to cut a very good deal. For example, during a call on July 9, 2024, he proposed a possible reversionary class settlement (where all unclaimed funds revert to NRS) but doubted the Court would approve it. He floated the idea of getting around that problem by stipulating that some other state or circuit's law applied, which he thought we might be able to do because this is a "nationwide" putative class action. Below is a true and correct copy of an internal summary of that part of the call, which I prepared the same day.

> Would be open to claims made, reversionary settlement but doesn't think it would be approved in this District. Would be open to exploring ways to settle on a class basis that result in our client paying as little as possible at end of the day.

7. After Plaintiff filed his response, including his declaration testimony about the impact the terms had on his disposition toward individual settlements, NRS asked to examine him on that point (as Plaintiff refused to produce the engagement letters until after his deposition). Plaintiff refused. Attached as **Exhibit A** is a true and correct copy of that correspondence.

I declare under penalty of perjury under the laws of the State of Georgia and the United States of America that the foregoing is true and correct.

Executed on January 27, 2025, in Atlanta, Georgia.

*Ryan Watstein*
Ryan Watstein

3

# EXHIBIT A

**Subject:** Re: Walston v. NRS - Upcoming
**Date:** Friday, January 3, 2025 at 1:22:45 PM Eastern Standard Time
**From:** Jeremy Glapion <jmg@glapionlaw.com>
**To:** Patrick Fitzgerald <pfitzgerald@wtlaw.com>
**CC:** Ryan Watstein <Ryan@wtlaw.com>, Jeffrey Brown <jeff@jgbrownlaw.com>

[Warning – external]

This looks fine and you can file. Thanks!

--



**Jeremy M. Glapion**
Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737

On Thu, Jan 02, 2025 at 9:25 PM, Patrick Fitzgerald <pfitzgerald@wtlaw.com> wrote:
> Tuesday at 1 would be fine. Here's the draft status report.
> Pat
>
> **Patrick J. Fitzgerald (bio)**
> WATSTEIN TEREPKA LLP
> P: (404) 400-3382
> pfitzgerald@wtlaw.com
> www.wtlaw.com
>
> **From:** Jeremy Glapion <jmg@glapionlaw.com>
> **Date:** Thursday, January 2, 2025 at 2:38 PM
> **To:** Patrick Fitzgerald <pfitzgerald@wtlaw.com>
> **Cc:** Ryan Watstein <Ryan@wtlaw.com>, Jeffrey Brown <jeff@jgbrownlaw.com>
> **Subject:** Re: Walston v. NRS - Upcoming
>
> [Warning – external]
>
> Hi Pat:
>
> Thank you for your response. I am happy to confer next week. I am free Monday after noon, Tuesday after 9 but with a hard stop at 3, and Wednesday after 9.

I also believe there were several more discovery issues raised in the December 8 letter beyond those in your email which require conferral.

To respond to your points/questions:

- Regarding the interrogatories: I'm not fully understanding the burden here, so your clarification on the phone will probably be helpful. It would seem to me that it's straightforward: there is a list that you've said is the complete list of numbers called. It consists of 30,240 numbers.

    - For identifying customers, it would seem to be a matter of simply searching NRS' CRM system for each of those 30,240 numbers, and when something comes up, identify them. I don't know the level of granular detail NRS' CRM system has, but I assume it has those capabilities and would also have a "date" associated with the particular file/customer.  I understand your position, as you've argued before, that telephone number ending 80816 might belong to a customer, but is not the number they used in connection with the NRS account so you do not associate it with them, but you can certainly reserve that argument: "NRS does not concede that this is the complete list of customers present in the class list, as some customers may have used a different number."

    - Regarding interrogatory 12, I am happy to work with you on this. One option is noting the source for each of the 30,240 numbers.  E.g. "Amerilist, [Website], Trade Show, [something else], or Unknown." This is basically rolling 11 and 12 into one request.

