# EXHIBIT 3

Docusign Envelope ID: BF78C924-39C4-4038-B6BF-AE324A7A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RASHAD WALSTON, on behalf of himself and all others similarly situated, | : | Case No. 1:24-cv-00083 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| NATIONAL RETAIL SOLUTIONS, INC. D/B/A NRS PAY, | : | |
| | : | |
| Defendant. | : | |
| _____/ | | |

## DECLARATION OF ALEXANDER TEREPKA

I, Alexander Terepka, in accordance with 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct.

1. I am over the age of 18 and am competent to make this declaration. I am an attorney at Watstein Terepka LLP and I am counsel of record for Defendant National Retail Solutions, Inc., in the above-referenced matter. The information contained herein is based upon my personal knowledge and my law firm's records of regularly conducted business.

2. I submit this declaration in support of NRS's Reply in Support of its Motion to Deny Class Certification.

3. On January 21, 2025, I emailed Counsel and asked him for information related to such settlements, suggesting he could anonymize the data to address any confidentiality concerns. Though he initially stated he appreciated me "reaching out rather than just sending over a subpoena," Counsel ultimately refused to provide that information without a subpoena, in addition to other objections.

4.  Attached, as **Exhibit A**, is a true and correct copy of my email exchange with Counsel.

5.  Our firm searched PACER for cases where Counsel was counsel of record and found the following entries, among others, which identify or are consistent with an individual settlement in a putative class action:

    a.  *Katz v. CHW Group, Inc.*, Case No. 22-cv-05198, ECF No. 37, 38 (W.D. Ark.) (notice of settlement and voluntary dismissal of TCPA putative class action);

    b.  *Fitzpatrick v. Save Advisers, LLC et al*, Case No. 22-cv-08443, ECF No. 20 (C.D. Cal.) (notice of voluntary dismissal of TCPA putative class action);

    c.  *Warner v. Power Home Remodeling Group, LLC,* Case No. 20-cv-07776, ECF No. 23 (C.D. Cal.) (notice of voluntary dismissal of TCPA putative class action); and

    d.  *Davis v. Post University, Inc.*, Case No. 9:18-cv-81004, ECF No. 116 (S.D. Fla.) (stipulation of dismissal with prejudice of TCPA putative class action).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 27, 2025, in Atlanta, Georgia.

Signed by:
*Alexander Terepka*
Alexander D. Terepka

2

# EXHIBIT A

| | |
|---|---|
| **Subject:** | Re: Walston v. NRS -- individual settlements |
| **Date:** | Wednesday, January 22, 2025 at 11:09:48 AM Eastern Standard Time |
| **From:** | Jeremy Glapion <jmg@glapionlaw.com> |
| **To:** | Alex Terepka <Alex@wtlaw.com> |
| **CC:** | Patrick Fitzgerald <pfitzgerald@wtlaw.com>, Ryan Watstein <Ryan@wtlaw.com>, Jeffrey Brown <jeff@jgbrownlaw.com> |

[Warning – external]

Hi Alex:

Good morning and happy Wednesday. Thank you for your email.

> Appreciate the quick response. You say "that is not the argument that was made." I do not understand. I directly quoted this argument, repeated throughout Plaintiff's brief: "Settlement offers in excess of a putative lead plaintiff's damages" are "the most sinister and manipulative settlement strategy." *See, e.g.*, ECF 123 at 16. Could you please explain your position that this argument "was not made"? This is the second time I am asking you to explain your position on this point.

I believe Plaintiff's brief is clear and speaks for itself. In any event, the language you quote was either directly from or summarizing the *Loatman* court's opinion. For further clarity on its relevance and/or Plaintiff's arguments, I would direct you to the clause you omitted from your "direct quote" on p. 16, as well as e.g. pp. 17 and 19-20, in addition to the *Loatman* opinion itself. I hope this is helpful.

As for the remainder of your email, I do not believe any subpoena of the types your proposing would be appropriate, proportionate, or relevant, so continuing to discuss seems futile. I believe my position has been made clear as to why. I will respond further, as required, upon receipt of an appropriate subpoena.

