UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RASHAD WALSTON,** on behalf of himself and all others similarly situated,<br><br>            **Plaintiff,**<br>     v.<br><br>**NATIONAL RETAIL SOLUTIONS, INC. D/B/A NRS PAY,**<br><br>            **Defendant.** | Civil Case No.: 24-cv-83<br><br>District Judge: Hon. Sunil R. Harjani<br>Magistrate Judge: Jeffrey T. Gilbert |

## JOINT MOTION TO RESET DEADLINES

The Parties hereby jointly request that the Court reset the current discovery schedule and deadlines by 76 days:

| Deadline | Current | Proposed |
|---|---|---|
| Fact Discovery Close | February 14, 2025 | April 30, 2025 |
| Expert Reports | March 21, 2025 | June 5, 2025 |
| Rebuttal Reports | May 16, 2025 | July 31, 2025 |
| Expert Depositions | June 2, 2025 | August 18, 2025 |

In support thereof, the Parties state as follows:

1.      "[A] scheduling order can be modified upon a showing of good cause." *United States ex. Rel. Derrick v. Roche Diagnostics Corp.*, 2019 WL 10367989, *1 (N.D. Ill. July 12, 2019) (Gilbert, J.) (citing Fed. R. Civ. P. 16(b)(4)).

2. "The primary consideration in making a good cause determination is the diligence of the party seeking the amendment." *Id.* (citing *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011).

3. The good cause standard is met here.

4. As detailed in the status report, dkt. 137, written discovery related to class certification is nearing its completion, but several depositions need to be taken.

5. The deposition of third-party VoiceLogic is set for March 12, which was the first available date for the witness and four different sets of attorneys (Plaintiff's counsel, Plaintiff's Canadian counsel, Defendant's counsel, and the witness' counsel),

6. Second, Plaintiff is waiting for Defendant to provide dates for the deposition of its CEO, Elie Katz.

7. Third, Plaintiff is waiting for Defendant to provide dates and confirm the number of witnesses for Defendant's 30(b)(6) deposition.

8. Relevant to the scheduling of Defendant's 30(b)(6) deposition, Defendant anticipates its rolling production will be complete on February 14—the current close of the fact discovery period. *Id.* at ¶ 2.

9. As such, it makes sense to schedule Defendant's 30(b)(6) deposition *after* February 14, so Plaintiff has Defendant's complete production before the deposition.[1]

10. Except for Defendant's 30(b)(6) deposition, Plaintiff intends to conduct all remaining depositions remotely.

---

[1] In addition, there is a pending fully briefed Motion to Compel which, if granted, may necessitate follow up discovery and depositions, and/or additional topics in Defendant's Rule 30(b)(6) deposition. [Dkt. 102.]

11. The Parties are optimistic that all three depositions can be conducted prior to April 30, 2025.

12. Accordingly, the Parties jointly and respectfully request that the Court extend all deadlines by 76 days, resulting in the schedule set forth above.

Dated: February 7, 2025

s/ Jeremy M. Glapion
Jeremy M. Glapion
The Glapion Law Firm, LLC
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732-455-9737
Fax: 732-965-8006
jmg@glapionlaw.com
Counsel for Plaintiff and the Putative Class

/s/ Ryan D. Watstein
Ryan D. Watstein (pro hac vice)
ryan@wtlaw.com
Patrick J. Fitzgerald (pro hac vice)
pfitzgerald@wtlaw.com
**WATSTEIN TEREPKA LLP**
1055 Howell Mill Road, 8th Floor
Atlanta, Georgia 30318
Tel: (404) 782-9821
Fax: (404) 537-1650
Justin M. Penn, ARDC 6283726
jpenn@hinshawlaw.com
**HINSHAW & CULBERTSON LLP**
151 North Franklin Street, Suite 2500
Chicago, Illinois 60606
Tel: (312) 704-3000
*Counsel for Defendant*