UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RASHAD WALSTON,** on behalf of himself and all others similarly situated,<br><br>**Plaintiff,**<br><br>v.<br><br>**NATIONAL RETAIL SOLUTIONS, INC. D/B/A NRS PAY,**<br><br>**Defendant.** | Civil Case No.: 24-cv-83<br><br>District Judge: Hon. Sunil R. Harjani<br>Magistrate Judge: Jeffrey T. Gilbert |

### JOINT MOTION FOR PROTECTIVE ORDER

The Parties hereby jointly request that the Court enter the attached Order imposing limitations and conditions upon the use deposition testimony obtained from third-party, VoiceLogic, a Canadian entity.

In support thereof, the Parties state as follows:

1. On August 20, 2024, this Court issued an order requesting the international judicial assistance of Canada to compel VoiceLogic to produce evidence as set out in the Letters Rogatory (attached to the proposed order as Schedule A) and for a suitable corporate representative to give testimony.

2. On January 15, 2025, the Honorable Justice M.D. Parayeski from the Ontario Superior Court of Justice issued an order concerning the production of evidence and testimony (the "Canadian Order") (attached here as Exhibit A).

3. Pursuant to paragraph 13(b) of the Canadian Order, the Canadian Order for deposition testimony is contingent upon the entry of a protective order imposing conditions on the use of this deposition testimony.

4. The Parties and VoiceLogic, through their counsel, have all discussed the conditions and agree that they are reasonable and appropriate.

5. The deposition of VoiceLogic is currently set for March 12.

6. Accordingly, the Parties jointly and respectfully request that the Court enter the proposed order prior to March 12 to allow the deposition to proceed.

Dated: March 5, 2025

          s/ Jeremy M. Glapion
Jeremy M. Glapion
The Glapion Law Firm, LLC
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732-455-9737
Fax: 732-965-8006
jmg@glapionlaw.com
Counsel for Plaintiff and the Putative Class


*/s/ Ryan D. Watstein*
Ryan D. Watstein (pro hac vice)
ryan@wtlaw.com
Patrick J. Fitzgerald (pro hac vice)
pfitzgerald@wtlaw.com
**WATSTEIN TEREPKA LLP**
1055 Howell Mill Road, 8th Floor
Atlanta, Georgia 30318
Tel: (404) 782-9821
Fax: (404) 537-1650
Justin M. Penn, ARDC 6283726
jpenn@hinshawlaw.com
**HINSHAW & CULBERTSON LLP**
151 North Franklin Street, Suite 2500
Chicago, Illinois 60606
Tel: (312) 704-3000
*Counsel for Defendant*

# EXHIBIT A

Court File No. CV-24-00087145-0000

**ONTARIO**
**SUPERIOR COURT OF JUSTICE**

| | | |
|---|---|---|
| THE HONOURABLE | ) | THIS 15 DAY OF |
| JUSTICE M.D. PARAYESKI | ) | JANUARY, 2025 |

B E T W E E N:

**RASHAD WALSTON** on behalf of himself
and all others similarly situated

Applicant

- and -

**INFOLINK COMMUNICATIONS LTD dba VOICELOGIC and NATIONAL RETAIL SOLUTIONS, INC. dba NRS PAY**

Respondents

APPLICATION UNDER THE EVIDENCE ACT, R.S.O. 1990, c-E.23, s.60 And the Canada Evidence Act, R.S.C. 1985, c.C-5, s.46, and the Rules of Civil Procedure, R.R.O. 1990, Reg. 194, rules 14.05 and 34

AND IN THE MATTER OF an action pending in the name of RASHAD WALSTON v. NATIONAL RETAIL SOLUTIONS INC. dba NRS PAY, in the Northern District of Illinois, Eastern Division, Case #: 24-cv-83

**ORDER**

**THIS APPLICATION**, made by the Applicant for such orders as may be necessary to give effect to the Letters Rogatory (the **Letters Rogatory**") issued by the Honourable Justice Jeffrey T. Gilbert, United States Magistrate Judge of the Northern District of Illinois, Eastern Division (the "**US Court**"), dated August 20, 2024, was heard this day at Hamilton, at the Superior Court of Justice.

