UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RASHAD WALSTON,** on behalf of himself and all others similarly situated,<br><br>**Plaintiff,**<br><br>v.<br><br>**NATIONAL RETAIL SOLUTIONS, INC. D/B/A NRS PAY,**<br><br>**Defendant.** | Civil Case No.: 24-cv-83<br><br>District Judge: Hon. Sunil R. Harjani<br><br>Magistrate Judge: Jeffrey T. Gilbert |

## ORDER PURSUANT TO 13(b) OF JANUARY 15 ORDER OF ONTARIO SUPERIOR COURT

**WHEREAS:**

On August 20, 2024, the U.S. District Court of Northern District of Illinois Eastern Division issued an order, (the "U.S. Order), in relation to the above matter, which requested the international judicial assistance of Canada to compel VoiceLogic to produce evidence as set out in the Letters Rogatory (attached hereto as Schedule "A") and for a suitable corporate representative to give testimony.

Pursuant to the U.S. Order, an application was brought before the Honorable Justice M.D. Parayeski from the Ontario Superior Court of Justice, and on January 15, 2025, a order (the "**Canadian Order**") concerning the production of evidence and testimony by Voicelogic was issued.

Per 13(b) of the Canadian Order, a protective order from the US Court shall be obtained.

**UPON READING** the materials filed, including the U.S. Order and the Canadian Order,

1. **THIS COURT ORDERS** that, the Deposition Evidence, as defined in the Canadian Order as:

   *(i) any audio or written transcript of Voicelogic's evidence produced pursuant to this Order, and (ii) any documents produced pursuant to this Order, regardless of whether it was produced before or after the deposition*

   shall not be used against Voicelogic or the representative of Voicelogic;

2. **THIS COURT ORDERS** that, the Deposition Evidence shall be used only for the purposes of the Proceeding, defined in the Canadian Order as:

1

> *"Proceeding shall include (i) the preparation for trial; (ii) the trial, (iii) any settlement thereof; and (iv) any appeals arising therefrom (the "**Proceeding**"), and not for any other purpose."*

and not for any other purpose or proceeding, including but not limited to any claims for contribution or indemnity that may be made against Voicelogic or the representative of Voicelogic, except as proof of a prior inconsistent statement or in a prosecution for perjury.

3. **THIS COURT ORDERS** that, neither the Parties nor their representatives shall provide the Deposition Evidence to any other person unless the person acknowledges and undertakes to be bound by the same limitations as set out in this undertaking.

Dated: 3/6/2025

_____
**Hon. Jeffrey T. Gilbert**
**United States Magistrate Judge**