IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RASHAD WALSTON, on behalf of himself and all others similarly situated,<br><br>　　　　　Plaintiff,<br>　v.<br><br>NATIONAL RETAIL SOLUTIONS, INC., d/b/a NRS PAY<br><br>　　　　　Defendant. | Case No. 24 C 83<br><br>Honorable Sunil R. Harjani |

## ORDER

　　　　Before the Court is Defendant National Retail Solutions' Motion to Deny Class Certification pursuant to Federal Rule of Civil Procedure 23. Plaintiff Walston's class action Complaint alleges that National Retail prerecorded telemarketing calls to cellular telephones without prior express written consent in violation of the Telephone Consumer Protection Act, 42 United States Code, Section 227(b). Walston has not moved to certify the class, as class discovery is ongoing. Instead, National Retail has moved to deny class certification based solely on the argument that class counsel and class plaintiff cannot adequately represent the class. For the reasons stated below, National Retail's motion [76] is denied.

### Discussion

　　　　Rule 23 governs the certification of class actions. A court must determine class certification "[a]t an early practicable time after a person sues or is sued as a class representative," and the court has an independent obligation to decide whether an action can be maintained on a class basis. Fed. R. Civ. P. 23(c)(1)(A); *see Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 563 (7th Cir. 2011). Accordingly, "a court may deny class certification even before the plaintiff files a motion requesting certification." *Kasalo*, 656 F.3d at 563. A proposed class must meet the Rule 23(a) requirements of numerosity, typicality, commonality, and adequacy of representation. Fed. R. Civ. P. 23(a). In addition, "the proposed class must satisfy at least one of the three requirements listed in Rule 23(b)." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011).

　　　　National Retail challenges only the fourth Rule 23(a) requirement – whether there is adequacy of representation. When reviewing the adequacy of representation factor, a court must inquire into whether there is adequacy of (1) the named plaintiff; and (2) class counsel. *See Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993). "[A] class is not fairly and adequately represented if class members have antagonistic or conflicting claims." *Id.* (cleaned up). Thus, the adequacy inquiry serves to uncover conflicts of interest between counsel, the named

parties, and the classes they seek to represent. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997).

Starting with the adequacy of the named plaintiff, a proposed class representative is inadequate if his interests are antagonistic or conflicting with absent class members, if he is subject to a defense not applicable to the whole class, or if he has serious credibility problems. *See CE Designs Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 726 (7th Cir. 2011); *Randall v. Rolls-Royce Corp.*, 637 F.3d 818, 824 (7th Cir. 2011). The only claim in this suit is for violation of the Telephone Consumer Protection Act Section 227(b) alleging that National Retail used prerecorded telemarketing calls to cellular telephones without prior express written consent. Walston possesses the same interest as the other class members, suffers the same injury (calls without prior consent), and is likely to get the same reward (statutory or actual damages). *See Uhl v. Thoroughbred Tech. & Telecomm., Inc.*, 309 F.3d 978, 985 (7th Cir. 2002); *see also*, *Gehrich v. Chase Bank USA, N.A.*, 316 F.R.D. 215, 226 (N.D. Ill. Mar. 2, 2016). He has no additional claims that are antagonistic or conflicting with those of the class. Nor is there evidence that Walston has any major credibility issues, such as a fraud conviction. *See Jamison v. First Credit Servs., Inc.*, 290 F.R.D. 92, 105 (N.D. Ill. Mar. 28, 2013) (collecting cases stating that prior fraud convictions show that a proposed class representative lacks credibility). Walston has also shown commitment to this case by participating in a lengthy deposition, answering discovery requests, and providing input.

National Retail argues that Walston is an inadequate class representative because he voluntarily surrendered his settlement ability to counsel and has a prior bankruptcy. Neither of these arguments are persuasive enough to disqualify Walston from the "nominal" role of class representative. *See Philips v. Asset Acceptance, LLC*, 736 F.3d 1076, 1080 (7th Cir. 2013). First, as addressed in detail below, Walston retains settlement authority at this time. Second, Walston has shown his personal financial situation is not factoring into his decision-making. Even though it economically benefits Walston to settle, he has refused to and seeks to continue the case on a class basis. There are often competing interests in class actions: individual interests of the class members, interests of the class, and interests of class counsel. *See In re Ocean Bank*, 2007 WL 1063042, at *6 (N.D. Ill. Apr. 9, 2007). However, National Retail has not put forward evidence of *conflicting* interests that warrants disqualification of Walston as class representative.

Turning to the adequacy of class counsel, a class counsel is inadequate if there is a lack of integrity that casts serious doubt on their trustworthiness as representatives of the class. Fed. R. Civ. P. 23(a)(4), (g); *see Creative Montessori Learning Centers v. Ashford Gear LLC*, 662 F.3d 913, 917 (7th Cir. 2011). Here, Plaintiff's counsel has extensive experience litigating these types of matters on both a class-wide and individual basis. He is also familiar with litigating in this district. Plaintiff's counsel has spent hundreds of hours already on this case. None of this behavior casts serious doubt on counsel's trustworthiness or integrity.

The thrust of National Retail's argument is that class counsel engaged in misconduct by taking away Walston's ability to settle. National Retail contends that three clauses in the engagement letter between Walston and his counsel gave counsel an improper amount of power in controlling settlements, namely: (1) the "springing fee" that penalized Walston if he settled against counsel's advice; (2) the cap of Walston's recovery to statutory damages; and (3) the limitation on counsel to only convey "reasonable" settlement offers. While there is some traction to this

argument, these issues have been resolved. Both parties agree that none of these clauses went into effect, nor are any of these provisions currently in the revised engagement letter. Courts in this district have found that revising such language is enough to resolve potential adequacy issues. *See Tataru v. RGS Fin.*, 2021 WL 38142, at *7 (N.D. Ill. Jan. 4, 2021) (reversed on other grounds); *In re Ocean*, 2007 WL 1063042, at **5-9. In *Tataru*, a court in this district found a retainer agreement between plaintiff and his counsel created a conflict, because it included a provision that put the plaintiff on the hook for attorneys' fees if he accepted a settlement against the advice of counsel. 2021 WL 38142, at *7. Instead of denying class certification, the district court found that amending the agreement to strike this provision was an adequate remedy. *Id.* Similarly, the district court in *In re Ocean* found that a retainer agreement which mandated plaintiff follow counsel's settlement advice impinged on the plaintiff's independence and ability to protect the interests of the class. 2007 WL 1063042, at *6. But the agreement could be remedied through amendment. *Id.* Here, the three provisions impeded Walston's ability to independently consider settlement. However, the engagement letter has been amended, curing any potential conflict. Walston retains full settlement authority and class counsel has remedied any alleged deficiencies in a manner that does not raise integrity concerns.

## Conclusion

For the reasons stated above, Defendant's motion for class certification [76] is denied.

**SO ORDERED.**

Dated: March 12, 2025

_____
Sunil R. Harjani
United States District Judge