UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RASHAD WALSTON,** on behalf of himself and all others similarly situated,<br><br>**Plaintiff,**<br>v.<br><br>**NATIONAL RETAIL SOLUTIONS, INC. D/B/A NRS PAY,**<br><br>Defendant. | Civil Case No.: 24-cv-83<br><br>District Judge: Hon. Sunil R. Harjani<br>Magistrate Judge: Jeffrey T. Gilbert |

## Joint Motion to Bifurcate Expert Discovery

Rashad Walston ("Plaintiff") and National Retail Solutions, Inc. ("Defendant") (jointly, "Parties"), through their respective undersigned counsel, hereby move to bifurcate the expert discovery schedule into class certification and merits. In support, the Parties state:

1. On February 10, the Court granted the Parties' Joint Motion to Reset Deadlines. [Dkts. 140, 141.]

2. The Court, in part, required initial expert reports to be disclosed by June 5, 2025; rebuttal reports by July 31, 2025; and depositions of experts to be completed by August 18, 2025. [Dkt. 141.]

3. The Parties can meet these deadlines but believe it would be more efficient to bifurcate the class and merits expert discovery period, limiting the upcoming deadlines to class certification experts.

4. First, while the Parties agree that expert discovery will be necessary for class certification, it is not clear whether experts will be needed for the merits.

5. Second, class certification is often *the* tipping point in putative TCPA class actions.

6. It is for this reason that TCPA cases rarely reach the merits once a Motion for Class Certification is decided.

7. Allowing the Parties to focus their experts on class certification would not just increase the quality of the related filings but would avoid time and money spent on experts that may never be used.

8. Whichever way Plaintiff's forthcoming Motion is decided, it is very likely that exploring a resolution to the case would take precedent over continued litigation on the merits.

9. While every case is different, and there is no guarantee of a resolution, allowing the Parties to incorporate the post-certification posture of this case promotes efficiency and cost savings.

10. In other words, if it is unclear or unlikely that merits experts will be needed at all, it makes sense to defer such discovery until the Parties are in a better position to make that decision.

11. Accordingly, the Parties respectfully request that the Court limit the upcoming expert discovery period to class certification experts, and allow the Parties to submit a proposed merits schedule after a decision on Plaintiff's Motion for Class Certification.

**Dated:** May 26, 2025

s/ Jeremy M. Glapion
Jeremy M. Glapion (NJ Bar: 145972015)
**THE GLAPION LAW FIRM, LLC**
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732.455.9737
Fax: 732.965.8006
jmg@glapionlaw.com

*Counsel for Plaintiff*

/s/ *Patrick J. Fitzgerald*
Ryan D. Watstein (*admitted pro hac vice*)
ryan@wtlaw.com
Patrick J. Fitzgerald (*admitted pro hac vice*)
pfitzgerald@wtlaw.com
Alexander D. Terepka (*admitted pro hac vice*)
alex@wtlaw.com
**WATSTEIN TEREPKA LLP**
1055 Howell Mill Road, 8th Floor
Atlanta, Georgia 30318
Tel: (404) 782-9821
Fax: (404) 537-1650

*Counsel for Defendant*