IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RASHAD WALSTON, on behalf of himself and all others similarly situated, | Case No. 1:24-cv-00083 |
| Plaintiff, | |
| v. | |
| NATIONAL RETAIL SOLUTIONS, INC. D/B/A NRS PAY, | |
| Defendant. | |

**DEFENDANT'S MOTION TO BRIEFLY EXTEND FACT DISCOVERY TO ADDRESS ISSUES RAISED BY PLAINTIFF'S RECENTLY FILED AMENDED COMPLAINT AND TO COMPEL PLAINTIFF'S DEPOSITION TO TESTIFY ABOUT DOCUMENTS HE PREVIOUSLY WITHHELD**

Defendant National Retail Solutions hereby asks the Court for a brief, 45-day extension of the fact-discovery cut-off to: (a) permit targeted discovery on items raised by Plaintiff's recently filed amended complaint; and (b) compel Plaintiff to sit for a short, second deposition to discuss documents he withheld before his first deposition, among other things.

**BACKGROUND**

1. This is a putative TCPA class action involving copious records and nuanced legal issues, impacting both the merits of Plaintiff's individual claim and whether the putative class—which Plaintiff recently redefined in his amended complaint—can be certified under Rule 23.

2. The Court last extended the fact discovery deadline through May 28, 2025 (today) to enable the parties "to focus their full efforts and attention on the upcoming mediation" rather than litigation. *See* ECF No. 157 at 2 (motion); ECF No. 158 (order).

3. The Court extended pleading deadlines before that as well. In August of 2024, it extended Plaintiff's deadline to amend the complaint at his request (his Second Amended Complaint). ECF Nos. 43, 55. Plaintiff filed the Third Amended Complaint outside that period, almost a year later—without objection from NRS—to redefine his class just a week before the discovery cut-off. ECF Nos. 163, 166.

4. The Court also previously extended fact discovery. *See* ECF No. 114; ECF No. 141. These extensions were jointly filed—but at *Plaintiff's request* to permit him to conduct additional discovery. During that period, Plaintiff conducted several depositions of NRS principles and employees. He's now set to re-depose the *same* witnesses on June 4 and 5, albeit under Rule 30(b)(6), outside the current fact discovery period per the parties' agreement.

5. NRS, on the other hand, has only taken one deposition, Plaintiff. And it did so despite Plaintiff's failure to produce the engagement letter with his counsel, depriving NRS of an opportunity to discuss the issue with Plaintiff directly. Plaintiff eventually abandoned his objections and produced the (three) engagement letters, but refused to permit Plaintiff to sit for a further deposition on the previously withheld documents.

6. As described above, the parties thereafter focused their efforts on mediation and settlement discussions. Both were unsuccessful, so NRS now moves the Court for limited relief sought in this motion.

**ARGUMENT**

7. The Court should briefly extend fact discovery by 45 days and compel Plaintiff to sit for a supplemental deposition—both individually and on behalf of his company, Shoreway Printing, LLC, which NRS was attempting to reach with the transmissions that Plaintiff contends violate the TCPA.

2

8. Good cause justifies the brief extension NRS seeks. Though Plaintiff raised the prospect of amending his complaint earlier this year, he only moved forward with that a few weeks ago. In his third amended complaint, he redefined the class to include only AT&T subscribers because Verizon and T-Mobile purportedly could not produce records showing calls to their subscribers. *See* ECF No. 163 (Plaintiff's motion to amend); ECF No. 167 (amended complaint). But NRS is entitled the test the accuracy of Plaintiff's assertions, which directly impact whether Plaintiff can certify a class under Rule 23.

9. Briefly extending discovery is also justified because it will not impact the overall resolution of the case—or any other deadline, for that matter. NRS, for example, doesn't expect that the limited discovery it seeks will have any impact on expert discovery, which doesn't close until August 18, 2024. *See* ECF No. 141.

