# EXHIBIT A



**Jeremy Glapion <jmg@glapionlaw.com>**

---

## Walston v. NRS - Upcoming

---

**Jeremy Glapion** <jmg@glapionlaw.com>                                     Thu, Jan 2, 2025 at 2:38 PM
To: Patrick Fitzgerald <pfitzgerald@wtlaw.com>
Cc: Ryan Watstein <Ryan@wtlaw.com>, Jeffrey Brown <jeff@jgbrownlaw.com>

Hi Pat:

Thank you for your response. I am happy to confer next week. I am free Monday after noon, Tuesday after 9 but with a hard stop at 3, and Wednesday after 9.

I also believe there were several more discovery issues raised in the December 8 letter beyond those in your email which require conferral.

To respond to your points/questions:

- Regarding the interrogatories: I'm not fully understanding the burden here, so your clarification on the phone will probably be helpful. It would seem to me that it's straightforward: there is a list that you've said is the complete list of numbers called. It consists of 30,240 numbers.
  - For identifying customers, it would seem to be a matter of simply searching NRS' CRM system for each of those 30,240 numbers, and when something comes up, identify them. I don't know the level of granular detail NRS' CRM system has, but I assume it has those capabilities and would also have a "date" associated with the particular file/customer.  I understand your position, as you've argued before, that telephone number ending 80816 might belong to a customer, but is not the number they used in connection with the NRS account so you do not associate it with them, but you can certainly reserve that argument: "NRS does not concede that this is the complete list of customers present in the class list, as some customers may have used a different number."

  - Regarding interrogatory 12, I am happy to work with you on this. One option is noting the source for each of the 30,240 numbers.  E.g. "Amerilist, [Website], Trade Show, [something else], or Unknown." This is basically rolling 11 and 12 into one request.

- Regarding depositions:
  - I have an in progress 30b6 amendment to get to you but as noted, it does not add or change a ton of topics.
  - What about Mr. Katz?
  - We will oppose any request to subject Mr. Walston to another deposition. You *did* have a chance to ask questions about control over settlement and why he did not want individual settlement. You have also had Mr. Walston's declaration in hand for two months so it is not clear why you've waited to ask this. With that said, I would be open to allowing you to exceed your 25 interrogatory limit (I believe you're at 24) if you want to serve additional interrogatories tailored to these questions of impact. We can confer.

Best,
Jeremy

--



**Jeremy M. Glapion**
Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737

---

On Thu, Jan 02, 2025 at 2:05 PM, Patrick Fitzgerald <pfitzgerald@wtlaw.com> wrote:

Hi Jeremy,

The issue NRS has with Interrogatory Numbers 15–16 and 18–19 is similar to the issue for Interrogatory Number 12. It's a matter of finding a way to accurately capture (in an efficient and non-overly burdensome way) all the phone numbers on the VoiceLogic reports that NRS associates with individuals who have a relationship with the company (persons who entered into an agreement, opted in to receive RVMs, are NRS customers, etc.).

It thus makes sense to address all of these at the same time and we're free early next week. Let us know what works for you.

As for the remaining written discovery deficiencies in your December 9 letter: We need to meet and confer on Request for Production 23 and Interrogatory Number 11.

As for the depositions: We'll circle up with NRS on the 30(b)(6) deposition dates. We'll likely need two witnesses and will aim to have proposed dates by Jan. 15. Rui met with his neurologist on Dec. 16, so we're just waiting to hear about the accommodations he needs.

Given Walston's declaration in response to the motion to deny class certification, we also intend to depose him again to evaluate how the engagement terms impacted him. We didn't have a chance to ask those questions as Plaintiff insisted we make a showing of relevance and need before producing the engagement letters. With that said, we don't anticipate needing more than a couple hours. Please let us know when Mr. Walston is available. We can add this item to the list of conferral topics if you have any objection.

Pat

**Patrick J. Fitzgerald (bio)**
WATSTEIN TEREPKA LLP
P: (404) 400-3382
pfitzgerald@wtlaw.com
www.wtlaw.com

---

**From:** Jeremy Glapion <jmg@glapionlaw.com>
**Date:** Tuesday, December 31, 2024 at 9:50 AM
**To:** Patrick Fitzgerald <pfitzgerald@wtlaw.com>
**Cc:** Ryan Watstein <Ryan@wtlaw.com>, Jeffrey Brown <jeff@jgbrownlaw.com>
**Subject:** Re: Walston v. NRS - Upcoming

[Warning – external]

Correct—I both want to meet and confer on these interrogatory responses under Rule 37 but, I'm hopeful that your offer to meet and confer suggests a mutual way forward, so we can discuss alternatives.

There were other requests that asked for you to identify customers as well and we can roll those in, but the general concept is the same: if your client is maintaining that the class

Case: 1:24-cv-00083 Document #: 171-1 Filed: 05/29/25 Page 4 of 4 PageID #:3031

including customers precludes certification (e.g. because of arbitration/class waiver), I am
entitled to discovery on those defenses even if it takes a lot of hours for you to respond.

We have the broader "comprehensive" Rule 37 call, but I don't want to hold these until then
given the importance of this issue.

[Quoted text hidden]
[Quoted text hidden]