# EXHIBIT B



Jeremy Glapion <jmg@glapionlaw.com>

## Walston v. NRS - Rule 37 Conferral

**Jeremy Glapion** <jmg@glapionlaw.com>	Tue, Jan 7, 2025 at 8:43 PM
To: Patrick Fitzgerald <pfitzgerald@wtlaw.com>
Cc: Ryan Watstein <Ryan@wtlaw.com>

Hi all —

Just to memorialize our discussion earlier. Let me know if I missed anything or misremembered anything.

- Written discovery
    - Regarding interrogatories 15-16 and 18-19 (asking to identify customers), I proposed either noting the numbers you *can* identify as a customer before/after Jan 3, but giving the caveat that some customers may use different numbers so its unlikely to be comprehensive *or* agreeing that you *can* identify customers to a high degree of accuracy given certain information (e.g. name, phone number).
    - Regarding interrogatories 12-13 (generally asking source to be identified), I proposed identifying the source (if you can) and noting unknown (if you cannot), but obviously you can reserve whatever defenses you want to the implications of "unknown"
        - If your Amerilist records are missing/incomplete, I proposed we jointly reach out to Amerilist to have them turn over what they have
        - Given that opt ins and customers are those subject to your class waiver/arb defense, I asked that you amend RFP 17 to note that this defense is intended to cover customers and opt-ins.
        - You also agreed to produce exemplar agreements containing these clauses for customers.
    - RFP 51 - asked for documents used to obtain numbers at trade shows. Just need this amended that there are either no responsive documents or these will be produced.
    - You agreed to ensure nothing was withheld on the various requests where you responded you were waiting for the Motion to Enforce or re Key Phrases.
    - RFA 49 - I noted a distinction between *awareness* of Voicelogic exceeding authorization vs an objective "have they ever." Obviously you cannot answer the latter, but the former is fair game. You agreed to amend.
- Depositions
    - Going to aim to get you an updated 30b6 by end of week.
    - You're going to provide 30b6 dates by 1/15
    - We agreed to, for now, limit Katz to 3.5 hours, and revisit if additional time is needed.
    - I agreed to defer a decision on Rui until after Katz, but would like you guys to make sure you know the accommodations necessary if we *do* need to proceed.
    - You did not agree to the interrogatory proposal for Walston, and were weighing whether to make a Motion for additional testimony.
- Miscellany re telephone numbers
    - I need to get a preservation request on file for the historical data for each telephone number. My proposal—which seemed acceptable but you will confirm—is I will draft a preservation request to each of the big 3 carriers (ATT, T-Mobile, Verizon), as those carriers and their subsidiaries seem to cover about 99% of the class so far. I will flag the last 5 digits of each number associated with that carrier. You will untruncate those and serve them with the preservation request on the respective carrier.
    - Re authentication: my proposal was that VoiceLogic produce their documents to you + a declaration attesting to authenticity/business records/what have you. I then also proposed that they produce the exact same set of documents a second time, but in a password protected zip file (or similar), and they will only provide the password if I become entitled to the unredacted production or there is a dispute about authenticity given the chain of custody of the "unprotected" documents. A little convoluted, but better than having to bring VoiceLogic back to the table for a later deposition.

--



**Jeremy M. Glapion**
Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737

[Quoted text hidden]