# **EXHIBIT C**



Jeremy Glapion <jmg@glapionlaw.com>

## Re: Walston v. NRS - Outstanding Issues 5/5/25

**Jeremy Glapion** <jmg@glapionlaw.com>                                                    Fri, May 16, 2025 at 2:25 PM
To: Patrick Fitzgerald <pfitzgerald@wtlaw.com>
Cc: Ryan Watstein <Ryan@wtlaw.com>, Jeffrey Brown <jeff@jgbrownlaw.com>

    Pat:

    Pleasure speaking with you yesterday. Memorializing some points from our call and timeline targets.

    Priority Items (targeting early next week):

1. **Authentication**: We agreed most Plaintiff- and NRS-produced documents could likely be authenticated by stipulation. You offered to identify any specific subset that raises concerns.
   a. **Wayback**: I indicated I would provide PDFs and links to any wayback snapshots I'd like to use to determine whether they could be authenticated by stipulation
   b. **Voicemail Transcripts**: We agreed to stipulate to the authenticity/accuracy of the voicemail transcripts (essentially waiving evidentiary objections to these versus the audio files themselves) to allow those to be used in lieu of the available, but cumbersome, voice files themselves.
   c. **Process**: Reciprocal RFAs with an expedited (pre-deposition) response timeline for authentication. Possibly a joint stip for the voicemail transcripts?
2. **Expert Discovery Bifurcation**: You indicated openness to bifurcating expert discovery between class certification and merits experts, pending client confirmation.
3. "**Pickle**" Documents: You indicated you would provide contextual documents— communications between the recipient and NRS/NRS counsel—but not privileged communications between NRS and its counsel exclusively. I'd like the settlement agreement (if any) as well, and you offered to produce this or let me know if any issues producing this after checking notice requirements.
4. **Full Number Access**: I asked whether your client would allow my summary witness access to the unredacted phone numbers, upon written agreement or an updated confidentiality order that he would *not* share the unredacted phone numbers with me. This seems to balance your concerns with my goal to prove of class certification to the broadest possible *Labcorp* holding by actually doing the analysis now rather than proposing the analysis to be done. This is something I would potentially move on, but it seems hopefully agreeable. You expressed openness to this but would need to discuss with client.
   a. Note: the unredacted information I'd want the summary witness to have would be from the two AT&T productions of the call and the PacificEast reports so his data comparison could focus on the agreed upon wireless numbers.
5. **Absent Class Member Communications**: I indicated that I don't *want* to move to compel these, but I feel compelled to do so if I want preserve the argument that they should have been produced before use. I'm open to creative solutions on this front, however.

    Additional Items (by end of next week)

1. **RFA 49**: You agreed to amend the response re *awareness* of VoiceLogic running any ringless voicemail campaign for NRS without authorization, though you were uncertain whether it will be an admission or denial. Note: If denied, this topic will need to be added to the 30(b)(6) deposition list.
2. **Unknown Number Sources**: You agreed to bates stamp the source of numbers documents and amend the relevant interrogatory response(s) to clarify this is what NRS has been able to find to date, and is still investigating the source of other numbers *not* listed and whether any of the numbers listed were obtained from sources other than those identified.
3. **Prior Testimony Adoption**: You'll review whether NRS will adopt VoiceLogic, Ellie, and Diana's prior testimony to potentially narrow 30(b)(6) topics—at least so we can get down to one witness.
   a. If helpful, I offered to indicate what topics I think could be mooted via this method, but it would not obviate the need for a deposition altogether.

    Please let me know if I missed or misstated anything. Have a great weekend.

    Best,

Jeremy

--



**Jeremy M. Glapion**
Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737

On Mon, May 12, 2025 at 2:17 PM, Jeremy Glapion <jmg@glapionlaw.com> wrote:
> Hi Pat:
>
> To get us organized:
>
> **In advance of the call**:
>
> 1. Attaching a "with-consent" draft of the Motion for Leave to Amend. Let me know if your client consents or if changes are needed to obtain that consent.
> 2. Status report (see other email).
>
> **Topics for the call**:
>
> 1. Remaining deposition issues and logistics. I have attached my updated 30b6 notice to this email.
> 2. Authentication.
> 3. Additional "pickle" documents.
> 4. RFA 49 amendment; amending rog responses to point to your number source identification (and bates numbering the same)
> 5. Website opt-in list being "non-exhaustive"
> 6. Production of communications with absent class members
> 7. Expert logistics
>
> Let me know if you have anything to add to either group.
>
> --
>
> 
>
> **Jeremy M. Glapion**
> Partner
>
> Glapion Law Firm
> 1704 Maxwell Drive
> Wall, New Jersey 07719
>
> Tel.: 732-455-9737
>
> On Sun, May 11, 2025 at 7:15 PM, Patrick Fitzgerald <pfitzgerald@wtlaw.com> wrote:
>> Hi Jeremy,
>> I'm free to jump on a call on Thursday at 2. Can you send an invite?
>> Pat
>>
>>
>> **Patrick J. Fitzgerald (bio)**
>> WATSTEIN TEREPKA LLP
>> P: (404) 400-3382
>> pfitzgerald@wtlaw.com