# EXHIBIT E



Jeremy Glapion <jmg@glapionlaw.com>

## FW: Fw: Walston v. NRS - Outstanding Issues 5/5/25

**Jeremy Glapion** <jmg@glapionlaw.com>                                    Wed, May 28, 2025 at 11:30 AM
To: Ryan Watstein <Ryan@wtlaw.com>
Cc: Patrick Fitzgerald <pfitzgerald@wtlaw.com>, Matthew Keilson <mkeilson@wtlaw.com>

Ryan:

Thanks for your email.

Pursuant to your own arguments, my communications with the carriers are *not* responsive to RFP 12, as I am not a party. But that's a moot point now, as I've answered you anyway.

**Re end game** - Sure, you don't need to disclose it, but if you're asking my consent, I need something more than "we want to serve discovery on carriers irrelevant to the case."

**Re depositions within discovery period** - They're only not within the discovery period because you guys changed our date (recall we were agreed to May 19, but you asked to reschedule to after discovery because of a miscommunication with your client). That doesn't beget an extension so your client can go on a fishing expedition.

**Re deposing Plaintiff again** - You tried this before back in December/early January, and the answer has not changed. It's not happening. It's time for the harassment campaign to end.

Further, Shoreway Printing LLC is not a Plaintiff. In addition, the document you submitted to link Shoreway Printing to this case doesn't support anything. Row 3847, the unredacted row showing Rashad Walston/Shoreway Printing, is tied to telephone number ending in 21665, *not* 84088. Row 3848 contains the 84088 telephone number. Can you re-send with both rows unredacted?

**Re "just found out yesterday"** - I asked you for the source of Plaintiff's number nearly 18 months ago. On March 10, you finally represented to me that you obtained Plaintiff's number from Amerilist. In fact, the specific column in NRS002071 is "Appears on List Supplied by Amerilist." Walston's number, row A11798 (see Pat's March 18 email) has an "x" in that column. So, how could you represent on March 10 that his number "Appears on List Supplied by Amerilist" if you did not discover his number on a list supplied by Amerilist until May 27? Why did it take until *two days before the close of discovery* to "discover" what I've been asking you for for 18 months, and which you claimed to have figured out two months ago?

**Re adequacy/engagement letter** - This Motion re engagement has been decided, and recall you sought to depose my client again prior to your reply on these same grounds and never moved when I said no.

If we need a call, I am free this afternoon (from 1 pm) or Friday after 1 pm.
--



**Jeremy M. Glapion**
Partner

Glapion Law Firm
1704 Maxwell Drive
Wall, New Jersey 07719

Tel.: 732-455-9737

On Wed, May 28, 2025 at 9:57 AM, Ryan Watstein <Ryan@wtlaw.com> wrote:

> Hey Jeremy,

We appreciate you confirming the carrier communication point. The documents are relevant and responsive to RFP 12, and we're entitled to independently confirm what you're telling us. We're also not going to discuss our "end game" because it's beside the point (and protected strategy, in any event). As for the extensions, we agreed to them at your request to accommodate discovery you wanted to take, so it's not accurate to say they're as mutual as it gets. We're asking you for the same courtesy—one that would also bring the depositions you intend to take within the discovery period.

We want to revisit re-deposing Plaintiff on two grounds as well. First, we found the Amerilist list containing Plaintiff's number yesterday, which identified Shoreway Printing LLC. That is attached. As NRS intended to transmit the ringless voicemails to Shoreway Printing, it's entitled to depose Plaintiff's business. That's particularly true given the number of depositions Plaintiff is taking. Second, NRS still has questions related to adequacy surrounding the engagement letter, which cannot be addressed through the interrogatories you proposed during our January call.

If you oppose extending fact discovery, let us know if you'll stipulate to a post-discovery deposition – similar to the ones we've extended to you. If not, please let us know when you can discuss over a call.

Best,

-Ryan

**Ryan D. Watstein (**bio**)**

WATSTEIN TEREPKA LLP

P: 404-782-0695

ryan@wtlaw.com

www.wtlaw.com

---

**From:** Jeremy Glapion <jmg@glapionlaw.com>
**Sent:** Tuesday, May 27, 2025 11:55:08 AM
**To:** Patrick Fitzgerald <pfitzgerald@wtlaw.com>
**Cc:** Ryan Watstein <Ryan@wtlaw.com>; Jeffrey Brown <jeff@jgbrownlaw.com>
**Subject:** Re: Walston v. NRS - Outstanding Issues 5/5/25