**TRANSCRIBED FROM DIGITAL RECORDING**

```
            IN THE UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

RASHAD WALSTON on behalf of himself and )
all others similarly situated,          ) Case No. 24 C 83
                                        )
          Plaintiff,                    )
                                        )
     vs.                                )
                                        )
NATIONAL RETAIL SOLUTIONS, INC., doing  ) Chicago, Illinois
business as NRS Pay,                    ) October 16, 2024
                                        ) 2:04 P.M.
          Defendant.                    )

    TRANSCRIPT OF PROCEEDINGS - In-Person Motion Hearing
  BEFORE THE HONORABLE JEFFREY T. GILBERT, Magistrate Judge

APPEARANCES:

For the Plaintiff:       GLAPION LAW FIRM
                         1704 Maxwell Drive
                         Wall, New Jersey  07719
                         BY:  MR. JEREMY GLAPION

                         JEFFREY GRANT BROWN, P.C.
                         65 West Jackson Boulevard
                         Suite 107
                         Chicago, Illinois  60604
                         BY:  MR. JEFFREY GRANT BROWN

For the Defendant:       WATSTEIN TEREPKA LLP
                         1055 Howell Mill Road
                         8th Floor
                         Atlanta, Georgia  30318
                         BY:  MR. RYAN D. WATSTEIN




              PAMELA S. WARREN, CSR, RPR
           Official Court Reporter - Retired
             23869 N. High Ridge Drive
            Lake Zurich, Illinois  60047
                    312.823.0001

NOTE:  Please notify of correct speaker identification.
```

1 You're going to respond to them.  It all should be in the
2 record.  And then the Court's decision on that will be in the
3 record as well.
4 　　　　And our circuit is pretty clear that matters that
5 are -- that a Court considers in making a dispositive ruling
6 should not be sealed, should be in the record.  The Seventh
7 Circuit, Judge Easterbrook and formerly Judge Posner, were
8 really, really clear on that.
9 　　　　So I think that for those reasons I'm going to deny
10 the motion for protective order.  Not because I think the
11 issues that are being raised by the defendant are valid, not
12 because I think they will necessarily result in plaintiff -- a
13 class not being certified or something like that, but just
14 because that's -- those are matters that should be in the
15 public record.  So that's my ruling on that.
16 　　　　MR. GLAPION:  Thank you, your Honor.
17 　　　　THE COURT:  And I will note though that fact discovery
18 in this case I think doesn't close until December 13th, 2024.
19 The culture in our district, Mr. Watstein, is that usually
20 dispositive motions are not dealt with until fact discovery is
21 concluded.
22 　　　　So, you know, I don't know where you are in the
23 discovery process necessarily, but it would seem to me that a
24 motion to -- you know, a motion to, quote, deny class
25 certification is almost a response to a motion for class

1  certification, which I don't think has been filed yet.
2          Right, Mr. Brown?
3          MR. BROWN:  Correct.
4          THE COURT:  You need to have the mic near you.
5          MR. BROWN:  Sorry, Judge.  Correct.
6          THE COURT:  So, you know, I don't know that Judge
7  Harjani is going to take this in the normal -- in the normal
8  course now, you know, and have it briefed with them having to
9  respond to you and say, no, class should be certified.  And
10 then they only get one brief on class certification.
11         MR. WATSTEIN:  Yes, your Honor.  If I may, every time
12 that I have raised an affirmative issue or --
13 affirmative -- every time I have raised a Rule 23 issue
14 affirmatively, I always get the same reaction as I just got
15 from your Honor.  And the response that I always get is, we are
16 always practical about how we tee up Rule 23 issues.  We would
17 never file a motion, for example, asking a Court to rule on a
18 predominance issue before sufficient discovery had played out
19 for the Court to rule on that issue.
20         So for something like that, it is usually correct that
21 the plaintiff files a motion for class certification.  The
22 defendant responds.  The plaintiff replies.  Then the Court
23 rules on it.
24         This is a discrete issue that is already -- it will
25 never be any riper than it is right now.  And our client is