**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RASHAD WALSTON, on behalf of himself and all others similarly situated, | : | Case No. 1:24-cv-00083 |
| | : | District Judge: Hon. Sunil R. Harjani |
| | : | Magistrate Judge: Hon. Jeffrey T. Gilbert |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| NATIONAL RETAIL SOLUTIONS, INC. D/B/A NRS PAY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO**
**PLAINTIFF'S THIRD AMENDED CLASS ACTION COMPLAINT**

Defendant National Retail Solutions, Inc. d/b/a NRS Pay ("Defendant" or "NRS") hereby submits its Answer and Affirmative Defenses to Plaintiff Rashad Walston's Second Amended Class Action Complaint.

### INTRODUCTION[1]

1.     This action arises out of Defendant National Retail Solutions, Inc.'s ("NRS") prerecorded telemarketing telephone calls to cellular telephone numbers without the prior express written consent of the called party, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b).

---

[1] For the Court's convenience, Defendant has incorporated the "headings" that appear in the Second Amended Complaint, as well as the formatting from those headings. But Defendant does not necessarily agree with and does not admit the characterizations of such headings unless specifically admitted herein. Nor does Defendant waive any right to object to those characterizations.

**ANSWER:** Defendant admits that Plaintiff purports to bring an action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227(b). Defendant denies the remaining allegations in paragraph 1, and specifically denies any wrongdoing.

2. Plaintiff Walston was one such party called.

**ANSWER:** Defendant denies the allegations in paragraph 2.

3. Despite never providing his telephone number or having any interaction with NRS, Defendant placed multiple prerecorded telemarketing calls to his cellular telephone number soliciting him to use its point of sale ("POS") system.

**ANSWER:** Defendant denies the allegations in paragraph 3.

4. Defendant did so by utilizing the "ringless voicemail" services of a third-party marketing firm, Infolink Communications Ltd. d/b/a VoiceLogic ("VoiceLogic"), to which it provided the telephone numbers to be called, the prerecorded voice files to be used, and instructions on how and when to send those ringless voicemails.

**ANSWER:** Defendant admits that it utilized VoiceLogic, but denies the remaining allegations in paragraph 4.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

**ANSWER:** The allegations in paragraph 5 are not well-pleaded allegations of fact but legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiff purports to invoke federal-question jurisdiction through the TCPA. To the extent not expressly admitted, Defendant denies the remaining allegations in paragraph 5.

6.     The Court has personal jurisdiction over Defendant because Defendant conducts significant business in this District and committed tortious acts directed at this District.

**ANSWER:** The allegations in paragraph 6 are not well-pleaded allegations of fact and are instead legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that the Court has personal jurisdiction over it.

7.     Venue is proper in this District because Defendant conducts significant amounts of business transactions within this District, because some of the wrongful conduct giving rise to this case occurred in and was directed to this District.

**ANSWER:** The allegations in paragraph 7 are not well-pleaded allegations of fact and constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that venue is proper in this District.

<u>**PARTIES**</u>

8.     Plaintiff is, and at all relevant times herein was, a resident of Chicago, Illinois.

**ANSWER:**  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8 and therefore denies them.

9.     Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER:** The allegations in paragraph 9 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant admits the allegations of paragraph 9.

10.     Plaintiff is, and at all times mentioned herein was, the "called party" with respect to the telephone number at issue herein, 773-###-4088.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10, which are legal conclusions in any event, and therefore denies them.

11. Defendant NRS is, and at all times mentioned herein was, a Delaware corporation headquartered at 520 Broad Street, Newark, NJ 07102.

**ANSWER:** Defendant admits the allegations of paragraph 11.

12. Defendant NRS is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER:** The allegations in paragraph 12 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required. To the extent a response is required, Defendant admits the allegations of paragraph 12.

13. Defendant NRS is, and at all times mentioned herein was, a division of IDT Corporation.

**ANSWER:** The allegations in paragraph 13 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required. To the extent a response is required, Defendant admits that IDT is an NRS shareholder. Defendant denies the remaining allegations of paragraph 13 as stated.

## CALLS TO PLAINTIFF

14. Plaintiff's telephone number is 773-###-4088.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 and therefore denies them.

15. Plaintiff's telephone number is and was a cellular telephone number.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15 and therefore denies them.

16. Plaintiff is the regular user of this telephone number.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16 and therefore denies them.

17. Plaintiff received prerecorded voicemails from Defendant on at least the following dates:

- March 7, 2022

- May 19, 2022

- August 8, 2022

- March 20, 2023

- May 4. 2023

- July 31, 2023

- October 12, 2023

**ANSWER:** The allegations in paragraph 17 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 and therefore denies them.

18. All the above calls were prerecorded rather than a live person leaving a voicemail.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18 and therefore denies them.

19.     Plaintiff knows that these calls were prerecorded due to his familiarity with normal human mannerisms, speaking, and intonations, as well as through comparison of the messages.

**ANSWER:**  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19 and therefore denies them.

20.     For example, the March 20, 2023 and May 4, 2023 voicemails are literally identical—not just in terms of content, but in terms of background and ambient noise, inflections, pauses, etc.