- Regarding depositions:

    - I have an in progress 30b6 amendment to get to you but as noted, it does not add or change a ton of topics.
    - What about Mr. Katz?
    - We will oppose any request to subject Mr. Walston to another deposition. You *did* have a chance to ask questions about control over settlement and why he did not want individual settlement. You have also had Mr. Walston's declaration in hand for two months so it is not clear why you've waited to ask this. With that said, I would be open to allowing you to exceed your 25 interrogatory limit (I believe you're at 24) if you want to serve additional interrogatories tailored to these questions of impact. We can confer.

Best,
Jeremy

--

 **Jeremy M. Glapion**
Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737

On Thu, Jan 02, 2025 at 2:05 PM, Patrick Fitzgerald <pfitzgerald@wtlaw.com> wrote:

> Hi Jeremy,
>
> The issue NRS has with Interrogatory Numbers 15–16 and 18–19 is similar to the issue for Interrogatory Number 12. It's a matter of finding a way to accurately capture (in an efficient and non-overly burdensome way) all the phone numbers on the VoiceLogic reports that NRS associates with individuals who have a relationship with the company (persons who entered into an agreement, opted in to receive RVMs, are NRS customers, etc.).
>
> It thus makes sense to address all of these at the same time and we're free early next week. Let us know what works for you.
>
> As for the remaining written discovery deficiencies in your December 9 letter: We need to meet and confer on Request for Production 23 and Interrogatory Number 11.
>
> As for the depositions: We'll circle up with NRS on the 30(b)(6) deposition dates. We'll likely need two witnesses and will aim to have proposed dates by Jan. 15. Rui met with his neurologist on Dec. 16, so we're just waiting to hear about the accommodations he needs.
>
> Given Walston's declaration in response to the motion to deny class certification, we also intend to depose him again to evaluate how the engagement terms impacted him. We didn't have a chance to ask those questions as Plaintiff insisted we make a showing of relevance and need before producing the engagement letters. With that said, we don't anticipate needing more than a couple hours. Please let us know when Mr. Walston is available. We can add this item to the list of conferral topics if you have any objection.
>
> Pat
>
>
> **Patrick J. Fitzgerald (bio)**

WATSTEIN TEREPKA LLP
P: (404) 400-3382
pfitzgerald@wtlaw.com
www.wtlaw.com

---

**From:** Jeremy Glapion <jmg@glapionlaw.com>
**Date:** Tuesday, December 31, 2024 at 9:50 AM
**To:** Patrick Fitzgerald <pfitzgerald@wtlaw.com>
**Cc:** Ryan Watstein <Ryan@wtlaw.com>, Jeffrey Brown <jeff@jgbrownlaw.com>
**Subject:** Re: Walston v. NRS - Upcoming

[Warning – external]

Correct—I both want to meet and confer on these interrogatory responses under Rule 37 but, I'm hopeful that your offer to meet and confer suggests a mutual way forward, so we can discuss alternatives.

There were other requests that asked for you to identify customers as well and we can roll those in, but the general concept is the same: if your client is maintaining that the class including customers precludes certification (e.g. because of arbitration/class waiver), I am entitled to discovery on those defenses even if it takes a lot of hours for you to respond.

We have the broader "comprehensive" Rule 37 call, but I don't want to hold these until then given the importance of this issue.

--



**Jeremy M. Glapion**
Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737

On Tue, Dec 31, 2024 at 9:41 AM, Patrick Fitzgerald <pfitzgerald@wtlaw.com> wrote:
> Hi Jeremy,
> Just to clarify on that last point: We assume you're referring to our offer to meet and confer, but please let us know if there's anything else we need to discuss on these.
> Pat
>
> **Patrick J. Fitzgerald (bio)**

WATSTEIN TEREPKA LLP
P: (404) 400-3382
pfitzgerald@wtlaw.com
www.wtlaw.com

**From:** Ryan Watstein <Ryan@wtlaw.com>
**Date:** Tuesday, December 31, 2024 at 9:31 AM
**To:** Jeremy Glapion <jmg@glapionlaw.com>, Patrick Fitzgerald <pfitzgerald@wtlaw.com>
**Cc:** Jeffrey Brown <jeff@jgbrownlaw.com>
**Subject:** Re: Walston v. NRS - Upcoming

I'm out of town through the weekend so this will have to be next week. If you want to put your concerns with more detail in writing, we're happy to consider them in advance of the call.