Talk soon,
Jeremy

--



**Jeremy M. Glapion**
Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737

On Wed, Jan 22, 2025 at 10:19 AM, Alex Terepka <Alex@wtlaw.com> wrote:

> Hi Jeremy,
>
> Appreciate the quick response. You say "that is not the argument that was made." I do not understand. I directly quoted this argument, repeated throughout Plaintiff's brief: "Settlement offers in excess of a putative lead plaintiff's damages" are "the most sinister and manipulative settlement strategy." *See, e.g.*, ECF 123 at 16. Could you please explain your position that this argument "was not made"? This is the second time I am asking you to explain your position on this point.
>
> As I noted, we are asking for information that we believe will show you have routinely settled cases individually for amounts "in excess of a putative lead plaintiff's damages," which would squarely refute a key argument in Plaintiff's opposition. You say below "in general I do not believe any of this is relevant." Could you please explain why?
>
> Next, you appear to claim there is "no way to determine" if a settlement exceeded the lead plaintiff's damages for even a single one of your prior settlements. How could you have confirmed that in just a few hours? Have you looked for and reviewed the information that would bear on that question?
>
> It's also worth pointing out that we have records from other TCPA cases we've handled that would easily allow us to find the information we are seeking about your TCPA cases. It is thus very hard for us to believe your statement that there is "no way to determine" the same information that we can easily determine.
>
> In any event, the information we are seeking would at least be highly probative of whether a settlement exceeded the lead plaintiff's damages. For example, if the complaint alleged two calls violated the TCPA, the case settled for $50,000, your client received $3,000 ($1,500 x 2, the statutory cap), and you received the rest, that would be strong evidence that you and your client settled a case individually "in excess of a putative lead plaintiff's damages." That is precisely why we are seeking this information.
>
> You also did not specifically respond to our question about a document production as an alternative (which also could be redacted to avoid revealing the parties and the case). The settlement agreements themselves or related documents must show the breakdown between the portion of the settlement you received and the portion of the settlement your client received. As with our other proposal, these documents are at a minimum highly probative of whether a settlement exceeded the lead plaintiff's damages.

We also note that settlement agreements are always subject to production per a subpoena. In other words, a subpoena overrides a settlement agreement. So if you need the cover of a friendly subpoena (rather than an adversarial one) to provide this information, we can serve one.

We started this exchange in agreement that it makes sense to try to work something out to avoid an adversarial subpoena. Given how narrow and targeted our request is, we think that still makes sense. Please let us know.

Best,

Alex

**Alex Terepka (bio)**

WATSTEIN TEREPKA LLP

P: 213-839-3317

alex@wtlaw.com

www.wtlaw.com

---

**From:** Jeremy Glapion <jmg@glapionlaw.com>
**Date:** Tuesday, January 21, 2025 at 1:16 PM
**To:** Alex Terepka <Alex@wtlaw.com>
**Cc:** Patrick Fitzgerald <pfitzgerald@wtlaw.com>, Ryan Watstein <Ryan@wtlaw.com>, Jeffrey Brown <jeff@jgbrownlaw.com>
**Subject:** Re: Walston v. NRS -- individual settlements

[Warning – external]

Hi Alex:

That is not the argument that was made, but in any event, I respect your interpretation. No accusation was made, and I apologize if it came across that way.

In general I do not believe any of this is relevant. Even if it were, neither of your proposals answer the question you claim to be interested in, unfortunately.

Without the specific denominator, if you will, of total number of actionable calls (or at least what the parties believed) at the time of settlement, there is no alternative way (e.g. language in a settlement agreement) to retroactively determine whether the settlement exceeded maximum statutory damages. And there is no way to determine that denominator without review of stuff I no longer have and conversations that are long forgotten.

At this point, if you must serve a subpoena requesting what you think is relevant, I will review it and respond accordingly.

Best,

Jeremy

--



**Jeremy M. Glapion**

Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737

On Tue, Jan 21, 2025 at 12:32 PM, Alex Terepka <Alex@wtlaw.com> wrote:

> Hi Jeremy,
>
> Thanks for the email. Happy to keep Jeff copied. Glad to hear we're on the same page about working together to avoid a subpoena.
>
> To your first point, Plaintiff's opposition repeatedly argues that "settlement offers in excess of a

putative lead plaintiff's damages" are "the most sinister and manipulative settlement strategy." *See, e.g.*, ECF 123 at 16. We are asking for information that we believe will show you and your clients have routinely accepted "settlement offers in excess of a putative lead plaintiff's damages," as that is plainly relevant to refuting Plaintiff's arguments in the opposition and adequacy generally.