**ON HEARING** the submissions of counsel for the parties, and on reading the Application Record, and the Responding Record of the parties and the Letters Rogatory.

1. **THIS COURT ORDERS** that, within fourteen days (14) of the date of this Order, the Respondent, Infolink Communications Ltd. dba Voicelogic (hereby "**Voicelogic**") shall produce:

    a. Directly to the counsel for the Respondent, National Retail Solutions, Inc. dba NRS Pay ("**NRS Pay**" or "**Defendant**"), the documents requested by the Applicant in the Letter Rogatory (except for request #9).

    b. With regards to request #9 (as outlined in the Letters Rogatory), directly to both Applicant's counsel and NRS Pay's counsel.

2. **THIS COURT ORDERS** that a representative of Voicelogic appear at mutually agreeable time via videoconference to give testimony under oath or affirmation in respect of the US Action (the "**Deposition**").

3. **THIS COURT ORDERS** that should any documents be requested at the Deposition, same will be produced within seven (7) days of the Deposition.

4. **THIS COURT ORDERS** that the Deposition shall be conducted by Applicant's US counsel, and/or their agents, namely Applicant's Canadian counsel, in accordance with the procedures of the US Court, subject to the applicable protections for compelled testimony contained in the *Canada Evidence Act*, the *(Ontario) Evidence Act*, and the *Charter of Rights and Freedoms* (as detailed below).

5. **THIS COURT ORDERS** that, to the extent that these protections are applicable and only if they are, Voicelogic shall be afforded the following protections for compelled testimony contained in the *Canada Evidence Act*, the *(Ontario) Evidence Act*, and the *Charter of Rights and Freedoms*: that no testimony given, and no evidence derived from any such evidence, shall be used in subsequent proceedings against Voicelogic or the representative of Voicelogic who produced the document or gave the testimony, except as proof of prior inconsistent statement or in a prosecution of perjury.

6. **THIS COURT ORDERS** that, notwithstanding the protections afforded in paragraph 3 and 4 hereabove, the following procedure shall be followed with respect to refusals/objections in the Deposition (the "**Refusals Procedure**"):

    a. Should an objection arise to any of the questions posed during the Deposition, Voicelogic's counsel shall verbalize the objection on the record;

    b. Voicelogic's representative shall then answer the question on the record; and

    c. Before the testimony/answer is submitted to the jury/trier of fact, the Applicant shall submit the transcript to the presiding judge in the US Court who shall make a determination regarding the admissibility of any such objected-to question/answer based upon the objection interposed.

7. **THIS COURT ORDERS** that:

    a. Voicelogic shall be entitled to be represented at the Deposition by its own legal counsel, and

    b. NRS Pay is entitled to send their own legal counsel to participate in the Deposition to the same extent that they would be permitted, under the applicable United States Federal and Local Rules, to participate in a deposition of any third-party witness conducted by Applicant's counsel.

8. **THIS COURT ORDERS** that an official court reporter in the Province of Ontario authorized by law to take and administer oaths or affirmations (the "**Court Reporter**") shall act as commissioner before whom the evidence at the Deposition will be taken.

9. **THIS COURT ORDERS** that the Deposition shall be recorded verbatim by the Court Reporter, and reduced to writing, and any document marked as an exhibit during the Deposition shall be made a part of such record.

10. **THIS COURT ORDERS** that: (i) any audio or written transcript of Voicelogic's evidence produced pursuant to this Order, and (ii) any documents produced pursuant to this Order, regardless of whether it was produced before or after the deposition (the "**Deposition**

**Evidence**") should include the following statement: "*This (document/audiotape/transcript) may only be used for the purposes of the Proceeding commenced in the United States, Northern District of Illinois, by Rashad Walston, individually and on behalf of all others similarly situated, Plaintiff, v. National Retail Solutions Inc., Defendant, Case No. 24-CV-83, which "Proceeding" shall include (i) the preparation for trial; (ii) the trial; (iii) any settlement thereof; and (iv) any appeals arising therefrom*".