10. In other words, Plaintiff's recent amendments alone justify a short extension to conduct targeted discovery that will not impact other deadlines. *See, e.g.*, *McDaniel v. Loyola Univ. Med. Ctr.*, 317 F.R.D. 72, 78 (N.D. Ill. 2016) (permitting defendant to reopen fact discovery following amended complaint, including because the discovery "narrow" "topics that should not greatly impact the progress of this case—especially given that the schedule for expert discovery recently was extended").

11. The Court should likewise compel Plaintiff to sit for another deposition. For one, Plaintiff's initial deposition was only five hours long. Moreover, Plaintiff's failure to produce relevant records—his counsel's engagement letter—prevented NRS from ever questioning Plaintiff about it. That alone justifies compelling Plaintiff to attend a second deposition. *Eaton Corp. v. Weeks*, 2014 WL 700466, at *4 (E.D. Mich. Feb. 24, 2014) (granting

3

motion to re-depose where information wasn't disclosed before initial deposition and defendant did not expend the full seven hours in first deposition).

12. That testimony is relevant to Rule 23's adequacy element despite the denial of NRS's motion to deny certification, too. *See* ECF No. 152 ("Class Certification Order"). Plaintiff is still required to affirmatively show that both his and his counsel are adequate in his certification motion, meaning NRS is entitled to gather evidence challenging that element. And, at the very least, NRS is entitled to make a record should it need to challenge the Class Certification order on appeal. The Seventh Circuit should have all relevant information when considering any appeal from this Court's decision on adequacy.

13. For another, it's unfair to extend the discovery schedule *several* times to allow Plaintiff to take four depositions—of the same individuals he *already* deposed individually—while preventing NRS from re-deposing Plaintiff to discuss documents he should've produced before his last deposition. The same is true of NRS's intent to seek a 30(b)(6) deposition of Plaintiff's company, which NRS was attempting to reach through its communication—particularly because both depositions can be conducted in one sitting.[1]

## **CONCLUSION**

For these reasons, the Court should: (a) extend the fact discovery deadline by 45 days (through July 14, 2025) to address issues raised by Plaintiff's recently amended complaint; and (b) compel Plaintiff to sit for a supplemental deposition.

[*signature on following page*]

---

[1] During conferrals, counsel for Plaintiff stated that it would not allow any 30(b)(6) depositions related to his client under any circumstances, so NRS didn't yet notice the deposition. It instead raised the issue in this single filing to avoid piecemeal litigation and successive motions to compel.

4

DATED: May 28, 2025.

Respectfully submitted,

*/s/ Ryan D. Watstein*
Ryan D. Watstein (admitted *pro hac vice*)
ryan@wtlaw.com
Patrick J. Fitzgerald (admitted *pro hac vice*)
pfitzgerald@wtlaw.com
Alexander T. Terepka (admitted *pro hac vice*)
**WATSTEIN TEREPKA LLP**
75 14th Street NE, Ste. 2600
Atlanta, Georgia 30309
Tel: (404) 782-9821
Fax: (404) 537-1650

Justin M. Penn, ARDC 6283726
jpenn@hinshawlaw.com
**HINSHAW & CULBERTSON LLP**
151 North Franklin Street, Suite 2500
Chicago, Illinois 60606
Tel: (312) 704-3000

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2025, I caused to be electronically filed a true and correct copy of the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Ryan D. Watstein
Ryan D. Watstein (admitted *pro hac vice*)

**CERTIFICATION OF RULE 37.2 COMPLIANCE**

In January 2025 and May 28, 2025, the Parties' counsel, Patrick Fitzgerald, Ryan Watstein, and Jeremy Glapion, conferred telephonically on, among other things, extending fact discovery and requiring Plaintiff to sit for another deposition. Plaintiff refused to agree to either request.

/s/ Ryan D. Watstein
Ryan D. Watstein (admitted *pro hac vice*)