**ANSWER:**  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20 and therefore denies them.

21.     Specifically, the March 20, 2023 voicemail is 42 seconds long and states:

Hi, this is Alex from NRSPay Credit Card Processing. Accepting credit cards doesn't have to be expensive.  NRSPay offers our cost-cutting cash discount program. If you process over $18,000 a month, you pay no monthly fee. With NRSPay Cash Discount, your point-of-sale system calculates dual pricing, so you can offer your customers a discount for paying with cash.  The plan includes a free credit card reader with no long-term contract and no early termination fee.  Check out NRSPay.com to learn more about our cash discount plan, or you can call me back at this number.

**ANSWER:**  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 and therefore denies them.

22.     The May 4, 2023 voicemail is also 42 seconds long, and identically states:

Hi, this is Alex from NRSPay Credit Card Processing. Accepting credit cards doesn't have to be expensive. NRSPay offers our cost-cutting cash discount program.  If you process over $18,000 a month, you pay no monthly fee.  With NRSPay Cash Discount, your point-of-sale system calculates dual pricing, so you can offer your customers a discount for paying with cash.  The plan includes a free credit card reader with no long-term contract and no early termination fee.  Check out NRSPay.com to learn more about our cash discount plan, or you can call me back at this number.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22 and therefore denies them.

23. What's more, the waveforms (i.e. the visual representation that shows how loud or quiet the sound is at different moments in the file) of both audio files is identical, as seen in the three figures below:

- March 20 Waveform:



- May 4 Waveform:



**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23 and therefore denies them.

24. Upon information and belief, it would be nearly impossible for two audio files to have identical length, content, and waveforms *without* the audio used to create the files actually being identical—that is, prerecorded.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 and therefore denies them.

25.     In addition, the ringless voicemail service VoiceLogic offers-known as Voicecasting-only uses messages "pre-recorded" by the customer (here, Defendant NRS)[2].

**ANSWER:**  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 and therefore denies them.

26.     In other words, VoiceLogic's ringless voicemail service *requires* a prerecorded message.

**ANSWER:**  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26 and therefore denies them.

27.     Discovery obtained to date (such as the files used on the ringless voicemail calls to Plaintiff) has also confirmed that each call to Plaintiff was prerecorded.

**ANSWER:**  The allegations in paragraph 27 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27 and therefore denies them.

## TELEMARKETING AND CONSENT

28.     The content of Defendant's ringless voicemails make clear that the calls are telemarketing, which the TCPA defines as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person."  47 C.F.R. § 64.1200(f)(13).

**ANSWER:**  The allegations in paragraph 28 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that the allegations refer to 47 C.F.R. § 64.1200(f)(13), which

---

[2] *See* https://voicelogic.com/ringless-voicemail/, *last assessed* August 2, 2024.

speaks for itself. Except as expressly admitted, Defendant denies the allegations in this paragraph and specifically denies any wrongdoing.

29. All of Defendant's ringless voicemail campaigns it ran through VoiceLogic were to encourage the purchase or rental of its goods and services (such as its point-of-sale system).

**ANSWER:** Defendant denies the allegations in this paragraph and specifically denies any wrongdoing.

30. Defendant used at least five different scripts as part of its VoiceLogic ringless voicemail campaigns, all of which were intended to market its goods and services such as, NRSPay Cash Discount; card processing services; point-of-sale systems; EBT services; and cash advance services.

**ANSWER:** Defendant admits that it provided different scripts to VoiceLogic for ringless voicemails that VoiceLogic intended to transmit. To the extent not expressly admitted, Defendant denies the remaining allegations in this paragraph.

31. All of Defendant's ringless voicemails were therefore telemarketing.

**ANSWER:** The allegations in paragraph 31 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 31 and specifically denies any wrongdoing.

32. The TCPA has strict rules regarding prerecorded telemarketing calls to cell phones.

**ANSWER:** The allegations in paragraph 32 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required. To the extent a response is

required, Defendant admits that the allegations refer to the TCPA's rules, which speak for themselves.  Except as expressly admitted, Defendant denies the allegations in this paragraph.

33.     Specifically, section 227(b) of the TCPA prohibits making "any call … using … an artificial or prerecorded voice … to any telephone number assigned to a… cellular telephone service" without the prior express consent of the called party.  47 U.S.C. § 227(b)(1)(A)(iii).

**ANSWER:**  The allegations in paragraph 33 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that the allegations quote 47 U.S.C. § 227(b)(1)(A)(iii), which speaks for itself. Except as expressly admitted, Defendant denies the allegations in this paragraph.

34.     Importantly, unlike other sections of the TCPA,[3] the prohibition on unconsented prerecorded calls applies to calls to any cell phone, no matter how it is used (i.e. even if used by a business).  *See, e. e.g. Callier v. Multiplan, Inc.*, 2021 U.S. Dist. LEXIS 256747, *21 (W.D. Tex. Aug. 26, 2021).

**ANSWER:**  The allegations in paragraph 34 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that the allegations refer to *Callier v. Multiplan, Inc.*, 2021 U.S. Dist. LEXIS 256747, *21 (W.D. Tex. Aug. 26, 2021), which speaks for itself. Except as expressly admitted, Defendant denies the allegations in this paragraph and footnote.

---

[3] For example, the do-not-call list provisions of the TCPA expressly only protect "residential telephone subscribers", which could preclude numbers registered to a business rather than an individual.  47 C.F.R. § 64.1200(C).