**From:** Jeremy Glapion <jmg@glapionlaw.com>
**Date:** Tuesday, December 31, 2024 at 8:00 AM
**To:** Patrick Fitzgerald <pfitzgerald@wtlaw.com>
**Cc:** Ryan Watstein <Ryan@wtlaw.com>, Jeffrey Brown <jeff@jgbrownlaw.com>
**Subject:** Re: Walston v. NRS - Upcoming

[Warning – external]

Hi Pat:

Thanks for getting these to me on time. We do need to confer on these and I'd rather not wait to confer on them until our comprehensive call.

Your client has raised an affirmative defense of arbitration/class waiver and has repeatedly claimed that some class members are your customers. These issues are both relevant to class certification. I certainly appreciate that it is time consuming, but that is often the nature of class litigation.

When can we discuss? Are you free at all on 1/2?

--



**Jeremy M. Glapion**
Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

> Tel.: 732-455-9737

On Mon, Dec 30, 2024 at 10:10 PM, Patrick Fitzgerald <pfitzgerald@wtlaw.com> wrote:

> Please also see the attached response to Plaintiff's interrogatories.
> Pat
>
> **Patrick J. Fitzgerald (bio)**
> WATSTEIN TEREPKA LLP
> P: (404) 400-3382
> pfitzgerald@wtlaw.com
> www.wtlaw.com
>
> ---
>
> **From:** Patrick Fitzgerald <pfitzgerald@wtlaw.com>
> **Date:** Monday, December 30, 2024 at 1:10 PM
> **To:** Jeremy Glapion <jmg@glapionlaw.com>, Ryan Watstein <Ryan@wtlaw.com>
> **Cc:** Jeffrey Brown <jeff@jgbrownlaw.com>
> **Subject:** Re: Walston v. NRS - Upcoming
>
> Thanks, Jeremy. We'll get back to you on these as soon as we can (prioritizing points 1& 2).
>
> **Patrick J. Fitzgerald (bio)**
> WATSTEIN TEREPKA LLP
> P: (404) 400-3382
> pfitzgerald@wtlaw.com
> www.wtlaw.com
>
> ---
>
> **From:** Jeremy Glapion <jmg@glapionlaw.com>
> **Date:** Monday, December 30, 2024 at 10:20 AM
> **To:** Ryan Watstein <Ryan@wtlaw.com>, Patrick Fitzgerald <pfitzgerald@wtlaw.com>
> **Cc:** Jeffrey Brown <jeff@jgbrownlaw.com>
> **Subject:** Walston v. NRS - Upcoming
>
> [Warning – external]
>
> Counsel:

I hope you had/are having good holidays. Not sure if you're back in the office yet (I hope not!)

1. We have a status report due 1/3. If you can get me a draft by that morning, I should be able to fill in anything I need to add.
2. We technically still have an in-person status conference scheduled for 1/8 before Judge Harjani. [Dkt. 20.] Query whether we want to request an adjournment given the landscape now versus the landscape then.
3. Still need dates for Rui and your client's 30b6. I know I owe you an updated depo notice, but as mentioned, the topics shouldn't meaningfully change.
4. Regarding Elie, my proposal is a remote deposition over two days of no more than 3.5 hours each. I would also consider over 3 days. Please confirm this is acceptable and, if so, provide dates.
5. We need to get Plaintiff's requested Rule 37 call on the calendar.
6. Do you have a status update on rolling production?

Not everything needs to happen this week, of course, but items 1 and 2 are fairly urgent.

Happy New Year,
Jeremy

--

**Jeremy M. Glapion**

Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737