So I am not sure what you think I am misunderstanding. In any event, it's not productive to simply accuse me of "unintentionally misunderstanding" something. If you believe that is the case, please just explain what it is you think I'm not getting so I can consider it.

The information we are seeking could not be easier to produce. To avoid even minimal burden, what about providing the following, which is limited only to TCPA matters instead of class actions generally?

- How many putative TCPA class actions you have settled on an individual basis;
- The total amount recovered in each;
- How much your client received from that amount and whether that amount reflected a statutory cap;
- The number of calls your client claimed defendant was liable for in the complaint in the matter.

Note to avoid any potential confidentiality issues (which the protective order in this case would resolve anyway), we're not asking for particular case or client names.

We are also willing to consider alternatives, like a document production of the agreements settling TCPA class actions. Would those show that your clients received only statutory damages because your engagement letters impose a statutory damages cap?

Best,

Alex

**Alex Terepka (bio)**

WATSTEIN TEREPKA ᴸᴸᴾ

P: 213-839-3317

Docusign Envelope ID: BF160044-3970-4793-30FD-20BFAE320420

alex@wtlaw.com

www.wtlaw.com

---

**From:** Jeremy Glapion <jmg@glapionlaw.com>
**Date:** Tuesday, January 21, 2025 at 10:05 AM
**To:** Alex Terepka <Alex@wtlaw.com>
**Cc:** Patrick Fitzgerald <pfitzgerald@wtlaw.com>, Ryan Watstein <Ryan@wtlaw.com>, Jeffrey Brown <jeff@jgbrownlaw.com>
**Subject:** Re: Walston v. NRS -- individual settlements

[Warning – external]

Hi Alex:

Thank you for reaching out and it's nice to meet you. Please continue to CC Jeff Brown on emails. He has been left off as of late.

First, I invite you to re-read Plaintiff's opposition for further clarity on Plaintiff's position on the propriety of individual settlement offers and the source of the "sinister and manipulative" language, because it appears you've unintentionally misunderstood it.

Second, I do not recall any conversation with you (or anyone at WT or Hinshaw) where I indicated that some of my previous settlements on putative class cases involved settlements greater than statutory damages. Could you clarify to which conversation you refer? This does not sound like something I'd say.

Third, as I am sure you know, statutory damages are not limited to the specific count of violations listed in the complaint. Plaintiff points that out in opposition noting your miscalculation of his maximum statutory damages, where seven calls are listed but his call records show at least 19.

As such, your question cannot be answered through a review of settlement amounts versus the complaint, but would require a detailed review of all discovery and correspondence (some of which may have been verbal) in comparison to the settlement amount.

In most (if not all) circumstances, however, I no longer have access to the documents or recall of the corresponding conversations necessary to make that determination.

This is one of just myriad reasons your request would not just be unduly burdensome and disproportionate, but impossibly so.

I hope this addresses your concerns, but I appreciate you reaching out rather than just sending over a subpoena.

Best,

Jeremy

--



**Jeremy M. Glapion**

Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737

On Tue, Jan 21, 2025 at 8:45 AM, Alex Terepka <Alex@wtlaw.com> wrote:

> Jeremy,
>
> We're writing about Plaintiff's opposition to NRS's Rule 23 motion. In the response, you repeatedly claim (at 17, 19–20) that individual settlement offers, particularly ones offering greater than statutory damages, are 'sinister and manipulative.'
>
> A public docket search shows you have settled many putative class actions individually. And from our conversations with you, we know that some of those involved settlements

greater than statutory damages.

In any event, in light of the position you take in your response brief, please let us know how many putative class actions you have settled on an individual basis, including the amount recovered and whether it exceeded your client's statutory damages. This is directly relevant to Plaintiff's position in the brief and the purpose of the terms in your engagement letter. Moreover, there is almost zero burden in making this production. If you have confidentiality concerns, you can anonymize the data we're requesting so you don't reveal any case or client names or other information that would allow us to link a particular settlement with a particular case.

Please let us know if you will share this information voluntarily this week so we don't have to take the unnecessary step of issuing a subpoena.

Best,

Alex

**Alex Terepka ([bio](#))**

WATSTEIN TEREPKA ᴸᴸᴾ

P: 213-839-3317

[alex@wtlaw.com](mailto:alex@wtlaw.com)

[www.wtlaw.com](http://www.wtlaw.com)