11. **THIS COURT ORDERS** that the Court Reporter shall authenticate the transcript of the Deposition, and any documents marked as exhibits during the Deposition and have the same delivered under cover duly sealed and addressed to the US Court.

12. **THIS COURT ORDERS** that all of the parties to the US Action are prohibited from making any use of the Deposition Evidence for any purpose other than the Proceeding of the US Action, which "Proceeding" shall include (i) the preparation for trial; (ii) the trial, (iii) any settlement thereof; and (iv) any appeals arising therefrom (the "**Proceeding**"), and not for any other purpose.

13. **THIS COURT ORDERS** that:

    a. within 4 weeks of the date of this Order, all parties to the US Action and their counsel shall provide an undertaking to Voicelogic and to this Court stating that the Deposition Evidence shall (i) not be used against the Voicelogic or the representative of Voicelogic who produced Deposition Evidence; and (ii) be used only for the purposes of the Proceeding and not for any other purpose or proceeding, including but not limited to any claims for contribution or indemnity that may be made against Voicelogic or the representative of Voicelogic who produced the Deposition Evidence, except as proof of a prior inconsistent statement or in a prosecution for perjury; or

    b. in the alternative, within 4 weeks of the date of this Order, the Applicants shall obtain a protective order from the US Court that the Deposition Evidence shall (i) not be used against Voicelogic or the representative of Voicelogic who produced Deposition Evidence; and (ii) be used only for the purposes of the Proceeding and not for any other purpose or proceeding, including but not limited to any claims for contribution or

indemnity that may be made against Voicelogic or the representative of Voicelogic who produced the Deposition Evidence, except as proof of a prior inconsistent statement or in a prosecution for perjury.

14. **THIS COURT ORDERS** that at least 10 days before the date of the Deposition, the Applicant shall pay the sum of $11,300 CAD to Voicelogic's lawyers, Berkow Youd Lev-Farell Das LLP, in trust, as an advance for the reasonable legal fees, disbursements, and taxes that Voicelogic will incur in preparing for and attending the deposition, as well as the Voicelogic's costs in this Application.

15. **THIS COURT ORDERS** that the Applicant shall be entitled at any time to seek leave to vary these orders, to seek the advice and direction of this Court as to the implementation of these orders, or to apply for such further orders as may be appropriate.

16. **THIS COURT ORDERS** that the words "*on behalf of himself and all others similarly situated*" shall be struck from the name of the Applicant in the title of this proceeding, and that after the date of this Order the following amended title of proceeding shall be used:

Court File No. CV-24-00087145-0000

***ONTARIO***

**SUPERIOR COURT OF JUSTICE**

BETWEEN

**RASHAD WALSTON**
*on behalf of himself and all others similarly situated*

Applicant

- and -

**INFOLINK COMMUNICATIONS LTD dba VOICELOGIC and NATIONAL RETAIL SOLUTIONS, INC. dba NRS PAY**

Respondents

17. This Order is effective immediately upon execution, without the need to have it formally issued and entered.

_____
(Signature of the Judge)

Rhondda Margetts
Digitally signed by Rhondda Margetts
Date: 2025.01.16 13:33:29 -05'00'

Court File No.: CV-24-00087145-0000

| | | |
|---|---|---|
| **RASHAD WALSTON**<br>Applicant | - and - | **INFOLINK COMMUNICATIONS LTD dba VOICELOGIC et al.**<br>Respondents |

***ONTARIO*** 
**SUPERIOR COURT OF JUSTICE**

Proceeding commenced at *HAMILTON*

**ORDER**

**ZAYOUNA LAW FIRM**
**Professional Corporation**
1940 Ironstone Dr., Suite 10
Burlington, ON L7L 0E4

**Samir (Sam) Gebrael (LSO No.: 61504K)**
Tel.: (416) 622-0003, Ext. 245
Fax: (416) 622-0004
Email: sgebrael@zaylaw.com

Lawyers for the Applicant