35.    When the prerecorded call introduces an advertisement or constitutes telemarketing, like Defendant's calls here, the consent requirement is heightened to "prior express *written* consent."

**ANSWER:**  The allegations in paragraph 35 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that the allegations quote an uncited excerpt, which speaks for itself.  Except as expressly admitted, Defendant denies the allegations in this paragraph.

36.    "Prior express written consent" requires a signed writing that clearly authorizes the seller to deliver to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice.  47 C.F.R. § 64.1200(f)(9).

**ANSWER:**  The allegations in paragraph 36 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that the allegations refer to 47 C.F.R. § 64.1200(f)(9), which speaks for itself.  Except as expressly admitted, Defendant denies the allegations in this paragraph.

37.    This written agreement must clearly and conspicuously disclose that the calls would be made using an automatic telephone dialing system or an artificial or prerecorded voice, and that the person is not required to sign the agreement as a condition of purchasing any property, goods, or services.  *Id.* at (f)(9)(i)(A–B).

**ANSWER:**  The allegations in paragraph 37 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that the allegations refer to 47 C.F.R. § 64.1200(f)(9), which

speaks for itself. Except as expressly admitted, Defendant denies the allegations in this paragraph.

38.     Plaintiff provided no consent whatsoever here, and certainly not the kind that would rise to the level of prior express written consent.

**ANSWER:** The allegations in paragraph 38 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38 and therefore denies them.

39.     First, Plaintiff never provided Defendant with his telephone number in the first place.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39 and therefore denies them.

40.     Instead, it appears that Defendant purchased or otherwise obtained Plaintiff's telephone number from a third-party database.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40 and therefore denies them.

41.     For example, Defendant purchased telephone numbers—likely including Plaintiff's—from a company called Amerilist.

**ANSWER:** Defendant denies the allegations in paragraph 41.

42.     This is significant because Defendant *knew* it did not have consent from anyone on this list, but utilized those numbers for prerecorded telemarketing anyway.

**ANSWER:** Defendant denies the allegations in paragraph 42.

43. Second, even if Plaintiff *had* provided his telephone number to Defendant—which he did not—Defendant did not obtain legally sufficient prior express written consent.

**ANSWER:** The allegations in paragraph 43 are not well-pleaded allegations of fact but constitute hypothetical scenarios to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 43.

44. None of the locations through which Defendant solicited telephone numbers prior to the initiation of this litigation (an example of which is shown below) contained sufficient disclosures to qualify as prior express written consent (e.g. that calls might be made using a prerecorded voice):



**ANSWER:** The allegations in paragraph 44 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 44.

## **VIOLATIONS**

45. Because Defendant lacked any consent, let alone prior express written consent, to place prerecorded telemarketing calls (including ringless voicemails) to Plaintiff, Defendant's prerecorded telemarketing calls (including ringless voicemails) to Plaintiff's cellular telephone violate § 227(b) of the TCPA.

**ANSWER:** The allegations in paragraph 45 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

46. Because Defendant did not obtain sufficient consent for prerecorded telemarketing calls (including ringless voicemails) as a matter of course, *all* of its prerecorded telemarketing calls to cellular telephones of putative class members violated the TCPA.

**ANSWER:** The allegations in paragraph 46 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

47. A violation of § 227(b) carries minimum statutory damages of $500 per call, and up to $1,500 per call if the violations were found to be willful and/or knowing. 47 U.S.C. § 227(b)(3).

**ANSWER:** The allegations in paragraph 47 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiff cites 47 U.S.C. § 227(b)(3), which speaks for itself. Except as expressly admitted, Defendant denies the allegations in this paragraph.

48. Given that Defendant purchases thousands of telephone numbers from databases, knew it did not have consent, and placed unsolicited prerecorded telemarketing calls (including ringless voicemails) to those numbers anyway, the violations were willful and/or knowing.

**ANSWER:** The allegations in paragraph 48 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

## DIRECT AND VICARIOUS LIABILTY

49. Defendant's calls to Plaintiff and putative class members were, at least in part, ringless voicemails.

**ANSWER:** Defendant denies the allegations in paragraph 49 as stated and denies that the putative class can be certified.

50. "Ringless voicemails" are calls under the TCPA.

**ANSWER:** The allegations in paragraph 50 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

51. "Ringless voicemails" involve manipulating the voicemail system in such a way that allows a telemarketer to directly deposit a prerecorded message into a target's voicemail box, often without ringing the phone.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51 and therefore denies them.

52. Unlike a standard phone call, which can often be ignored, the ringless voicemail process forces a recipient to deal with it at some point because voicemail capacity is limited and each voicemail necessarily takes up some of that capacity (and storage on the device).

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 52 and therefore denies them.

53. Defendant utilized the ringless voicemail services of third-party entity VoiceLogic.

**ANSWER:** Defendant denies the allegations of paragraph 53 as stated.

54.     VoiceLogic's ringless voicemail services *only* use prerecorded or artificial voice messages rather than live calls.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 54 and therefore denies them.

55.     According to VoiceLogic's description[4] of its ringless voicemail service:

> Voicecasting is … our Ringless Voicemail service. It is a software system that will deliver a message to someone's voicemail without ringing their phone. The message is pre-recorded by you, and broadcasted to thousands of voice mail boxes using our Ringless Voicemail Services.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 55 and therefore denies them.

56.     To use VoiceLogic's services, Defendant created an account with VoiceLogic.

**ANSWER:** Defendant admits the allegations of paragraph 56, but denies any wrongdoing.

57.     Defendant provided VoiceLogic with the telephone numbers to which ringless voicemails should be sent.

**ANSWER:** Defendant admits that it provided telephone numbers to VoiceLogic but denies the remaining allegations in paragraph 57.

58.     Defendant provided VoiceLogic prerecorded voice messages to be used.

**ANSWER:** The allegations in paragraph 58 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

---

[4] https://voicelogic.com/ringless-voicemail/

59.     Defendant provided VoiceLogic with instructions on when to send these ringless voicemails.

**ANSWER:**  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 59, specifically the term "instructions," and therefore denies them.

60.     Defendant provided VoiceLogic with a telephone number that Defendant owns for VoiceLogic to use as the caller ID for the ringless voicemails.

**ANSWER:**  Defendant admits only it provided VoiceLogic with telephone numbers for VoiceLogic to use as caller ID on NRS campaigns. Except as expressly admitted, Defendant denies the allegations of this paragraph.

61.     Specifically, for the calls to Plaintiff, Defendant provided VoiceLogic with telephone number 973-649-9264, a number its parent company, IDT, has owned since October 2020.

**ANSWER:**  Defendant admits only it provided VoiceLogic with telephone number 973-649-9264.   Except as expressly admitted, Defendant denies the allegations of this paragraph.

62.     The form Defendant submitted to begin its ringless broadcasting campaigns looked identical or substantially similar to the following:



**ANSWER:**  Defendant admits that paragraph 62 purports to depict a "New Voice Broadcast Job" form, which speaks for itself.  Except as expressly admitted, Defendant denies the allegations of paragraph 62.

63.     As shown in the screenshot, Defendant provides the date to transmit the calls, the time to transmit the calls, the date to complete transmission, the number of recipients, uploads the voice file and list of telephone numbers, decides between ring or ringless voicemails, and provides the display number.

**ANSWER:** Defendant admits that paragraph 63 references a screenshot, which speaks for itself.  Except as expressly admitted, Defendant denies the allegations of paragraph 62

64.     Defendant paid VoiceLogic for this service through the purchase of credits.

**ANSWER:** Defendant admits that it paid VoiceLogic for its services.  Except as expressly admitted, Defendant denies the allegations of paragraph 64.

65.     Each attempted ringless voicemail would deplete one of Defendant's purchased credits.

**ANSWER:** Defendant admits the allegations of paragraph 65.

66.     Defendant's extreme involvement with the placement of these calls is sufficient to make it directly liable, even if the final step of placing the calls was done by VoiceLogic.

**ANSWER:**  Defendant denies the allegations of paragraph 66.

67.     As the FCC held in its 2013 discussion of vicarious liability in the TCPA context, while there is typically a distinction between a call made by a seller and call made by a telemarketer on the seller's behalf, "one can imagine a circumstance in which a seller is so involved in the placing of a specific telephone call as to be directly liable for initiating it – by giving the third party specific and comprehensive instructions as to timing and the manner of the call, for example." *In re Dish Network, LLC*, 28 FCC Rcd. 6574, ¶ 27.

**ANSWER:**  The allegations in paragraph 67 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff cites *In re Dish Network, LLC*, 28 FCC Rcd. 6574, ¶ 27, which speaks for itself.  Except as expressly admitted, Defendant denies the allegations in this paragraph.

68.     In the alternative, Defendant is liable for any illegal calls described herein under several agency principles.

**ANSWER:**  The allegations in paragraph 68 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations of paragraph 68.

69.     First, VoiceLogic acted with Defendant's express actual authority, which occurs "when the principal expressly grants the agent the authority to perform a particular act." *Aranda v. Caribbean Cruise Line, Inc.*, 179 F. Supp. 3d 817, 831 (N.D. Ill. 2016).

**ANSWER:**  The allegations in paragraph 69 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff cites *Aranda v. Caribbean Cruise Line, Inc.*, 179 F. Supp. 3d 817, 831 (N.D. Ill. 2016), which speaks for itself.  Except as expressly admitted, Defendant denies the allegations in this paragraph.

70.     As described above, Defendant provided VoiceLogic with express actual authority to place these calls on its behalf by, *inter alia*, providing the prerecorded files to be used, the list of telephone numbers to be used, the timing of the calls, and instructing VoiceLogic to make the calls.

**ANSWER:**  The allegations in paragraph 70 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

71.     This would be sufficient for implied actual authority as well, which occurs "when the principal's reasonably interpreted words or conduct would cause an agent to believe that the principal consents to have an act done on her behalf." *Id.*

**ANSWER:**  The allegations in paragraph 71 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff cites *Aranda v. Caribbean Cruise Line, Inc.*, 179 F. Supp. 3d 817, 831 (N.D. Ill. 2016), which speaks for itself.  Except as expressly admitted, Defendant denies the allegations in this paragraph.

72. Second, the above would be sufficient for apparent authority, which occurs when the principal "speak[s], write[s], or otherwise act[s] toward a third party" in a way that makes the "third party reasonably believe that [the principal] has consented to an action done on his behalf by someone purporting to act for him." *Bridgeview Health Care Ctr., Ltd.*, 816 F.3d 935, 939 (7th Cir. 2016).

**ANSWER:** The allegations in paragraph 72 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiff cites *Bridgeview Health Care Ctr., Ltd.*, 816 F.3d 935, 939 (7th Cir. 2016), which speaks for itself. Except as expressly admitted, Defendant denies the allegations in this paragraph.

73. Finally, this would be sufficient for ratification, which occurs "when an agent acts for the principal's benefit and the principal does not repudiate the agent's actions." *Aranda*, 179 F. Supp. 3d at 831.

**ANSWER:** The allegations in paragraph 73 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiff cites *Aranda*, 179 F. Supp. 3d at 831, which speaks for itself. Except as expressly admitted, Defendant denies the allegations in this paragraph.

74. As such, Defendant is either directly or vicariously liable for any illegal calls VoiceLogic placed on its behalf, including the calls to Plaintiff here.

**ANSWER:** The allegations in paragraph 74 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

## CLASS ACTION ALLEGATIONS

75.    Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of a class defined as:

All persons in the United States who, between October 26, 2020, and January 3, 2024:

(i)    Received, on a cellular telephone, a voicemail;

(ii)   Sent by or on behalf of Defendant using VoiceLogic's ringless-voicemail service; and

(iii)  The cellular telephone number that received the voicemail was assigned to AT&T or one of its wireless brands when the voicemail was received.

**ANSWER:** Defendant admits that Plaintiff purports to bring this action on behalf of himself and a class of persons pursuant to Fed. R. Civ. P. 23, and admits that Plaintiff proposes a class definition as alleged in paragraph 75.  Except as expressly admitted, Defendant denies the allegations in this paragraph and denies that a class could ever be certified in this case.

76.    Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families; and any claims for personal injury, wrongful death, and/or emotional distress.

**ANSWER:** Defendant admits that Plaintiff purports to exclude certain individuals and entities from the putative class in paragraph 75.  Except as expressly admitted, Defendant denies the allegations in this paragraph and denies that a class could ever be certified in this case.

## Numerosity and Ascertainability

77. The putative members of the Class for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

**ANSWER:** Defendant denies the allegations of paragraph 77 and denies that the putative class can be certified.

78. The exact number and identities of the persons who fit within the Classes are ascertainable in that Defendant maintains written and electronically stored data showing:

    a.   The dates and times Defendant sent (or had VoiceLogic send) its ringless voicemails;

    b.   The telephone numbers to which Defendant (or had VoiceLogic send) its ringless voicemails;

    c.   Which of those voicemails were successfully delivered;

    d.   The purpose and content of its ringless voicemails.

**ANSWER:** Defendant denies the allegations in paragraph 78, including all subparts, and denies that the putative class can be certified.

79. The Class is comprised of thousands of individuals nationwide, covering tens of thousands of calls (and class-wide damages likely north of $25 million, minimum).

**ANSWER:** Defendant denies the allegations of paragraph 79 and denies that the putative class can be certified.

80. Plaintiff Walston is a member of the Class because Plaintiff received at leat one voicemail sent by Defendant (or VoiceLogic on Defendant's behalf) using VoiceLogic's ringless voicemail service on his cellular telephone number, which was assigned to Cricket Wireless (AT&T's brand) at the time of receipt.

23

**ANSWER:** Defendant denies the allegations in paragraph 80 and denies that the putative class can be certified.

## Commonality

81. There are common questions of law and fact affecting the rights of the members of the Class, including, *inter alia*, the following:

  a. From where Defendant obtained Class Member telephone numbers;

  b. Whether Defendant sent or caused to be sent the ringless voicemails;

  c. Whether the ringless voicemails are calls under the TCPA;

  d. Whether the ringless voicemails constitute telemarketing;

  e. Whether Defendant has any evidence of prior express written consent from Class Members;

  f. Whether Plaintiff and the Class were damaged thereby, and the extent of damages for such violations; and

  g. Whether Defendant should be enjoined from engaging in such conduct in the future.

**ANSWER:** Defendant denies the allegations of paragraph 81 (including all allegations in all subparagraphs of paragraph 81) and denies that the putative class can be certified.

## Typicality

82. Plaintiff's claims are typical of the claims of members of the Class in that they arise from Defendant's uniform conduct and are based on the same legal theories.

**ANSWER:** Defendant denies the allegations of paragraph 82 and denies that the putative class can be certified.

83.     Plaintiff has no interests antagonistic to, or in conflict with, the Class.

**ANSWER:**  Defendant denies the allegations of paragraph 83 and denies that the putative class can be certified.

84.     On information and belief, Plaintiff avers that Defendant treated him in same manner as it has thousands of individuals.

**ANSWER:**  Defendant denies the allegations of paragraph 84 and denies that the putative class can be certified.

### Adequacy of Representation

85.     Plaintiff will thoroughly and adequately protect the interests of the Class, as Plaintiff and his retained counsel do not have any conflicts of interest with the proposed Class; Plaintiff's counsel is experienced in class actions of this type and can adequately represent the interests of the class; and Plaintiff and his counsel have adequate financial resources to assure that the interests of the class will not be harmed.

**ANSWER:**  Defendant denies the allegations of paragraph 85 and denies that the putative class can be certified.

86.     Defendant has acted and refused to act on grounds generally applicable to the Class, thereby making injunctive and declaratory relief appropriate for the Class.

**ANSWER:**  Defendant denies the allegations of paragraph 86 and denies that the putative class can be certified.

87.     The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications.

**ANSWER:**  Defendant denies the allegations of paragraph 87 and denies that the putative class can be certified.

88.     A class action provides a fair and efficient method for adjudication of the controversy.

**ANSWER:**  Defendant denies the allegations of paragraph 88 and denies that the putative class can be certified.

89.     Common questions will predominate, and there will be no unusual manageability issues.

**ANSWER:**  Defendant denies the allegations of paragraph 89 and denies that the putative class can be certified.

90.     The prosecution of separate actions would risk confronting Defendant with incompatible standards of conduct.

**ANSWER:**  Defendant denies the allegations of paragraph 90 and denies that the putative class can be certified.

91.     There does not appear to be any litigation already commenced by or against members of the class involving the same issues.

**ANSWER:**  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 91 and therefore denies them and denies that the putative class can be certified.

92.     The forum is appropriate, as discussed above.

**ANSWER:**  Defendant denies the allegations of paragraph 92 and denies that the putative class can be certified.

93.     The expense of individual litigation and the limited recovery in individual litigation justify a class action.

**ANSWER:** Defendant denies the allegations of paragraph 93 and denies that the putative class can be certified.

## FIRST CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(b)

94. Plaintiff incorporates the previous allegations as set forth herein.

**ANSWER:** Defendant incorporates its previous responses to the preceding paragraphs as if fully set forth herein.

95. Section 227(b) of the TCPA prohibits making "any call … using … an artificial or prerecorded voice … to any telephone number assigned to a… cellular telephone service" without the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A)(iii).

**ANSWER:** The allegations in paragraph 95 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the allegations cite 47 U.S.C. § 227, which speaks for itself. Except as expressly admitted, Defendant denies the allegations in this paragraph.

96. Plaintiff and putative Class Members all received ringless voicemails from Defendant on their cellular telephone numbers.

**ANSWER:** The allegations in paragraph 96 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

97. Ringless voicemails are calls under the TCPA.

**ANSWER:** The allegations in paragraph 97 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

98. All of Defendant's ringless voicemails used a prerecorded voice message.

**ANSWER:** The allegations in paragraph 98 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

99. When a prerecorded call introduces an advertisement or constitutes telemarketing, the consent requirement is heightened to "prior express *written* consent."

**ANSWER:** The allegations in paragraph 99 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the allegations cite 47 C.F.R. § 64.1200, which speaks for itself. Except as expressly admitted, Defendant denies the allegations in this paragraph.

100. The TCPA defines telemarketing as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(13).

**ANSWER:** The allegations in paragraph 100 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the allegations cite 47 C.F.R. § 64.1200, which speaks for itself. Except as expressly admitted, Defendant denies the allegations in this paragraph.

101. All of Defendant's ringless voicemails were for these purposes.

**ANSWER:** The allegations in paragraph 101 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

102. Therefore, the heightened "prior express written consent" requirement applies to Defendant's ringless voicemails to Plaintiff and putative Class Members.

**ANSWER:** The allegations in paragraph 102 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

103. "Prior express written consent" requires a signed writing that clearly authorizes the seller to deliver to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice. 47 C.F.R. § 64.1200(f)(9).

**ANSWER:** The allegations in paragraph 103 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the allegations cite 47 C.F.R. § 64.1200, which speaks for itself. Except as expressly admitted, Defendant denies the allegations in this paragraph.

104. This written agreement must clearly and conspicuously disclose that the calls would be made using an automatic telephone dialing system or an artificial or prerecorded voice, and that the person is not required to sign the agreement as a condition of purchasing any property, goods, or services. *Id.* at (f)(9)(i)(A-B).

**ANSWER:** The allegations in paragraph 104 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the allegations cite 47 C.F.R. § 64.1200, which speaks for itself. Except as expressly admitted, Defendant denies the allegations in this paragraph.

105. Defendant did not obtain *any* form of consent from Plaintiff or putative Class Members.

**ANSWER:** The allegations in paragraph 105 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

106. In fact, Defendant purchased most, if not all, of putative Class Members' phone numbers from a third party.

**ANSWER:** Defendant denies the allegations in paragraph 106.

107. Even if it obtained the telephone numbers directly, however, the mechanisms through which it did so do not contain the required disclosures (in form or substance) necessary for "prior express written consent."

**ANSWER:** The allegations in paragraph 107 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

108. Accordingly, Defendant lacked consent.

**ANSWER:** The allegations in paragraph 108 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

109. Accordingly, all of Defendant's ringless voicemails to the Plaintiff and putative Class Members violate the TCPA.

**ANSWER:** The allegations in paragraph 109 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

110.    Plaintiff and putative Class Members are entitled to minimum statutory damages of $500 per violative call, and up to $1,500 per call if the violations are found to be willful and/or knowing.  47 U.S.C. § 227(b)(3).

**ANSWER:**  The allegations in paragraph 110 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

111.    Because Defendant intentionally sent ringless voicemails en masse for years to telephone numbers it knew it had no consent to call, Defendant's conduct is willful, and damages should be trebled to $1,500.

**ANSWER:**  The allegations in paragraph 111 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

112.    Each member of the putative Class has Article III standing as unwanted prerecorded calls invaded their privacy and intruded upon their seclusion, which is the exact harm the TCPA was designed to prevent.

**ANSWER:**  The allegations in paragraph 112 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

113.    In addition, voicemails necessarily take up both voicemail capacity and storage capacity on a device.

**ANSWER:**  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 113 and therefore denies them.

114.    Such injury is sufficient for Article III standing in the Seventh Circuit. *See, e.g.* *Gadelhak v. AT&T Servs.*, 950 F.3d 458, 461-63 (2020) (Barrett, J.); *Koester v. Pelican Inv. Holdings Grp., LLC*, 2023 U.S. Dist. LEXIS 23825, *3 (N.D. Ill. Feb. 10, 2023) (citing *Gadelhak*, which dealt with unwanted text messages, and noting that there is no material difference between unwanted phone calls or voicemails).

**ANSWER:** The allegations in paragraph 114 are not well-pleaded allegations of fact but constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff cites *Gadelhak v. AT&T Servs.*, 950 F.3d 458, 461-63 (2020) (Barrett, J.) and *Koester v. Pelican Inv. Holdings Grp., LLC*, 2023 U.S. Dist. LEXIS 23825, *3 (N.D. Ill. Feb. 10, 2023), which speak for themselves.  Except as expressly admitted, Defendant denies the allegations in this paragraph.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Walston, individually and on behalf of the proposed Class, prays for the following relief:

A.    An order certifying the Class as defined above, appointing Plaintiff Walston as the representative of the Class, and appointing his counsel as Class Counsel;

B.    An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227(b).

C.    An award of injunctive and other equitable relief as necessary to protect the interests of the Class, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

D.    An award of statutory damages for violations of 47 U.S.C. § 227(b);

E.    An award of enhanced damages for willfulness;

F.      Such other and further relief that the Court deems just.

**ANSWER:**   Defendant denies the allegations set forth in the "WHEREFORE" paragraph immediately following Paragraph 114 of the Third Amended Complaint, including every allegation in subparagraphs A through F and further denies that Plaintiff is entitled to class certification, appointment as class representative, appointment of his attorneys as class counsel, any damages, any equitable relief, any injunctive relief, any declaratory relief, any fees, any costs, or any relief whatsoever.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**ANSWER:**   Plaintiff's jury demand is not an allegation and does not require a response from Defendant.  To the extent a response is required, Defendant denies that there are triable issues that can be submitted to a jury.

## GENERAL DENIAL

Defendant denies all allegations set forth in the Third Amended Complaint that are not specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

Defendant asserts the following defenses to the claims and allegations set forth in the Second Amended Complaint.  By asserting these defenses, Defendant does not admit that it bears the burden of proof or the burden of persuasion with respect to any particular defense.

### First Affirmative Defense
### (Failure to State a Cause of Action)

The Second Amended Complaint fails to allege facts sufficient to state a cause of action against Defendant.  For example, Plaintiff fails to show that any ringless voicemails allegedly received were those for which the called party is charged as required by the TCPA.

**Second Affirmative Defense**
**(Consent)**

Plaintiff and the putative class members are barred from asserting claims in whole or in part to the extent the ringless voicemails at issue were placed with prior express permission or consent.

**Third Affirmative Defense**
**(Arbitration, Class Waiver, and Release)**

Plaintiff and the putative class members are barred from asserting claims in this forum to the extent their claims are subject to a binding arbitration agreement and an agreement to arbitrate their disputes on an individual (non-class) basis, depriving this Court of jurisdiction over such claims, and rendering venue in this Court improper. Additionally, Plaintiff is barred from pursuing any claim (and reached accord and satisfaction with respect to such claim) according to an agreement whereby he released liability alleged against Defendant.

**Fourth Affirmative Defense**
**(Acquiescence, Estoppel, Waiver, and Unclean Hands)**

Plaintiff and the putative class members are barred from asserting their claims, in whole or in part, by the doctrines of acquiescence, estoppel, waiver, and/or unclean hands. For example, Plaintiff cannot assert claims under the TCPA against Defendant to the extent he or others voluntarily provided telephone numbers.

**Fifth Affirmative Defense**
**(Laches)**

Plaintiff and the putative class members are barred from asserting their claims in whole or in part by the doctrine of laches.

### Sixth Affirmative Defense
### (Failure to Mitigate Damages)

Plaintiff and the putative class members are barred from asserting their claims in whole or in part by their failure to mitigate their purported damages.

### Seventh Affirmative Defense
### (No Knowing or Willful Misconduct)

Any claim for treble damages is barred because Defendant did not engage in knowing or willful misconduct.

### Eighth Affirmative Defense
### (No Proximate Cause)

Defendant did not proximately cause any damages, injury, or violation alleged in the Second Amended Complaint. Instead, to the extent any harm occurred, the acts of third parties proximately caused any alleged damages, injuries, or violations at issue.

### Ninth Affirmative Defense
### (No Standing)

Plaintiff and the putative class members lack standing to bring the claims alleged in the Second Amended Complaint, especially against Defendant, under *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015). For example, any harm allegedly caused by the ringless voicemails at issue (which Defendant denies) is not fairly traceable to any violation allegedly committed by Defendant.

### Tenth Affirmative Defense
### (Good Faith)

Any and all claims brought in the Second Amended Complaint are barred because Defendant possessed a good faith belief that it had consent to send ringless voicemails to the number at issue.

### Eleventh Affirmative Defense
### (No Direct or Vicarious Liability and Proportional Allocation of Fault)

Any damages, injury, violation or wrongdoing alleged in the Second Amended Complaint was caused by third parties or Plaintiff. Accordingly, Defendant cannot be held directly or vicariously liable for an alleged violation. Further, Defendant did not authorize, ratify, encourage, participate in, aid, abet, or assist in any of the conduct alleged in the Second Amended Complaint and cannot be held liable for it. Defendant's liability, if any, must be eliminated or reduced by an amount proportionate to the fault attributable to those third parties or Plaintiff.

### Twelfth Affirmative Defense
### (Adequate Remedy at Law)

The Second Amended Complaint fails to state a claim for injunctive relief because Plaintiff has an adequate remedy at law. For example, the TCPA provides for statutory penalties of $500 to $1,500 per call, or monetary compensation for actual damages.

### Thirteenth Affirmative Defense
### (First Amendment)

The TCPA and the regulations and rules promulgated thereunder violate the First Amendment of the United States Constitution, including by imposing content-based restrictions on speech that fail to withstand strict scrutiny. For example, to the extent Plaintiff contends that the TCPA restricts informational assistance, Plaintiff's interpretation of the TCPA violates the First Amendment.

### Fourteenth Affirmative Defense
### (Due Process)

The application of the TCPA upon which the Second Amended Complaint is based, including the imposition of statutory damages on Defendant, would violate the Due Process provisions of the United States Constitution. For example, certain definitions contained in

the TCPA render the statute unconstitutionally vague. Additionally, the statutory penalties sought by Plaintiff are excessive, particularly to the extent Plaintiff seeks them on a class-wide basis.

**Fifteenth Affirmative Defense**
**(No "Pre-recorded" or "Artificial" Voice)**

Plaintiff's claim and putative class claims are barred to the extent that a "pre-recorded voice" or "artificial voice," as defined by the TCPA, did not play, or wholly play, on the ringless voicemail messages.

**Sixteenth Affirmative Defense**
**(No "Call")**

Defendant did not "make any call" to Plaintiff, as that term is used in the TCPA, 47 U.S.C. § 227 (b)(1)(A).

**Seventeenth Affirmative Defense**
**(No Charge)**

Plaintiff was not "charged for the call" with respect to the ringless voicemail messages at issue in this lawsuit, as that term is used in the TCPA.

**Eighteenth Affirmative Defense**
**(Hobbs Act)**

The Hobbs Act cannot be validly or constitutionally applied to preclude Defendant from raising defenses to an action arising under the TCPA or rules or regulations promulgated thereunder.

**Nineteenth Affirmative Defense**
**(FCC Exceeding Delegated Authority)**

Plaintiff's TCPA claim is barred to the extent it is based on regulations or rulings that exceed the FCC's delegated authority.

## Twentieth Affirmative Defense
### (Class Action Deficiencies)

Plaintiff cannot satisfy the prerequisites set forth in Federal Rule of Civil Procedure 23 and therefore cannot maintain this action as a class action. Further, Defendant gives notice that, in the event that this Court certifies a class, which Defendant denies would be appropriate, Defendant reserves the right to adopt and incorporate by reference each and every applicable defense pleaded (and any others that may be appropriate at that point) to all members of such class.

## Twenty-First Affirmative Defense
### (Substantial Compliance)

Defendant is not liable to Plaintiff (or the putative classes) because it acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and other laws.

## Twenty-Second Affirmative Defense
### (Bona Fide Error)

Any and all claims brought in the Second Amended Complaint are barred in whole or in part because, to the extent there was any violation of the TCPA and related regulations (which Defendant denies), any such violation was not intentional and resulted from a bona fide error.

## Twenty-Third Affirmative Defense
### (Forum Non Conveniens)

Plaintiff and the putative class members are barred from asserting claims in this forum as the relevant parties and evidence are located in another forum and litigating this matter here would be unduly burdensome.

### Twenty-Fourth Affirmative Defense
### (Reservation of Right to Assert Further Defenses)

Defendant has not knowingly or intentionally waived any applicable defenses and gives notice that it intends to rely on such other and further affirmative defenses as may become available during discovery in this action. Defendant reserves the right to amend its Answer to assert any such defense.

DATED:        June 4, 2025.

Respectfully submitted,

*/s/ Ryan D. Watstein*
Ryan D. Watstein (admitted *pro hac vice*)
ryan@wtlaw.com
Patrick J. Fitzgerald (admitted *pro hac vice*)
pfitzgerald@wtlaw.com
Alex D. Terepka (admitted *pro hac vice*)
alex@wtlaw.com
**WATSTEIN TEREPKA LLP**
1055 Howell Mill Road, 8th Floor
Atlanta, Georgia 30318
Tel: (404) 782-9821
Fax: (404) 537-1650

Justin M. Penn, ARDC 6283726
jpenn@hinshawlaw.com
**HINSHAW & CULBERTSON LLP**
151 North Franklin Street, Suite 2500
Chicago, Illinois 60606
Tel:  (312) 704-3000

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2025, I caused to be electronically filed a true and correct copy of the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Ryan D. Watstein*
Ryan D. Watstein